IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| TROY CLOWDUS, | : | CIVIL ACTION |
| Plaintiff, | : | CASE NO.: 1:21-cv-23155-KMM |
| v. | : | |
| AMERICAN AIRLINES, INC. | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES**

**NOW COMES** Defendant, AMERICAN AIRLINES, INC., (hereinafter, "**AA**" or "**Defendant**"), by and through its undersigned counsel, and files its Answer to Plaintiff's Complaint with Affirmative Defenses (hereinafter, "**Answer**").

The numbered paragraphs of the Answer correspond to the like-numbered paragraphs of the Complaint and unless specifically admitted herein, each factual allegation in the Complaint is hereby denied.

**JURISDICTION AND VENUE**

1. The allegations in paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

2. The allegations in paragraph 2 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

3. Denied.

## PARTIES AND JURISDICTION

4. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 4 of the Complaint. To the extent a response is required, said allegations are denied.

5. Admitted.

## GENERAL ALLEGATION OF AGENCY

6. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 4 of the Complaint. To the extent a response is required, said allegations are denied.

## GENERAL ALLEGATION OF COMPLIANCE

7. Denied. Plaintiff physically assaulted a uniformed crew member after repeatedly refusing to comply with the lawful instructions of a uniformed crew member. Plaintiff's conduct violated, *inter alia*, Defendant's Conditions of Carriage Agreement incorporated into Plaintiff's ticket issued by Defendant and the terms and conditions of Plaintiff's membership in Defendant's AAdantage™ program.

## FACTUAL ALLEGATIONS

8. Admitted only that Plaintiff boarded AA Flt 1303 MIA-MEX set to depart on June 10, 2021. Defendant denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 8 of the Complaint, and therefore denies the remaining allegations.

9. Denied.

10. Admitted only that the flight attendant informed Plaintiff that his satchel needed to go in the overhead bin. Otherwise, denied.

11. Denied.

12. Denied.

13. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 13 of the Complaint, and, therefore, denies those allegations.

14. Admitted only that Plaintiff did not immediately respond to the instructions of a uniformed flight attendant. Otherwise, denied.

15. Admitted only that the uniformed flight attendant repeatedly instructed Plaintiff to hand him his satchel for stowing in the overhead bin. Otherwise, denied.

16. Denied.

17. Denied.

18. Admitted only that Plaintiff threw his computer bag at a uniformed flight attendant, hitting the flight attendant in the abdomen. Otherwise, denied.

19. Admitted only that Plaintiff threw his computer bag at a uniformed flight attendant, hitting the flight attendant in the abdomen. Otherwise, denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted only that, after being struck by Plaintiff's computer bag, the uniformed flight attendant proceeded to the front of the airplane to report the assault to the Captain. Otherwise, denied.

26. Admitted only that Plaintiff was informed that his behavior had warranted his removal from the flight. Otherwise, denied.

27. Denied.

28. Admitted only that, after being struck by Plaintiff's computer bag, the uniformed flight attendant advised the Captain that the flight attendant did not feel safe with Plaintiff on the aircraft. Otherwise, denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted only that Plaintiff was removed from the aircraft on orders of the Captain. Otherwise, denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted that Plaintiff contacted AA Customer Relations regarding the incident after being removed from the aircraft. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint, and, therefore, denies those allegations.

37. Denied.

38. Admitted only that Plaintiff was removed from the aircraft. Otherwise, denied.

39. Admitted.

40. Denied.

41. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 41 of the Complaint, and, therefore, denies those allegations.

42. Admitted only that Plaintiff received an email from AA regarding the investigation and advising that, due to his actions, his future travel reservations on AA would not be honored. Otherwise, denied.

43. Denied.

44. Denied.

45. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 45 of the Complaint, and, therefore, denies those allegations. Defendant likewise denies that Plaintiff is entitled to any relief from AA as a result of his actions.

