# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

TROY CLOWDUS,

                Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

                Defendant.

Civil Action No.

1:21-cv-23155-KMM

## JOINT SCHEDULING REPORT

Counsel for the parties met and conferred by phone on October 28, 2021 pursuant to this Court's September 2, 2021 Order [DE #4]. Parties now submit this Joint Scheduling Report and accompanying Joint Proposed Scheduling Order, pursuant to Local Rule 16.1 and the Federal Rules of Civil Procedure:

### Local Rule 16.1(b)(2) Conference Report

    A. **Likelihood of Settlement.** The parties have discussed settlement and believe that settlement is possible although unlikely at this time. The Parties will continue to discuss settlement as warranted.

    B. **Likelihood of Appearance in the Action of Additional Parties.** The Parties do not anticipate adding any additional parties. Plaintiff reserves the right to add the allegedly offending flight attendant as a party.

    C. **Proposed Schedule**. Pursuant to L.R. 16.1(a)(2), the Parties propose placement of this matter on the Standard Track, with completion of discovery in 180 days from the date of the Scheduling Order. Additionally, and pursuant to L.R. 16.1(b)(2)(C), the Parties jointly propose the following pre-trial deadlines:

<u>Proposed Schedule</u>

| | |
|---|---|
| Exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). | **11/18/2021** |
| Joinder of any additional parties and filing of motions to amend the complaint by | **12/8/2021** |
| Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation, and shall jointly file a notice, and proposed order scheduling mediation via CM/ECF in the form specified on the Court's website, http://www.flsd.uscourts.gov. | **12/17/2021** |
| Plaintiff shall disclose any experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2), on issues for which Plaintiff bears the burden of proof at trial | **4/6/2022** |
| Defendant shall disclose any experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) on issues for which Defendant bears the burden of proof at trial | **4/20/2022** |
| Defendant shall disclose any rebuttal experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | **5/6/2022** |
| Plaintiff shall disclose any rebuttal experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2 | **5/20/2022** |
| Discovery shall be completed by | **6/20/2022** |
| Mediation shall be completed by | **7/15/2022** |
| Dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by | **8/26/2022** |
| Each party shall serve (but not file) its primary deposition designations (page and line) on all other parties by | **10/26/2022** |
| Each party shall serve (but not file) its cross-deposition designations (page and line) and objections to the opposing party's primary deposition designations. | **11/2/2022** |
| Each party shall serve (but not file) its rebuttal deposition designations (page and line) and objections to the opposing party's cross-deposition designations. | **11/9/2022** |
| Each party shall serve (but not file) its objections to the opposing party's rebuttal deposition designations | **11/16/2022** |
| All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **12/15/2022** |
| Parties shall file their Joint Pretrial Stipulation, Witness Lists, Exhibit Lists, exchange marked exhibits, and proposed Jury Instructions and Verdict Form in | **1/16/2023** |

accordance with Local Rule 16.1(d) and (e) by

A Joint Proposed Scheduling Order, contemplated under S.D. Fla. L.R. 16.1(b)(3) is attached hereto as Exhibit "A."

The parties have agreed to work to establish a protocol for ESI preservation, disclosure, and access as part of fact discovery.

**D.     Proposals for the Formulation and Simplification of Issues.**  The Parties shall endeavor to simplify the issues by prioritizing discovery relating the claims and defenses in this matter.

**E.     Necessity of Amendments to Pleadings.**  Neither party anticipates the need to amend the pleadings at this time. Plaintiff reserves right to add flight attendant.

**F.     Admissions and Stipulations Which Will Avoid Unnecessary Proof and Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.**   The Parties have agreed to stipulate to undisputed facts in order to avoid unnecessary proof and anticipate filing such a stipulation before trial.  Moreover, the Parties agree to work together regarding stipulations on the authenticity of documents and protocols for electronically stored information.  The Parties will also attempt to resolve issues of admissibility but will seek advance rulings from the Court on issues that they are unable to resolve.

