IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Troy Clowdus<br><br>PLAINTIFF<br><br>VS.<br><br>American Airlines Inc.,<br><br>DEFENDANT. | Civil Action No.: 1:21-cv-23155-MM |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT AMERICAN AIRLINES**

Plaintiff TROY CLOWDUS, by and through undersigned counsel, hereby moves this Court to compel Defendant AMERICAN AIRLINES to provide better and complete written discovery responses, answers and documentation to Defendant's Responses to Plaintiff's Second Request for Production No. 2 (Exhibit 1), and Defendant's Responses to Plaintiff's Third Request for Production No. 1 (Exhibit 2).

**Background and Introduction**

1. The instant matter arises from an allegation of assault against the Plaintiff by an American Airlines flight attendant, which resulted in the Plaintiff being removed from the plane and banned for life from flying with the Defendant air carrier.

2. The Plaintiff denies that he committed an assault, and has brought, among others, an action against the Defendant for defamation per se, since it is a federal crime to assault a member of an airline flight crew.

1

3.  The factual dispute over what occurred is stark. One party is lying about what happened. Establishing the truth of the incident is central to the defamation claim.

4.  The disputed discovery requests seek to determine the credibility of the flight attendant by exploring his prior allegations against passengers and his propensity to engage in conflict with passengers or other employees.

5.  The flight attendant at issue in the disputed discovery requests denied at his deposition that much of the requested discovery exists, providing an additional independent basis for the discovery to be compelled – potentially lying under oath.

**Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.R.Civ.P. 26. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Hacking v. United States*, 2020 WL 9173087, at *2 (S.D. Fla. July 28, 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 451 (1978). Courts are required to accord discovery a broad and liberal scope. *Milianazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007); *see Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp.2d 1304, 1306 (S.D. Fla. 2010); see also *Alterra Healthcare Corp. v. Est. of Shelley*, 827 So. 2d 936, 945 (Fla. 2002); *Amente v. Newman,* 653 So.2d 1030 (Fla.1995) (concept of relevancy is broader in discovery context than in trial context, and party may be permitted to discover relevant evidence that would be inadmissible at trial if it may lead to discovery of relevant evidence).

Discovery requests for nonparties are often allowed even when they seek "comparatively personal and private information." *Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 695 (S.D. Fla. 2011). The right to discovery often outweighs the "right to privacy in [Article I § 23] of the Florida Constitution, if safeguards are implemented." *Id.*; see also *Ivester v. State*, 429 So. 2d 1271, 1272 (Fla. Dist. Ct. App. 1983) ("[T]he officer's personnel file should have been open to appellant for discovery purposes to determine the existence or lack thereof of any complaints for harassment or brutality.")

A party resisting discovery has a heavy burden of showing why discovery should be denied. *S.E.C. v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012) (stating that "[g]enerally, the party resisting discovery bears the burden of demonstrating that the requested discovery falls outside the scope of relevancy under Rule 26").

## Discovery Items at Issue, Defendant's Objections, Plaintiff's Positions

I.     Second Request for Production No. 2

*Specific Item to Be Compelled:*   Excerpts from personnel file of flight attendant who accused Plaintiff of assault.
*Specific Objections:*   Overbroad, Irrelevant

*Request:*

> **Please provide any portion of Mr. Merino's personnel file having to do with conflict-related customer complaints against Mr. Merino, conflict-related employee complaints against Mr. Merino, or conflict-related disciplinary notes, performance reviews or other entries for Mr. Merino. To be clear, this includes but is not limited to any record of customers or co-workers who felt disrespected by or treated aggressively by Mr. Merino.**

*Response:*

Defendant objects to this request as being overbroad in that it is unlimited in time and/or scope, and that it has no rational or reasonable connection to the parties'

plead claims and defenses, and is thereby, in effect, a "fishing expedition." This request is not limited to any complaints in flight attendant Merino's personnel file having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). For example this request would require disclosure of complaints of spilled drinks, complaints from intoxicated passengers who were discontinued alcohol service, complaints concerning cabin temperature, food and beverage service, re-seating, delays in providing blankets and pillows, drink/food cart injuries, complaints from passengers who were directed to return to their seats or engage their seat belts. *Smith v. Cent. Sec. Bureau,* 231 F. Supp. 2d 465, 472 (W.D. Va. 2002) (discovery that seeks information related to un-plead violations is overbroad as a matter of law and improper); *North River Ins. Co. v. Greater New York Mut. Ins. Co*., 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous similar claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to [the claims at issue] but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.").

