UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

        Plaintiff,

                              CASE NO.: 1:21-cv-23155

v.

AMERICAN AIRLINES, INC.,

        Defendant.
_____/

## DEFENDANT AMERICAN AIRLINES' RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant, AMERICAN AIRLINES, INC. ("**Defendant**" or "**AA**"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("**Plaintiff**" or "**Clowdus**") Second Request for Production of Documents as follows:

### RESPONSES AND OBJECTIONS TO REQUESTS

1.    Please provide the entire PNR for Plaintiff Clowdus. If any records of Mr. Clowdus' flights with AA exist elsewhere, please provide, to include his entire history of flights with AA in his lifetime.

**RESPONSE:**

**Defendant objects to this request on the grounds that it is overly broad, irrelevant, and disproportionate to the needs of this case. Plaintiff has made no effort to tailor the time frame indicated in this request to any pled fact, allegation, or defense, and instead requests the production of records/documents dating back three decades (Plaintiff has alleged in his Complaint that he is a 30-year customer of AA) prior to the incident made the basis of this lawsuit.** *See* **Federal Rule of Civil Procedure 26(b)(1) (restricting the scope of discovery to**

matters "relevant to any party's claim or defense" which is proportional to the needs of the case considering, inter alia, the importance of the issues at stake, the amount in controversy and the importance of the discovery in resolving the issues. *See also TIC Park Centre 9, LLC v. Cabot,* 2017 WL 3034547, *6 (S.D. Fla. 2017) (requests for production were overly broad because there were "no meaningful limitations on the documents requested" and the request(s) were phrased in the "broadest manner possible").

Further, Defendant has previously produced Plaintiff's PNR for the time period in question (AA 20-26). Defendant, therefore, objects to this request for additional discovery relating to Plaintiff's PNR since there is no indication or claim that Defendant's prior production is inadequate. *Pertile v Gen. Motors, LLC,* 2016 CV 1059450 at *3 (D. Colo. 2016) ("without a factual basis to establish that the production to date is inadequate, Plaintiff's attempt to compel production of the [computer testing] is not proportional.").

Furthermore, Plaintiff's request seeks discovery on a broad range of subjects/ matters/items and with a scope that is both irrelevant and disproportionate to the needs of this case. *See Tiger v. Dynamic Sports Nutrition, LLC*, No. 15-cv-1701, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016) (discovery was "disproportionate" because the requests "would cause the parties to run down a rabbit hole . . . resulting in needless and wasteful expenditures of time and money[.]"). Plaintiff's request seeks document production spanning three decades, related to an individual who alleges that he has flown on more than 100 occasions. Even if Defendant had the ability to produce such documentation (it does not, as will be discussed below), the expense/time required to gather such information would greatly exceed, and be disproportionate to, the needs of this case.

The information contained on Plaintiff's 30 year PNR (assuming such a document exists) contains no information "relevant" (as defined by Federal Rule of Evidence 401) to Plaintiff's claimed damages. Plaintiff claims the following components of damages: 1) increased air fare; 2) loss of paid travel lounge privileges; 3) "effective nullification" of accrued AAdvantage™ miles; 4) increased travel time; 5) loss of free upgrade benefits; 6) "reduction in travel due to imposed difficulty" of travel; 7) impairment of ability to generate business; 8) "limitations on choices, such as running for political office"; and 9) per se defamation damages. The information contained on Plaintiff's PNR for the past 30 years has no conceivable or plausible relevance to these claimed damages.

Further, the portion of this Request seeking "any (other) records of Mr. Clowdus' flights [during] his entire history of flights" is objectionable for the reasons state above and, in addition, because it fails to identify the documents requested with reasonable particularity as required by FRCP 34(b). *Sewell v D'Alessandro & Woodyard, Inc.,* 2011 WL 843962 *1-2 (M.D. Fla. 2011) ("A request for 'all documents and records' that relate to 'any of the issues', while convenient, fails to set forth with reasonable particularity the items or category of items sought for Plaintiff's identification and production of responsive documents" and is overbroad); *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016) (A document request which simply asks for all documents "related to" or" evidencing" a particular issue is not reasonably particular as a matter of law).

