UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

    Plaintiff,

                                  CASE NO.: 1:21-cv-23155

v.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

## DEFENDANT AMERICAN AIRLINES' RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant, AMERICAN AIRLINES, INC. ("**Defendant**" or "**AA**"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("**Plaintiff**" or "**Clowdus**") Third Request for Production of Documents as follows:

### RESPONSES AND OBJECTIONS TO REQUESTS

1. Regarding flight attendant Merino, please provide every CERS report that he has filed in the last five years about any passenger for any reason.

   **RESPONSE:**

   **Defendant objects to this request as being overbroad in that it is unlimited in subject matter and scope, and it seeks documentation/information that has no rational or reasonable connection to the parties' plead claims and defenses and is, in effect, a "fishing expedition." Fed.R.Civ.P. 26(b)(1). CERS is the official reporting system for Defendant, and as such, this request would require disclosure of reports of events involving a myriad of circumstances having no rational or reasonable connection to the claims and defenses in this matter, and also inclusive of events for which Merino may have only been a witness.**

**Accordingly, this request is overbroad, and the discovery sought is irrelevant and disproportionate to the needs of the case.** *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, **872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to [the claims at issue] but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.");** *Megdal Assocs., LLC v. La-Z-Boy, Inc.,* **Case No. 18-cv-81746, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. 2016) (a request must describe the documents sought with reasonable particularity).**

**Subject to, and without waiving the foregoing, Defendant is withholding documents potentially responsive to this request until these objections can be resolved.**

. DATED on this March 4, 2022.

Respectfully submitted,

By:  */s/ Kelly H. Kolb*
    Kelly H. Kolb, Esq.
    Florida Bar No. 0343330
    Robert Pecchio, Esq.
    Florida Bar No. 1005955
    **BUCHANAN INGERSOLL & ROONEY, PC**
    401 E. Las Olas Boulevard, Suite 2250
    Fort Lauderdale, FL 33301-4251
    T:  (954) 468-2300  F.  (954) 527-9915
    E-mail: kelly.kolb@bipc.com
    E-mail: Robert.pecchio@bipc.com
    *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4th, 2022, the foregoing Defendant's Response to Third Request for Production was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

By: */s/Kelly H. Kolb*
Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel: (855) 275-7378
Tel: (904) 602-9400
E-mail: reringer@lentolawgroup.com
E-mail: will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*