UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

        Plaintiff,

v.

        CASE NO.: 1:21-cv-23155

AMERICAN AIRLINES, INC.,

        Defendant.
_____/

**DEFENDANT AMERICAN AIRLINES'
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant American Airlines ("**AA**" or "**Defendant**"), by and through undersigned counsel, files this Response to Plaintiff's Motion to Compel Discovery ("**Motion**") and in support thereof states, as follows:

**BACKGROUND AND SUMMARY**

1. This lawsuit arises out of Plaintiff's refusal to comply with a uniformed flight attendant's repeated instructions for Plaintiff to stow his carry-on bag in an overhead bin on an international flight, Plaintiff's subsequent assault of that flight attendant, Plaintiff's subsequent removal from AA's aircraft and AA's later permanent suspension of Plaintiff's flight privileges with AA. Plaintiff asserts claims for negligence, defamation, violation of the Tickets Act, and breach of contract, but has recently abandoned his negligence and Tickets Act claims.[1] Plaintiff claims he "accidentally" hit AA's flight attendant with his carry-on bag when asked (for a third time as the aircraft doors were about to be closed) to hand his bag to the flight attendant so he could stow it for Plaintiff.

---

[1] Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings [DE 20] at p. 2, ¶¶ 5 and 6.

2. Plaintiff's Motion is premised on the ideas that "one party is lying," that Plaintiff's counsel believes AA's flight attendant lied during his deposition and, since "credibility is at the heart of providing [Plaintiff's] defamation claim, the scope of discovery should be expanded to accommodate Plaintiff's discovery requests. The discovery requests at issue seek any portions of the flight attendant's personnel file reflecting any incident of "conflict" between AA's flight attendant and any *co-worker* for the period June 10, 2016 to June 10, 2021 (5 years), and between AA's flight attendant and any passenger for the entire *24 year period* of the flight attendant's tenure with AA - *regardless of how trivial or similar to the incident made the basis of this lawsuit*. In addition, Plaintiff seeks internal incident/event reports submitted by the flight attendant to AA for the period June 10, 2016 to June 10, 2021 (5 years) *regardless of content or subject matter*. In addition, and astoundingly, *Plaintiff seeks discovery not the subject of the discovery requests at issue nor the subject of any meet and confer effort* – specifically, internal incident/event reports submitted by the flight attendant to AA for the entire *24 year period* of his tenure with AA reflecting the flight attendant's request to remove a passenger from an aircraft – *regardless of the circumstances or reason*.

3. For the reasons argued below, Defendant requests that Plaintiff's Motion be denied and that Plaintiff and/or his counsel be ordered to compensate Defendant for its reasonable attorney's fees and expenses incurred in connection with responding to Plaintiff's Motion and attending any hearing thereon.

## ARGUMENTS
### Plaintiff's Motion is Untimely

4. Plaintiff's Second Request for Production No. 2 (at issue in Plaintiff's Motion) seeks excerpts of the flight attendant's personnel file related to "conflict" incidents. However,

Plaintiff served the functional equivalent of this request on November 10, 2021 when he served his First Request for Production No. 13 (seeking the entire personnel file) – excerpted and attached as Ex. A. While Plaintiff's Second Request for Production No. 2 is slightly more limited in scope than the First Request for Production No. 13, both suffer from the same additional defect (*raised in Defendant's identical objections to both requests*) in that they are not limited to portions of the personnel file "having a rational or reasonable connection to the parties' plead claims and defenses" and "would require disclosure of complaints of spilled drinks, complaints from intoxicated passengers who were discontinued alcohol service…".

5.   Defendant responded to Plaintiff's Request No. 13 on December 17, 2021, asserting the same objections as those currently the subject of Plaintiff's Motion in Request No. 2. Thus, Plaintiff knew as early as December 17, 2021, that Defendant objected to production of any portion of the flight attendant's personnel file which did not have a direct connection to Plaintiff's claim that AA's flight attendant manufactured his assault claim or to AA's claim that its flight attendant was in fact assaulted. Yet, Plaintiff did not file his Motion until March 14, 2022 – 87 days later and more than one month after the flight attendant was deposed.

