UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

    Plaintiff,

v.                                                                      CASE NO.: 1:21-cv-23155

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

### DEFENDANT AMERICAN AIRLINES' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant, AMERICAN AIRLINES, INC. ("Defendant"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("Plaintiff") First Request for Production of Documents as follows:

### OBJECTION TO DEFINITIONS

Defendant objects to the defined word "identify" when used in reference to a person as calling for the disclosure of the contact information for Defendant's principals and employees involved in the incident made the basis of this lawsuit. Plaintiff's counsel is prohibited from communicating with Defendant's management personnel and those involved in the incident regarding the claims in this lawsuit by Florida Rule of Professional Conduct 4-4.2, and the comments thereto. Further, Plaintiff's counsel has indicated his intention to name one of Defendant's flight attendants involved in the incident as an additional defendant. Thus, the disclosure contact information can only be calculated to assist or facilitate in the violation of Rule 4-4.2.

EXHIBIT "A"

13. Please provide the personnel file for the offending flight attendant.

**RESPONSE**: Defendant objects to this request as invading the privacy rights of flight attendant Merino, a non-party to this action.

Defendant further objects to this request as being overbroad and exceeding the permissible scope of discovery in that the employment history, medical and non-medical leaves of absence, medical information, compensation history, disciplinary history, personal contact information, etc. are not reasonably calculated to lead to the discovery of relevant or admissible evidence (i.e., "evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence" - Fed.R.Evid. 401) with respect to any plead claim or defense in this lawsuit. *Beasley v First American Real Estate Information Services, Inc.*, 2005 WL 1017818 (N.D. Tex. 2005)("Plaintiff is not entitled to rummage through the personnel files of employees in the hope of discovering information that might possibly be relevant to his claim"). Further, "[t]here is a heightened relevancy standard with respect to personnel files." *Raub v. US Airways, Inc.*, Case No. 16-cv-1975, 2017 U.S. Dist. LEXIS 94018, at *7 (E.D. Pa. June 19, 2017)(citing *Kaufman v. Nationwide Mut. Ins. Co.*, 1997 U.S. Dist. LEXIS 18530 (E.D. Pa. Nov. 12, 1999)). Plaintiffs do not meet this heightened relevancy standard for discovery purposes.

Defendant further objects to this request as being overbroad as it is not limited to any complaints in flight attendant Merino's personnel file having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). For example, this request would require disclosure of complaints of spilled drinks, complaints from intoxicated passengers who were discontinued alcohol service, passenger complaints concerning cabin temperature, food and beverage service, re-seating, delays in providing blankets and pillows,

passengers whose arms were impacted by a drink/food cart, passengers who were directed to return to their seats or engage their seat belts, etc. *Henderson v Holiday CVS, LLC,* 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable"); *Smith v Cent. Sec. Bureau,* 231 F. Supp. 2d 465, 472 (W.D. Va. 2002) (interrogatory which seeks information related to un-plead violations is overbroad as a matter of law and improper); *Soto v Genentech, Inc.*, 2008 WL 4621832 *3 (S.D. Fla. 2008) (denying request for discovery of all discrimination claims, noting "a vague possibility that loose and sweeping discovery might turn up something . . . does not show . . . likely relevance that would require moving discovery beyond the natural focus of the inquiry"); *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous similar claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to [the claims at issue] but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.").

Further, Plaintiff's factually unsupported throw-away allegation that the "flight attendant['s conduct was] consistent with symptoms…of amphetamine" use does not warrant the invasive inquiry framed by this request given the importance of the real issue (whether Plaintiff assaulted a uniformed flight attendant), the amount in controversy, or the importance of the drug test information in resolving that issue.

Defendant further objects to providing drug test results since Defendant is prohibited by federal regulations from releasing such information without the written consent of the flight attendant. 49 CFR 40.321.

Defendant is withholding responsive materials on the basis of these objections. To the extent flight attendant Merino's personnel file contains passenger complaints arising from passenger initiated assaultive conduct within the 3 year period prior to the incident made the basis of this lawsuit, they will be produced provided a suitable confidentiality order can be entered to protect the privacy interests of the

14. Please provide every document generated by email or otherwise relating to investigating the Incident and every statement subsequently generated.

**RESPONSE**: Defendant objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). A document request, such as this, which simply asks for all documents "relating to…the Incident" or its investigation is not reasonably particular as a matter of law. *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016).

Defendant further objects to this request as invading the attorney client and attorney work product privileges since it contains no time frame reference and thus seeks the disclosure of responsive information gathered after the initiation of this lawsuit. Defense counsel has interviewed Defendant's personnel and non-party fact witnesses after the initiation of this lawsuit and is withholding responsive information on the basis of these objections. Pursuant to Local

Defendant further objects to this request as duplicating Plaintiff's interrogatory #7 seeking the same information.

Defendant is withholding responsive passenger PNRs on the basis of these objections.

18.     Please provide the portions of Defendant's policy and training manuals that cover the steps to take in the event of an assault on a crewmember.

**RESPONSE**: Defendant objects to this request as being overbroad in that it is unlimited in time having any rational or reasonable connection to the parties' plead claims and defenses and since it seeks training materials whereas Plaintiff has not alleged that the incident made the basis of his claims was caused in whole or part by negligent training. Fed.R.Civ.P. 26(b)(1). *Henderson v Holiday CVS, LLC,* 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable"); *Smith v Cent. Sec. Bureau,* 231 F. Supp. 2d 465, 472 (W.D. Va. 2002) (interrogatory which seeks information related to un-plead violations is overbroad as a matter of law and improper).

Responsive documents are produced as AA 48-62.

DATED on this 17th day of December, 2021.

                                                Respectfully submitted,

                                      By:     */s/ Kelly H. Kolb*
                                                Kelly H. Kolb, Esq.
                                                Florida Bar No. 0343330
                                                Robert Pecchio, Esq.
                                                Florida Bar No. 1005955
                                                **BUCHANAN INGERSOLL & ROONEY, PC**
                                                401 E. Las Olas Boulevard, Suite 2250
                                                Fort Lauderdale, FL 33301-4251
                                                Tel: (954) 468-2300
                                                Fax: (954) 527-9915
                                                E-mail: kelly.kolb@bipc.com
                                                E-mail: Robert.pecchio@bipc.com
                                                *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17th, 2021, the foregoing Defendant's Response to First Request for Production was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

By: /s/Kelly H. Kolb
Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel: (855) 275-7378
Tel: (904) 602-9400
E-mail: reringer@lentolawgroup.com
E-mail: will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*