UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-CV-23155

TROY CLOWDUS,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant AMERICAN AIRLINES, INC., ("**Defendant**" or "**AA**") files this Reply in Support of its Motion for Judgment on the Pleadings ("**Motion**") regarding the Complaint filed by Plaintiff TROY CLOWDUS ("**Plaintiff**" or "**Clowdus**"), and states as follows:

**SUMMARY OF REPLY POINTS**

1. Plaintiff's Response [DE 20] concedes the legal insufficiency of two of Plaintiff's claims - Count I-Negligence and Count III-Violation of the TICKETS Act. Plaintiff's Response attempts to salvage his remaining claims – Count II-Defamation and Counts IV & V-Breach of Contract – by recasting his legally insufficient allegations and otherwise failing to address the substantive arguments in Defendant's Motion.

2. With regard to Plaintiff's defamation claim, Plaintiff's Response concedes that he has not adequately plead publication, a requisite element of any Florida defamation claim. Plaintiff's new (un-plead) theories of "strong inferences" of publication to "unknown" (and unidentified) passengers and excessive intra-corporate communication fail to salvage this deficiency with regard to publication.

3.     Plaintiff's Response likewise fails to salvage his two breach of contract claims. Plaintiff does not dispute that his refusal to transport claim is governed by AA's Conditions of Carriage which expressly permitted Defendant to refuse transport to any passenger who refused to obey flight attendant instructions or who engaged in any action "voluntary or involuntary" that "might" jeopardize the safety of the crew.[1] Plaintiff's Complaint concedes Plaintiff failed to "place [his] satchel in the overhead [bin] as he [was] ordered when [he] first boarded" the aircraft[2] and that he struck (voluntarily or involuntarily) the flight attendant with his satchel when he was again ordered to stow it.[3] That AA had two legally sufficient grounds to deny travel to Plaintiff or that Plaintiff was denied travel for the more serious ground does not extinguish the fact of Plaintiff's prior breach.

4.     Plaintiff does not dispute that his participation in the AAdvantage Program can be terminated for his violation of AA's Conditions of Carriage. Plaintiff does not dispute that he has no vested interest in any AAdvantage Program benefits, that those benefits have not been "taken" from him, that the benefits have no cash value, or that Plaintiff has no property interest in any such benefits. Candidly, this claim has no conceivable merit in light of these concessions.

5.     Lastly, Plaintiff's request(s) for leave to amend and for a period of discovery to resolve pleading deficiencies should be denied. Plaintiff's request for leave is procedurally improper and it is made to avoid Defendant's pending dispositive motion. Further, Plaintiff's request for discovery is misplaced. Defendant's Motion attacks the legal sufficiency of his pleadings not his ability to amass factual support for un-plead theories of recovery. Plaintiff cannot use discovery as a tool to shore up the deficiencies in his pleadings.

---

[1] Defendant's Motion, Ex. 2 [DE 17-2] at p. 13.
[2] Plaintiff's Complaint, Ex. A [DE 1-1] at p. 3, ¶15.
[3] Plaintiff's Complaint, Ex. A [DE 1-1] at pp. 3-4, ¶¶ 18-21.

**ARGUMENTS IN SUPPORT OF DISMISSAL**

**A. Plaintiff's Negligence and TICKETS Act Claims Should be Dismissed as Abandoned**

6. Plaintiff's Response abandons his claims for Negligence (Count I) and for violation of the TICKETS Act (Count III). These claims should therefore be dismissed with prejudice. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to defendant's motion to dismiss resulted in dismissal of those claims as abandoned).

