# William Woodrow

| | |
|---|---|
| **From:** | Kolb, Kelly <Kelly.Kolb@bipc.com> |
| **Sent:** | Friday, November 12, 2021 10:47 AM |
| **To:** | William Woodrow |
| **Cc:** | Pecchio, Robert D.; Thatcher A. Stone |
| **Subject:** | RE: Settlement Offer - RULE 408 SETTLEMENT COMMUNICATION |

Will:

Try some de-caf or take breath before you commit another State Bar violation by calling another attorney ignorant. I will refrain from referring you to the State Bar for now, but be mindful that violations of the Florida Rules of Professional Conduct have no statute of limitations.

If, on the other hand, you believe I have committed an ethical violation, you are free to call the Florida Bar. But, given the content of your email below, I bet you are smarter than that. Regardless, I have no obligation to communicate to you what if anything I have communicated to my client.

I would ask you to refrain from further unprofessional conduct, as it is counter-productive and ineffective.

Kelly

---

**From:** William Woodrow <will@stoneandwoodrowlaw.com>
**Sent:** Friday, November 12, 2021 10:08 AM
**To:** Kolb, Kelly <Kelly.Kolb@bipc.com>
**Cc:** Pecchio, Robert D. <robert.pecchio@bipc.com>; Thatcher A. Stone <thatcher@stoneandwoodrowlaw.com>
**Subject:** RE: Settlement Offer - RULE 408 SETTLEMENT COMMUNICATION

Kelly,

I'm frankly surprised that an attorney working for a major airline would be ignorant of something so relevant to his practice.  Let me educate you.

[Delta wants other airlines to share 'no-fly' lists of unruly passengers (cnbc.com)](#)

As you might be able to imagine, if Mr. Clowdus is caught up in something like this, his damages against AA will balloon exponentially.

I ask you again to confirm that you have met your ethical obligation under Rule 4-1.4 to communicate our written settlement offer to your client.  While AA may have given you blanket authority to reject the terms we offered, that means little if your client does not have an understanding sufficient to make an informed decision.  The purpose of our settlement offer is to disabuse any notion that a pile of unreasonably excessive discovery requests is all it will likely take to wrap this up for them.  Considering that you seemed to hope that was a possibility, it is likely that your client suffers under the same misapprehension.  As such, our settlement offer communicates a changing circumstance and you do have an ethical duty to convey it.

Thank You