## William Woodrow

**From:**          William Woodrow
**Sent:**           Thursday, January 6, 2022 4:30 PM
**To:**              Kolb, Kelly; Pecchio, Robert D.
**Cc:**              Thatcher A. Stone
**Subject:**       RE: AA/Clowdus - Discovery Conferral

See purple below

**From:** Kolb, Kelly <Kelly.Kolb@bipc.com>
**Sent:** Wednesday, January 5, 2022 7:08 PM
**To:** William Woodrow <will@stoneandwoodrowlaw.com>; Pecchio, Robert D. <robert.pecchio@bipc.com>
**Subject:** RE: AA/Clowdus - Discovery Conferral

Will:

This will confirm the substance of our call earlier today. Chime in if I missed anything.

AA's ISSUES

- Boilerplate vague, overbroad, burdensome, harassing, etc. and scope objections to AA's Rogs 1, 4-7 & 9 and RFPs 5, 16 & 18: We had provided Magistrate Goodman's standing order on these types of objections before our call. You stated you would have provided more detail if you had been aware of the local practices reflected in Magistrate Goodman's order. Nevertheless, you stated you were not withholding any responsive information or documents on the basis of these objections and agreed to provide a withholding statement to that effect for these discovery requests.  I agreed to add more specificity to our objections as well but will revise only to add a withholding statement if that is sufficient.
- Rog #4: You will provide Mr. Bryce's contact information as requested.  Yes
- Rog #7:
  - Plaintiff's assertion of privilege relates solely to his fee agreement with your firm. I commented that the published cases down here hold that a fee agreement is never privileged. Nevertheless,  you confirmed that your client is not seeking recovery of his legal fees in this lawsuit.  It is correct that my client is not seeking attorney's fees as a component of his damages.  However, this is not to preclude any decision down the road to make an offer of settlement, which under certain circumstances could invoke attorney's fees.
  - Neither Plaintiff nor Southeast Offset, Inc. have not lost any business opportunities and you will amend Plaintiff's Disclosures accordingly.  At this point it is correct that neither Plaintiff nor Southeast Offset, Inc. are aware of any specific lost business opportunities.
  - Damage components 2-7 in Plaintiff's Disclosures are speculative and Plaintiff has no calculation of those damages or documents supporting those damages.  6-7 are speculative.  Plaintiff will provide more concrete estimates of 2-5.
- RFP #10: While Plaintiff does not seek lost revenues, we believe those portions of his and/or Southeast Offset's tax returns (and supporting documents) showing who was using the travel expenses to offset gross income are relevant to Plaintiff's standing to assert a claim for the increased cost of travel since the incident. You are to revisit this issue with your client and get back to us.  We will revisit the issue.
- RFP #16 & 18: You will provide a withholding statement confirming you are not withholding any responsive materials  on the basis of the objections to this RFP.  Correct.

PLAINTIFF'S ISSUES

- Phone #s for the passengers in first class. This information was not requested in Plaintiff's discovery requests, but we will provide what information we have.  Plaintiff understood "contact information" to include phone number.  Plaintiff is otherwise in accord.
- Witness statements. We will stand on our objections and assertion of  work product.  With phone numbers provided, Plaintiff will make a good faith effort to obtain his own witness statements.  However, Plaintiff does not foreclose the possibility that he will be forced to seek a work-product exception if the passengers who have already provided statements to AA refuse to speak with the Plaintiff.
- RFP #3: you will revisit the need for the passenger manifest in light of our prior disclosure of the first class (rows 1-4) passenger names, contact information and seating.  We will revisit and come back.
- RFP #10 and Rog #15: We will stand on our objections.  We have narrowed our request to eliminate the bulk of AA's hypothetical objections.  We would like a print out of each place that Mr. Clowdus' information is stored in AA's database, not to include individual terminals or archival or backup locations.  For example, his PNR, his record of assault in the CERS database, and any other way in which his information might be stored and accessed by different categories of employees.  Our request to identify who can access the stored allegation of Mr. Clowdus' alleged assault contemplates categories of employees during the normal course of business operations: ie ticketing agent, gate agent, customer service agent, etc.
- RFP #13: Prior complaints by or against FA Merino and his disciplinary history. While we will stand on our objections, I have agreed to review his personnel file for the 3 year period (the same period I used with respect to my discovery to Plaintiff) prior to the incident to see if there are any similar events reported.  We accept the efforts being made but we disagree as to their adequacy.  Our position is that we do not seek his entire personnel record, but that any disciplinary actions, performance reviews, or customer complaints that provide insight into personality, volatility, or honesty are relevant.

- Plaintiff's complaints submitted on the day in question. I will have these bates stamped and produced (probably) tomorrow. Agreed

- Plaintiff seeks enough identifying information of FA Merino to conduct an independent background investigation.  AA objections regarding improper attempts to contact Merino are moot as Plaintiff has decided not to add Mr. Merino as a defendant.  We speculated that DOB and city of residence would be sufficient.  You committed to confer with your client and return.

- Interrogatory 14:  we explained that the objection/response regarding "revoked privileges" and "no record of behavioral issues"  were either irrelevant to or skipped the unanswered portions of the interrogatory which requested from Mr. Clowdus' PNR the record of his total flights flown, total miles flown, and date of earliest recorded flight.  You said you may still object to these on relevance.  We responded that it was relevant both to show the scope of the impact the ban has on Mr. Clowdus and the loyalty Mr. Clowdus has had for the AA brand.  We offered to resubmit to streamline if necessary and asked if you would stand then completely on a relevance objection.  You agreed to consult with client and return.

- We have agreed to get all of this done in the next 7 days.

Kelly

---

**From:** Kolb, Kelly
**Sent:** Wednesday, January 05, 2022 9:49 AM
**To:** 'William Woodrow' <will@stoneandwoodrowlaw.com>; Pecchio, Robert D. <robert.pecchio@bipc.com>
**Subject:** RE: AA/Clowdus - Discovery Conferral

Let's just push to 10:15