IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Troy Clowdus<br><br>PLAINTIFF<br><br>VS.<br><br>American Airlines Inc.,<br><br>DEFENDANT. | Civil Action No.: 1:21-cv-23155-MM |

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN AIRLINES**

PLEASE TAKE NOTICE that the Plaintiff, by and through his attorneys, Stone & Woodrow LLP, William T. Woodrow III, Esq., pursuant to Federal Rules of Civil Procedure 26 and 34, hereby requests that Defendant American Airlines Inc. produces for inspection and copying the following documents or items at the offices of Stone & Woodrow LLP at 250 West Main Street, Suite 201, Charlottesville, VA 22902, within thirty days of the service hereof.

**DEFINITIONS**

1. Each request seeks information available to Defendant, its attorneys or agents, and all persons acting on its behalf. Accordingly, as used herein, the term "Defendant" refers without limitation to Defendant American Airlines, Inc., its attorneys and agents, and persons acting on its behalf.

2. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

3. "Person" shall mean the plural as well as the singular and shall include any natural person, alive or deceased, and any firm, corporation, proprietorship, joint venture, trust or estate, business, association, partnership, or other form of legal entity, unless the context indicates otherwise.

4. The term "document(s)" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processedor transcribed, including the originals and all non-identical copies, whether

1

different from the originals by reason of any notation made on such copy or otherwise, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts,returns, computer printouts, prospectus, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing) graphic or oral records or representations of any kind, including without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, mechanical or electrical recordings or representations of any kind (including without limitations tapes, cassettes, disks, recordings). The term is synonymous in meaning and scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34.

5. The word "identify" or "identity" when used in reference to a document means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and the addressee to each other.

6. The word "identify" or "identity" when used in reference to a person shall be understood as an instruction to identify the person completely. The identification shall include, but not be limited to, the person's full name, state of incorporation (if applicable), last known business address, last known home address (if applicable), last known business, profession, or occupation, last known job title, date of birth, driver's license number, and Social Security number.

7. "Each" shall mean each and every.

8. "Relating to" shall mean embodying, pertaining to, concerning, constituting, comprising, reflecting, describing, discussing, evidencing, referring to, or having any logical or factual connection whatever with the subject matter in question.

9. "This case," "this litigation," "this action," and "this lawsuit" shall mean the lawsuit described in the caption to this Request for Production.

10. "Incident" shall mean the set of facts and circumstances forming the basis of the Plaintiff's claims in this lawsuit, including any and all interactions with Defendant on June 10, 2021 at Miami International Airport and all internal and external communications that were generated by Defendant or any other party as a result thereafter.

11. The words "you," "yours" and/or "yourself" mean Defendant, and any agents, attorneys, experts, investigators, representatives or other persons, acting, or purporting to act, on behalf of Defendant.

12. The word "Defendant" means American Airlines, Inc., the named Defendant in the above-styled and numbered action, including without limitation its officers, directors, representatives, employees, agents, attorneys, and all other natural persons or business or legal entities acting or purporting to act on behalf of Defendant.

13. "Communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to- face or by telephone, mail, electronically, personal delivery, document, or otherwise, including without limitation all statements, admissions, denials, inquiry, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, e-mails, text messages, instant messages, iMessages, messages or correspondence via any social media and networking sites, notes, telegrams, faxes, and any transmittal of information (in the form of facts, ideas, inquiries or otherwise regarding documentsas described in this paragraph).

14. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

15. The words "evidencing", "regarding", "reflecting", or "relates to", shall mean relating to, referring to, connected with, commenting on, responding to, containing, evidencing, showing, memorializing, describing, concerning, mentioning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting or contradicting.

## INSTRUCTIONS

1. If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information without divulging the privileged information:

    a. the nature of the privilege claimed (including work product);

    b. if the privilege is being asserted in connection with a claim or defense governed by state law, state the privilege rule being invoked;

    c. the date of the document;

    d. the document's type (correspondence, memoranda, facsimile, email, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e. the general subject matter of the document; and

    f. the identity of all persons who to your knowledge have seen the document.

2. If any document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall:

   a. describe in detail the nature of the document and its contents;

   b. identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

   c. specify the date on which the document was prepared or transmitted or both;

   d. specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and

   e. if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

## DOCUMENTS TO BE PRODUCED

1. Please provide the entire PNR for Plaintiff Clowdus. If any records of Mr. Clowdus' flights with AA exist elsewhere, please provide, to include his entire history of flights with AA in his lifetime.

2. Please provide any portion of Mr. Merino's personnel file having to do with conflict-related customer complaints against Mr. Merino, conflict-related employee complaints against Mr. Merino, or conflict-related disciplinary notes, performance reviews or other entries for Mr. Merino. To be clear, this includes but is not limited to any record of customers or co-workers who felt disrespected by or treated aggressively by Mr. Merino.

Respectfully Submitted,

William T. Woodrow III
Stone & Woodrow LLP
Suite 201, Lewis and Clark Plaza
250 West Main Street
Charlottesville, VA 22902
Email: will@stoneandwoodrowlaw.com
Phone: (855) 275-7378

**Certificate of Service**

The undersigned certifies that a copy of the foregoing document was served upon the following attorneys of record by EMAIL on this 12th day of January, 2022.

Kelly Kolb
Labor & Employment Practice Group
401 East Las Olas Boulevard
Suite 2250
Ft. Lauderdale, FL 33301
954 703 3900 (office)
954 703 3944 (direct)
kelly.kolb@bipc.com

Robert D. Pecchio
Labor & Employment Practice Group
401 East Las Olas Boulevard
Suite 2250
Ft. Lauderdale, FL 33301
954 703 3900 (office)
954 703 3944 (direct)
robert.pecchio@bipc.com

_____
William T. Woodrow III