# William Woodrow

| | |
|---|---|
| **From:** | Kolb, Kelly <Kelly.Kolb@bipc.com> |
| **Sent:** | Wednesday, March 9, 2022 11:35 AM |
| **To:** | William Woodrow |
| **Subject:** | RE: passenger statements |

I have a firm function during the noon hour. Can you do 1p?

---

**From:** William Woodrow <will@stoneandwoodrowlaw.com>
**Sent:** Wednesday, March 09, 2022 9:51 AM
**To:** Kolb, Kelly <Kelly.Kolb@bipc.com>
**Subject:** RE: passenger statements

Your answer to our slimmed down personnel file request was 2-10, CERS reports 3-4, so we are within the deadlines.

I don't see how my thinking could be in error, the record is clear. I'm happy to have a phone call today however. How's 12:30?

---

**From:** Kolb, Kelly <Kelly.Kolb@bipc.com>
**Sent:** Wednesday, March 9, 2022 9:40 AM
**To:** William Woodrow <will@stoneandwoodrowlaw.com>
**Subject:** RE: passenger statements

The deadline for presenting the Merino personnel and CERS reports has long since passed.
Regarding passenger statements, your thinking is in error. I think a phone call would be productive. I am available all day today at your convenience.

---

**From:** William Woodrow <will@stoneandwoodrowlaw.com>
**Sent:** Wednesday, March 09, 2022 9:30 AM
**To:** Kolb, Kelly <Kelly.Kolb@bipc.com>
**Subject:** RE: passenger statements

We have three items to put before the judge: personnel records for Merino, CERS reports filed by Merino, and passenger statements. I believe we have conferred by phone on all of these and reached an impasse.

If you now think another phone call would be productive, I'm happy to do so.

Depositions are not a realistic option for Mexican passengers, and even for domestic, multiple phone numbers do not work and emails bounce back. So even assuming it was not a sufficient hardship to hold a dozen depositions to find the one passenger with knowledge, finding and serving subpoenas on these passengers would be hardship enough.

You represented to us early in the litigation that you had at least one passenger statement that was damaging to our case. You then identified by interrogatory and initial disclosures 3 out of about 15 passengers who "witnessed the incident." We managed to contact two of those passengers, who said they did not witness the incident. Once we informed you of this, you amended your initial disclosures to remove the affirmative statement that any passenger "witnessed the incident" but to now include every passenger in first class as an individual likely to have discoverable information. So the damaging statement that you claimed to have could now be hiding anywhere within the entire group. We're ready to let the judge decide what's fair in light of these circumstances.