IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| TROY CLOWDUS | : | CIVIL ACTION |
| Plaintiff, | : | DOCKET NO.: 1:21cv23155 |
| v. | : | |
| AMERICAN AIRLINES, INC. | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

**NOW COMES** Defendant, AMERICAN AIRLINES, INC., (hereinafter, "AA" or "Defendant"), by and through its undersigned counsel, and files this Motion to Compel Discovery from Plaintiff, and in support thereof, states as follows:

**FACTUAL BACKGROUND**

1. This lawsuit arises out of Plaintiff's refusal to comply with a uniformed flight attendant's repeated instructions for Plaintiff to stow his carry-on bag in an overhead bin on an international flight, Plaintiff's subsequent assault of that flight attendant, and AA's subsequent permanent suspension of Plaintiff's flight privileges with AA. After conceding the legal insufficiency of Plaintiff's claims for Count I Negligence and Count III violation of the Tickets Act (DE 20), Plaintiff's remaining claims at issue are for Count II Defamation and Counts IV & V Breach of Contract.

2. The disputed discovery request is a single request seeking the cell phone records and logs reflecting phone use by Plaintiff during boarding and while on board the subject flight on June 10, 2021[1].

## SPECIFIC DISCOVERY AT ISSUE, PLAINTIFF'S OBJECTIONS, AMERICAN AIRLINES' POSITION

3. <u>AA's Second Request for Production:</u>

Please produce all cell phone records and logs reflecting phone use by Plaintiff during boarding and while onboard American Airlines flight AA1303 on June 10, 2021, including, but not limited to, text messages sent, received, or reviewed; video messages sent, received or reviewed; voice messages sent, received, or reviewed; social media activity; instant messages sent, received, or reviewed (including while using social media instant messaging and other instant messaging application or software *e.g.* WhatsApp, Marco Polo, etc.); video calls and/or video streams (including FaceTime, Zoom, Skype, etc.) made and/or participated in; internet history; and call records.

## PLAINTIFF'S SPECIFIC OBJECTION[2]

4. Plaintiff objects that this request is not relevant and seeks to discover information that would have no bearing on the Plaintiff's claims or any defenses thereof. Whatever the Plaintiff was engaged in before the incident transpired could not logically shed any light upon the incident itself. Plaintiff also objects inasmuch as this request seeks to require the Plaintiff to collect information from an outside party. Plaintiff has no documents in his possession and is not withholding documents based upon his objections.

## AMERICAN AIRLINES' POSITION

---

[1] See AA's Second Request for Production of Documents to Plaintiff served March 4, 2022, attached as Ex A.
[2] See Plaintiff's Response to Defendant's Second Request for Documents served April 4, 2022 attached as Ex B.

5. It is undisputed that Plaintiff's computer bag hit AA's flight attendant when Plaintiff was instructed (for a third time) to stow his bag in an overhead bin above his first class bulkhead seat. Plaintiff claims that he "accidentally" hit the flight attendant with his bag. To that end, Plaintiff relies (in his pleadings and in his deposition testimony) on his alleged onboard cell phone use to support his claim that his assault of the flight attendant was "accidental." He claims that he was pre-occupied with his cell phone use and was not looking at the flight attendant when he flung his bag at the flight attendant, and thus never intended to hit the flight attendant.

6. Specifically, Plaintiff alleges:

- "Mr. Clowdus put in his headphones and *began to compose an email on his phone*." Plaintiff's Complaint (DE 1), ¶13.

- "A few minutes later I was listening to music and writing an email on my phone when it registered, belatedly, that I was being spoken to by the flight attendant, who appeared angry that I wasn't responding to him immediately." Exhibit A to Plaintiff's Complaint (DE 1), ¶13.

- "To avoid antagonizing him further I looked back down at my *phone* in my right hand while with my left hand pulled my small leather satchel out from under my seat and extending it over the aisle seat in a single motion without looking and said nothing to him." Exhibit A to Plaintiff's Complaint (DE 1), ¶18.

- "And that if he was 'hit' it was purely accidental and must have been the leather strap when I swung the satchel over the empty aisle seat while looking at my *phone.*" Exhibit A to Plaintiff's Complaint (DE 1), ¶33.

