UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

      Plaintiff,

CASE NO.: 1:21-cv-23155

v.

AMERICAN AIRLINES, INC.,

      Defendant.
_____/

## DEFENDANT AMERICAN AIRLINE'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 34, Defendant AMERICAN AIRLINES, INC. ("Defendant"), requests that Plaintiff TROY CLOWDUS ("Plaintiff"), produce and provide the undersigned counsel with the original or true and accurate copies of any and all of the following which are in his possession, custody or control, within the time prescribed by the Federal Rules of Civil Procedure at the offices of Buchanan, Ingersoll & Rooney, P.C., 401 East Las Olas Boulevard, Suite 2250, Fort Lauderdale, Florida 33301, or at another mutually agreeable location. This is a continuing request.

### DEFINITIONS

1. Each request seeks information available to Plaintiff, his attorneys or agents, and all persons acting on his behalf. Accordingly, as used herein, the term "Plaintiff" refers without limitation to Plaintiff Troy Clowdus, his attorneys and agents, and persons acting on his behalf.

2. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

3. "Person" shall mean the plural as well as the singular and shall include any natural person, alive or deceased, and any firm, corporation, proprietorship, joint venture, trust or estate, business, association, partnership, or other form of legal entity, unless the context indicates otherwise.

4. The term "document(s)" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copy or otherwise, including, but limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectus, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing) graphic or oral records or representations of any kind, including without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, mechanical or electrical recordings or representations of any kind (including without limitations tapes, cassettes, disks, recordings). The term is synonymous in meaning and scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34.

5. The word "identify" or "identity" when used in reference to a document means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e.,

correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and the addressee to each other.

6. The word "identify" or "identity" when used in reference to a person shall be understood as an instruction to identify the person completely. The identification shall include, but not be limited to, the person's full name, state of incorporation (if applicable), last known business address, last known home address (if applicable), last known business, profession, or occupation, last known job title, date of birth, driver's license number, and Social Security number.

7. "Each" shall mean each and every.

8. "Relating to" shall mean embodying, pertaining to, concerning, constituting, comprising, reflecting, describing, discussing, evidencing, referring to, or having any logical or factual connection whatever with the subject matter in question.

9. "This case," "this litigation," "this action," and "this lawsuit" shall mean the lawsuit described in the caption to this Request for Production.

10. "Incident" shall mean the set of facts and circumstances forming the basis of your claims in this lawsuit, including any and all interactions with Defendant on June 10, 2021 at Miami International Airport and all communications with Defendant afterwards concerning your involuntary deplaning, the suspension of your participation in Defendant's loyalty program and/or you permanent ban from flying on Defendant's aircraft.

11. The words "you," "yours" and/or "yourself" mean Plaintiff, and any agents, attorneys, experts, investigators, representatives or other persons, acting, or purporting to act, on behalf of Plaintiff.

12. The word "Defendant" means American Airlines, Inc., the named Defendant in the above-styled and numbered action, including without limitation its officers, directors, representatives, employees, agents, attorneys, and all other natural persons or business or legal entities acting or purporting to act on behalf of Defendant.

13. "Communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, electronically, personal delivery, document, or otherwise, including without limitation all statements, admissions, denials, inquiry, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, e-mails, text messages, instant messages, iMessages, messages or correspondence via any social media and networking sites, notes, telegrams, faxes, and any transmittal of information (in the form of facts, ideas, inquiries or otherwise regarding documents as described in this paragraph).

14. "Medical facility" means any place where a person receives any medical, emotional or mental health assistance, treatment, advice, care or counseling for any illness, condition or problem. It includes first aid stations, medi-stop facilities, nurses' stations, clinics, hospitals, emergency rooms, treatment centers, church counseling, non-profit counseling, doctors' offices, psychologists' offices, psychiatrists' offices, etc.

15. "Medical professional" means anyone providing assistance to you for medical, emotional or mental problems of any sort, nature or variety. This includes but is not limited to doctors, counselors, psychiatrists, psychologists, pastors, ministers, priests, rabbis, faith healers, shamans, medicine men, nurses, mid-wives, therapist, acupuncture practitioners, specialist in

holistic medicine or alternative healing methods, chiropractors, doctors of osteopathy, hypnotist, drug counselors and therapist.

16. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

17. The words "evidencing", "regarding", "reflecting", or "relates to", shall mean relating to, referring to, connected with, commenting on, responding to, containing, evidencing, showing, memorializing, describing, concerning, mentioning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting or contradicting.

18. "Relevant time period", unless stated otherwise in the following request for production, shall be presumed to refer to the time period two (2) years prior to the filing of the Complaint to the present.

## INSTRUCTIONS

1. If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information without divulging the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, state the privilege rule being invoked;

   c. the date of the document;

   d. the document's type (correspondence, memoranda, facsimile, email, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena

*duces tecum* or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e  the general subject matter of the document; and

   f.  the identity of all persons who to your knowledge have seen the document.

  2.  If any document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall:

   a.  describe in detail the nature of the document and its contents;

   b.  identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

   c.  specify the date on which the document was prepared or transmitted or both;

   d.  specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and

   e.  if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

  3.  In responding to this request, you shall organize and label the documents requested hereby to correspond with the numbered requests to which they are responsive and produce them as they are kept in the usual course of business. Documents shall be produced in such a manner so as to identify the specific request to which they relate. Documents shall be produced separately for each request.

  4.  Documents stored electronically shall be printed out for purposes of production unless the parties can mutually agree on an acceptable electronic format.

## DOCUMENTS TO BE PRODUCED

1. Please produce all cell phone records and logs reflecting phone use by Plaintiff during boarding and while onboard American Airlines flight AA1303 on June 10, 2021, including, but not limited to, text messages sent, received, or reviewed; video messages sent, received or reviewed; voice messages sent, received, or reviewed; social media activity; instant messages sent, received, or reviewed (including while using social media instant messaging and other instant messaging application or software *e.g.* WhatsApp, Marco Polo, etc.); video calls and/or video streams (including FaceTime, Zoom, Skype, etc.) made and/or participated in; internet history; and call records.

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2022, the foregoing Second Request for Production to Plaintiff was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

By: */s/Kelly H. Kolb*
Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel:  (855) 275-7378
Tel:  (904) 602-9400
E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*