# William Woodrow

| | |
|---|---|
| **From:** | William Woodrow |
| **Sent:** | Tuesday, May 3, 2022 4:24 PM |
| **To:** | Angelica Cookson |
| **Subject:** | Re: your deposition |

Ms Cookson, I have having a new subpoena sent out tomorrow.  Should I put the address of the court reporters office or would you like to appear by zoom?  If I allow you to appear by zoom, will you commit to sending me the documents described in the subpoena by email before the start of the deposition?

I'm happy to work with you but I have to know that you are out there…

 If I don't hear back, I will have to default into the reporters office

Regards,

Will Woodrow

Sent from my iPhone

> On May 2, 2022, at 10:42 AM, Angelica Cookson <angelicacookson@gmail.com> wrote:
>
> I had every intention to appear
>
> On Mon, May 2, 2022 at 09:02 William Woodrow <will@stoneandwoodrowlaw.com> wrote:
>
>> Ms. Cookson,
>>
>> You were scheduled to appear for deposition this morning, and I have not been able to reach you all week.  Your phone has been off.  I have left you multiple texts and you have not responded.
>>
>> Fortunately, I have had cause to reschedule this deposition, so I released you from the obligation.
>>
>> However, the complete lack of response and cooperation from you leads me to believe that you did not intend to obey the subpoena.  Please do not make that mistake.
>>
>> I have no desire to cause you legal trouble.  However, we believe that your son was less than truthful in his deposition; it has damaged our case; and we would like to know why.  You are required by the court to appear for deposition as commanded.  You risk being held in contempt by the Court if you do not.

Though he hid this from us, our investigation has led us to believe that you receive extensive benefits from American Airlines, which may explain why your son claimed to have witnessed events which subsequent videos we have taken show that he could not have seen from where he was seated.  All I can say is that we regret to inconvenience you, but your son brought this on you, not us.

When I reissue the subpoena, I would like to offer you the convenience and the courtesy of appearing remotely by Zoom.  The fact that you did not respond this last time makes me think that I am going to have to compel you to show up at a law office.

I am going to reissue you a subpoena probably for this Friday or next Monday.  If you would like to appear remotely by Zoom, you need to contact me promptly before I issue it, and let me know that you intend to cooperate.

I don't know how familiar you are with the US legal system but I would encourage you to do some research on Google.  You do not want to ignore a subpoena…nothing good comes of it.

We have no quarrel with you.  I'm sure you are a very nice lady.  You have no interest in our lawsuit and we have no interest in you.  If you just show up and truthfully answer our questions, you have no reason to worry that it will be an unpleasant experience.  Unlike some lawyers, I am a fundamentally decent person, and I don't mistreat people.

There are three categories of questions that we are going to ask you about:  your benefits with AA, being the surviving spouse of an employee, and if those include flight benefits.  The whereabouts of your son, the circumstances of him agreeing to provide testimony against our client, and his communications with you on the subject.  And any communications that AA has had with you about our lawsuit.  You are also required to bring with you the documents that the subpoena describes.  If you wish to appear remotely, then you must commit that you will take steps to ensure that I receive those documents electronically on the morning of the deposition.

Please respond promptly to this email.

Sincerely,

Will Woodrow

--
Angelica Cookson