UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

      Plaintiff,

CASE NO.: 1:21-cv-23155

v.

AMERICAN AIRLINES, INC.,

      Defendant.
_____/

**DEFENDANT AMERICAN AIRLINES' RESPONSE TO PLAINTIFF'S FOURTH REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendant, AMERICAN AIRLINES, INC. ("**Defendant**" or "**AA**"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("**Plaintiff**" or "**Clowdus**") Third Request for Production of Documents as follows:

**RESPONSES AND OBJECTIONS TO REQUESTS**

1. Every email, text, or statement prepared by third-party passengers in response to Defendant queries about what they witnessed on the complained-of flight. This includes the statement prepared by Federico Quintana and statements prepared by any other passengers. This request applies only to statements, emails, and texts that provide a mere recitation of the passenger's eye witness account of what happened on the day in question. *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11515702, at *7 (S.D. Fla. Oct. 26, 2010) ("Contrary to Plaintiff's assertion, the witness statements are not a mere recitation of the Arugu boys' eye witness account of what happened on the day in question. If this were the case, the statements would not be deemed work product because underlying facts that

support claims or defenses are not protected by the work-product doctrine."); See also *Dunkin Donuts, Inc. v. Mary's Donuts, Inc.,* 206 F.R.D. 518 (S.D. Fla. 2002) (finding facts supporting plaintiff's claims were not protected as work product).

**RESPONSE:**

**Defendant objects to this request as invading the work product privilege. This request encompasses witness statements collected by Defendant's counsel after the commencement of this lawsuit, in connection with the defense of this lawsuit and in anticipation of trial. This Court has previously deemed similar materials as protected from disclosure based on the work product doctrine.** ***See Bridgewater v. Carnival Corp.,*** **286 F.R.D. 636, 644 (S.D. Fla. 2011) ("A witness statement taken by a party's attorney or agent in anticipation of litigation is protected work product.") (citing** ***United States v. Chatham City Corp.,*** **72 F.R.D. 640, 642 (S.D. Ga. 1976)).**

**Moreover, Plaintiff fails to carry his burden to defeat the work product privilege by narrowing his request to "mere recitation of the passenger's eye witness account." Plaintiff has not shown a "substantial need for these written statements" which would otherwise be privileged, and Plaintiff has not, nor can he, demonstrate that he cannot obtain the substantial equivalent of such statements without undue hardship.** ***Bridgewater,*** **286 F.R.D. at 644. To wit, Plaintiff has already deposed Mr. Quintana, and he has the capability to subpoena/depose any other passenger onboard the complained-of-flight.** ***Id.*** **(holding that the plaintiff had failed to defeat the work product doctrine and demonstrate "substantial hardship" regarding witness statements of individuals that plaintiff could depose). Plaintiff's cited case,** ***Arugu v. City of Plantation,*** **followed this reasoning and sustained the party's objection to the**

production of witness statements based on the work product doctrine. *Arugu*, 2020 WL 11515702 at *9-10.

Defendant is withholding responsive information/documentation on the basis of the foregoing objections.

2. Produce the ticket and reservation confirmation for passenger Federico Quintana including any record of using miles, a buddy pass, flying standby, or receiving an upgrade.

RESPONSE:

Defendant objects to this request since it purports to require Defendant to create responsive documents, contrary to Fed. R. Civ. P. 34. Defendant also objects to this request as it seeks information as opposed to documents, which is an improper request for production.

Responsive documents, outside of the scope of the claimed objections, are attached as AA00118-119. Defendant has no responsive documents outside of AA00118-119 responsive to this request.

3. Produce schematics for the business class seats on a 737-MAX of the same configuration as the plane from the complained-of flight. This request contemplates but is not limited to seat back height, width, depth, and total row width.

RESPONSE:

Responsive documents are attached as AA00110-117.

4. Produce schematics for business class seat configuration on a 737-MAX of the same configuration as the plane from the complained of flight. This request contemplates but is not limited to aisle width and row spacing.

**RESPONSE:**

**Responsive documents are attached as AA00110-117.**

DATED on this 25th day of April, 2022.

                                                                       Respectfully submitted,

                                                                       By:  */s/ Kelly H. Kolb*
                                                                           Kelly H. Kolb, Esq.
                                                                           Florida Bar No. 0343330
                                                                           Robert Pecchio, Esq.
                                                                           Florida Bar No. 1005955
                                                                           **BUCHANAN INGERSOLL & ROONEY, PC**
                                                                           401 E. Las Olas Boulevard, Suite 2250
                                                                           Fort Lauderdale, FL 33301-4251
                                                                           T: (954) 468-2300  F. (954) 527-9915
                                                                           E-mail: kelly.kolb@bipc.com
                                                                           E-mail: Robert.pecchio@bipc.com
                                                                           *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April, 25, 2022, the foregoing Defendant's Response to Third Request for Production was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

                                                                      By: */s/Kelly H. Kolb*
                                                                            Kelly H. Kolb

**SERVICE LIST**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel:  (855) 275-7378
Tel:  (904) 602-9400
E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com

*Counsel for Plaintiff*