UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

        Plaintiff,

                              CASE NO.: 1:21-cv-23155

v.

AMERICAN AIRLINES, INC.,

        Defendant.

_____/

### DEFENDANT AMERICAN AIRLINES' RESPONSE TO PLAINTIFF'S FIFTH REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant, AMERICAN AIRLINES, INC. ("**Defendant**" or "**AA**"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("**Plaintiff**" or "**Clowdus**") Fifth Request for Production of Documents as follows:

### RESPONSES AND OBJECTIONS TO REQUESTS

1.  Regarding the passenger witness deposed by American Airlines, Federico Quintana, please produce records identifying all benefits accrued by his late step-father during his time of employment as a mechanic with American Airlines, and records identifying all benefits still being received by his mother, Angelica Cookson. This includes but is not limited to pension, credit union, health insurance, and flight privileges such as reduced price and or standby tickets.

**RESPONSE:**

**Defendant objects to this compound request on multiple grounds, and will answer each subpart of this request individually.**

**First, with regard to the portion of this request dedicated to "records identifying all benefits accrued by his [Quintana's] late step-father during his time of employment as a**

mechanic with American Airlines," Defendant objects on the grounds of privacy and relevance.

This aspect of the request clearly and impermissibly seeks documents reflecting personal and private financial and healthcare information of a deceased former AA employee, who is not alleged to have any involvement in any aspect of the claims or defenses in this lawsuit.

Second, with regard to the portion of the request dedicated to "records identifying all benefits still being received by his [the passenger, Quintana] mother, Angelica Cookson," Defendant also objects on the grounds of privacy and relevance.

This aspect of the request clearly and impermissibly seeks documents reflecting personal and private financial and health care information of a deceased former AA employee's widow (and the mother of the passenger, Quintana) who is not alleged to have any involvement in any aspect of the claims or defenses in this lawsuit.

Plaintiff is seeking this personal and private health care and financial documentation for the sole purpose of *potentially* impeaching or showing bias of the deceased AA employee's stepson – Quintana - an unrepresented, non-party witness who was a passenger on the flight in question and who has testified that he observed Plaintiff (a first class passenger) intentionally assault Defendant's flight attendant.  However, the grossly speculative possibility that the discovery "might" impeach a witness is insufficient to allow discovery of otherwise non-discoverable facts.  *See Duck v. Warren,* 160 F.R.D. 80, 83 (E.D. Va. 1995) (the mere assertion that discovery may reveal impeachment evidence is not sufficient to justify production); *Lambert v. Chase Manhattan Bank, N.A.,* Case No. 93 CIV 5298LMMRLE, 1996 WL 252374, *5 (S.D. N.Y. May 14, 1996) (finding that party's assertion that the use of

information as a "possible impeachment tool is too speculative to support discovery of the documents at issue"). Further, discovery of otherwise relevant evidence is routinely denied for a host of reasons, including privacy concerns, Fed.R.Evid. 412 concerns, etc. Indeed, "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990).

This request is, therefore, an objectionable encroachment on the individual's privacy (e.g. the compelled disclosure of his financial and health care information) of a deceased AA employee and his widow, and is also objectionable as irrelevant to the claims and defenses in this matter. Furthermore, the documentation requested is irrelevant even for *the purpose of impeachment*, as any responsive documentation would not serve to impeach anything— rather, the documents would simply establish that the passenger's deceased step-father accrued AA employee benefits during his employment – a not surprising but also inadmissible fact – and his widow survived to some of those benefits.

In light of the foregoing objections, Defendant is withholding records related to Quintana's step-father's benefits during employment, and Defendant is withholding documents related to Ms. Cookson's survivor's AA pension benefits, access to credit union, and flight privileges. Defendant has no responsive documents regarding any health insurance benefits provided to Ms. Cookson through AA.

DATED on this May 11, 2022,

Respectfully submitted,

By: */s/ Kelly H. Kolb*
Kelly H. Kolb, Esq.
Florida Bar No. 0343330
Robert Pecchio, Esq.
Florida Bar No. 1005955
**BUCHANAN INGERSOLL & ROONEY, PC**
401 E. Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301-4251
T:  (954) 468-2300  F.  (954) 527-9915
E-mail: kelly.kolb@bipc.com
E-mail: Robert.pecchio@bipc.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2022, the foregoing Defendant's Response to Fifth Request for Production was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

By: */s/Kelly H. Kolb*
Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902
Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel:  (904) 602-9400
E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*