UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

    Plaintiff,

v.

                                            CASE NO.: 1:21-cv-23155

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

## DEFENDANT AMERICAN AIRLINES' ANSWERS AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Defendant, AMERICAN AIRLINES, INC. ("**Defendant**" or "**AA**"), by and through its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("**Plaintiff**") Third Set of Interrogatories as follows:

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. For the deceased step-father identified by Federico Quintana in his deposition, please identify his position and term of service with American Airlines and the benefit package that he received upon death or retirement and what component of those benefits conveyed to his surviving spouse, Angelica Cookson. This request includes, but is not limited to, the identification of any pension, health insurance, or flight benefits that Ms. Cookson still receives and whether any of those benefits extend to her son, identifying with particularity whether her son is receiving health insurance through American Airlines and whether he is receiving reduced price or standby tickets through his mother's benefits.

**ANSWER**: **Defendant objects to this interrogatory as being compound and containing multiple subparts that should be treated as separate interrogatories pursuant to Rule 33.** *See*

*Trevino v. ACB American, Inc.,* 232 F.R.D. 612, 314 (N.D. Cal. 2006) (where interrogatories contain three inquiries, they are compound and should be counted as three interrogatories). In light of the compound nature of this interrogatory, and without waiving the foregoing objection, Defendant will address each subpart individually as separate interrogatories.

As to the first subpart, which requests information regarding the "deceased step-father of Federico Quintana," Defendant objects to this interrogatory on the grounds of privacy and relevance. This interrogatory clearly and impermissibly seeks information reflecting personal and private financial and healthcare information of a deceased former AA employee who is not alleged to have any involvement in any aspect of the claims or defenses in this lawsuit. Plaintiff seeks this personal and private healthcare and financial information for the sole purpose of *potentially* impeaching or showing bias of the deceased AA employee's stepson, Quintana—an unrepresented, non-party witness who was a passenger on the flight in question and who has testified that he observed Plaintiff (a first class passenger) intentionally assault Defendant's flight attendant.

However, the grossly speculative possibility that the requested discovery "might" impeach a witness is insufficient to allow discovery of otherwise non-discoverable facts. *See Duck v. Warren,* 160 F.R.D. 80, 83 (E.D. Va. 1995) (the mere assertion that discovery may reveal impeachment evidence is not sufficient to justify production); *Lambert v. Chase Manhattan Bank, N.A.,* Case No. 93 CIV 5298LMMRLE, 1996 WL 252374, *5 (S.D. N.Y. May 14, 1996) (finding that party's assertion that the use of information as a "possible impeachment tool is too speculative to support discovery of the documents at issue"). Further, discovery of otherwise relevant evidence is routinely denied for a host of reasons, including privacy concerns, Fed.R.Evid. 412 concerns, etc. Indeed, "[e]ven if relevant,

discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990).

Plaintiff's interrogatory is an objectionable encroachment on privacy (the compelled disclosure of the uninvolved, former employee's financial and health care information) and is irrelevant as to the claims and defenses in this matter. Furthermore, the information requested is irrelevant even for the *purpose of impeachment,* as any information requested would not serve this intended purpose. Rather, any responsive information would establish only the fact that this individual [Quintana's step-father] accrued benefits during his tenure, and also that he was formerly employed by AA—a fact which Quintana has already admitted in deposition. *See* Deposition of Federico Quintana 27:2-17. This interrogatory therefore would unnecessarily encroach upon the privacy of the step-father, without even serving the purpose of impeachment. Accordingly, Defendant is withholding information related to the step-father's position, tenure, benefits, pension, and flight privileges, on the basis of the foregoing objections.

As to the second and third subpart interrogatories dedicated to pension, credit union, health insurance, and/or flight privileges that (subpart 2) "Ms. Cookson still receives" and that (subpart 3) "extend to her son [Quintana]," Defendant again objects to these (two separate compound) interrogatories on the grounds of privacy and relevance. As above, the grossly speculative nature of this request—that it *might* impeach a witness—does not justify the intrusion on Cookson and her step-son's privacy, including the compelled disclosure of their private healthcare and/or financial records. *See Warren,* 160 F.R.D. at 83; *Lambert,*

**1996 WL 252374, \*5.** This request is an objectionable encroachment on the privacy of a deceased employee's widow, (who is not alleged to have any involvement in any aspect of the claims or defenses in this lawsuit), and her son, Quintana—an unrepresented, non-party witness, and it serves no purpose as to the claims/defenses in this matter. *See Micro Motion*, **894 F.2d at 1323.**

Plaintiff is seeking this personal and private healthcare and financial information for the sole purpose of *potentially* impeaching or showing bias on the part of Quintana. However, as in the prior interrogatory, the grossly speculative possibility that the information *might* impeach a witness is insufficient for such an intrusion. *See Duck,* **160 F.R.D. at 83.** Furthermore, the information requested is irrelevant even for *the purpose of impeachment*, as any responsive documentation would not serve to impeach anything—rather, the information would simply establish that a passenger's deceased step-father accrued AA employee benefits during his employment – a not surprising but also inadmissible fact – and his widow survived to some of those benefits. Plaintiff is speculating regarding how any information regarding these benefits *might* impeach Quintana, and is simply seeking to punish Quintana for his testimony by intruding on the privacy of his mother and his step-father.

Subject to the foregoing objections to these interrogatories, Defendant is withholding information related to Ms. Cookson's survivor's AA pension benefits, access to credit union, and flight privileges. Defendant has no record of any health coverage through AA for the former employee step-father, Ms. Cookson, or Quintana dating back to 2014, which is the oldest information in AA's current benefit system. Lastly, in addition to the above,

**Defendant has no responsive information regarding any credit union or pension benefits provided to Quintana.**

DATED on this 11th day of May 2022.

                                          Respectfully submitted,

                                          By:   */s/ Kelly H. Kolb*
                                                   Kelly H. Kolb, Esq.
                                                   Florida Bar No. 0343330
                                                   Robert Pecchio, Esq.
                                                   Florida Bar No. 1005955
                                                   **BUCHANAN INGERSOLL & ROONEY, PC**
                                                   401 E. Las Olas Boulevard, Suite 2250
                                                   Fort Lauderdale, FL 33301-4251
                                                   Tel:  (954) 468-2300
                                                   Fax:  (954) 527-9915
                                                   E-mail: kelly.kolb@bipc.com
                                                   E-mail: Robert.pecchio@bipc.com
                                                   *Counsel for Defendant*

## CERTIFICATE OF SERVICE

     I hereby certify that on the May 11, 2022, the foregoing Defendant's Response to Third Set of Interrogatories was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

                                          By:   */s/Kelly H. Kolb*
                                                   Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel:  (855) 275-7378
Tel:  (904) 602-9400
E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*

## VERIFICATION

**AMERICAN AIRLINES, INC.**

Name: ANTONIO CRUZ

Title: CLAIMS ANALYST

STATE OF TEXAS )
COUNTY OF TARRANT )

BEFORE ME, the undersigned authority, personally appeared ANTONIO CRUZ, as CLAIMS ANALYST, of American Airlines, Inc., who executed the Answers to Plaintiff's Third Set of Interrogatories, and who is personally known to me or has produced AA ID as identification, and who did take an oath, and swears under penalty of perjury that the foregoing is true and correct.

WITNESS my hand and official seal this 6th day of May, 2022.

_Renee Denise Ramirez_
Signed Name of Notary Public

Renee Denise Ramirez
Printed Name of Notary Public

My Commission Expires: 10/09/2022



Renee Denise Ramirez
My Commission Expires
10/09/2022
ID No. 131754056