UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

       Plaintiff,

                                                  CASE NO.: 1:21-cv-23155

v.

AMERICAN AIRLINES, INC.,

       Defendant.
_____/

**DEFENDANT AMERICAN AIRLINES' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendant, AMERICAN AIRLINES, INC. ("Defendant"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("Plaintiff") First Request for Production of Documents as follows:

**OBJECTION TO DEFINITIONS**

Defendant objects to the defined word "identify" when used in reference to a person as calling for the disclosure of the contact information for Defendant's principals and employees involved in the incident made the basis of this lawsuit. Plaintiff's counsel is prohibited from communicating with Defendant's management personnel and those involved in the incident regarding the claims in this lawsuit by Florida Rule of Professional Conduct 4-4.2, and the comments thereto. Further, Plaintiff's counsel has indicated his intention to name one of Defendant's flight attendants involved in the incident as an additional defendant. Thus, the disclosure contact information can only be calculated to assist or facilitate in the violation of Rule 4-4.2.

Defendant objects to the definition's requirement to disclose the driver's license number, date of birth and social security number of its employees as invasive of their rights to privacy, a as exceeding the scope of permissible discovery and as unreasonably and unnecessarily exposing Defendant's personnel to the risk of identify theft. *Int'l Bhd. of Elec. Workers Loc. Union No. 5 v. U.S. Dep't of Hous. & Urb. Dev.,* 852 F.2d 87 (3d Cir. 1988), holding modified by *Sheet Metal Workers Int'l Ass'n, Loc. Union No. 19 v. U.S. Dep't of Veterans Affs.*, 135 F.3d 891 (3d Cir. 1998) (privacy interest in social security number generally outweighs any interest in disclosure in litigation).

## RESPONSES AND OBJECTIONS TO REQUESTS

1. Any and all reports, statements, memoranda, recordings, audiotapes, video tapes, depositions, testimony or admissions or declarations against the interest of Defendant or any of its current or former agents, employees or representatives pertaining to or relating to the Incident (including the claims and defenses of the parties), whether written, recorded, electronic or other and whether signed or not.

**RESPONSE**: Defendant objects to this request as invading the attorney client and attorney work product privileges since it contains no time frame reference and thus seeks the disclosure of responsive information gathered after the initiation of this lawsuit. Defense counsel has interviewed non-party fact witnesses after the initiation of this lawsuit and is withholding responsive information on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of these communications.

Defendant further objects to this request as invading the attorney work product privilege with respect to a background report generated after Defendant reasonably anticipated litigation as

a result of the incidents at issue. Defendant is withholding documents on the basis of this objection and has provided a privilege log of the withheld documents.

Responsive documents, outside of the scope of the claimed privileges, are attached as AA 1-14.

2. Any and all statements, reports, memoranda, or recordings, whether written, recorded, electronic or otherwise, obtained from any person with knowledge of relevant facts, pertaining to or relating to the Incident (including the claims and defenses of the parties), whether written, recorded, electronic or other and whether signed or not.

**RESPONSE**: Defendant objects to this request as invading the attorney client and attorney work product privileges since it contains no time frame reference and thus seeks the disclosure of responsive information gathered after the initiation of this lawsuit. Defense counsel has interviewed Defendant's personnel and non-party fact witnesses after the initiation of this lawsuit and is withholding responsive information on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of these communications.

Defendant objects to this request as invading the attorney client product privilege with respect to email communications between Defendant's personnel and in-house counsel discussing retention of Plaintiff on Defendant's IRL. These communications are described on Defendant's Privilege Log.

Responsive documents, outside of the scope of the claimed privileges, are attached as AA 1-14.

3. Any and all documents or materials referred to or relied upon by you in answering Plaintiff's First Set of Interrogatories to Defendant and in completing Defendant's Initial Disclosures, including all documents identified by you in your Answers.

**RESPONSE**: Responsive documents are identified and produced in connection with Defendant's Answers to Plaintiff's Interrogatories.

Additional responsive documents are attached as AA 15-17, 20-27, 48-55, 63-95.

Defendant objects to the disclosure of the flight manifest which contains contact information for its passengers as generally prohibited absent a heightened showing of entitlement by Plaintiff. See 14 C.F.R. § 243.9; see also *Karrani v. JetBlue Airways Corp.,* Case No. 18-cv-1510, 2019 U.S. Dist. LEXIS 89031 (W.D. Wash. May 28, 2019); *Raub v. US Airways, Inc.,* Case No. 16-cv-1975, 2017 U.S. Dist. LEXIS 94018 (E.D. Pa. June 19, 2017); *Xuan Thi Phan v. Jetblue Airways Corp.*, Case No. 16-cv-2328, 2017 U.S. Dist. LEXIS 212832 (E.D. Cal. Dec. 27, 2017). Defendant is withholding responsive information on the basis of this objection.

