# William Woodrow

| | |
|---|---|
| **From:** | William Woodrow |
| **Sent:** | Thursday, January 6, 2022 4:30 PM |
| **To:** | Kolb, Kelly; Pecchio, Robert D. |
| **Cc:** | Thatcher A. Stone |
| **Subject:** | RE: AA/Clowdus - Discovery Conferral |

See purple below

**From:** Kolb, Kelly <Kelly.Kolb@bipc.com>
**Sent:** Wednesday, January 5, 2022 7:08 PM
**To:** William Woodrow <will@stoneandwoodrowlaw.com>; Pecchio, Robert D. <robert.pecchio@bipc.com>
**Subject:** RE: AA/Clowdus - Discovery Conferral

Will:

This will confirm the substance of our call earlier today. Chime in if I missed anything.

<u>AA's ISSUES</u>
- Boilerplate vague, overbroad, burdensome, harassing, etc. and scope objections to AA's Rogs 1, 4-7 & 9 and RFPs 5, 16 & 18: We had provided Magistrate Goodman's standing order on these types of objections before our call. You stated you would have provided more detail if you had been aware of the local practices reflected in Magistrate Goodman's order. Nevertheless, you stated you were not withholding any responsive information or documents on the basis of these objections and agreed to provide a withholding statement to that effect for these discovery requests.  I agreed to add more specificity to our objections as well but will revise only to add a withholding statement if that is sufficient.
- Rog #4: You will provide Mr. Bryce's contact information as requested.  Yes
- Rog #7:
  - Plaintiff's assertion of privilege relates solely to his fee agreement with your firm. I commented that the published cases down here hold that a fee agreement is never privileged. Nevertheless,  you confirmed that your client is not seeking recovery of his legal fees in this lawsuit.  It is correct that my client is not seeking attorney's fees as a component of his damages.  However, this is not to preclude any decision down the road to make an offer of settlement, which under certain circumstances could invoke attorney's fees.
  - Neither Plaintiff nor Southeast Offset, Inc. have not lost any business opportunities and you will amend Plaintiff's Disclosures accordingly.  At this point it is correct that neither Plaintiff nor Southeast Offset, Inc. are aware of any specific lost business opportunities.
  - Damage components 2-7 in Plaintiff's Disclosures are speculative and Plaintiff has no calculation of those damages or documents supporting those damages.  6-7 are speculative.  Plaintiff will provide more concrete estimates of 2-5.
- RFP #10: While Plaintiff does not seek lost revenues, we believe those portions of his and/or Southeast Offset's tax returns (and supporting documents) showing who was using the travel expenses to offset gross income are relevant to Plaintiff's standing to assert a claim for the increased cost of travel since the incident. You are to revisit this issue with your client and get back to us.  We will revisit the issue.
- RFP #16 & 18: You will provide a withholding statement confirming you are not withholding any responsive materials  on the basis of the objections to this RFP.  Correct.

<u>PLAINTIFF'S ISSUES</u>

1

- Phone #s for the passengers in first class. This information was not requested in Plaintiff's discovery requests, but we will provide what information we have. Plaintiff understood "contact information" to include phone number. Plaintiff is otherwise in accord.
- Witness statements. We will stand on our objections and assertion of work product. With phone numbers provided, Plaintiff will make a good faith effort to obtain his own witness statements. However, Plaintiff does not foreclose the possibility that he will be forced to seek a work-product exception if the passengers who have already provided statements to AA refuse to speak with the Plaintiff.
- RFP #3: you will revisit the need for the passenger manifest in light of our prior disclosure of the first class (rows 1-4) passenger names, contact information and seating. We will revisit and come back.
- RFP #10 and Rog #15: We will stand on our objections. We have narrowed our request to eliminate the bulk of AA's hypothetical objections. We would like a print out of each place that Mr. Clowdus' information is stored in AA's database, not to include individual terminals or archival or backup locations. For example, his PNR, his record of assault in the CERS database, and any other way in which his information might be stored and accessed by different categories of employees. Our request to identify who can access the stored allegation of Mr. Clowdus' alleged assault contemplates categories of employees during the normal course of business operations: ie ticketing agent, gate agent, customer service agent, etc.
- RFP #13: Prior complaints by or against FA Merino and his disciplinary history. While we will stand on our objections, I have agreed to review his personnel file for the 3 year period (the same period I used with respect to my discovery to Plaintiff) prior to the incident to see if there are any similar events reported. We accept the efforts being made but we disagree as to their adequacy. Our position is that we do not seek his entire personnel record, but that any disciplinary actions, performance reviews, or customer complaints that provide insight into personality, volatility, or honesty are relevant.

