UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23155-KMM

TROY CLOWDUS,

       Plaintiff,

v.

AMERICAN AIRLINES, INC.,

       Defendant.

_____/

## OMNIBUS ORDER ON DISCOVERY MOTIONS

**THIS CAUSE** comes before the Court on Defendant American Airlines, Inc.'s ("American") Expedited Motion for Sanctions Pursuant to Rule 30(d)(2) and Memorandum of Law in Support Thereof (ECF No. 34); and Plaintiff's Motion to Compel (ECF No. 44). This matter was referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters (ECF No. 5). Plaintiff Troy Clowdus filed a Response in Opposition to the Motion for Sanctions (ECF No. 37). The Court held a hearing on both Motions on May 24, 2022, before Defendant had responded to the Motion to Compel, which as explained below, is not resolved and remains pending on Defendant's assertion of certain privileges. In the interim, Defendant has been ordered to produce certain documents; and Defendant's Motion for Sanctions is denied.

1

**I.     BACKGROUND**

Plaintiff brought suit claiming negligence, defamation, violation of the Transparency Improvements and Compensation to Keep Every Ticketholder Safe Act of 2018 ("Tickets Act"), and breach of contract, after he was removed from an international American flight and banned from future travel with American.  Plaintiff claims he accidentally struck an American flight attendant with his carry-on bag when asked to hand his bag to the flight attendant so he could stow it for Plaintiff.  Defendant, on the other hand, alleges that Plaintiff refused to comply with a uniformed flight attendant's repeated instructions for Plaintiff to stow his carry-on bag in an overhead bin on an international flight and then subsequently assaulted that flight attendant. Defendant states that it removed Plaintiff from the flight and permanently suspended Plaintiff from future American flights.  Following this Court's Order on Defendant's Motion for Judgment on the Pleadings (ECF No. 32), Plaintiff's sole remaining claim is for defamation *per se* and arises from his allegation that the flight attendant, an agent of Defendant, loudly accused Plaintiff of hitting him in front of other passengers.

The Motion for Sanctions follows the deposition of Federico Quintana ("Mr. Quintana"), an unrepresented, alleged non-party, foreign national witness.  Mr. Quintana provided deposition testimony that he was a passenger on the American flight and observed what he perceived to be Plaintiff's intentional assault on the American flight attendant.  Defendant alleges that before and during the deposition of Mr. Quintana, Plaintiff's counsel violated Rule 30(d)(2) and engaged in unprofessional conduct, prejudicing Defendant. Defendant contends that Plaintiff's counsel accused Mr. Quintana of lying and offered his own opinions of Quintana's credibility.  In addition, Defendant contends Plaintiff has intimidated Mr. Quintana's mother ("Ms. Cookson") by threatening her with contempt and other "legal trouble."  Defendant claims that Ms. Cookson did

not travel on the flight and has no personal knowledge of the events, but Plaintiff seeks to depose her on Mr. Quintana's possible bias and motivation to please American. Plaintiff alleges that, as the surviving widow of a deceased American employee, Ms. Cookson used her lifetime buddy pass benefits to purchase her son's flight ticket. Defendant alleges that Plaintiff's counsel has served Ms. Cookson with a Deposition Duces Tecum Subpoena in order to discover what health insurance, credit union, pension, and flight benefits Ms. Cookson has with American. Defendant avers that Plaintiff's counsel also intends to discover whether Mr. Quintana discussed the lawsuit or his deposition testimony with Defendant.

Defendant moves the Court to enter an order imposing any measures it deems necessary and effective to address the conduct of Plaintiff's counsel, pursuant to Rule 30(d)(2), and apply necessary measures to ensure that Plaintiff's counsel can no longer inhibit and/or frustrate the fair examination of future witnesses and deponents, such as the appointment of a special master to oversee Ms. Cookson's deposition and all future communications between Plaintiff's counsel and any witness in this lawsuit.

In Response, Plaintiff alleges that Defendant's counsel protected, cultivated and ultimately presented Mr. Quintana as a disinterested third-party, despite what Plaintiff suspects are Mr. Quintana's significant ties with American through his mother's benefits. Plaintiff maintains that Mr. Quintana was hostile as a witness and evaded Plaintiff's counsel's questions. Plaintiff intends to depose Ms. Cookson to establish that Mr. Quintana, who resides abroad and will not be available to testify at trial, presented false testimony and had a motivation to do so. Regarding Plaintiff's counsel's communications with Mr. Quintana and Ms. Cookson, Plaintiff argues that Defendant's counsel has grossly mischaracterized these interactions.

## II.  LEGAL STANDARD

Rule 30(d)(2) permits an "appropriate sanction—including reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2); *see also* 28 U.S.C. § 1927 ("An attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). District courts also have a "'well-acknowledged' inherent power ... to levy sanctions in response to abusive litigation practices." *Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312, 321–22 (N.D. Fla. 2021) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980).

