# EXHIBIT

# L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TROY CLOWDUS,

        Plaintiff,

                                    CASE NO.: 1:21-cv-23155

v.

AMERICAN AIRLINES, INC.,

        Defendant.

_____/

## DEFENDANT AMERICAN AIRLINES' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, AMERICAN AIRLINES, INC. ("Defendant"), by and through its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("Plaintiff") First Set of Interrogatories as follows:

## OBJECTION TO DEFINITIONS

Defendant objects to the defined word "identify" when used in reference to a person as calling for the disclosure of the contact information for Defendant's principals and employees involved in the incident made the basis of this lawsuit. Plaintiff's counsel is prohibited from communicating with Defendant's management personnel and those involved in the incident regarding the claims in this lawsuit by Florida Rule of Professional Conduct 4-4.2, and the comments thereto. Further, Plaintiff's counsel has indicated his intention to name one of Defendant's flight attendants involved in the incident as an additional defendant. Thus, the disclosure contact information can only be calculated to assist or facilitate in the violation of Rule 4-4.2.

Defendant objects to the definition's requirement to disclose the driver's license number, date of birth and social security number of its employees as invasive of their rights to privacy, as

exceeding the scope of permissible discovery and as unreasonably and unnecessarily exposing Defendant's personnel to an unreasonable risk of identify theft. *Int'l Bhd. of Elec. Workers Loc. Union No. 5 v. U.S. Dep't of Hous. & Urb. Dev.,* 852 F.2d 87 (3d Cir. 1988), holding modified by *Sheet Metal Workers Int'l Ass'n, Loc. Union No. 19 v. U.S. Dep't of Veterans Affs*., 135 F.3d 891 (3d Cir. 1998) (privacy interest in social security number generally outweighs any interest in disclosure in litigation).

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1.      Please recite the substance of each and every report, statement, memorandum, recording, testimony or admission or declaration against interest, whether written, verbal, electronic or otherwise, of Defendant, or any of its current or former agents, employees or representatives, concerning the subject matter of or claims or defenses in this action of which you have knowledge. Include in your answer the date of the statement, and the participants or parties involved, and the identity of all documents reflecting same.

**ANSWER**:      Defendant objects to this interrogatory as invading the attorney client and attorney work product privileges since it contains no time frame reference and thus seeks the disclosure of responsive information gathered after the initiation of this lawsuit. Defense counsel has interviewed Defendant's personnel and non-party fact witnesses after the initiation of this lawsuit and is withholding responsive information on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of these communications.

Defendant further objects to this interrogatory as invading the attorney work product privilege with respect to a background report generated after Defendant reasonably anticipated

litigation as a result of the incidents at issue. Defendant is withholding information on the basis of this objection and has provided a privilege log of the withheld documents.

Defendant objects to this interrogatory as invading the attorney client product privilege with respect to email communications between Defendant's personnel and in-house counsel discussing retention of Plaintiff on Defendant's IRL. These communications are described on Defendant's Privilege Log.

Pursuant to Federal Rule of Civil Procedure 33(d), responsive information can be found in Defendant's production AA 1-14.


2.      Please identify any and all persons known, believed or understood by you to have knowledge of relevant facts (i.e., information that supports, proves, disproves, or relates to any claims, defenses or issues in this action, and any other discoverable matter). Include in your answer a general summary of the information you know or believe is possessed by each person identified.

**<u>ANSWER</u>**:      Please see Defendant's Initial Disclosures and all subsequent supplements and/or amendments. In addition, the following persons are believed to have relevant knowledge. However, with respect to those persons below, Defendant objects to disclosing the substance of interviews of those persons identified below conducted by its counsel after the initiation of this lawsuit on the basis of the attorney client (for those employees of Defendant) and attorney work product (for all witness interviews) privileges. Defendant is withholding responsive information on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of this information.

- ███████████████████████, Miami, FL 33131. Mr. ██████ was seated in seat 4E. **CONFIDENTIAL**

- Daniel Santiago Gonzalez, AA Customer Care Manger, c/o defense counsel. Mr. Gonzalez removed Plaintiff from his second flight.

- ███████████████████ Miami, FL 33143. Mr. ██████ was seated in 3F. **CONFIDENTIAL**

- Aristides Maldonado, AA Corporate Security, c/o defense counsel. Mr. Maldonado was involved with the decision to permanently ban Plaintiff.

- Federico Quintana, (address unknown). Mr. Quintana was seated in 4A. **CONFIDENTIAL**

3.     Please identify any and all persons relating in any way to the Incident, including but not limited to: the offending flight attendant, the additional flight crew members, the supervisor who escorted the Plaintiff off the plane, the security personnel who removed the Plaintiff from the second plane, the individual(s) to whom the offending flight attendant filed his report of assault, the individual(s) who made the decision to remove Plaintiff from the second flight, the individual(s) who "investigated" the incident after the fact and determined to ban the Plaintiff from subsequent flights. Include in your answer a general summary of the information you know or believe is possessed by each person identified.

**ANSWER**:     Please see objections and answer to interrogatory #2 above. In addition, John Kirby determined that Plaintiff should remain on Defendant's IRL. In addition, Mr. Marino's report of Plaintiff's conduct was not submitted to a specific individual. Additional flight crew members are:

- Fernando S. Bastos, flight attendant #2, c/o defense counsel. No personal knowledge.

- Nadege Colas, flight attendant #4, c/o defense counsel. No personal knowledge.

- Rex H. Hopkins, first officer, c/o defense counsel. No personal knowledge.

4.    Please identify every person who may not have personal knowledge of the Incident, but has been made aware of the Incident after the fact and has contributed input of any sort into Defendant's handling of the Incident. Include in your answer a general summary of the input they gave.

**ANSWER**:    Defendant objects to this interrogatory as being indeterminate and unclear in that Defendant cannot ascertain what is meant by "Defendant's handling of the incident." If this interrogatory seeks disclosure of defense counsel's contacts with Defendant, Defendant further objects to this interrogatory calling for the disclosure of information which is not relevant to the plead claims and defenses of the parties in that it would necessarily call for the disclosure of internal and external counsel and staff (among others) assisting with the defense of this litigation.

Other than those individuals identified in Defendant's Initial Disclosures and in these interrogatory answers and all subsequent supplements and/or amendments, Defendant is not aware of anyone else involved with the Incident or its aftermath.

Defendant declines to further respond to this interrogatory on the basis of the foregoing objections but cannot determine if it has withheld responsive information given the lack of clarity.

5.    Please identify and provide the substance of all passenger complaints or comments regarding the offending flight attendant for his entire tenure with American Airlines,

including all disciplinary, reprimand, or other notes in his personnel file, and identify and provide the results of all drug tests performed on the offending flight attendant, random or otherwise.

**ANSWER**:    Defendant objects to this interrogatory as being overbroad in that it is unlimited in time or subject matter (i.e., type of conduct the basis of any complaint) having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). For example, this interrogatory would require disclosure of complaints of spilled drinks, complaints from intoxicated passengers who were discontinued alcohol service, passenger complaints concerning cabin temperature, food and beverage service, body odor, re-seating, delays in providing blankets and pillows, passengers whose arms were impacted by a drink/food cart, passengers who were directed to return to their seats or engage their seat belts, etc. *Henderson v Holiday CVS, LLC,* 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable"); *Smith v Cent. Sec. Bureau,* 231 F. Supp. 2d 465, 472 (W.D. Va. 2002) (interrogatory which seeks information related to un-plead violations is overbroad as a matter of law and improper);  *Soto v Genentech, Inc.*, 2008 WL 4621832 *3 (S.D. Fla. 2008) (denying request for discovery of all discrimination claims, noting "a vague possibility that loose and sweeping discovery might turn up something . . . does not show . . . likely relevance that would require moving discovery beyond the natural focus of the inquiry"); *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous similar claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to [the claims at issue] but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that

"discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.").

Further, Plaintiff's factually unsupported allegation that the "flight attendant['s conduct was] consistent with symptoms…of amphetamine" use does not warrant the invasive inquiry framed by the interrogatory given the importance of the real issue (whether Plaintiff assaulted a uniformed flight attendant), the amount in controversy, or the importance of the drug test information in resolving that issue.

Defendant further objects to the portion of this interrogatory seeking drug test results for its flight attendants as invading their privacy rights. Defendant further objects to providing drug test results since Defendant is prohibited by federal regulations from releasing such information without the written consent of the flight attendant.  49 CFR 40.321.

Defendant declines to respond to this interrogatory on the basis of the foregoing objections. At this time, Defendant cannot determine if it is withholding potentially responsive documents but will immediately advise Plaintiff's counsel when that determination is made.


6.     Please provide the full name, current address, and social security number of the offending flight attendant along with the results of any criminal background check Defendant may have performed in conjunction with his employment application.

**<u>ANSWER</u>**:     Defendant has previously identified flight attendant Carlos Merino in its Initial Disclosures.

Defendant objects to disclosing Mr. Merino's current address since Plaintiff's counsel is prohibited from communicating with Mr. Marino regarding the claims in this lawsuit by Florida Rule of Professional Conduct 4-4.2, and the comments thereto, since Mr. Marino's actions are alleged to have created civil liability for Defendant. Further, Plaintiff's counsel has indicated his intention to name Mr. Merino as an additional defendant. Thus, the disclosure Mr. Marino's contact information can only be calculated to assist or facilitate in the violation of Rule 4-4.2.

Defendant objects to disclosing Mr. Merino's social security number and criminal background checks as an unwarranted invasion of his privacy rights, and as unnecessarily exposing Mr. Marino to the risk of identify theft. *Int'l Bhd. of Elec. Workers Loc. Union No. 5 v. U.S. Dep't of Hous. & Urb. Dev.*, 852 F.2d 87 (3d Cir. 1988), holding modified by *Sheet Metal Workers Int'l Ass'n, Loc. Union No. 19 v. U.S. Dep't of Veterans Affs.*, 135 F.3d 891 (3d Cir. 1998) (privacy interest in social security number generally outweighs any interest in disclosure in litigation). Defendant further objects to disclosing Mr. Merino's social security number and criminal background checks and as exceeding the scope of discovery in that Mr. Marino's social security number and criminal history (if any) are not relevant to the plead claims and defenses of the parties. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401 ("relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence"). Further, the request in this interrogatory to produce a document (criminal background check) is a facially improper interrogatory.

Defendant declines to respond to this interrogatory on the basis of the foregoing objections and is withholding responsive information on the basis of the foregoing objections.

7.    Please identify every passenger seated in first class on the complained of flight, and if any passenger in first class or elsewhere has given any statement to Defendant, recite the substance of their statement.

**ANSWER**:    Defendant objects to disclosing the substance of interviews of its passengers conducted by its counsel after the initiation of this lawsuit on the basis of the attorney work product privileges Defendant is withholding responsive information on the basis of this objection. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of this information.

The identities of those seated in rows 1-4 of the aircraft are:

- ███████████████████ Miami Beach, FL 33139. █████was seated in seat 2F. **CONFIDENTIAL**

- ████████████████████, Miami, FL 33131. ██████was seated in seat 4E. **CONFIDENTIAL**

- █████████████████, Miami, FL 33143. ██████ was seated in 3F. **CONFIDENTIAL**

- Federico Quintana. Quintana was seated in 4A. **CONFIDENTIAL**

- ████████████████ Miami, FL 33130 (business address). █████was seated in 3A. **CONFIDENTIAL**

- ███████████████ (no address provided). ██████ was seated in 4B. **CONFIDENTIAL**

- Juan Hernandez Ramirez, (no address provided). Ramirez was seated in 3E. **CONFIDENTIAL**

- Jairo Espinoza Jimenez, (no address provided). Jimenez was seated in 3B. **CONFIDENTIAL**

- ██████████████████████████ Santa Barbara, Mexico (business address). ████████ was seated in 1B. **CONFIDENTIAL**

- ██████████████████████████ Santa Barbara, Mexico (business address). Mr.████████ was seated in 1A. **CONFIDENTIAL**


8.      With respect to the as yet unidentified supervisor who escorted the Plaintiff to his second flight, please recite the substance of any statement – verbal or written – made by him, both on the day in question and thereafter about the incident in question, his perceptions of the Plaintiff and any judgments or observations he may have made about the offending flight attendant's demeanor or conduct. Please also identify any emails he may have made to any party concerning the Incident.

**ANSWER**:   Defendant has no information as to who, if anyone, escorted Plaintiff to his second flight.   To the extent responsive information is identified, Defendant will disclose the name of the employee and any report or statement generated in the normal course of business.

To the extent any such individual provides or has provided statements to defense counsel after the initiation of this lawsuit, Defendant objects to this interrogatory as invading the attorney client and attorney work product privileges. At present, Defendant is not withholding responsive information on the basis of these objections.

9.      Please identify the substance of all feedback the supervisor in question received for his handling of the Incident. Include the substance of verbal conversations and all emails or personnel file notations.

**ANSWER**:    Defendant objects to this interrogatory as being indeterminate and unclear in that Defendant cannot ascertain who Plaintiff intends to mean by the phrase "supervisor in question." Defendant has no information, and Plaintiff has provided no information, that would allow Defendant to identify this alleged person. Accordingly, Defendant is unable to respond to this interrogatory.

10.      With respect to the as yet unidentified security supervisor who removed the Plaintiff from his second flight, Please recite the substance of any statement – verbal or written – made by him, both on the day in question and thereafter about the incident in question, his perceptions of the Plaintiff and any judgments or observations he may have made about the action take to remove the Plaintiff from the flight.

**ANSWER**:    Pursuant to Federal Rule of Civil Procedure 33(d), responsive information can be found in Defendant's production AA 14.

Defendant objects to the portion of this interrogatory asking for post-incident statements provided by the "security supervisor" as invading the attorney client and attorney work product privileges with respect to statements provided to defense counsel after the initiation of this lawsuit. Defendant is withholding responsive information on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of these communications.

11.     Please identify the individual who investigated the incident after the fact and describe in detail the steps that were taken to perform this investigation.

**ANSWER**:     Aristides Maldonado (AA Corporate Security) and John Kirby (AA Corporate Security Manager) compiled and reviewed reports from flight attendants Merino and Gray, Customer Service Coordinator Henriquez and Mr. Clowdus.  Mr. Maldonado forwarded this packet of reports (IRL Packet) to Mr. Kirby for review and determination as to whether Plaintiff should remain on Defendants' IRL.


12.     Please explain why the Plaintiff was sent an email accusing him of a mask violation when there was never any issue about it raised in person because Plaintiff was at all times wearing his mask properly, and identify whether Plaintiff is classified in Defendant's system or elsewhere as a "mask violator" or something similar.

**ANSWER**:     The 6/11/21 email was sent in error before Customer Relations was aware of the reported assault on flight attendant Merino. Plaintiff is not classified as a "mask violator" or anything similar in Defendant's databases.


13.     Please identify all documents or communications in Defendant's possession which both relate to the Incident and were generated prior to the commencement of this litigation that Defendant intends to withhold on the basis of work product or privilege.

**ANSWER**:     At the present time, responsive information can be found in Defendant's Privilege Log, pursuant to Federal Rule of Civil Procedure 33(d).

Defendant objects to the portion of the interrogatory purporting to require Defendant to speculate as to what if any documents it may withhold on the basis of privilege in the future.

14.     Please identify Plaintiff's total number of flights flown with American Airlines, total miles flown, and his loyalty program status at the time of its revocation. Also identify Plaintiff's first year of travel with American Airlines, and confirm that American Airlines has no record of the Plaintiff ever before having behavioral issues or failing to follow a crewmember's instruction.

**ANSWER**:    Plaintiff's counsel was advised, and provided documented confirmation, on 10/6/21 that Plaintiff's miles and loyalty program status have not been "revoked." Defendant, therefore, objects to this interrogatory as calling for information which is not relevant to the plead claims and defenses of the parties. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401 ("relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence").

At present, Defendant has not located any information indicating that Plaintiff had "behavioral issues" or refused to follow a uniformed crew member's instructions on a previous American Airlines flight.

15.     Identify every place within Defendant's databases or elsewhere that the allegation of assault is stored, and for each location provide a list of employees or categories of employees or non-employees who can access this information.

**ANSWER**:    Defendant objects to this interrogatory as and as exceeding the scope of discovery in that the manner in which Defendant maintains its own internal records, and the number of personnel with access to those records, is not relevant to the plead claims and defenses of the

parties. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401 ("relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence").

Defendant further objects to this interrogatory and in particular the portion asking for the total number of personnel with access to Defendant's various databases as disproportionate to the needs of this case. Fed.R.Civ.P. 26(b)(1). Specifically, the information sought in this interrogatory has no connection with any plead claim or defense, the minimal monetary amounts at issue (a $1,500 ticket, $1,500/month in claimed "increased cost travel," and unspecified "reputational damage"), the importance of the information to resolving the litigation and the negligible benefit of the information.

Defendant further objects to this interrogatory as being overbroad in that it is unlimited in time or subject matter (i.e., type of assaultive conduct the basis of any complaint) having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). For example, this interrogatory would require disclosure of complaints of sexual harassment, sexual assault, passenger on passenger physical assault, non-assaultive conduct which a passenger reported as an "assault," passenger complaints about ticketing and other perceived ill-treatment. By way of further example, it is common for Defendant to receive complaints that a passenger feels they were "raped" or "assaulted" by Defendant's pricing, policies and practices. *Henderson v Holiday CVS, LLC,* 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable"); *Smith v Cent. Sec. Bureau,* 231 F. Supp. 2d 465, 472 (W.D. Va. 2002) (interrogatory which seeks information related to un-plead violations is overbroad as a matter of law and improper); *Soto v Genentech, Inc*., 2008 WL 4621832 *3 (S.D. Fla. 2008)

(denying request for discovery of all discrimination claims, noting "a vague possibility that loose and sweeping discovery might turn up something . . . does not show . . . likely relevance that would require moving discovery beyond the natural focus of the inquiry"); *North River Ins. Co. v. Greater New York Mut. Ins. Co*., 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous <u>similar</u> claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to (the claims at issue) but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.").

Defendant declines to respond to this interrogatory on the basis of the foregoing objections and is withholding responsive information on the basis of the foregoing objections.

16.     Identify who outside of Defendant's organization is given access to its no fly list and what details are they given.

**<u>ANSWER</u>**:     Defendant objects to this interrogatory as being overbroad in that it is unlimited in time having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). *Henderson v Holiday CVS, LLC,* 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable").

Defendant does not share its internal refuse list with third parties.

17.     Please describe Defendant's infrastructure for data storage and preservation and the method by which email or texts from personal devices such as company-issued laptops or phones are collected and stored in aggregate.

**ANSWER**:     Defendant objects to this interrogatory as and as exceeding the scope of discovery in that the manner in which Defendant collects, stores and maintains its own internal data, texts, emails and other records is not relevant to the plead claims and defenses of the parties. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401 ("relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence"). Indeed, absent some reason to believe Defendant has not conducted a reasonable search for information responsive to Plaintiff's discovery requests, the requested information has absolutely no value in this case. This interrogatory appears to be geared to obtaining information for use in unrelated litigation against Defendant since it has no apparent proper purpose in this lawsuit.

Defendant further objects to this interrogatory as being overbroad in that it is unlimited in time having any rational or reasonable connection to the parties' plead claims and defenses. Fed.R.Civ.P. 26(b)(1). *Henderson v Holiday CVS, LLC,* 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable"); *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (denying discovery of previous similar claims, since they "will necessarily involve totally different facts and circumstances," and since "such information not only is highly unlikely to have any relevance to (the claims at issue) but does not even appear reasonably calculated to lead to the discovery of admissible evidence", noting that "discovery of

this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned (such that) allowing such discovery would also run counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure which requires that all rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.").

Defendant declines to respond to this interrogatory on the basis of the foregoing objections and is withholding responsive information on the basis of the foregoing objections.

18.    Please explain in detail every step that will be taken in the search for documents responsive to Plaintiff's discovery requests and identify the individual(s) who will perform this search. This is to include identifying every database, computer, or phone that could possibly contain responsive information and the method of searching each place, including every keyword used.

**ANSWER**:    Defendant objects to this interrogatory as exceeding the scope of discovery in that the efforts Defendant undertakes to responds to Plaintiffs' discovery requests, absent a cogent or articulable reason to believe those efforts are insufficient, is not relevant to the plead claims and defenses of the parties. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 401 ("relevant evidence means evidence having any tendency to make the existence of any fact . . . of consequence to the determination of the action more . . . or less probable than it would be without the evidence"). Indeed, this interrogatory seemingly assumes a failure to conduct a reasonable discovery effort without any basis whatsoever and improperly seeks "discovery on discovery*." Flynn v Mfrs. & Trades Trust Co.,* 2021 U. S. dist. LEXIS 175424 at *23-24 (E.D Pa. September 15, 2021) ("Federal courts will not compel a party to disclose its discovery process as a result of the

opponent's mere suspicion that the party's process has not produced adequate documents. Mere suspicion is inadequate to justify discovery-on-discovery…").

Defendant further objects to this interrogatory as disproportionate to the needs of this case. Fed.R.Civ.P. 26(b)(1). Specifically, the information sought in this interrogatory has no connection with any plead claim or defense, the minimal monetary amounts at issue (a $1,500 ticket, $1,500/month in claimed "increased cost travel," and unspecified "reputational damage"), the importance of the information to resolving the litigation and the negligible benefit of the information. Indeed, absent some reason to believe Defendant has not conducted a reasonable search for information responsive to Plaintiff's discovery requests, the requested information has absolutely no value in this case. This interrogatory appears to be geared to obtaining information for use in unrelated litigation against Defendant.

19.    Please identify the forms and procedures required both internally and by the FAA or other government organization when a crewmember is assaulted by a passenger.

**ANSWER**:   Defendant has no knowledge as to whether or what "other governmental organizations" require when a crew member is assaulted by a passenger or what Plaintiff intends by the quoted language. Defendant is not aware of any FAA reporting requirements for such incidents.

Depending on the circumstances, a Passenger In-Flight Disturbance Report could be generated by an employee of Defendant and issued to a passenger.  An employee of Defendant could also enter a description of the event into Defendant's CERS system.

20.     Please describe the policy for the steps required to be taken if a crewmember is assaulted.

**ANSWER**:    Different circumstances warrant different measures, but generally an assault is reported to the Captain (usually by the #1 flight attendant) who has sole authority to order the passenger deplaned, order the passenger restrained, request law enforcement, etc. without any investigation. In addition, a flight attendant retains the right to report any assault to appropriate law enforcement. Pursuant to Federal Rule of Civil Procedure 33(d), responsive information can be found in Defendant's production AA 15-19, 48-62.

DATED on this 17th day of December, 2021.

Respectfully submitted,

By:___*/s/ Kelly H. Kolb*_____
     Kelly H. Kolb, Esq.
     Florida Bar No. 0343330
     Robert Pecchio, Esq.
     Florida Bar No. 1005955
     **BUCHANAN INGERSOLL & ROONEY, PC**
     401 E. Las Olas Boulevard, Suite 2250
     Fort Lauderdale, FL 33301-4251
     Tel:  (954) 468-2300
     Fax:  (954) 527-9915
     E-mail: kelly.kolb@bipc.com
     E-mail: Robert.pecchio@bipc.com
     *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, the foregoing Defendant's Response to First Set of Interrogatories was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

By:___*/s/Kelly H. Kolb*_____
     Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel:  (855) 275-7378
Tel:  (904) 602-9400
E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

TROY CLOWDUS,                       :
                                    :
        Plaintiff,                  :    CIVIL ACTION
                                    :    CASE NO. 1:21-cv-23155
        v.                          :
                                    :
AMERICAN AIRLINES, INC.,            :
                                    :
        Defendant.                  :

### VERIFICATION

STATE OF                    §
                                §
COUNTY OF           §

BEFORE ME, the undersigned Notary Public, on this date personally appeared John Kirby, known to me to be the person whose name is subscribed hereto and, after being duly sworn by me, upon his oath deposed and stated as follows:

"My name is John A. Kirby. I am over the age of 18 years. I am competent to make this oath. I have never been convicted of a felony or crime involving moral turpitude. I have personal knowledge of the facts, statements and assertions contained herein and they are true and correct.

I am employed as the _Regional Security Manager_ of American Airlines, Inc. and as such I have authority to provide this verification on behalf of American Airlines, Inc. I have reviewed the foregoing Defendant's Answer to Plaintiff's First Set of Interrogatories in the above-referenced lawsuit. The assertions, allegations and factual statements are true and correct."

Further, affiant sayeth not.

_____
John A. Kirby

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this 17 day of Dec ,21 (year), by _____ ......

_____
Notary Public, State of