IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| TROY CLOWDUS | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | DOCKET NO.: 1:21cv23155 |
| v. | : | |
| | : | |
| AMERICAN AIRLINES, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**NOW COMES** Defendant, AMERICAN AIRLINES, INC., (hereinafter, "**AA**" or "**Defendant**"), by and through undersigned counsel and files this Reply in Support of Defendant's Motion to Dismiss ("**Motion**") Plaintiff's Amended Complaint (DE 40), and states as follows:

**ARGUMENTS IN SUPPORT OF DISMISSAL**

**Plaintiff's Response concedes his claim is premised on**
**one undisputed fact ("hit") and one unverifiable assertion ("intent")**

1.      Of the four allegedly defamatory statements made the basis of Plaintiff's claim,[1] Plaintiff's Response abandons any effort to convince this Court that the statement "I don't know why people have to behave like that" is defamatory per se. With respect to the remaining three statements, Plaintiff's Response concedes that the only disputed assertion pertaining to those statements is Plaintiff's intent for his bag to make contact with AA's flight attendant, Merino. Accordingly, Plaintiff's failure to distinguish *Turner v. Wells*[2] is dispositive of Plaintiff's sole remaining defamation per se claim particularly since Plaintiff's Response does not dispute that the determination of whether a statement is capable of being defamatory is one for the Court.[3]

---

[1] (1) "You hit me" (2) "don't know why people have to behave like that" (3) the internal **CERS** report from flight attendant Merino (4) the Internal Refuse List ("**IRL**").
[2] *Turner v. Wells,* 879 F.3d 1254, 1264 (11th Cir. 2018) (statements of another's intent cannot be objectively verified as true or false and thus cannot be defamatory per se).
[3] AA's Motion to Dismiss [DE 51] at ¶6.

2. Plaintiff argues *Turner* is distinguishable since the investigative report in *Turner* expressly stated that its contents were "opinion."[4] This argument ignores Plaintiff's own authorities[5] holding that a speaker cannot simply cloak factual statements as opinion to avoid liability. Further, and more to the point, *Turner* also held that (regardless of how a speaker frames his statements) statements which cannot be objectively proven true or false are not defamatory as a matter of law. *Turner v. Wells,* 198 F. Supp. 3d 1355, 1369-1370 (S.D. Fla. 2016), affirmed *Turner v. Wells,* 879 F.3d 1254 (11th Cir. 2018). It is this aspect of *Turner* which was discussed in Defendant's Motion[6] and which Plaintiff's Response fails to address. Just as the investigator's statements as to the coach's intent (gift or homophobic taunt) was not actionable in *Turner*, so too Merino's statement regarding Plaintiff's intent (accident or intentional contact) is not actionable.

3. Plaintiff argues *Turner* is distinguishable since he has identified (but not alleged) collateral facts[7] (which he claims are objectively verifiable) that might allow a reasonable person to conclude that *Plaintiff did not intend* to cause his bag to hit Merino.[8] Far from distinguishing *Turner*, this argument buttresses the dispositive applicability of *Turner* since the plaintiff/coach in *Turner* made this same failing argument. The coach argued that the climate of taunting in NFL locker rooms, the taunted player's well-known lack of success with women, etc. would demonstrate that the male-blow-up doll was *not* "homophobic taunting"—or at least that others would arrive at a different conclusion regarding his intent. *See Turner v. Wells,* 198 F. Supp. 3d 1355, 1361 (S.D. Fla. 2016); *Turner,* 879 F.3d at 1264. The District Court and Court of Appeals rejected this argument since it is not the collateral facts which must be objectively verifiable, but the core disputed aspect - i.e., the coach's intent – which must be verifiable and "an individual's state of mind at a particular point in time 'is not subject to empirical proof.'" *Turner,* 198 F. Supp. 3d at 1369.

---

[4] Plaintiff's Response [DE 54] at p. 9.
[5] See, e.g., Plaintiff's Response [DE 54] at p. 14, citing *O'Boyle v Sweetapple*, 2015 WL 13574304 at *4 (S.D. Fla. 2015) ("a speaker cannot invoke a 'pure opinion' defense, however, "if the facts underlying the opinion are false or inaccurately presented.").
[6] AA's Motion to Dismiss [DE 51] at ¶¶6-10.
[7] I.e., "Whether or not Clowdus assaulted Merino by swinging his bag at Merino with such force sufficient to knock the wind or of him…while glaring directly at him, as opposed to looking down away from him and attempting to place the bag in Merino's hand, rather than hurling it at him, is objectively verifiable." Plaintiff's Response [DE 54] at p.9.
[8] DE 54 at 9-10.

4.     Finally, Plaintiff's effort to rely on *Milkovich v. Law Journal Co.,* 110 S.Ct. 2695 (1990)[9] fails for the same reason it failed to salvage the Plaintiff's claim in *Turner*.[10] As the *Turner* Court succinctly stated, "the critical question in [*Milkovich* – and here] was not whether a defendant omitted facts or stated facts incorrectly, but whether a published statement was objectively verifiable as true or false." The three remaining statements in this case are not, as a matter of law, objectively verifiable. *Turner,* 879 F.3d at 1269 (state of mind not objectively verifiable).[11]

### "You hit me" statement lacks sufficient falsity of fact

5.     Plaintiff concedes that true statements are exempt from defamation, and he concedes that his bag hit Merino while it was fully under his control.[12] Yet, Plaintiff fails address Defendant's argument that, by his own allegations, the true statement ("You hit me") lacks requisite falsity to be defamatory per se. *Cape Publ'n Inc. v. Reakes,* 840 So. 2d 277, 279-80 (Fla. 5th DCA) ("if the statements are true, the required element of a false statement is not present").[13] *Henning v. Day,* 2016 WL 1068482, *8-9 (M.D. Fla. 2016) ("The fact that Defendants **may not have perceived Plaintiff's actions** [brandishing knife and threatening to stab defendants] as self-defense is irrelevant to the truthfulness of their statements regarding the events that occurred.").

### Recasting the defamation per se claim as defamation by implication also fails

6.     Plaintiff's Response attempts to reframe Merino's "You hit me" statement as *defamation by implication,* which is not pled. In essence, Plaintiff argues that, despite uttering a true statement, Merino should have anticipated the chain of implications that might ensue and should have added additional facts to his statement to portray Plaintiff in the best light. This argument goes too far, even for defamation by implication. *Turner,* 879 F.3d at 1270 ("[t]he law of defamation is concerned with whether a publisher reports a story truthfully, not generously") (citing *Janklow v. Newsweek, Inc.,* 759 F.2d 644, 648 (8th Cir. 1985) (publisher was not liable for omission of *additional* facts where the omission did not make what was published untrue)).

---

[9] Plaintiff's Response [DE 54] at pp. 8-9.

[10] *Turner,* 198 F. Supp. 3d at 1369-70 (discussing *Milkovich v. Law Journal Co.,* 110 S. Ct. 2695 (1990)).

[11] *See, e.g. Tenet Solutions, LLC v. Amberstone Enterprises, LLC,* 2021 WL 4991299, * (S.D. Fla. 2021) (statement that plaintiff was infringing on defendant's patent was based on "legal opinions, not false statements of fact.").

[12] *See e.g.* DE ¶¶ 17-18; ¶ 43.

[13] *Sloan v. Shatner,* 2018 WL 3769968, *3 (M.D. Fla. 2018) (a plaintiff's attempt to plead a viable cause of action may be defeated by his own allegations) (citing *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.").

### **"You hit me" cannot be evaluated by reference to external innuendo, inferences, etc.**

7. Relying on a host of (with one exception) state court cases, Plaintiff argues that this Court is not constrained by the four corners of Merino's "You hit me" statement and may consider the surrounding circumstances, context, innuendo and inferences in determining if the statement is potentially actionable.[14] First, the Court should not reach this issue since, even with reference to surrounding circumstances, innuendo, etc. to prove Plaintiff's (lack of) intent, intent simply is not objectively verifiable as argued above and thus the statement is not actionable. Second, the cases upon which Plaintiff relies for this proposition do not address the focus of Defendant's Motion since they *all* involved statements with *objectively verifiable false facts* and they concerned business slander,[15] not imputation of a felony.[16] Third, the Florida Federal judiciary has not adopted Plaintiff's view of slander per se.[17]  *See also*, *Carlson v. WPLG/TV-10, Post-Newsweek Stations of Florida,* 956 F. Supp. 994, 1006-1007 (S.D. Fla. 1996) (whether a remark is "slander *per se*" is based on whether, "when considered alone and without innuendo," it would fall into one of the enumerated *per se* defamation categories; finding that each *specified* at-issue statement was not "on its face" actionable because "[r]egardless of the *implication* of the statement, Plaintiff cannot show its slanderous effect without pointing to" other facts).[18] Thus, the possibility that an

---

[14] Plaintiff's Response [DE 54] at pp. 11-13.

[15] *Hood v Connors*, 419 So.2d 742, 743 (Fla. Dist. Ct. App. 1982)(Defendant explicitly accused political office holder of using public funds to pave a private parking lot in which had an interest, directly accusing the office holder of dishonesty and lacking character to hold public office); *Campbell v Jacksonville Kennel Club*, 66 So.2d 495, 497-8 (Fla. 1953)(Plaintiffs were directly accused of pickpocketing a winning horse track ticket such that no external reference was necessary; claim nevertheless dismissed since no felony was alleged); *Diplomat Elec., Inc. v Westinghouse Elec. Supply Co*., 378 F.2d 377, 385 (5th Cir. 1967)(statements by supplier to construction project general contractor and property owner that subcontractor was in arrears on supplier's invoices and would lien the property).

[16] Courts in the Eleventh Circuit have been far more restrictive when evaluating statements imputing a felony, compared to business slander statements. *See Aflalo v. Weiner,* 2018 WL 3235529, *2 (S.D. Fla. 2018).

[17] *See e.g. Leavitt v. Cole,* 291 F. Supp. 2d 1388, 1342-1343 (M.D. Fla. 2003) ("a false statement is slander *per se* if, when **considered alone without innuendo** . . . On the other hand, there are claims of slander in context (*per quod*)" where "the words on their face" are not injurious but "are injurious only as a consequence of extrinsic facts, such as innuendo.") (citing *Centennial Bank v. ServisFirst Bank, Inc.,* 2019 WL 13037034, *6 (M.D. Fla. 2019) (a statement is "slanderous *per se*" if **when considered alone without innuendo**: (1) it charges that a person has committed an infamous crime [felony] . . . (4) it tends to injure one in his trade or profession."); *Scobie v Taylor*, No. 13-60457-CIV, 2013 WL 3776270 at *2 (S.D. Fla. July 17, 2013)("By contrast, slander or libel per se does not require any additional explanation in order to prove the defamatory nature of the statement. In a per se action, consideration is given only to the "four corners" of the publication and the language used should be interpreted as the "common mind" would normally understand it."), citing *Ortega Trujillo v. Banco Central Del Ecuador,* 17 F. Supp. 2d 1334, 1339 (S.D. Fla. 1998) (King, J.).

[18] The Court need not go to the extremes suggested by Plaintiff to review a straightforward pled statement like "You hit me." *Byrd v. Hustler Magazine, Inc.,* 433 So. 2d 593, 595 (Fla. 4th DCA 1983) (A statement should be considered, not by its most extreme definition, but "in its natural sense without a forced or strained construction.").

unidentified passenger might have inferred Plaintiff's intent to assault Merino[19] is irrelevant since, again, Plaintiff's intent is incapable of objective verification. Similarly, the possibility that Merino "understood" Plaintiff's intent or "knew" Plaintiff intent is irrelevant since Merino's "understanding" and "knowledge" of this intent is not objectively verifiable.[20]

### "You hit me" is not a statement of mixed fact and opinion

8.      Building on his false premise (discussed immediately above) that this Court is not constrained by the four corners of Merino's "You hit me" statement, Plaintiff suggests the statement is actionable as a mix of opinion and fact. DE 54 at pp 7-8. Again, the Court should not reach this issue since, even with reference to surrounding circumstances to prove Plaintiff's (lack of) intent, the reality remains that the presence or absence of intent to commit an act is simply is not objectively verifiable. Second, the cases upon which Plaintiff relies all concerned objectively verifiable facts,[21] not questions of intent, and thus do not support Plaintiff's effort to re-cast his allegations. Indeed, Plaintiff fails to cite a single case holding that a person's state of mind is objectively verifiable through any means.

### Inadequate allegations of publication of "You hit me" statement

9.      Plaintiff argues, contrary to this Court's prior dismissal order citing *Mennella v Am. Airlines*,[22] that he need not identify recipients of a defamatory statement and may instead rely on

---

[19] Plaintiff's Response [DE 54] at p. 8.

[20] Plaintiff's Response [DE 54] at p. 8.

[21] *Music with Mar LLC v Mr. Froggy's Inc., LLC,* 2020 WL 7768941 (M.D, Fla. Dec. 30, 2020)(statement that one party was the only person legally permitted to issue certain licenses (and thus that Plaintiff was illegally issuing licenses) could be proven true or false with objectively verifiable evidence, including (among other things) the terms of the licensing agreement, whether it was still in effect by the date of publication, or if it had been terminated by the date of publication; *Madsen v. Buie,* 454 So. 2d 727, 729 (Fla. Dist. Ct. App. 1984) (statement accusing university professor of promoting child behavior modification techniques "that are not approved by the governmental educational specialists in early childhood development" was objectively verifiable by reference to government publications showing whether the technique had received); *Smith v. Taylor Cnty. Pub. Co.,* 443 So. 2d 1042, 1047 (Fla. Dist. Ct. App. 1983)(statement implying Plaintiff had history of violence verifiable by reference to prior arrest records and complaints against Plaintiff); *Sequiera v. Gate Safe, Inc.,* 2017 WL 6568196, *2-3 (S.D. Fla. 2017)(statement in front of Plaintiff's co-workers that Plaintiff was "faking" his injury was objectively verifiable by reference to Plaintiff's medical records showing he had a broken foot); *Zambrano v. Devanesan,* 484 So. 2d 603, 606 (Fla. 4th DCA 1986)(statement that physician had "left his medical practice and the hospital's on call schedule, without notice" were **factua**l allegations that were objectively verifiable as true or false; there is no discussion of the statement being mixed fact and opinion).

[22] Order on Motion for Judgment on the Pleadings [DE 32, at p. 8] –"A strong inference of publication is insufficient to state a claim for defamation *per se*. *Mennella*, 2019 WL 1429636, at *4 (noting that "a plaintiff must allege the identity of the particular person to whom the remarks were made with a reasonable degree of certainty").

an "inference of publication."[23] Plaintiff suggests this Court's reliance on *Mennella* (was misplaced because *Mennella* is an unpublished opinion,[24] although almost every page of Plaintiff's Response relies on unpublished opinions. Plaintiff also assails this Court's prior reliance on *Mennella* claiming that *Mennella* misstates Florida law regarding publication.[25] However, it is Plaintiff's Response, not *Mennella,* which misstates Florida law on publication to the extent it relies on *Lombardi v. Flaming Fountain, Inc.,* 327 So. 2d 39, 40 (Fla. Dist. Ct. App. 1976) and *American Ideal Management, Inc. v. Dale Village, Inc.,* 567 So. 2d 497, 499 (Fla. 4th DCA 1990). *Lombardi* and *Am. Ideal* are outlier opinions; neither opinion cites to any supporting authority - none[26]; they have never been cited for their publication proposition by any Florida (state or federal) court; and they are directly contrary to all state and federal authority cited in *Mennella*.

10. Plaintiff argues *Mennella* is distinguishable because the *Mennella* plaintiff never deposed the passengers to determine if the statement was actually made, as well as published. This is not a distinction favoring Plaintiff. Plaintiff has taken 9 depositions, including two passengers who deny hearing "You hit me" or any of the alleged defamatory statements

11. Plaintiff's new allegation of publication to a passenger fails[27] to cure the defective publication allegations. There is no allegation what statement his passenger overheard, thus failing to raise Plaintiff's right to relief above the speculative level pursuant to the *Twombly/Iqbal* standard.

12. Plaintiff's argument that Ground Security Coordinator Henriquez overheard the "You hit me" statement, that he is "non-management" and thus there has been a publication of the statement also fails.[28] As detailed in Defendant's Motion at ¶¶ 19-21, the Amended Complaint contains detailed factual allegations that Henriquez falls squarely within the ambit if qualified privilege since he had authority to act on the statement. Contrary to Plaintiff's argument, Defendant does not ask the Court to "override the Plaintiff's explicit pleading and presume him to be managerial."[29] Defendant asks this Court to follow the dictates of *Twombly/Iqbal* to ignore

---

[23] Plaintiff's Response [DE 54] at p. 4.
[24] Plaintiff's Response [DE 54] at p. 4.
[25] Plaintiff's Response [DE 54] at p. 6.
[26] *Lombardi* does not cite to a single case supporting its publication determination. *American Ideal* relies solely on *Lombardi. American Ideal,* 567 So. 2d at 499. Furthermore, its inference holding was dicta since the court based its decision on publication on allegations of direct evidence of publication. *Id*
[27] Plaintiff's Amended Complaint [DE 40] at ¶77.
[28] Plaintiff's Response [DE 54] at pp. 16-17.
[29] Plaintiff's Response [DE 54] at pp. 16-17.

conclusory allegations of "non-managerial" status and accept as true Plaintiff's factually detailed allegations demonstrating Henriquez is within qualified privilege.

13. Plaintiff also incorrectly argues that *Ward* (cited in *Mennella*) allows publication by "inference."[30] *Ward v. Triple Canopy, Inc.,* 2017 WL 3149431, at *4 (M.D. Fla. 2017). In *Ward,* the plaintiff plead publication to specifically identified governmental entities and held that *inferred* or vaguely referenced recipients was not sufficient to avoid dismissal. *Id.* Thus, *Ward* fatally undercuts Plaintiff's reliance on *Lombardi* and *American Ideal. Id.* at *3 ("Under Florida law, a defamation plaintiff must plead the 'identity of the particular person to whom the remarks are made with reasonable particularity . . .'").

14. Plaintiff's reliance on *Taslidzis v. Luther,* 2018 WL 3134419, *7 (S.D. Fla. 2018) and *Walter v. Jet Aviation Flight Servs., Inc.,* 2016 WL 7116641, at *1 (S.D. Fla. 2016) as proof of "where the body of Florida defamation law rests" as to publication by inference is also misplaced.[31] The Plaintiff in *Walter* identified the publication recipient by name in his Complaint. *Walter,* 2016 WL at *1. The Plaintiff in *Taslidzis* identified 5 publication recipients by name in his Complaint. *Taslidzis,* 2018 WL 3134419 at *7. To this extent, Defendant agrees that *Taslidzis* and *Walter* describe what is required to properly plead slander per se.

### **Plaintiff's allegations of libel per se (CERS/IRL) are inadequate as a matter of law**
#### *Allegations of libel per se are insufficiently pled*

15. Plaintiff concedes that an alleged libel *per se* statement must impute a felony crime to Plaintiff, within its "four corners" and without the need for facts or innuendo, to be actionable.[32] Plaintiff, however, fails to address Defendant's argument that the Amended Complaint does not allege what the CERS reports state that is libelous per se. Instead, Plaintiff relies on three cases, *Walter,*[33] *O'Boyle,*[34] and *Dibble,*[35] for the proposition that the "four corners" analysis is premature "at this stage" of the litigation where "no discovery has yet occurred."[36] Plaintiff's argument is grievously in error. Prior to the filing of the Amended Complaint [DE 40], Defendant had responded to 28 requests for production and in excess of 25 interrogatories, Defendant had produced 119 pages of documents (including the CERS report at issue, on December 17, 2021)

---

[30] Plaintiff's Response [DE 54] at pp. 5-6.
[31] Plaintiff's Response [DE 54] at pp. 6-7.
[32] Plaintiff's Response [DE 54] at p. 11.
[33] *Walter v. Jet Aviation Flight Servs., Inc.,* 2016 WL 7116641, at *2 (S.D. Fla. 2016).
[34] *O'Boyle v. Sweetapple*, 2015 WL 13574304, *4 (2015).
[35] *Dibble v. Avrich,* 2014 WL 5305468, at *4 (S.D. Fla 2014).
[36] Plaintiff's Response [DE 54] at pp. 14 and 16.

and the parties had deposed 11 witnesses. Discovery in this matter closes on July 15, 2022 [DE 48]. *Walter*, *O'Boyle* and *Dibble* are, therefore, inapposite since they concerned motions to dismiss filed before the commencement of discovery.

16. Further, Federal courts have taken an inflexible view of libel *per se* statements allegedly imputing a felony. In *Aflalo,* this Court dismissed a complaint which specified the content of the defamatory statement and the wording of the imputed felony statute *verbatim,* finding that the "'common mind' [could not] read the 'four corners' of the statement" and know *what was being accused* and *what felony statute such accusation would violate. Alfalo,* 2018 WL 3235529 at *2; *see also Klayman v. Judicial Watch,* 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014) (identified statement was not libel *per se* because it did "not list any aggravating factors indicative of a felony" and therefore "without more" it lacked "sufficient detail for a reader to conclude the crime involved is a *felony*.").

*Plaintiff's allegations are insufficient for intra-corporate defamation*

17. Plaintiff's Response does not dispute that he has not alleged *any* written defamatory publication to any third party outside of AA. Thus, each of the allegedly defamatory statements (other than the "You hit me" statement) are intra-corporate statements within AA's walls.

18. Scrambling, Plaintiff argues that his intra-corporate communication claim "stands solidly within the gaps of missing doctrine,"[37] yet he fails to explain or support the "gaps." He incorrectly argues that it is contested in Florida whether "speech from non-managerial employees directed to managerial" employees gives rise to an actionable publication.[38] However, as noted by this Court in its Order of Dismissal, this is not true when (as here) the entity alleged to have committed the defamation is a corporation. *American Airlines v. Geddes,* 960 So. 2d 830, 833 (Fla. 3d DCA 2007) ("When the entity alleged to have committed the defamation is a corporation . . . courts have held that statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication.").

19. Plaintiff fails to distinguish *Lopez v. Ingram Micro., Inc.,*[39] and attempts to find support in *Walter* which fatally undercuts his intra-corporate publication argument. The Plaintiff

---

[37] Plaintiff's Response [DE 54] at pp. 14-16.
[38] Plaintiff's Response [DE 54] at p. 15.
[39] *Lopez v. Ingram Micro, Inc.,* 1997 WL 401585, *6 (S.D. Fla. March 18, 1997) ("communications by [defendant corporation's] agents, i.e. the investigators, to [] management personnel do not satisfy the 'publication' element").

in *Walter sued an individual for defamation*; a parallel defamation claim against a corporation was limited to statements "made by the corporation *to outside third parties*[.]" *Walter,* 2016 WL 7116641 at *1.  Thus, intra-corporate communications were not involved in *Walter.*  Given this background (which Plaintiff conceals from the Court), the dicta that no case precludes a "low-level employee" from defaming someone is logical—that low-level employee was himself being individually sued.  *Id.* at n.2.  No such claims are pending in this matter.

20. Plaintiff's perfunctory effort to distinguish *TransUnion, LLC v. Ramirez,* 141 S. Ct. 2190, 2210 (2021)(unpublished defamatory material retained in an internal database is not actionable) by asserting the CERS report and IRL list are not "forgotten in a drawer" and are "alive and active"[40] is legally insufficient to preclude dismissal of what remains of this lawsuit.  Plaintiff cites to no facts or law in support of this argument, and instead alleges on "information and belief" that the "defamatory statement" was "published" and/or "republished" to "any ticketing agent, gate agent, or customer service agent" who *could* access it through the "internal computer system."[41]  As *TransUnion* clearly states, however, potential publication is not publication for purposes of alleging a viable defamation claim.

21. Plaintiff's assertion that discovery is "incomplete" and thus it is improper to dismiss his sole remaining claim "at this stage" since discovery will explore "where and how the allegation of assault against Plaintiff can be accessed"[42] is (again) grievously in error  As argued above, Plaintiff has had an 8 month discovery period which ends July 15, 2022.[43]  Further, whether and how the information can be accessed is legally irrelevant to his claims since *potential* publication is not actionable.  *TransUnion,* 141 S.Ct. at 2212 ("the risk of dissemination to third parties—was too speculative to support Article III standing").  It is not enough for Plaintiff to allege that *someone could* in the future access this material—they must have already accessed it for Plaintiff to have a cognizable claim.  *Id.; see also Owner's Adjustment Bureau, Inc. v. Ott,* 402 So. 2d 466, 467 (it is insufficient for publication to show that a letter was sent, a plaintiff must prove that it was actually read).

---

[40] Plaintiff's Response [DE 54] at p. 17.
[41] Plaintiff's Amended Complaint [DE 40] at ¶¶ 83, 90.
[42] Plaintiff's Response [DE 54] at p. 18.
[43] See paragraph 15 supra.

*Allegations surrounding publication to Reddig and Maldonado insufficient*[44]

22. Plaintiff has only[45] identified two individuals who received any allegedly written defamatory statement - Maldonado and Reddig. Even if Plaintiff had pled facts to support the conclusion that Reddig and Maldonado are *not* managerial (he concedes he has not), he nevertheless must still *plead facts* demonstrating that the communications to them was unprivileged. Qualified privilege asks whether a statement is made with corresponding interests/duties between the statement maker and the recipient, and is especially broad when statements are made within the context of corporate/organizational investigations. *Jarzynka,* 310 F. Supp. 2d at 1267 (dismissing statements made during investigation); *Geddes,* 960 So. 2d at 834 (statements that were "integral part of the investigation" were qualifiedly privileged).

23. Plaintiff's own allegations demonstrate that the written communications (CERS/IRL) were part of AA's investigation into Plaintiff's reported conduct, and that each publisher and recipient had a common interest in the communications. Merino was a victim of Plaintiff's conduct and was obligated to report that conduct. Reddig and Maldonado were AA were security officials charged with investigating and acting on those reports within the course of scope of their employment.[46] As argued above (paragraph 12), this Court must disregard Plaintiff's conclusory allegations of "non-managerial" status of Reddig and Maldonado, and must instead accept Plaintiff's factually detailed allegations demonstrating the applicability of qualified privilege.

### Malice allegations are legally insufficient to overcome qualified privilege

24. Plaintiff sets forth only a perfunctory defense of his conclusory malice allegations.[47] He argues that (1) despite alleging no facts to substantiate a claim that Merino or AA acted with improper motivations/without just case, and (2) despite only setting forth the rote

---

[44] Plaintiff is incorrect that this Court cannot address qualified privilege at this stage, if, on the face of the pleadings, qualified privilege exists and is applicable. See *Jarzynka v. St. Thomas University School of Law*, 310 F. Supp. 2d 1256 (2004) (granting motion to dismiss because qualified privilege was evident on the pleadings).

[45] Plaintiff's argument [DE 54 at p. 16] that flight Captain Lakhani "plausibly" heard something is a nullity. The Amended Complaint does not allege Lakhani overheard any of the defamatory statements. Further, any defamatory statement made to Lakhani would fall within qualified privilege since he has sole authority on the aircraft to act on such reports. See Defendant's Motion for Judgment on the Pleadings [DE 17] at ¶12. Similarly, Plaintiff's argument that a defamatory comment was repeated to flight attendant Deon Gray fails since the Amended Complaint does not allege what was said or communicated to her." See Amended Complaint [DE 40] at ¶¶ 70-74.

[46] Amended Complaint [DE 40] at ¶¶54-55, 81-82.

[47] Plaintiff's Response [DE 54] at p. 18. Plaintiff completely ignores, and therefore concedes, Defendant's argument that Plaintiff's incomplete investigation theory is irrelevant to the defamation per se claim and, as pled, is insufficient to pierce qualified privilege. *See* Defendant's Motion to Dismiss [DE 51] at ¶ 36.

elements of malice (which fail to satisfy *Twombly/Iqbal*), his pleading nevertheless rebuts the presumption of good faith attached to privileged communications.[48]  The law is to the contrary. . *Nodar v. Galbreath,* 462 So. 2d 803, 806 (Fla. 1984) (plaintiff has the burden of demonstrating malice sufficient to overcome the presumption of good faith that attaches to privileged communication); *Jarzynka,* 310 F. Supp. 2d at 1267-68 (dismissing complaint because there were no facts to substantiate malice sufficient to overcome qualified privilege of investigation and no facts to substantiate that comments were made with "improper motivation").  None of the allegations provide facts sufficient to overcome the good faith presumption and/or to substantiate that Merino acted with improper/illegal purpose.

## CONCLUSION

For the reasons argued above, AA respectfully requests that this Honorable Court grant Defendant's Motion to Dismiss and enter judgment against Plaintiff by dismissing Plaintiff's Amended Complaint in its entirety.

Respectfully Submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*s/ Kelly H. Kolb*
Kelly H. Kolb, Esq.
Florida Bar Number: 0343330
kelly.kolb@bipc.com
Robert D. Pecchio, Esq.
Florida Bar Number: 1005955
Robert.pecchio@bipc.com
401 East Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL  33301
Telephone:     (954) 703-3944
Facsimile:     (954) 703-3939
*Attorneys for Defendant*

---

[48] Plaintiff's Response [DE 54] at pp. 18-19.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 27th of June 2022, a true and correct copy of the above and foregoing has been filed with the Clerk of Court using the CM/ECF system. I FURTHER CERTIFY that the foregoing document is being served this date, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic filing on the counsel of record or *pro se* parties identified on the attached Service List.

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902
Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel: (855) 275-7378
Tel: (904) 602-9400
E-mail: reringer@lentolawgroup.com
E-mail: will@stoneandwoodrowlaw.com


David H. Pollack, Esq.
THE LAW OFFICE OF DAVID H. POLLACK, LLC
75 Valencia Avenue, Suite 100
Coral Gables, FL 33134
Tel. No. 305-372-5900
Fax No. 305-372-5904
david@davidpollacklaw.com

*Counsel for Plaintiff*


By: ___*/s/ Kelly H. Kolb*___
      Kelly H. Kolb