# EXHIBIT I

---------- Forwarded message ---------
From: **William Woodrow** <will@stoneandwoodrowlaw.com>
Date: Wed, Mar 9, 2022 at 3:13 PM
Subject: American Airlines flight from Miami to Mexico last June 10, 2021
To: ███████████████████████████

Good afternoon Mr. Quintana,

Thank you for clarifying that my prior email address for you was incorrect. It was the one given to me by AA.

As you know by now, I am a lawyer for Troy Clowdus, a fellow passenger on a flight you took last year to Mexico. He was kicked off the flight and banned for life because he accidentally bumped the flight attendant with his bag while handing it to him. Knowing you have spoken with AA, I'm sure that is not the story they tell, but it is the unfortunate truth and it has been a long legal fight so far in search of justice.

AA has informed us that you gave them a statement about what you remember of what occurred, and *I have no desire to make your life miserable by subpoenaing you for a deposition.* However, I just got off the phone with AA counsel, and they continue to maintain two positions: one, that your statement is very damaging to our client (having the advantage of knowing for sure what actually occurred, we doubt them on this point); and two, they refuse to share the statement with us – claiming that it is privileged work product. They are adamant: if the guy wont respond to you, you'll just have to subpoena him and depose him… We aren't telling you what he told us.

This, in our view, is a bullying tactic – everyone's life would be much simpler if we all just shared the evidence we uncover, add it together, and figure out the sum. But unfortunately, litigation isn't always a search for truth. We, frankly aren't interested in deposing you because we don't think that from your position in Seat 4A you could have observed much of value. And we would not be bothering you like this if AA had not put us in this position. But

EXHIBIT A

AA's claims leave us little choice in the matter now.

If you will give us a copy of everything you sent to AA and recount to us everything that you told AA about what you remembered from that morning, and then answer a couple of follow-up questions if we have them, we can contain our nuisance of you to this email interaction.

Please let's take this route. It will be cheaper for us (and we have already spent a lot on this case), and it will be far less of an inconvenience to you. And that is important to us as well.

Best Regards,

Will Woodrow

Will Woodrow

**From:** Angelica Cookson <███████████████████>
**Sent:** Monday, May 2, 2022 10:42 AM
**To:** William Woodrow <will@stoneandwoodrowlaw.com>
**Subject:** Re: your deposition

I had every intention to appear

On Mon, May 2, 2022 at 09:02 William Woodrow <will@stoneandwoodrowlaw.com> wrote:

> Ms. Cookson,
>
> You were scheduled to appear for deposition this morning, and I have not been able to reach you all week. Your phone has been off. I have left you multiple texts and you have not responded.
>
> Fortunately, I have had cause to reschedule this deposition, so I released you from the obligation.
>
> However, the complete lack of response and cooperation from you leads me to believe that you did not intend to obey the subpoena. Please do not make that mistake.
>
> I have no desire to cause you legal trouble. However, we believe that your son was less than truthful in his deposition; it has damaged our case; and we would like to know why. You are required by the court to appear for deposition as commanded. You risk being held in contempt by the Court if you do not.
>
> Though he hid this from us, our investigation has led us to believe that you receive extensive benefits from American Airlines, which may explain why your son claimed to have witnessed events which subsequent videos we have taken show that he could not have seen from where he was seated. All I can say is that we regret to inconvenience you, but your son brought this on you, not us.

When I reissue the subpoena, I would like to offer you the convenience and the courtesy of appearing remotely by Zoom. The fact that you did not respond this last time makes me think that I am going to have to compel you to show up at a law office.

I am going to reissue you a subpoena probably for this Friday or next Monday. If you would like to appear remotely by Zoom, you need to contact me promptly before I issue it, and let me know that you intend to cooperate.

I don't know how familiar you are with the US legal system but I would encourage you to do some research on Google. You do not want to ignore a subpoena…nothing good comes of it.

We have no quarrel with you. I'm sure you are a very nice lady. You have no interest in our lawsuit and we have no interest in you. If you just show up and truthfully answer our questions, you have no reason to worry that it will be an unpleasant experience. Unlike some lawyers, I am a fundamentally decent person, and I don't mistreat people.

There are three categories of questions that we are going to ask you about: your benefits with AA, being the surviving spouse of an employee, and if those include flight benefits. The whereabouts of your son, the circumstances of him agreeing to provide testimony against our client, and his communications with you on the subject. And any communications that AA has had with you about our lawsuit. You are also required to bring with you the documents that the subpoena describes. If you wish to appear remotely, then you must commit that you will take steps to ensure that I receive those documents electronically on the morning of the deposition.

Please respond promptly to this email.

Sincerely,

Will Woodrow

From: **William Woodrow** <will@stoneandwoodrowlaw.com>
Date: Wed, May 4, 2022 at 10:15
Subject: RE: your deposition
To: Angelica Cookson <​███████████████████​>

Ms. Cookson,

==This is the third email that I have sent you since your terse response that you "had every intention to appear."==

I have tried to explain to you that my efforts to communicate have been for your convenience. I would like you to have the opportunity to take this deposition on a day of your choice, from your couch, with a cup of coffee, and then go on with your day.

==Your lack of response to any of my emails is forcing me to require you to drive across town to the office of the court reporter, with the documents that I have asked for printed out, on a day of my choice.==

Stone-walling me is only inconveniencing yourself, and *honestly*, I have no desire to do that.

I will re-issue a new subpoena for next Friday after lunch. If I don't hear from you by then it will have the remote address on it.

Please get back to me before then if you would like a different arrangement or a different day next week. If I issue it for Friday and you later tell me that Friday is no good, I'm not going to cancel the subpoena. This is your opportunity right now to communicate with me. So please do

**William Woodrow**

---

**From:** William Woodrow
**Sent:** Tuesday, March 8, 2022 5:43 PM
**To:** ███
**Subject:** RE: American Airlines flight from Miami to Mexico, June 10, 2021

Mr. ███

Thank you very much for your reply.  American Airlines has tried to intimidate us from the start by acting as if they have many people who support their (false) version of events.  You were one of those people.  Sorry for having to bother you.

Best Regards,

Will

**From:** ███
**Sent:** Tuesday, March 8, 2022 5:37 PM
**To:** William Woodrow <will@stoneandwoodrowlaw.com>
**Subject:** Re: American Airlines flight from Miami to Mexico, June 10, 2021

Good afternoon Mr. Woodrow,

As I told your client, yes AA contacted me and I told them that I really did not notice or witness anything at all other than that a passenger was led off the plane. I had and have no idea why.

I have also asked everyone to leave me out of this. I was just a passenger on the same flight, one of many, many flights.

Best regards,



**From:** William Woodrow <will@stoneandwoodrowlaw.com>
**Date:** Tuesday, March 8, 2022 at 3:14 PM
**To:** ███
**Subject:** American Airlines flight from Miami to Mexico, June 10, 2021

Good afternoon ███

I am an attorney for Troy Clowdus, who you spoke with in the past about him getting kicked off the flight that you shared that morning and subsequently getting banned for life (essentially for rubbing a flight attendant the wrong way.)  I believe that you told him you had no memory of any incident.

1

American Airlines has provided us with your contact information and represented to us that you did witness the incident and that you provided to them at least a verbal statement.  Out of about 20 passengers in business class,  AA singled you out, along with two others, as witnesses to the incident.

==We have reason to doubt AA's credibility.==

Could you please confirm whether anyone from AA ever contacted you about the incident before takeoff last June 10, and if so, what you told them, and whether you provided them with a written statement?

Thank you so much for just taking a minute and letting us know one way or the other.  We have no desire to bother you any further about this.

Best Regards,

Will Woodrow