46. Denied.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

47. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

48. The allegations in paragraph 48 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

49. The allegations in paragraph 49 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## SECOND CAUSE OF ACTION FOR DEFAMATION

55. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

56. Admitted only that Plaintiff was removed from AA aircraft after refusing to obey the lawful instructions of a uniformed flight attendant and assaulting that flight attendant. Otherwise, denied.

57. Admitted only that Defendant conducted intra-corporate communications regarding Plaintiff's actions, including during its investigation into Plaintiff's communication with AA regarding same. Otherwise, denied.

58. Denied.

59. Denied.

60. Defendant denies that Plaintiff is entitled to punitive damages and denies all other allegations in this paragraph.

### THIRD CAUSE OF ACTION FOR VIOLATION OF THE TICKETS ACT

61. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

62. Admitted.

63. Admitted only that Plaintiff was removed from AA aircraft. Otherwise, denied.

64. Denied.

65. Denied

66. Denied.

### FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT

67. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

68. Admitted only that Plaintiff was a ticketed passenger on a flight with AA to carry him from Miami to Mexico. Otherwise, denied.

69. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 69 of the Complaint, and, therefore, denies those allegations.

70. Denied.

71. Denied.

72. Denied.

### FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT

73. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

74. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 74 of the Complaint, and, therefore, denies those allegations.

75. Denied.

76. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 76 of the Complaint, and, therefore, denies those allegations.

77. Denied.

78. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 78 of the Complaint, and, therefore, denies those allegations.

79. Denied.

80. Denied.

### PRAYER FOR RELIEF

81. Defendant denies that Plaintiff is entitled to any relief requested in the "Wherefore" paragraphs contained in paragraphs 81-88 of the Complaint.

82. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 82.

83. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 83.

84. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 84.

85. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 85.

86. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 86.

87. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 87.

88. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 88.

Defendant denies the allegations contained within the prayers of the Complaint and denies all factual allegations in each count of the Complaint not specifically admitted above.

## JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained all necessary discovery from Plaintiff or others in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in its answer, and without assuming the burden of proof on matters and issues other than those on which Defendant has the burden of proof as a matter of law, Defendant states as follows:

## FIRST DEFENSE

The Complaint fails to state, in whole or in part, any claim upon which relief may be granted to the extent the Complaint is premised upon Defendant's negligent failure to conduct an investigation it had no duty to conduct, Defendant's violation of a common carrier duty which is pre-empted by the Montreal Convention and/or the Airline Deregulation Act and which is otherwise inapplicable since Plaintiff was not in transit at the time of the events at issue, Plaintiff's

removal from the aircraft which was permitted by Tariff Rule 35, the Federal Aviation Act and Defendant's Conditions of Carriage, claimed damages resulting from his onboard treatment and removal from Defendant's aircraft which are pre-empted by the Federal Aviation Act and the Montreal Convention, and violations of the Tickets Act which is applicable only to involuntary denial of boarding due to overbooking of flights.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's negligence, Ticket Act and refusal to transport contract claims and claimed damages are pre-empted by the Montreal Convention in that they arise from actions taking place onboard an international flight and/or in connection with operations of embarking or disembarking from such a flight.

### SECOND AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's negligence claims and claimed damages are pre-empted by the Federal Aviation Act of 1958, 49 U.S.C. § 40101, *et seq.,*("**FAA**"), the FAA permissive removal statute, 49 U.S.C. § 44902, and Tariff Rule 35 since Plaintiff was removed from the aircraft after it was reported to the flight's Captain that Plaintiff had assaulted a uniformed flight attendant after refusing to comply with repeated instructions of that flight attendant.

### THIRD AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's negligence and refusal to transport contract claims and claimed damages are pre-empted by the Airline Deregulation Act, 49 U.S.C. § 41713, *et seq.,*("**ADA**") in that Plaintiff's claims and damages are related to the services described in Defendant's Contract of Carriage with Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiffs' refusal to transport contact claims and claimed damages are pre-empted by the ADA to the extent Plaintiff claims the Contract of Carriage guaranteed him travel

since the Contract of Carriage does not guarantee travel and ADA pre-emption precludes Plaintiff from using state common law to supply missing terms in the agreement.

### FIFTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's refusal to transport contract claims are pre-empted by the FAA since those claims are based on Defendant's decision to refuse to transport Plaintiff and the refusal decision was based on Plaintiff's reported failure to comply with FAA regulations implicating federal law external to the parties' contract.

### SIXTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's negligence claim is barred by the independent tort rule. Plaintiff alleges Defendant violated various duties which arise, if at all, from the Conditions of Carriage between the parties, and Plaintiff's claim therefore essentially amounts to a negligent performance of contractual obligations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's economic damage claims arising from his negligence, defamation and Ticket Act claims are barred by the economic loss doctrine since but for the Contract of Carriage between Plaintiff and Defendant, there would be no relationship between or conduct among the parties to give rise to Plaintiff's claimed economic damages.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the statutory, including F.S. § 768.73, and common law caps on punitive damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced, in whole or in part, to the extent Plaintiff failed to take reasonable steps to mitigate his damages and/or injuries.

## TENTH AFFIRMATIVE DEFENSE

The alleged incident and Plaintiff's claimed damages were caused, in whole or in part, by Plaintiff's negligent and intentional conduct and, therefore, any damages awarded to Plaintiff must be reduced in proportion to Plaintiff's percentage of responsibility for his own damages pursuant to principles of comparative and/or contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's refusal to transport contact claim is barred by Plaintiff's prior material breach of the Conditions of Carriage agreement between the parties in that he engaged in conduct prohibited by that agreement. Specifically, Plaintiff engaged in disorderly, abusive or violent conduct, attempted to interfere with a uniformed crew member, refused to obey instructions of a uniformed crew member and/or engaged in actions that might jeopardize the safety of the aircraft or any of its occupants, thus allowing Defendant to "refuse transport" to Plaintiff under the terms of the agreement.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's AAdvantage™ contact claim is barred by Plaintiff's prior material breach of the terms and conditions of Defendant's AAdvantage™ program. Specifically, Plaintiff's violation of the Conditions of Carriage agreement between the parties by engaging in disorderly, abusive or violent conduct, attempting to interfere with a uniformed crew member, refusing to obey instructions of a uniformed crew member and/or engaging in actions that might jeopardize the safety of the aircraft or any of its occupants, thus allowing Defendant to take various actions up to and including termination of Plaintiff's participation in and forfeiture of all benefits accrued to Defendants' AAdvantage™ program. Further, Plaintiff's participation in Defendants' AAdvantage™ program "does not entitle [Plaintiff] to any vested rights with respect to mileage

11

credits, awards or program benefits" and such "mileage credits and award tickets [are] not…property of [Plaintiff]."

WHEREFORE, having fully answered the Plaintiff's Complaint and having raised defenses thereto, Defendant respectfully requests that all relief requested by Plaintiff be denied and Defendant be awarded such further relief, both legal and equitable, to which Defendant may show itself justly entitled.

Respectfully submitted this 28th day of October, 2021.

                **BUCHANAN INGERSOLL & ROONEY PC**

                *s/ Kelly H. Kolb*
                Kelly H. Kolb, Esq.
                Florida Bar Number: 0343330
                kelly.kolb@bipc.com
                Robert D. Pecchio, Esq.
                Florida Bar Number: 1005955
                Robert.pecchio@bipc.com
                401 East Las Olas Boulevard, Suite 2250
                Fort Lauderdale, FL  33301
                Telephone:     (954) 703-3944
                Facsimile:     (954) 703-3939
                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Kelly H. Kolb*

**SERVICE LIST:**

William T. Woodrow, III
Stone & Woodrow, LLP
Lewis & Clark Plaza
250 West Main Street, Suite 201
Charlottesville, VA 22902
Tel: (855) 275-7378
E-mail: will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*

Rook Elizabeth Ringer, Esq.
Lento Law Group, P.A.
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
reringer@lentolawgroup.com
Tel: (904) 602-9400