**G.     Referral of Matters to Magistrate Judge.**  The Parties agree only to referral of discovery matters to a Magistrate Judge.

**H.     Preliminary Estimate of the Time Required for Trial.**  The Parties believe this matter will require 3-4 days of a jury trial if such a trial occurs.

**I.     Calendar Call and Trial Dates.**  The Parties request a trial date of no earlier than February 6, 2023, and a calendar call of no earlier than January 31, 2023.

**J.    Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference.**  The Parties have no additional suggestions at this time but will work together to raise matters to the Court promptly if and when they arise during the course of the litigation.

<u>**Joint Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)**</u>

a.    **Rule 26 Initial Disclosures.** The Parties agree to exchange the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) and (2), and the Local Rules of this District, by November 18, 2021.

b.    **Discovery.** At this time, the Parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure.  The Parties propose that they conduct general discovery, without the need for discovery to be limited in phases. The Parties anticipate the need to each serve interrogatories, requests for production and requests for admission, and to take deposition discovery in accordance with the Federal Rules of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery. Without waiving objections to the scope of discovery or claims to any privileges, the Parties anticipate that the subjects on which discovery may be needed include, but are not limited to, the following: (1) the allegations and claims set forth in Plaintiffs' Complaint; (2) Plaintiff's purported damages; and (3) Defendant's affirmative defenses.  The Parties agree that supplementation of disclosures and responses, as required under Fed. R. Civ. P. 26(e), shall be made within thirty (30) days after acquiring new information affecting such disclosure or responses.

c.    **E-Discovery.** The Parties agree to work together on a stipulated protocol to address electronic discovery issues.

      **d.**      **Privilege and Work Product.**  At this time, the Parties do not foresee any unusual issues relating to attorney-client privilege and/or work product. The Parties agree, however, that the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of the attorney-client privilege or work-product protection, including but not limited to the information or documents that may be considered privileged or protected, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  The parties also agree that neither party has any obligation to log communications after the filing of this action.

      **e.**      **Limitations on Discovery.**  The Parties do not foresee a need, at this time, to request an enlargement of the limitations imposed by the Federal Rules of Civil Procedure regarding written discovery or depositions.

      **f.**      **Order Under Rules 26(c), 16(b) and/or 16(c).**  The Defendant anticipates that a confidentiality order will be required (including the ability to designate documents according to tiers of confidentiality) as well as possible orders under Rules 16(b) and 16(c).  The Plaintiff anticipates a very limited need for a confidentiality order

      **g.**      **Proposed Scheduling Order.**  The Parties' Proposed Scheduling Order pursuant to S.D. Fla. L.R. 16.1(a)(4), 16.1(b)(3), and the Court's Order is attached hereto as Exhibit "A."

| | |
|---|---|
| By:  */s/ Rook Elizabeth Ringer* | By:  */s/ Kelly H. Kolb* |
| Rook Elizabeth Ringer, Esq. | Kelly H. Kolb, Esq. |
| LENTO LAW GROUP | Florida Bar No. 0343330 |
| 222 San Marco Ave., Ste. C | Robert D. Pecchio, Esq. |
| San Augustine, FL 32084 | Florida Bar No. 1005955 |
| Tel: (855) 275-7378 | **BUCHANAN INGERSOLL & ROONEY** |
| E-Mail: reringer@lentolawgroup.com | 401 East Las Olas Blvd, Suite 2250 |
| | Ft. Lauderdale, FL 33301 |
| *Counsel for Plaintiff* | Phone: (954) 703-3944 |

                                                                         E-Mail: Kelly.kolb@bipc.com
                                                                         E-Mail: Robert.pecchio@bipc.com

By: */s/ William T. Woodrow, III*
William T. Woodrow III, Esq.
STONE AND WOODROW LAW
250 West Main Street, Suite 201
Charlottesville, VA 22902
E-Mail: will@stoneandwoodrowlaw.com

*Counsel for Plaintiff*