Furthermore, Defendant objects to this request on the basis of relevancy, which is "heightened" when the requested items are included in a personnel file, in light of the strong policy in favor of protecting against the production of personnel files. *Beasley v First American Real Estate Information Services, Inc.,* 2005 WL 1017818 (N.D. Tex. 2005) ("Plaintiff is not entitled to rummage through the personnel files of employees in the hope of discovering information that might possibly be relevant to his claim"); *Raub v. US Airways, Inc*., Case No. 16-cv-1975, 2017 U.S. Dist. LEXIS 94018, at *7 (E.D. Pa. June 19, 2017) (citing *Kaufman v. Nationwide Mut. Ins. Co*., 1997 U.S. Dist. LEXIS 18530 (E.D. Pa. Nov. 12, 1999)) (there "is a heightened relevancy standard with respect to personnel files."). Plaintiff's request, which includes no time period, and also requests "any portion" of Merino's personnel file "having to do" with various "conflict-related" subjects, does not meet the relevancy standard for such production.

Subject to, and without waiving the foregoing, Defendant responds that there are no records of customer complaints and/or disciplinary actions stemming from customer complaints against flight attendant Merino for the three (3) year period prior to the incident made the basis of this lawsuit. Defendant is withholding documents on the basis of the objections above.

4

*Plaintiff's Position:*

**Plaintiff's request is not overbroad, nor irrelevant.**

Mr. Merino has painted the Plaintiff as someone who was angry, aggressive, and violent. The Plaintiff contends that the exact opposite is true: it was Mr. Merino who was angry and aggressive with the Plaintiff, and who turned a trivial accident into an allegation of a federal crime. Someone is lying. If a parade of prior passengers or employees have also complained about Mr. Merino unnecessarily escalating situations or treating them with utter disrespect, then that is a very relevant inquiry.

The relevance of the request is made absolute by the fact that Mr. Merino claimed in deposition to never having received any complaints from passengers or reprimands about his interactions with passengers. This goes to credibility, and credibility is at the heart of proving defamation. (See Exhibit 3).

Nor is Plaintiff's request overbroad. Defendant imagines various hypothetical scenarios in an attempt to paint it as such, but this is an unavailing distraction. The Plaintiff's request is clear that it is interested only in *conflict-related* incidents. If a complaint about "cabin temperature" were to make its way into Mr. Merino's personnel file, that could only be because of the *interaction* that Mr. Merino had with the complaining passenger about the cabin temperature. And a passenger would only make the effort to file a formal complaint about his interaction with Mr. Merino if he felt mistreated or disrespected. That is the core question that Plaintiff seeks to explore with his discovery request: does Mr. Merino have a history of complaints about his poor treatment of others?

It seems unlikely that Defendant would document customer complaints in employee personnel records unless they pertained to employee behavior and were sufficiently proven or egregious enough to warrant such action. However if any non-conflict related complaints or

disciplinary action exists in Mr. Merino's record, Plaintiff has not asked for these things and has narrowly tailored his request enough to exclude them.

Plaintiff was originally willing to limit the scope of his request to a span of years; however, in light of the fact that Mr. Merino testified that he has never been disciplined for his treatment of a passenger and he has never been the subject of a passenger complaint, he has changed the relevance equation. If he is telling the truth, compelling discovery will yield nothing. If he is not telling the truth, it becomes very relevant to know that he lied under oath. As such, Plaintiff asks the court to compel co-worker related complaints or discipline from Mr. Merino's personnel file for the previous five years and customer-related complaints or discipline from Mr. Merino's personnel file for his entire tenure with American Airlines.

## II.     *Third Request for Production No. 1*

*Specific Item to Be Compelled:*  Customer Event Reports ("CERS") filed in last five years by flight attendant who accused Plaintiff of assault.
*Specific Objection:*         Overbroad, Irrelevant

*Request:*

**Regarding flight attendant Merino, please provide every CERS report that he has filed in the last five years about any passenger for any reason.**

*Response:*

Defendant objects to this request as being overbroad in that it is unlimited in subject matter and scope, and it seeks documentation/information that has no rational or reasonable connection to the parties' plead claims and defenses and is, in effect, a "fishing expedition." Fed.R.Civ.P. 26(b)(1). CERS is the official reporting system for Defendant, and as such, this request would require disclosure of reports of events involving a myriad of circumstances having no rational or reasonable connection to the claims and defenses in this matter, and also inclusive of events for which Merino may have only been a witness.

Accordingly, this request is overbroad, and the discovery sought is irrelevant and disproportionate to the needs of the case. *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to [the claims at issue] but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of this material would properly be characterized as a

*fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.")*; *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81746, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. 2016) (a request must describe the documents sought with reasonable particularity).

Subject to, and without waiving the foregoing, Defendant is withholding documents potentially responsive to this request until these objections can be resolved.

*Plaintiff's Position:*

**Plaintiff's request is not overbroad, nor irrelevant.**

Mr. Merino has again, by his own words, made the relevance of this request absolute by claiming in deposition that he has never before asked the captain to remove a passenger (for which he would be required to file a CERS report). (Exhibit 4).

And the request is otherwise relevant on its own merits: Plaintiff's defamation claim relies upon establishing that he was unfairly removed from the plane, that Mr. Merino exaggerated and mischaracterized the incident to support his removal, and that by doing so, Mr. Merino defamed the Plaintiff. If Mr. Merino has a pattern of accusing passengers of assault, that is a very relevant line of inquiry. If Mr. Merino has kicked 100 people off of flights in the last 100 days – for any reason – that is also relevant if Mr. Merino's colleagues, on average, remove significantly fewer passengers. From that disparity, a jury could conclude that Mr. Merino's unusual propensity for removing passengers makes it more likely that the Plaintiff is telling the truth and that Mr. Merino fabricated the allegation of assault to justify removing a valued customer.

A motion in limine fight is the place to determine whether Mr. Merino's actual history of filing CERS reports against passengers is sufficiently illuminating. The outcome of that inevitable motion would normally depend upon how atypical Mr. Merino's propensity for filing complaints against passengers is when compared against an industry or company average. However, if CERS reports following the removal of passengers at Mr. Merino's request do exist, Mr. Merino has helpfully obviated

the need for such a motion dispute by claiming that the only passenger he has ever asked the captain to kick off a flight is the Plaintiff in this action.

The Plaintiff asked for the preceding five years of CERS reports in his request, which is a reasonable time span to inquire into whether Mr. Merino shows an unusual pattern of initiating or supporting the removal of passengers from flights.[1] However, in light of Mr. Merino's recent deposition testimony, the relevant time span for CERS reports has enlarged. Consequently, the Plaintiff requests the Court to compel the Defendant to produce all CERS reports filed by Mr. Merino for any reason in the preceding five years, and all CERS reports filed by Mr. Merino, in conjunction with a request by Mr. Merino to remove a passenger from a flight, for his entire tenure with American Airlines.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(a)(3)

Undersigned counsel for Plaintiff hereby certifies that he conferred with counsel for Defendant via e-mail and telephone to resolve the discovery issues presented in this Motion, but this Court's intervention is required at this time.

Respectfully Submitted,

_/s/ William T. Woodrow III_

William T. Woodrow III (*pro hac vice*)
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Fax:   646 873-7529
Voice: 855-275-7378
Attorney for Plaintiff

---

[1] If the plane is in the air and is not diverted, the offending passenger would not be "removed from the flight." However, a CERS report would likely result in the passenger being banned from future flights. These reports are also relevant if numerous enough to indicate atypical behavior.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the following attorneys of record by CM/ECF on this 14th day of March, 2022.

Kelly Kolb
Robert D. Pecchio
Labor & Employment Practice Group
401 East Las Olas Boulevard
Suite 2250
Ft. Lauderdale, FL 33301
954 703 3900 (office)
954 703 3944 (direct)
kelly.kolb@bipc.com
robert.pecchio@bipc.com

_____
William T. Woodrow III