Subject to, and without waiving the foregoing, Defendant does not maintain records of flight history to the extent requested.  Defendant can provide a list of flights from 2019 to the present at this time.  However, this list would only include flights flown and accrued using

**Plaintiff's AAdvantage account. If Plaintiff took a trip, whether paid or on an award redemption ticket, and he did not include his AAdvantage number, this flight would not appear in Plaintiff's account records. Given that such a record would be incomplete, its relevance (i.e., whether it would tend to make a *fact of consequence* more or less probable) and thus its discoverability is next to nil.**

**In light of the foregoing, Plaintiff is withholding records until these objections can be resolved.**


2. **Please provide any portion of Mr. Merino's personnel file having to do with conflict-related customer complaints against Mr. Merino, conflict-related employee complaints against Mr. Merino, or conflict-related disciplinary notes, performance reviews or other entries for Mr. Merino. To be clear, this includes but is not limited to any record of customers or co-workers who felt disrespected by or treated aggressively by Mr. Merino.**

**RESPONSE:**

**Defendant objects to this request as being overbroad in that it is unlimited in time and/or scope, and that it has no rational or reasonable connection to the parties' plead claims and defenses, and is thereby, in effect, a "fishing expedition." This request is not limited to any complaints in flight attendant Merino's personnel file having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). For example this request would require disclosure of complaints of spilled drinks, complaints from intoxicated passengers who were discontinued alcohol service, complaints concerning cabin temperature, food and beverage service, re-seating, delays in providing blankets and pillows, drink/food cart injuries, complaints from passengers who were directed to return to their**

seats or engage their seat belts. *Smith v. Cent. Sec. Bureau,* 231 F. Supp. 2d 465, 472 (W.D. Va. 2002) (discovery that seeks information related to un-plead violations is overbroad as a matter of law and improper); *North River Ins. Co. v. Greater New York Mut. Ins. Co*., 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous similar claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to [the claims at issue] but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.").

Furthermore, Defendant objects to this request on the basis of relevancy, which is "heightened" when the requested items are included in a personnel file, in light of the strong policy in favor of protecting against the production of personnel files. *Beasley v First American Real Estate Information Services, Inc.,* 2005 WL 1017818 (N.D. Tex. 2005) ("Plaintiff is not entitled to rummage through the personnel files of employees in the hope of discovering information that might possibly be relevant to his claim"); *Raub v. US Airways, Inc*., Case No. 16-cv-1975, 2017 U.S. Dist. LEXIS 94018, at *7 (E.D. Pa. June 19, 2017) (citing *Kaufman v. Nationwide Mut. Ins. Co*., 1997 U.S. Dist. LEXIS 18530 (E.D. Pa. Nov. 12, 1999)) (there "is a heightened relevancy standard with respect to personnel files."). Plaintiff's request, which includes no time period, and also requests "any portion" of Merino's

personnel file "having to do" with various "conflict-related" subjects, does not meet the relevancy standard for such production.

Subject to, and without waiving the foregoing, Defendant responds that there are no records of customer complaints and/or disciplinary actions stemming from customer complaints against flight attendant Merino for the three (3) year period prior to the incident made the basis of this lawsuit. Defendant is withholding documents on the basis of the objections above.

DATED on this 10th day of February, 2022 .

        Respectfully submitted,

By: */s/ Kelly H. Kolb*
    Kelly H. Kolb, Esq.
    Florida Bar No. 0343330
    Robert Pecchio, Esq.
    Florida Bar No. 1005955
    **BUCHANAN INGERSOLL & ROONEY, PC**
    401 E. Las Olas Boulevard, Suite 2250
    Fort Lauderdale, FL 33301-4251
    Tel:  (954) 468-2300
    Fax:  (954) 527-9915
    E-mail: kelly.kolb@bipc.com
    E-mail: Robert.pecchio@bipc.com
    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on  February 10, 2022, the foregoing Defendant's Response to Second Request for Production was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

By: */s/Kelly H. Kolb*
    Kelly H. Kolb

**SERVICE LIST:**
William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel:  (855) 275-7378
Tel:  (904) 602-9400
E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*