6.   Local Rule 26.1(g)(1) requires discovery motions to be filed "within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; …or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials." Plaintiff's strategic decision to defer compelling discovery on his earlier served Request No. 13, depose AA's flight attendant on February 4, 2022 specifically questioning

3

the flight attendant on the issues framed by Request No. 13,[2] and then re-serve (as Request No. 2) the functional equivalent of his Request No. 13 does not cure his failure to timely file his Motion on discovery issues he knew of 87 days earlier. *RTG Furniture Corp. v. Indus. Risk Insurers,* No. 07-80538-CIV, 2008 WL 11331987 (S.D. Fla. June 3, 2008) ("Plaintiff's strategic decision to wait and see if other discovery methods would produce the information it sought does not amount to reasonable cause to excuse its untimely filing.").[3] Plaintiff's Motion is, therefore, untimely and should be denied.

### Discovery of Personnel File Contents is Subject to a Relevance Standard

7. As suggested in Defendant's objections (with cited supporting case law) to Plaintiff's Request No. 2, discovery of personnel files is subject to a heightened relevancy standard. *See also*, *Moss v. Geico Indemnity Co.*, Case No. 5:10–cv–104–Oc–10TBS, 2012 WL 682450, at *5-6 (M.D. Fla. Mar. 2, 2012) ("courts have recognized a 'heightened standard of relevance' for discovery of information contained in personnel files"). The two cases cited by Plaintiff are not to the contrary.

8. *Adelman v Boy Scouts of America*[4] concerned the discoverability of routine emails of a BSA Scoutmaster in a wrongful death case. Magistrate Judge Goodman cited a plethora of reasons to deny a confidentiality objection to production of the emails such that the language quoted in Plaintiff's Motion is mere dicta. Second, there is no parallel between the confidentiality of routine emails and the contents of personnel files. *Ivester v State*[5] concerned a criminal

---

[2] Plaintiff's Motion Supplement [DE 19] at p. 1.
[3] *See also*, *Dukes v. Miami-Dade County*, 2007 WL 4336319, *1 (S.D. Fla. Dec. 7, 2007)(plaintiffs "have not provided any good cause for their delay" in filing motion to compel, therefore court denied it as untimely); *Lira v. Arrow Air, Inc.*, 2007 WL 188163, *2 (S.D. Fla. Jan. 22, 2007) (finding motion to compel untimely under S.D. Fla. L.R. 26.1.H; finding that the plaintiff failed to show reasonable cause for late filing of motion).
[4] *Adelman v Boy Scouts of America,* 276 F.R.D. 681 (S.D. Fla. 2011), cited in Plaintiff's Motion [DE 18] at p. 3.
[5] *Ivester v State,* 429 So.2d 1271 (Fla. 1st DCA 1983).

defendant's request for access to an arresting officer's personnel file to allow him to support his defense of self-defense to the officer's charge of resisting arrest with violence. The Florida state court scope of discovery[6] applicable in *Ivester* is much broader than that federal scope of discovery and thus *Ivester* is easily distinguishable. More importantly, *Ivester* limited discovery of the officer's personnel file to those contents showing "the existence of lack thereof of any complaints for harassment or brutality" - i.e., contents directly related to the self-defense contention. The Court did not, as Plaintiff requests in his Motion, allow discovery of every complaint or any nature against the officer lodged during his entire law enforcement career.

### Second Request For Production No. 2 - Five Years of Co-Worker Complaints

9.  Plaintiff seeks any contents of the flight attendant's personnel file reflecting "co-worker related complaints," regardless of content, apparently working under the assumption that the *mere existence* of such complaints (regardless of content, circumstances, nature, outcome, etc.) will somehow tend to make a fact of consequence to his defamation claim more or less probable.[7] Plaintiff's Motion fails to articulate how this logically (or conceivably) follows, which is particularly problematic given that his claims do not concern the flight attendant's interactions with his co-workers. It simply does not follow that because a flight attendant had a bad day with a co-worker, he will be more inclined to lie about being assaulted by a passenger days, weeks or years later. The request is not even limited to instances of actual or threatened violence by or against the flight attendant as *Ivester* (cited in Plaintiff's Motion) dictates. Given that the request is untethered to *any* subject matter, it is by definition an improper fishing expedition. Thus, the

---

[6] "Parties may obtain discovery regarding any matter…that is relevant to the *subject matter* of the pending action…" Fl. R.Civ.Pro. 1.280(b)(1). Compare, "Parties may obtain discovery regarding any…matter that is relevant to any party's claim or defense and proportional…" Fed.R.Civ.Pro. 26(b)(1).
[7] Fed.R.Evid. 401 – defining "relevance."

request is **overbroad** on its face – according to Plaintiff's own cited authority - and was improper to serve in the first place.

### Second Request For Production No. 2 - 24 Years of Passenger Complaints

10.     Plaintiff seeks any contents of the flight attendant's personnel file reflecting "customer related complaints or discipline…for his entire tenure with American Airlines" – regardless of age, content, circumstances, nature, outcome, etc. Again, Plaintiff's counsel is apparently working under the assumption that the *mere existence* of such complaints (regardless of age, content, circumstances, nature, outcome, etc.) will somehow tend to make a fact of consequence to his defamation claim more or less probable.[8]

11.     Defendant objected to this request as being **temporally overbroad**. Nevertheless, Defendant agreed to provide 3 years of responsive information (assuming the subject matter scope of the request was narrowed), borrowing (admittedly, arbitrarily) from the standards in the Sedona Conference's Pilot Project Regarding Initial Discovery Protocols for Employment Cases[9] - "the relevant time period begins three years before the date of the adverse action, unless otherwise specified" by the Court.  The assumption underlying this standard is that any events or incidents older than three years would not tend to be probative of (i.e., relevant to) an individual's more recent conduct. Plaintiff's Motion makes no effort to address Defendant's temporal objection, and cites no authority allowing for such a breathless temporal scope of discovery. Authority in the Southern District generally rejects such requests. *See*, *Lane v. Cap. Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (holding that requests were facially overbroad because they sought records for "an unlimited time period.").

---

[8] Fed.R.Evid. 401 – defining "relevance."
[9] https://www.nysd.uscourts.gov/sites/default/files/practice_documents/lgsEmploymentProtocols.pdf

12. Plaintiff's Motion concedes, however, that Plaintiff had agreed to limit the temporal scope of this request to 5 years.[10] *See*, Plaintiff counsel's March 11, 2022 email attached as Ex. B. But, Plaintiff's Motion goes on to suggest that the "relevance equation" for this agreement was somehow changed by the flight attendant's deposition testimony that "he has never been the subject of a passenger complaint."[11] Plaintiff is mistaken. First, the flight attendant was deposed on February 4, 2022[12] – *before* Plaintiff's counsel agreed (on March 11, 2022) to a 5 year temporal limitation for his discovery requests. Second, the flight attendant did not testify he had never received a passenger complaint. As clearly shown by the exhibits to Plaintiff's Motion, he testified that he did not recall being the subject of a passenger complaint during his 24 year tenure with AA[13] - a not surprising assertion. In sum, Plaintiff's Motion acknowledges the acceptability of a 5 year temporal limitation for the discovery requests, fails to credibly explain why that previously agreeable limitation was no longer acceptable three days later when Plaintiff's Motion was filed, and misstates the claimed relevance of the discovery by mischaracterizing the flight attendant's testimony. Last, Plaintiff's Motion fails explain why that same 5 year limitation is acceptable for complaints by co-workers[14] but not passengers.

13. Defendant also objected to this request as being **overbroad its subject matter reach**, citing examples of precisely how the request is overbroad. Contrary to Plaintiff's argument, those examples are not "hypotheticals" but references to actual passenger complaints in the personnel files of the flight attendant at issue and others. Plaintiff's wildly speculative argument

---

[10] Plaintiff's Motion [DE 18] at p. 6.
[11] Plaintiff's Motion [DE 18] at pp. 6 and 8.
[12] Plaintiff's Motion Supplement [DE 19] at p. 1.
[13] Plaintiff's Motion Supplement [DE 19] at pp. 4-5.
[14] See Plaintiff's Motion [DE 18] at p. 6 – "Plaintiff asks the court to compel co-worker related complaints or discipline for the previous five years…"

7

that such facially irrelevant complaints would be probative because they would only have been submitted "if [the passenger] felt mistreated or disrespected" ignores his own allegations – that the flight attendant manufactured an *assault* complaint against a passenger. Contrary to the arguments in Plaintiff's Motion, his claim does not concern "mistreatment," "disrespect," "poor treatment," "conflict," "negative interactions," or "negative experiences" as Plaintiff's Motion repeatedly suggests.[15] Plaintiff's effort to defend his overbroad requests by re-casting his plead claims should be rejected by this Court for what it is – a concession of the impropriety of the requests.

14. Further, as argued above, Plaintiff's Motion fails to explain how the *mere existence* of passenger complaints (regardless of age, content, circumstances, nature, outcome, etc.) will somehow tend to make a fact of consequence to his defamation claim more or less probable.[16] It simply does not follow that the *mere existence* of a passenger complaint (of unknown substance) makes it more likely that the flight attendant would be inclined to lie about being assaulted by a passenger days, weeks or years later. Given that the request is untethered to *any* subject matter, it is by definition an improper fishing expedition. The request is overbroad on its face – according to Plaintiff's own cited authority. *See*, *Ivester,* 429 So.2d at 1272.

15. Plaintiff's Motion argues that it is critical to his defamation claim to catch the flight attendant in a lie since "credibility is at the heart of proving defamation."[17] First, **credibility** is not unique to defamation claims, but is an issue in every lawsuit. Obviously, the fact that credibility is at issue does not expand the scope of discovery specified in Fed.R.Civ.P. 26(b)(1). Second, the scope of discovery defined by Fed.R.Civ.P. 26(b)(1) is not expanded by an *adversary's* perception (however genuine) that a witness has given inaccurate deposition testimony. In short, the flight

---

[15] Plaintiff's Motion [DE 18] at pp. 3-5.
[16] Fed.R.Evid. 401 – defining "relevance."
[17] Plaintiff's Motion [DE 18] at p. 5.

attendant's testimony that he could not recall if he had been the subject of another passenger complaint in the last 24 years does not magically transform otherwise non-discoverable materials into legitimate matters for discovery.

### Third Request For Production No. 1 – Five Years of Internal Event Reports

16. Plaintiff seeks all internal event reports submitted by the flight attendant to AA for the period June 10, 2016 to June 10, 2021 (5 years) – regardless of content, circumstances, nature, outcome, etc. Again, Plaintiff's counsel is apparently working under the assumption that the *mere existence* of such reports (regardless of content, circumstances, nature, outcome, etc.) will somehow tend to make a fact of consequence to his defamation claim more or less probable.[18]

17. Defendant objected to this request as being **overbroad its subject matter reach**, stating that it would require production of reports with no rational or reasonable connection to Plaintiff's claims. For example, responsive materials would include reports of incidents which the flight witnessed but had no involvement in, incidents which he neither witnessed nor participated in, reports of passenger medical events, passenger injuries, passenger suspicious activity, passenger intoxication, passenger on passenger sexual harassment, etc. Given that the request is untethered to *any* subject matter, it is by definition an improper fishing expedition.

### Plaintiff Requests an Order Compelling Discovery Which Was Never Sought

18. In connection with his arguments[19] for an order compelling production of documents responsive to Plaintiff's Third Request For Production No. 1[20] (discussed above), Plaintiff seeks an order requiring production of "all CERS reports filed by [the flight attendant] in

---

[18] Fed.R.Evid. 401 – defining "relevance."
[19] Plaintiff's Motion [DE 18] at pp. 6-8.
[20] "Regarding flight attendant…please provide every CERS report that he has filed in the past five years about any passenger for any reason." Plaintiff's Motion [DE 18] at p. 5.

conjunction with a request to remove a passenger from a flight, for his entire tenure at American Airlines."[21] However, Plaintiff's Third Request For Production No. 1 did not seek these materials and, indeed, such a request has never been served upon Defendant or made the subject of any meet and confer effort.

19. It goes without saying, but apparently needs to be said in this case, that a party cannot obtain an order compelling discovery which was never requested. *Rocket Real Est., LLC v. Maestres*, No. 15-62488-CIV, 2016 WL 4468286 at *1 (S.D. Fla. Aug. 24, 2016) (denying motion to compel inspection under Fed. R. Civ. R. 34 because request for inspection had never made prior to the motion to compel; a party "cannot obtain [discovery] by filing a motion to compel what was not requested."); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) ("Rule 37 does not authorize a court to compel documents ... based on an informal discovery request."). Further, this "request" suffers from the same temporal and subject matter defects as those argued above.[22] This requested relief must, therefore, be denied.

### Plaintiff's Motion (Inadvertently?) Identifies the Solution

20. Fortunately, Plaintiff's Motion identifies what his requests should have sought – documents reflecting whether the flight attendant "has a history of accusing passengers of assault."[23] The *Iverster* case cited by Plaintiff is in accord. See, *Ivester,* 429 So. 2d at 1272 (discovery of prior complaints of brutality against police officer – not all complaints of any nature – proper to support self-defense claim). *See also*, *Melendez v Mason*, 1007 WL 1471799 (M.D.

---

[21] Plaintiff's Motion [DE 18] at p. 8.
[22] Notably, Plaintiff's Motion mischaracterizes the flight attendant's deposition testimony in support of this novel request for relief, by claiming the flight attendant testified "he has never before asked the captain to remove a passenger." Plaintiff's Motion [De 18] at p. 7. As the exhibits to Plaintiff's Motion demonstrate, the flight attendant stated he could not recall if he had ever sought the removal of another passenger in his 24 years with AA – a not surprising statement.
[23] Plaintiff's Motion [DE 18] at p. 7.

Fla. 2007). In *Melendez,* the Plaintiff sought all records of "all arrests" made by a police officer in his "19 year career" to support the Plaintiff's claim that his constitutional rights were violated during an arrest.  The *Melendez* court denied the requested discovery, reasoning that the plaintiff had "made no effort to tailor his document request to identify records that actually exist nor to limit the requests to categories that bear *some reasonable relationship to the claims pending in this case*." *Id* at 1272. (emphasis added).

21.     Defendant's position with respect to each of the requests at issue in Plaintiff's Motion is best summarized by one of the cases cited in Defendant's objections to those requests – *North River Ins. Co. v Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995), - decided under the previous, broader scope of federal court discovery – which Plaintiff's counsel declined to address during the parties' meet and confer. The *North River* court denied discovery of even similar claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to [the claims at issue] but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action."). *See also TIC Park Centre 9, LLC v. Cabot,* 2017 WL 3034547, *6 (S.D. Fla. 2017) (requests for production were overly broad because there were "no meaningful limitations on the documents requested" and the request(s) were phrased in the "broadest manner possible").

**Request for Attorney's Fees and Expenses**

22. Plaintiffs' requests are facially improper. Plaintiff's counsel declined to discuss the case law cited in Defendant's objections to those requests before filing the Motion. Plaintiff's Motion fails to address those cases and largely fails to substantively address any of the objections head on. Further, Plaintiff's Motion seeks an order compelling discovery of materials never before requested. Under these circumstances, it is appropriate to order Plaintiff and/or his counsel to compensate Defendant for its reasonable attorney's fees and expenses incurred in connection with responding to Plaintiff's Motion and attending any hearing thereon. Fed.R.Civ.Pro. 26(c) and 37(a)(5)(B)("If the motion is denied, the court must require the movant, the attorney filing the motion, or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees [unless] the motion was substantially justified or other circumstances make an award of expenses unjust.").

DATED on this 28th of March, 2021.

                Respectfully submitted,

              By: */s/ Kelly H. Kolb*
                Kelly H. Kolb, Esq.
                Florida Bar No. 0343330
                Robert Pecchio, Esq.
                Florida Bar No. 1005955
                **BUCHANAN INGERSOLL & ROONEY, PC**
                401 E. Las Olas Boulevard, Suite 2250
                Fort Lauderdale, FL 33301-4251
                Tel:  (954) 468-2300
                Fax:  (954) 527-9915
                E-mail: kelly.kolb@bipc.com
                E-mail: Robert.pecchio@bipc.com
                *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 28, 2022, the foregoing Response in Opposition to Plaintiff's Motion to Compel Discovery was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

                              By: */s/Kelly H. Kolb*
                                     Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel: (855) 275-7378
Tel: (904) 602-9400
E-mail: reringer@lentolawgroup.com
E-mail: will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*