**B. Plaintiff's Theories Do not Salvage the Insufficiency of his Defamation Allegations.**

7. Defendant's Motion argued that Plaintiff failed to adequately allege publication, which is "an essential element" of any Florida claim for defamation. *Mennella v. American Airlines,* 824 Fed. Appx. 696, 701 (11th Cir. 2020). Under Florida law, publication requires communication to "a third person" whose identity must be alleged with a "reasonable degree of certainty."[4] Plaintiff cannot rely on speculative inferences about who "must have heard" the alleged statements to establish publication.[5]

*No Publication to "Unknown Passengers"*

8. Faced with this precedent, Plaintiff concedes that he has not adequately plead publication with regard to any comments made on the airplane. *See* Response at 7 ("Plaintiff did not specifically allege in his complaint that other business class passengers overheard the

---

[4] *See American Airlines, Inc. v. Geddes,* 960 So. 2d 830, 833 (Fla. 3d DCA 2007) ("A defamatory statement does not become actionable . . .until it is published . . . to a third person."); *see also Mennella v American Airlines*, Case No. 17-21915-civ, 2019 WL 1429636 at *13-14 (S.D. Fla. 2019).
[5] *See Mennella,* 824 Fed. Appx. at 702 (Eleventh Circuit rejecting plaintiff passenger's argument that "passengers in the first-class cabin **must have heard** [the defamatory statement]" as "entirely speculative").

3

defamatory allegation . . ."). Recognizing this deficiency, Plaintiff asks this Court to conclude from "strong inferences" that "unknown" and unalleged/unidentified passengers were likely to have heard comments made by the flight attendant.[6] The Eleventh Circuit has rejected similar attempts to resolve publication deficiencies through such speculation. *Mennella,* 824 Fed. Appx. at 702; *see also Mennella,* 2019 WL 1429636 at *10 (mere assertion that "other passengers" likely heard comments because they were made in airplane cabin, "does not meet the legal requirements for publication to a third party.") (internal citations omitted).[7]

*No Publication via Excessive Intra-Corporate Communication*

9. Plaintiff's (only) conclusory allegation of intra-corporate communication[8] fails as a matter of law because it does not adequately allege publication to a third party (as required by Florida law), and because it fails to assert publication beyond a need to know basis insufficient to plead actionable defamatory intra-corporate communication.[9] Plaintiff's Response concedes he has failed to plead, and that he has no idea, who within AA was privy to the information relating to Plaintiff's onboard assault of a flight attendant.[10] In an attempt to circumvent this deficiency, Plaintiff shifts the argument away from publication, theorizing that if 1) Defendant's internal communication surpassed those employees with an "interest"; 2) Merino's communication was

---

[6] Response [DE 20] at pp. 7-8.
[7] Plaintiff's reliance on *Ruta v. Delta Airlines.* 322 F. Supp. 2d 391 (S.D. N.Y 2004) in inapposite. *Ruta* was decided under New York common law – not Florida common law principles of defamation. *Id.* Florida law is to the contrary to *Ruta* as demonstrated by the cases cited in Defendant's Motion [DE 17] at pp. 7-8.
[8] Plaintiff's sole allegation in this regard is "Defendant published this false accusation among its own employees when it revoked Plaintiff's benefits and banned him from flying on its airline." Plaintiff's Complaint [DE 1] at ¶ 57.
[9] Under Florida law, intra-corporate communications involving managers and/or executives are not considered publication and, therefore, such allegations are always insufficient to assert a viable defamation claim. *Geddes,* 960 So. 2d at 833 ("statements made to corporate executives and managerial employees of that entity are in effect, being made to the corporation itself, and thus lack the essential element of publication."). Further, a corporation cannot be liable for intra-corporate defamation, even if the alleged defamatory statements would otherwise be actionable, if the communication relates to a "subject matter" in which the third-party employee(s) had an interest or duty. *Id.* (company could not be held liable for alleged slanderous communication during HR investigation made to employees who had "an interest" in the communication).
[10] Response [DE 20] at p. 9 ("Defendant complains that Plaintiff did not allege who, with specificity, in American Airlines had heard the defamation. . . How could the Plaintiff possibly know the answer to that prior to discovery?").

made with "malice"; 3) American's internal communication was meant to "serve its own purpose"; or 4) Defendant failed to investigate the incident before publishing it company-wide, there would no need for Plaintiff to sufficiently allege publication.[11]  These arguments fail to overcome Plaintiff's pleading deficiencies for the following reasons.

10.     First, and most importantly, Plaintiff has plead no *factual circumstances that would give life to these theories*.  Plaintiff's Complaint contains no allegations that Defendant's (unspecified) internal communications went beyond those employees with an "interest" in or a "duty" with respect to Plaintiff's conduct, which Florida law broadly defines as inclusive of even a simple social or moral obligation.  *Geddes,* 960 So. 2d at 833.  Indeed, Plaintiff's sole allegation of intra-corporate communication[12] appears not to even allow for an interpretation of excessive intra-corporate communication. At best, the allegation is merely *consistent* with excessive intra-corporate communication and, thus, insufficient to preclude dismissal.[13]  Further, other than one passing reference to "malice" in his prayer for relief for punitive damages, Plaintiff's Complaint contains no factual allegation that the flight attendant or AA communicated reports of Plaintiff's assault internally with malice.[14]  Finally, Plaintiff's Complaint contains no allegations that Defendant internally communicated reports of Plaintiff's assault to serve "its own purpose," as evidenced by the effort in Plaintiff's Response to recast his defamation claim with a conspiracy

---

[11] Response at pp. 8-10.
[12] See note 8 infra.
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Non-conclusory factual allegations "must be enough to raise the right to relief above the speculative level" such that the "factual content allows the court to draw a reasonable inference [without reading additional facts into the Complaint] that the *defendant is liable* for the misconduct alleged."; It is not enough that the allegations simply allow the court to infer the *possibility* of defendant's liability or that the allegations are merely *consistent* with defendant's liability.).
[14] Indeed, the allegations that Plaintiff's references as supporting this theory of malevolence, are actually allegations of negligence, (e.g. "No reasonable person . . . ")—not allegations indicating an intent to harm or injure.  Response [DE 20] at p. 8.  Plaintiff's cited case law confirms the insufficiency of his malice allegation.  *Nodar v. Galbreath*, 462 So. 2d 803, 806 (Fla. 1984) (even "[s]trong, angry, or intemperate words do not alone show express malice . . .").

5

theory of needing to support "employee-morale," the factual support of which appears nowhere in Plaintiff's Complaint.[15]

11.  Second, Plaintiff's suggestion[16] that Defendant's alleged failure to investigate the assault claim cures his deficient defamation allegations fails since (as Plaintiff apparently concedes with the abandonment of his negligence claims) Defendant had no such duty.[17]  Thus, Plaintiff's effort to recast his defamation claim as a negligence claim fails to save his defamation claim.

12.  Third, notwithstanding everything else Plaintiff has posited, each of Plaintiff's theories would *still need to be supported* by an allegation of publication to a third-party. *Mennella,* 824 Fed Appx. at 701.  Even the cases cited in Plaintiff's Response demonstrate the necessity of publication to support a defamation claim. *See, e.g. Drennen v. Westinghouse Elec. Corp,* 328 So. 2d 52, 54 (Fla. 4th DCA 1976) (corporation published defamatory comments when it read a defamatory script aloud to 300 employees in a meeting); *Falic v. Legg Mason Wood Walker, Inc.,* 347 F. Supp. 2d 1260, 1262 (corporation published comments via a memorandum to specific employees and various outside entity bondholders). Plaintiff's defamation claim contains no such allegations and is therefore legally deficient on its face.

**C.  Plaintiff's Response Fails to Defend Either of his Breach of Contract Claims.**

*No Breach of Contract for Refusal to Transport*

13.  With regard to Plaintiff's refusal to transport claim, Defendant's Motion argued that Plaintiff's conduct (i.e. failure to comply with multiple flight attendant instructions and striking, voluntarily or involuntarily, a flight attendant with his satchel when again ordered to stow

---

[15] Response [DE 20] at p. 10.
[16] Id..
[17] *See* Defendant's Motion ¶ 12; *see, e.g. Xiaoyun Lu v. Airtran Airways, Inc.,* 631 Fed. Appx. 657, 661 (11th Cir. 2015) ("there is no duty on the part of the captain to investigate recommendations by flight attendants for removal.); 49 U.S.C. § 44902(b) (the permissive removal statute "confers an affirmative privilege to the airline" to remove a passenger [for non-discriminatory reasons] with impunity).

it) was a prior breach of AA's Conditions of Carriage which allowed Defendant to refuse transportation to Plaintiff.[18]  Plaintiff's Response argues that Plaintiff was not removed for failing to comply with flight attendant instructions, but rather for assaulting that flight attendant, which was really an "accident."[19]  Apart from being a fallacious argument, it misses the point.

14.  Plaintiff does not dispute that the refusal to transport claim is governed by AA's Conditions of Carriage Contract which expressly permitted AA to "refuse to transport [passengers]" for any reason including refusing "to obey instructions from any flight crew member" and/or behavior that "might jeopardize the safety of the aircraft or any of its occupants."[20] Plaintiff's Complaint concedes Plaintiff failed to "place [his] satchel in the overhead [bin] as he [was] ordered when [he] first boarded" the aircraft[21] and that he struck (voluntarily or involuntarily) the flight attendant with his satchel when he was again ordered to stow it.[22]  That AA had two legally sufficient grounds to deny travel to Plaintiff or that Plaintiff was denied travel for the more serious ground does not extinguish the fact of Plaintiff's prior breach(es) which relieved AA of any obligation to transport Plaintiff. Thus, according to Plaintiff's own allegations, Defendant's refusal to transport either constituted a permissible act under the contract, or, alternatively, followed conduct that constituted a prior breach.

15.  Undeterred, while conceding Defendant had the "right" to refuse to transport Plaintiff, Plaintiff nevertheless argues Defendant waived that right when AA's "ground security coordinator" rebooked Plaintiff on a later flight to his destination.[23]  However, Plaintiff has *not alleged any of the factual circumstances* necessary to support this novel theory, which he admits

---

[18] Motion [DE 17] at ¶¶ 19-22.
[19] Response at 12-13.
[20] Defendant's Motion, Ex. 2 [DE 17-2] at p. 13.
[21] Plaintiff's Complaint, Ex. A [DE 1-1] at p. 3, ¶15.
[22] Plaintiff's Complaint, Ex. A [DE 1-1] at pp. 3-4, ¶¶ 18-21.
[23] Response [DE 20] at pp. 12-13.

he has not plead in his Complaint.[24] Waiver requires allegations of a party's knowledge of existence of the right, benefit, or advantage waived and the "party's actual intent to relinquish the right."[25] The Complaint contains no allegation that: 1) AA had placed Plaintiff on a no-fly list when the ground security coordinator re-booked Plaintiff; 2) that the Ground Security Coordinator knew Plaintiff had been placed on a no-fly list when he re-booked Plaintiff; 3) that AA (through any action or inaction) *intended* to waive its contractual right to deny transport to Plaintiff. Plaintiff's waiver theory dies on his own pleadings, and, as a matter of law, should be disregarded.[26]

*Breach of Contract for "Taking" of Plaintiff's AAdvantage Program Benefits*

16. Finally, regarding Plaintiff's breach of contract claim relating to his AAdvantage Program benefits, Plaintiff's Response does not dispute 1) that this claim is governed by the AAdvantage Program terms and conditions which allow termination of Program benefits for violation of AA's Conditions of Carriage, 2) that those benefits have not been "taken" from him; 3) that he has no vested interest in any AAdvantage Program benefits, 4) that the benefits have no cash value, and 5) that he has no property interest in the benefits. Plaintiff's Response fails to respond to Defendant's argument that Plaintiff cannot sue for the loss of property and benefits he never owned, in which he never had any justiciable interest and which he agreed have no monetary value.[27]

17. Further, assuming Plaintiff had alleged a legally protectable interest in his AAdvantage Program benefits, his allegations negate his claim for breach of contract regarding

---

[24] Response [DE 20] at p. 12 n. 5.
[25] *Trelltex, Inc. v. Intexc, LLC,* 494 S.W. 3d 781, 790-791 (Tex. App.-Houston [14th Dist.] 2016).
[26] *Id.* (citing *Jernigan v. Langley,* 111 S.W. 3d 153, 156-157 (Tex. 2003) (Waiver is a question of law where "the surrounding facts and circumstances are undisputed. . .").
[27] *See* Motion [DE 17] at ¶ 26.

these benefits. First, Plaintiff's Response does not dispute that he has not experienced any "taking" of any of his miles or restriction of access to the AAdvantage Program,[28] which should alone warrant dismissal. Second, Plaintiff's Response concedes to Defendant's argument that, pursuant to his participation in the AAdvantage Program, Defendant had the right to "at any time with or without notice . . . withdraw, limit, modify or cancel any award . . ."[29] Therefore, under the terms of the contract made the basis of this claim, any alleged alteration of "lost perks" by Defendant would be permissible and would not constitute a breach.

**D. Plaintiff's Request for Leave to Amend and/or for Discovery Should be Denied.**

18. Apparently conceding the deficiency of his allegations, Plaintiff makes numerous requests for leave to amend his Complaint. Plaintiff also requests a period of discovery to resolve the deficiencies in his Complaint. Both of these requests should be denied.

19. Plaintiff's request is procedurally deficient since it fails to attach the proposed amended Complaint.[30] Plaintiff's request to amend is procedurally deficient since it contains no certificate of conferral or good faith conference, which is required for the filing of any motion in this Court pursuant to Local Rule 7.1(a)(3).[31] Third, Plaintiff obviously seeks to amend his pleadings for the sole purpose of avoid a pending dispositive motion;[32] which the Eleventh Circuit has consistently found to be improper particularly where, as here, leave is sought after the deadline for pleading amendments.[33]

---

[28] Response [DE 20] at p. 13.
[29] Motion [DE 17] at ¶ 26.
[30] *See U.S. ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1362 (11th Cir. 2006) ("the movant must either attach a copy of the proposed amendment or set forth the substance thereof"). See also, S.D. Florida Local Rule 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion in the manner prescribed by Section 3I(1) of the CM/ECF Administrative Procedures.").
[31] *See Watkins v. Central Broward Regional Park Manager,* 2016 WL 11621615 at *2 (S.D. Fla. 2016) (denying Motion for Leave to Amend based on failure to include certificate of conferral).
[32] *See, e.g.,* Response [DE 20] at p. 8 n. 1.
[33] *See Lowe's Home Centers, Inc. v. Olin Corp.,* 313 F.3d 1307, 1315 (11th Cir. 2002) (citing *Local 472, etc. v. Georgia Power Co.,* 684 F.2d 721, 724 (11th Cir. 1982).

20. Plaintiff's request for discovery to resolve deficiencies in his claims is likewise improper. Defendant's Motion for Judgment on the Pleadings presents a facial challenge to the legal sufficiency of Plaintiff's pleadings – not the factual support for those pleadings. Plaintiff cannot use discovery as a device to make a case where his Complaint has failed to do so. *Chudasam v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) (internal citations omitted); *see also Kidd v. Jasper, City of,* 2018 WL 2766058 at *2 (a plaintiff "may not resort to discovery to shore up the complaint").

## **CONCLUSION**

In accordance with the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's action in its entirety, with prejudice.

Dated: March 28, 2022

BUCHANAN INGERSOLL & ROONEY PC

By: */s/ Kelly H. Kolb*
Kelly H. Kolb, Esq.
Florida Bar No. 0343330
Robert Pecchio, Esq.
Florida Bar No. 1005955
**BUCHANAN INGERSOLL & ROONEY, PC**
401 E. Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301-4251
Tel: (954) 468-2300
E-mail: kelly.kolb@bipc.com
E-mail: robert.pecchio@bipc.com
*Counsel for Defendant ACTS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Kelly H. Kolb*
　　　Kelly H. Kolb

William T. Woodrow III (*pro hac vice*)
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Phone: 855-275-7378
*Attorney for Plaintiff*

Rook Ringer
reringer@lentolawgroup.com
Lento Law Group, P.A.
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
(904) 602- 9400
*Local Counsel for the Plaintiff*