7. Plaintiff has also testified - "I am sitting in my seat.[3] *I'm answering text messages from my step-daughter. I'm preoccupied.*" "*Well, I had been on my phone, and I was still working on my phone when this happened[.]*"

8. In light of the foregoing, Plaintiff (not AA) has made his claimed onboard cell phone use front and center of the claims in this lawsuit. Relying on his claimed cell phone use, he alleges that he was not paying attention and "accidentally" hit the flight attendant with his

---

[3] See Plaintiff's deposition at 65:11-65:12 and 70:19-70:20 attached as Exhibit C.

computer bag. He faults AA for not considering his claimed cell phone use when concluding the incident was intentional and defaming him when it permanently banned him from future AA flights. The allegations above are specifically made the basis of Plaintiff's defamation and breach of contract claims. The objection that his cell phone records are not relevant is, therefore, misplaced.

9. Plaintiff's second objection that the request requires Plaintiff to collect information from an outside party is also misplaced. The relevant data resides on Plaintiff's phone[4] and is within his custody and control. Thus, the assertion that Plaintiff "has no documents in his possession and is not withholding documents based upon his objections" is also misplaced. Plaintiff need only extract the cell phone use data for the narrow window of time relevant to his claimed cell phone use –i.e., beginning with approximately 6:30AM,[5] which is the time that Plaintiff alleges he boarded the aircraft, and ending around approximately 7:03AM, which was time the aircraft departed from its origin—and produce it. To preserve the data, AA requests that Plaintiff retain an independent forensic examiner to extract the data and that Plaintiff be ordered to produce the data to AA in compliance with its discovery request. Any privacy concerns over the substance of the text messages or other communications will be managed through the protocol set out in the parties' agreed confidentiality agreement.

## **MEMORANDUM OF LAW**

10. Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.R.Civ.P. 26; *see also Farnsworth v. Procter and Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules "strongly favor full

---

[4] Assuming Plaintiff has complied with his preservation obligations.
[5] See (DE 1), ¶8.

discovery whenever possible"). In the foregoing paragraphs, AA has described how Plaintiff's own allegations and deposition testimony make Plaintiff's cell phone use while onboard, and during the flight attendant's instructions, relevant to his claims and/or the defenses in the matter.

11.  While Plaintiff's formulaic objections are followed by an answer that he "has no documents in his possession,"[6] Plaintiff's own allegations and deposition testimony contradict this assertion. *Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, *14, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014) (*quoting Golden Trade S.r.L v. Lee Apparel Co.,* 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992)) (the discovering party may make a showing to overcome the producing party's assertion that he has no documents in his possession). Further, if Plaintiff has not preserved these records,[7] Plaintiff cannot hide behind the objection that the request would "require Plaintiff to collect information from an outside party."[8] District Courts in Florida and elsewhere frequently grant motions to compel cell phone records and/or forensic images of cell phones in discovery disputes. *See, e.g. Benzion v. Vivint, Inc.,* No. 12-61826-CIV, 2013 WL 12304563, at *3-4 (S.D. Fla. Sept. 20, 2013) (granting motion to compel forensic examination of plaintiff's cell phone).

**WHEREFORE**, AA respectfully requests that this Honorable Court enter an Order: (i) granting this Motion, (ii) overruling Plaintiff's objection(s), (iii) compelling Plaintiff to produce the requested cell phone records, or in the alternative, retain a forensic examiner to extract the data for production, and (iv) granting AA such further and additional relief as this Court deems just and proper.

---

[6] See Exhibit B, Plaintiff's Response to Defendant's Second Request for Documents.
[7] In the event that Plaintiff reveals (in his response to the instant motion or otherwise) that certain requested records were lost, destroyed, or misplaced, AA requests the Court provide the parties the opportunity to submit supplemental briefs addressing the potential spoliation of evidence and other associated matters.
[8] *Id.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(a)(3)

Undersigned counsel for AA hereby certifies that he conferred with counsel for Plaintiff via e-mail and telephone conference on April 11, 2022 to resolve the discovery issues presented in this Motion, but this Court's intervention is required at this time.

Respectfully Submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*s/ Robert Pecchio*
Kelly H. Kolb, Esq.
Florida Bar Number: 0343330
kelly.kolb@bipc.com
Robert D. Pecchio, Esq.
Florida Bar Number: 1005955
Robert.pecchio@bipc.com
401 East Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL  33301
Telephone:    (954) 703-3944
Facsimile:    (954) 703-3939

*Attorneys for Defendant American Airlines, Inc.*

Date: April 12, 2022

### CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via Transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

By: */s/ Robert Pecchio*

**SERVICE LIST:**
William T. Woodrow, III
Stone & Woodrow, LLP
Lewis & Clark Plaza
250 West Main Street, Suite 201
Charlottesville, VA 22902
Tel: (855) 275-7378
E-mail: will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*
Rook Elizabeth Ringer, Esq.
Lento Law Group, P.A.
222 San Marco Ave., Ste. C