4. Any and all documents or communications you have generated or received pertaining to the Incident, including the claims and defenses of the parties.

**RESPONSE**: Defendant objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). A document request, such as this, which simply asks for all documents "pertaining to the Incident" is not reasonably particular as a matter of law. *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016).

Defendant declines to respond to this request on the basis of the foregoing objection. Given the lack of specificity, Defendant cannot determine if it is withholding responsive materials.

5. Any incident report that was generated at the time of the Incident or at a later date for any purpose.

**RESPONSE**:

Defendant further objects to this request as being overbroad and exceeding the permissible scope of discovery in that it is not limited to "incident reports" pertaining to the Incident but rather seeks all reports generated at the time of the Incident. Defendant's response below is premised on the assumption that this request only seeks reports pertaining to the Incident made the basis of this lawsuit.

Responsive documents outside the scope of the privileges asserted above are attached as AA 1-9, 28-47.

6. Any documents comprising mandatory or voluntary reporting to the FAA or any other government entity regarding the Incident.

**RESPONSE**: Defendant objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). A document request, such as this, which simply asks for all documents "comprising" a particular issue is not reasonably particular as a matter of law.

*Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016).

Defendant has no knowledge as to whether or what "other governmental organizations" require when a crew member is assaulted by a passenger or what Plaintiff intends by the quoted language. Defendant is not aware of any FAA reporting requirements for such incidents.

Defendant declines to further respond to the remainder of this request on the basis of the foregoing objection. Given the lack of specificity, Defendant cannot determine if it is withholding responsive materials.

7. If no documents were located in response to Plaintiff's document requests numbered 5 and 6, then provide generic copies of the forms that are required or expected to be completed when an assault on a crewmember occurs – required either by Defendant or by an external agency.

**RESPONSE**: Not applicable, as documents have been produced in response to request #5. Defendant cannot discern what documents are sought in response to request #6 as stated above in its objection to that request.

8. A generic copy of any document required to be delivered to a passenger who is removed from a flight for assaulting a crewmember.

**RESPONSE**: Defendant has no such documents which it issues to such a passenger.

9. Any document generated to share Plaintiff's no fly status with any other party.

**RESPONSE**: Defendant objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). A document request, such as this, which simply asks for all documents "generated" with respect a particular issue is not reasonably particular as a matter of law. *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016). Given the lack of specificity, Defendant cannot determine if it is withholding responsive materials.

Assuming "party" refers to third parties and not parties to this lawsuit, Defendant has no responsive documents since Defendant does not share its internal refuse list with third parties.

10.     Please provide a screenshot of every place in Defendant's computer systems where information about the Plaintiff can be viewed. This includes but is not limited to every place where the allegation of assault exists.

**RESPONSE**: Defendant objects to this request since it purports to require Defendant to create responsive documents, contrary to Fed.R.Civ.P. 34.

Defendant further objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). For example, "place" may refer to a specific data cache in a computer database or the tens of thousands of computer terminals across the Globe where that data cache can be "viewed" by Defendant's personnel.

If the latter, then the request clearly seeks information outside the scope of discovery and disproportionate to the needs of this case considering importance of the issues at stake (none alleged), the amount in controversy (none specified to date), the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues (none obvious or known), and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1).

If the former, the request seeks information outside the scope of permissible discovery since appears to seek to documents reflecting who within AA can view the data AA has compiled and stored regarding Plaintiff. The ability of Defendant's personnel to access Defendant's own information pertaining to Plaintiff has no logical, legal or rational relevance to the parties' claims and defenses and thus this request seeks information which is not "relevant" to the parties' claims and defenses. Fed.R.Evid. 401 – "relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence".

Defendant further objects to this request as invading the attorney client and attorney work product privileges since it would require screen shots of data contained in Defendant's risk management database compiled after the initiation of this lawsuit. Defendant is withholding responsive data on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of this data.

11. Please provide an ESI data map that explains where Defendant's data resides and how it is collected and stored.

**RESPONSE**: Defendant objects to this request since it purports to require Defendant to create responsive documents, contrary to Fed.R.Civ.P. 34.

Defendant further objects to this request as exceeding the scope of discovery in that where and how Defendant collects and stores its data is not relevant to the plead claims and defense of the parties. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401 ("relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence"). This request appears to be a corollary to interrogatory # 18 and to that extent it seemingly assumes a failure to conduct a reasonable discovery effort without any basis whatsoever and improperly seeks "discovery on discovery*." Flynn v Mfrs. & Trades Trust Co.,* 2021 U. S. dist. LEXIS 175424 at *23-24 (E.D Pa. September 15, 2021) ("Federal courts will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents. Mere suspicion is inadequate to justify discovery-on-discovery…").

Defendant further objects to this request as being overbroad in that it is unlimited in time or subject matter (i.e., type of data) having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). For example, the manner in which Defendant gathered, stored and accessed data on September 11, 2001 would not tend to make a fact of consequence in this lawsuit more or less probable. Similarly, Defendant's data reflecting Plaintiff's seat preferences, payment history, etc. would not tend to make a fact of consequence in this lawsuit more or less probable.

Defendant declines to respond to this request and is withholding responsive information on the basis of the foregoing objections.

      12.      Please provide the metadata for every document produced.

**RESPONSE**: Defendant objects to this request as being overbroad in that it does not define the "meta data" sought. Specifically, while Plaintiff's Request for Production defined "documents" to include "electronically stored information," Plaintiff declined to define generally what ESI he was seeking (i.e., active data, archival data, backup data, deleted data, legacy data, etc.) or specifically which meta-data (i.e., embedded metadata or file system metadata) he was seeking.

      Defendant further objects to this request as duplicating Plaintiff's other requests. Plaintiff did not specify a form for ESI production, and the parties have no agreement for production of ESI. Thus, pursuant to Fed.R.Civ.P. 34(b)(2)(E)(ii), Defendant has produced responsive in readily usable PDF (static image) format. Defendant need not produce the same materials in multiple formats. Fed.R.Civ.P. 34(b)(2)(E)(iii).

      Defendant further objects to this request as exceeding the scope of discovery in that the metadata (i.e., file name, file location, file format, file size, file creation and modification dates and file permissions as to who can read, edit or run the files, edit histories, etc.) are not relevant to the plead claims and defenses of the parties. Fed.R.Evid. 401 – "relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence".

      Further, given the miniscule number of existing documents responsive to Plaintiff's requests, there are no searchability concerns that would warrant production of metadata to facilitate review of responsive materials.

   13. Please provide the personnel file for the offending flight attendant.

**RESPONSE**: Defendant objects to this request as invading the privacy rights of flight attendant Merino, a non-party to this action.

  Defendant further objects to this request as being overbroad and exceeding the permissible scope of discovery in that the employment history, medical and non-medical leaves of absence, medical information, compensation history, disciplinary history, personal contact information, etc. are not reasonably calculated to lead to the discovery of relevant or admissible evidence (i.e., "evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence" - Fed.R.Evid. 401) with respect to any plead claim or defense in this lawsuit. *Beasley v First American Real Estate Information Services, Inc.,* 2005 WL 1017818 (N.D. Tex. 2005)("Plaintiff is not entitled to rummage through the personnel files of employees in the hope of discovering information that might possibly be relevant to his claim"). Further, "[t]here is a heightened relevancy standard with respect to personnel files." *Raub v. US Airways, Inc*., Case No. 16-cv-1975, 2017 U.S. Dist. LEXIS 94018, at *7 (E.D. Pa. June 19, 2017)(citing *Kaufman v. Nationwide Mut. Ins. Co*., 1997 U.S. Dist. LEXIS 18530 (E.D. Pa. Nov. 12, 1999)). Plaintiffs do not meet this heightened relevancy standard for discovery purposes.

  Defendant further objects to this request as being overbroad as it is not limited to any complaints in flight attendant Merino's personnel file having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). For example, this request would require disclosure of complaints of spilled drinks, complaints from intoxicated passengers who were discontinued alcohol service, passenger complaints concerning cabin temperature, food and beverage service, re-seating, delays in providing blankets and pillows,

passengers whose arms were impacted by a drink/food cart, passengers who were directed to return to their seats or engage their seat belts, etc. *Henderson v Holiday CVS, LLC,* 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable"); *Smith v Cent. Sec. Bureau,* 231 F. Supp. 2d 465, 472 (W.D. Va. 2002) (interrogatory which seeks information related to un-plead violations is overbroad as a matter of law and improper); *Soto v Genentech, Inc*., 2008 WL 4621832 *3 (S.D. Fla. 2008) (denying request for discovery of all discrimination claims, noting "a vague possibility that loose and sweeping discovery might turn up something . . . does not show . . . likely relevance that would require moving discovery beyond the natural focus of the inquiry"); *North River Ins. Co. v. Greater New York Mut. Ins. Co*., 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous <u>similar</u> claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to [the claims at issue] but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.").

Further, Plaintiff's factually unsupported throw-away allegation that the "flight attendant['s conduct was] consistent with symptoms…of amphetamine" use does not warrant the invasive inquiry framed by this request given the importance of the real issue (whether Plaintiff assaulted a uniformed flight attendant), the amount in controversy, or the importance of the drug test information in resolving that issue.

Defendant further objects to providing drug test results since Defendant is prohibited by federal regulations from releasing such information without the written consent of the flight attendant. 49 CFR 40.321.

Defendant is withholding responsive materials on the basis of these objections. To the extent flight attendant Merino's personnel file contains passenger complaints arising from passenger initiated assaultive conduct within the 3 year period prior to the incident made the basis of this lawsuit, they will be produced provided a suitable confidentiality order can be entered to protect the privacy interests of the

14.   Please provide every document generated by email or otherwise relating to investigating the Incident and every statement subsequently generated.

**RESPONSE**: Defendant objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). A document request, such as this, which simply asks for all documents "relating to…the Incident" or its investigation is not reasonably particular as a matter of law. *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016).

Defendant further objects to this request as invading the attorney client and attorney work product privileges since it contains no time frame reference and thus seeks the disclosure of responsive information gathered after the initiation of this lawsuit. Defense counsel has interviewed Defendant's personnel and non-party fact witnesses after the initiation of this lawsuit and is withholding responsive information on the basis of these objections. Pursuant to Local

Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of these communications.

Defendant declines to respond to this request on the basis of the foregoing objections. Given the lack of specificity, Defendant cannot determine if it is withholding responsive materials.

15. Please provide any document or email generated *as a result of how the Incident was processed and handled* – by either the offending flight attendant, the supervisor, or the security team. This is to include any feedback to any of the aforementioned parties about what they could have done differently.

**RESPONSE**: Defendant objects to this request as invading the attorney client and attorney work product privileges since it contains no time frame reference and thus seeks the disclosure of responsive information gathered after the initiation of this lawsuit. Defense counsel has communicated with Defendant's personnel after the initiation of this lawsuit and is withholding responsive information on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of these communications.

Defendant is not aware of any non-privileged responsive documents.

16. Please provide a privilege log

**RESPONSE**: Defendant objects to this request since it purports to require Defendant to create responsive documents, contrary to Fed.R.Civ.P. 34. Defendant will comply with the Court's local rules as they pertain to privilege logs.

17. Please provide the Passenger PNR for the flight and the names and contact information for every other passenger in first class.

**RESPONSE**: Defendant objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). Specifically, this request fails to identify whose PNR is sought by this request, as Defendant does not maintain a flight PNR but instead maintains PNRs by specific passenger.

Defendant further objects to this request as invasive of the privacy, safety and security rights of its passengers and as exceeding the scope of discovery. Specifically, the PNR for a passenger reveals a passenger's personal contact information, AAdvantage™ membership number, status and data (upgrades, free tickets issued, etc.), flight record locater numbers, flight histories (date of reservation and ticketing and travel), fight itineraries, payment histories and credit card numbers, name of others accompanying the passenger, code share information, travel status (i.e., check-in status), baggage information, seating information, general remarks concerning supplemental service requests (i.e., wheel chairs, etc.), date of birth, gender, race, health, etc. – information having no logical, legal or rational relevance to the parties' claims and defenses. Fed.R.Evid. 401 – "relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence."

Defendant further objects to the portion of this request seeking information as opposed to documents as an improper request for production.

Defendant further objects to this request as duplicating Plaintiff's interrogatory #7 seeking the same information.

Defendant is withholding responsive passenger PNRs on the basis of these objections.

18. Please provide the portions of Defendant's policy and training manuals that cover the steps to take in the event of an assault on a crewmember.

**RESPONSE**: Defendant objects to this request as being overbroad in that it is unlimited in time having any rational or reasonable connection to the parties' plead claims and defenses and since it seeks training materials whereas Plaintiff has not alleged that the incident made the basis of his claims was caused in whole or part by negligent training. Fed.R.Civ.P. 26(b)(1). *Henderson v Holiday CVS, LLC,* 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable"); *Smith v Cent. Sec. Bureau,* 231 F. Supp. 2d 465, 472 (W.D. Va. 2002) (interrogatory which seeks information related to un-plead violations is overbroad as a matter of law and improper).

Responsive documents are produced as AA 48-62.

DATED on this 17th day of December, 2021.

            Respectfully submitted,

            By: */s/ Kelly H. Kolb*
              Kelly H. Kolb, Esq.
              Florida Bar No. 0343330
              Robert Pecchio, Esq.
              Florida Bar No. 1005955
              **BUCHANAN INGERSOLL & ROONEY, PC**
              401 E. Las Olas Boulevard, Suite 2250
              Fort Lauderdale, FL 33301-4251
              Tel:  (954) 468-2300
              Fax:  (954) 527-9915
              E-mail: kelly.kolb@bipc.com
              E-mail: Robert.pecchio@bipc.com
              *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17th, 2021, the foregoing Defendant's Response to First Request for Production was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

By: */s/Kelly H. Kolb*
Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel:  (855) 275-7378
Tel:  (904) 602-9400
E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*