- Plaintiff's complaints submitted on the day in question. I will have these bates stamped and produced (probably) tomorrow. Agreed

- Plaintiff seeks enough identifying information of FA Merino to conduct an independent background investigation. AA objections regarding improper attempts to contact Merino are moot as Plaintiff has decided not to add Mr. Merino as a defendant. We speculated that DOB and city of residence would be sufficient. You committed to confer with your client and return.

- Interrogatory 14: we explained that the objection/response regarding "revoked privileges" and "no record of behavioral issues" were either irrelevant to or skipped the unanswered portions of the interrogatory which requested from Mr. Clowdus' PNR the record of his total flights flown, total miles flown, and date of earliest recorded flight. You said you may still object to these on relevance. We responded that it was relevant both to show the scope of the impact the ban has on Mr. Clowdus and the loyalty Mr. Clowdus has had for the AA brand. We offered to resubmit to streamline if necessary and asked if you would stand then completely on a relevance objection. You agreed to consult with client and return.

- We have agreed to get all of this done in the next 7 days.

Kelly


**From:** Kolb, Kelly
**Sent:** Wednesday, January 05, 2022 9:49 AM
**To:** 'William Woodrow' <will@stoneandwoodrowlaw.com>; Pecchio, Robert D. <robert.pecchio@bipc.com>
**Subject:** RE: AA/Clowdus - Discovery Conferral

Let's just push to 10:15

**From:** Kolb, Kelly
**Sent:** Wednesday, January 05, 2022 9:47 AM
**To:** 'William Woodrow' <will@stoneandwoodrowlaw.com>; Pecchio, Robert D. <robert.pecchio@bipc.com>
**Subject:** RE: AA/Clowdus - Discovery Conferral

Got it.
K

**From:** William Woodrow <will@stoneandwoodrowlaw.com>
**Sent:** Wednesday, January 05, 2022 9:46 AM
**To:** Pecchio, Robert D. <robert.pecchio@bipc.com>
**Cc:** Kolb, Kelly <Kelly.Kolb@bipc.com>
**Subject:** Re: AA/Clowdus - Discovery Conferral

[This Email Originated From will@stoneandwoodrowlaw.com Which Is External To The Firm]

Hi robert,

I am runnimg a few minutes late.  We have had no power for days, trees down everywhere, no school, etc.  will be on by 1015 at latest

Sent from my iPhone

> On Jan 4, 2022, at 3:56 PM, Pecchio, Robert D. <robert.pecchio@bipc.com> wrote:
>
> Will,
>
> I hope you had a very happy and safe new year weekend.
>
> In preparation for our discovery conferral tomorrow, and to narrow some of the issues, I've attached here an Order from another Magistrate Judge in the Southern District—Judge Goodman.  This order applies Southern District case law and the Local Rules to discuss the propriety of boilerplate objections, of the sort that appear in various responses by Plaintiff to our discovery requests and interrogatories in this matter.  I will, below, briefly summarize the issues Defendant would call your attention to with regard to Plaintiff's boilerplate objections, so that tomorrow we can focus on other substantive and more idiosyncratic disputes.
>
> To begin with, (as can be seen in the attachment), the Southern District considers boilerplate objections such as "vague, overly broad and unduly burdensome" as failing to comply with the Federal Rules of Civil Procedure and L.R. 26(1) absent support of these objections, with requisite specificity, as to why the requests are vague, overly broad, and unduly burdensome. This support may necessarily include testimony or evidence.  Plaintiff should anticipate that we are requesting that Plaintiff withdraw such objections and/or provide more thorough and compliant objections (with support) in accordance with the Local Rules and FRCP.
>
> Additionally, Plaintiff's use of the objection(s) that certain requests are "not reasonably calculated to lead to the discovery of admissible evidence" is outdated, as this phrase no longer describes the scope of discovery. Plaintiff should be prepared, in this regard, to amend the objections to comply with FRCP

26, and/or withdraw this improper/misplaced objection, to comply with the scope of discovery in its current version (which is described in the order attached).

Finally, Defendant is concerned that Plaintiff has asserted multiple objections to requests for documents that do not include a withholding statement, describing/stating whether Plaintiff is withholding any documents on the basis of the objection(s) asserted. Plaintiff should be prepared to amend these non-compliant answers and provide withholding statements, as required by the FCRP and the Southern District.

Outside of the above, we can discuss more specific issues tomorrow, but please be aware that we consider the boilerplate objections above in need of withdrawal and/or amending.

**Robert D. Pecchio**
Associate

401 East Las Olas Boulevard
Suite 2250
Fort Lauderdale, FL  33301-4251
954 468 2314 (o)
robert.pecchio@bipc.com

vCard | Bio | BIPC.com | Twitter | LinkedIn

**Buchanan Ingersoll & Rooney PC**

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.