Moreover, Federal Rule of Civil Procedure 37(a)(5)(A) provides that when a discovery motion is granted, a court must "require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

## III.  DISCUSSION

Defendant's Motion identifies several instances in which it complains that Plaintiff's counsel's language and behavior "impeded, delayed and frustrated" the fair examination of the deponent, Mr. Quintana. FED. R. CIV. P. 30(d)(2). For instance, in email correspondence before setting his deposition, Plaintiff's counsel informed Mr. Quintana that he had "no desire to make your life miserable by subpoenaing you for a deposition" (ECF No. 34-1). Before beginning his cross examination of Mr. Quintana, Plaintiff's counsel reiterated the advisement made previously by defense counsel "that perjury comes with a penalty of up to five years in jail and is a felony,"

noting the importance of telling the truth (ECF No. 34-2 at 23:1–11).  Plaintiff's counsel expressed doubt that Mr. Quintana could have "observed much of value" from his vantage point in Seat 4A, despite Mr. Quintana's own statements and his willingness to testify.  Defendant complains that such commentary was obviously intended to influence the witness's testimony, in violation of Florida Bar Rules.

Review of Plaintiff's counsel's e-mail pre-deposition correspondence with Mr. Quintana reveals that he indeed advocated facts in support of his client's position in a manner capable of influencing his testimony as a witness.  *See* ECF No. 34-1 at 1.  Describing his client's version of events as "the unfortunate truth" that serves as the basis to doubt American's claim that Mr. Quintana statement made to American would be damaging to Plaintiff, counsel's email was suggestive, if vague.  Although the Court does not have sufficient basis to find, as Defendant urges, that Mr. Quintana felt threatened, the correspondence reveals that counsel failed to treat Mr. Quintana as a neutral and unrepresented witness.

However, the "threat" of subpoenaing him for deposition was not, as American argues, particularly threatening at all: in context, counsel explains that American refuses to share Quintana's written statement and thus Plaintiff's only option was to depose him, unless he shares a copy of whatever he provided to American (ECF No. 34-1 at 2).

Having reviewed the deposition transcript, I find sanctions are not warranted, particularly not the sanction American seeks.  Unfortunately, the transcript reveals that defense counsel engaged in conduct similar to what it accuses Plaintiff's counsel of committing, specifically, attempting to influence the witness's testimony.  Defense counsel repeatedly interjected himself into the deposition with unnecessary commentary to bolster the witness's observations.  Defense

5

counsel's objection of "asked and answered" was too often followed by Mr. Quintana's refusal to answer the question on the basis that he had already done so (he had not).

Neither side conducted themselves with neutrality towards Mr. Quintana. "It is precisely when animosity runs high that playing by the rules is vital. Rules of legal procedure are designed to defuse, or at least channel into set forms, the heated feelings that accompany much litigation. Because depositions take place in law offices rather than courtrooms, adherence to professional standards is vital. . ." *Redwood v. Dobson*, 476 F.3d 462, 469–70 (7th Cir. 2007). It is this Court's expectation that both sides will maintain fair, professional, and neutral communication with witnesses for the remainder of this case.

Defendant's Motion also complains about Plaintiff's counsel's communications with Ms. Cookson. Addressing her perceived reluctance to appear for deposition, Plaintiff's counsel emailed Ms. Cookson and expressed that he has "no desire to cause you legal trouble," that she should "not make that mistake" of not obeying his subpoena and that she should conduct an internet search and learn about the legal system and the penalties of her noncompliance (ECF No. 34-3). Ms. Cookson, who was at that time not represented by counsel, is not a party to the instant lawsuit, yet Plaintiff's counsel informed her that it was her own son that "brought this on you, not us." Though its Motion for Sanctions seeks the specific relief of appointment of a special master to oversee the deposition of Ms. Cookson, at the hearing, Defendant orally modified its request for relief and asked the Court to preclude Plaintiff from subpoenaing Ms. Cookson for deposition at all.

Ms. Cookson is now represented and she has not sought, through counsel, any protection from deposition and American could not articulate a basis for it to have standing to do so on her

6

behalf. Taking into account all relevant circumstances, Defendant's Motion for Sanctions is denied.

Plaintiff's Motion to Compel seeks production of documents that would reveal what benefits Mr. Quintana and his mother stand to receive, and thus stand to lose, from American. Defendant cannot avoid production of certain documents that relate to Ms. Cookson's future expectation of benefits that may provide Mr. Quintana with a bias and motivation to please American with his testimony. Defendant has been ordered to, within 14 days of the hearing, produce to Plaintiff documents relating to her future and present benefits. The Motion was denied to the extent Plaintiff seeks to discover Ms. Cookson's past benefits provided by American.

Plaintiff's Motion also seeks to overcome American's claim of work product protection over documents relating to witness statements. American's privilege log includes witness statements drafted by American's counsel, based on witness interviews, that were exchanged with the witnesses and ultimately signed—including Mr. Quintana. This claim of privilege requires an evidentiary showing that American had not yet been afforded the opportunity to make. Accordingly, the following schedule was established for the remaining briefing: Defendant shall file its response in opposition by no later than May 31, 2022; Plaintiff may reply, if at all, by June 6, 2022. No further hearing will be set unless the Court requires one; *in camera* review may be warranted.

**DONE** and **ORDERED** in Chambers at Miami, Florida this 31st day of May, 2022.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE