IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Troy Clowdus <br><br> PLAINTIFF <br><br> VS. <br><br> American Airlines Inc., <br><br> DEFENDANT. | Civil Action No.: 1:21-cv-23155-MM |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT AMERICAN AIRLINES**

Plaintiff TROY CLOWDUS, by and through undersigned counsel, hereby moves this Court to compel Defendant AMERICAN AIRLINES to provide complete discovery responses to Defendant's Responses to Plaintiff's Seventh Request for Production Nos. 1 and 3. (Exhibit A).

**Background and Introduction**

1. The instant matter arises from an allegation of assault against the Plaintiff by an American Airlines flight attendant, which resulted in the Plaintiff being removed from the plane and banned for life from flying with the Defendant air carrier.

2. The Plaintiff denies that he committed an assault, and he has brought an action against the Defendant for defamation per se, since assaulting a crewmember is a federal crime.

3. The tort of defamation requires publishing to a third party and the Plaintiff has alleged that publishing occurred to multiple passengers in business class and also intra-corporately by AA's adoption of the assault allegation and subsequent lifetime ban for Mr. Clowdus.

4. There is a qualified immunity for intra-corporate publications that fall within a general "need to know" parameter.

1

5. This qualified immunity can be defeated by malice, and the Plaintiff has pled that AA is vicariously liable for the malicious acts of its employee. If a jury determines that his report of assault was malicious, the qualified privilege is extinguished.

6. Qualified privilege is also defeated if the intra-corporate publication is made too broadly – this is the question that Plaintiff's request number 1 seeks to determine. If every non-managerial ticket agent, gate agent, customer service agent, etc. can view the assault allegation by accessing Mr. Clowdus' record, then the Court can conclude that that the allegation has not been sufficiently contained to protect the qualified privilege. AA has resisted every attempt of the Plaintiff to obtain an answer to this question.

7. It is also common knowledge that Delta airlines has been lobbying Congress for a universal no-fly list.[1] It is reasonable to conclude that Delta has also lobbied AA to share its no-fly list, and that there have been conversations at the highest level that may still be ongoing. AA has only provided the Plaintiff with the Non-responsive response that AA has not (yet) shared its list. Obviously, the Plaintiff's damages would compound exponentially if this occurred.

**Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.R.Civ.P. 26. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Hacking v. United States*, 2020 WL 9173087, at *2 (S.D. Fla. July 28, 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

---

[1] See Delta wants other airlines to share 'no-fly' lists of unruly passengers (cnbc.com)

340, 451 (1978). Courts are required to accord discovery a broad and liberal scope. *Milianazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007); see *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp.2d 1304, 1306 (S.D. Fla. 2010); see also *Alterra Healthcare Corp. v. Est. of Shelley*, 827 So. 2d 936, 945 (Fla. 2002); *Amente v. Newman,* 653 So.2d 1030 (Fla.1995) (concept of relevancy is broader in discovery context than in trial context, and party may be permitted to discover relevant evidence that would be inadmissible at trial if it may lead to discovery of relevant evidence).

A party resisting discovery has a heavy burden of showing why discovery should be denied. *S.E.C. v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012) (stating that "[g]enerally, the party resisting discovery bears the burden of demonstrating that the requested discovery falls outside the scope of relevancy under Rule 26").

**Discovery Items at Issue, Defendant's Objections, Plaintiff's Positions**

### I.   Seventh Request for Production No. 1

*Specific Item to Be Compelled:*   Screenshots from every field in AA's database that records the assault allegation against Mr. Clowdus.
*Specific Objections:*   Time to object expired, fails to describe with particularity, attorney work product, seeks to require document creation.

*Request:*

> **Any document, report, summary or field in Defendant's database recording the allegations that Mr. Clowdus assaulted a flight attendant. A print screen snapshot of any electronic field containing the allegation.**

*Response:*

Defendant objects to this Request since it duplicates Plaintiff's First Request for Production Request No. 10 served November 10, 2021 to which Defendant objected and the time frame allowed under Local Rule 26.1(g) for presenting those objections to the Court for determination has expired.

Defendant further objects to this Request since, like its 2021 predecessor, it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). For example, Defendant maintains multiple "databases" and this Request fails to specify from which database Plaintiff seeks responsive information.

Defendant further objects to this Request since, given its lack of specificity and like its 2021 predecessor, it necessarily invades the attorney client and attorney work product privileges since responsive information would include "print screen snapshots" of data contained in Defendant's risk management database compiled after the initiation of this lawsuit. Defendant is withholding responsive data on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of this data.

Defendant further objects to this Request since it purports to require Defendant to create responsive documents, contrary to Fed. R. Civ. P. 34.

*Plaintiff's Position:*

**Plaintiff's request is not stale.**

Plaintiff re-issued his request well within the discovery window and limited it significantly.[2] Defendant has had a fresh 30 days to compile his response. AA has offered no authority to suggest that a timely re-issued request, that narrows the scope of the prior request does not comply with the spirit of Local Rule 26.

**Plaintiff's request describes what it wants with exacting particularity**

If it is burdensome for AA to provide screenshots from the "multiple databases" and locations where the specific allegation of assault against Mr. Clowdus can be seen, then that admission alone tends to indicate that AA has disseminated the allegation too broadly.

---

[2] Plaintiff's prior request asked for screenshots of everywhere the Plaintiff appeared in AA's database – not just where the assault allegation was stored: "Please provide a screenshot of every place in Defendant's computer systems where information about the Plaintiff can be viewed. This includes but is not limited to every place where the allegation of assault exists." See Plaintiff's First Request for Production of Documents, dated November 10, 2021, Exhibit B.

AA knows specifically what the Plaintiff seeks with this request: what information does a gate agent, ticketing agent, or customer service agent see when they pull up Mr. Clowdus' file? If AA wants to object to the hypothetical extremes of Plaintiff's request (maybe there is a backup storage facility in Reno), fine, but AA needs to produce the "fair game" before objecting to what might remain.

**Not all responsive documents are privileged, and AA has not produced a privilege log**

AA objects that some responsive screen shots are in its risk management database and protected by attorney work product; however, AA did not produce a privilege log describing the content and location of how and why the allegation is recorded. Consequently, the Court has no way of determining who has access to the allegation and whether it is actually privileged. In any case, AA has not just withheld these allegedly privileged documents – it has withheld all documents.

**The Plaintiff is not seeking the creation of documents**

The Plaintiff is asking for screen printouts, not document creation.

## II.     Seventh Request for Production No. 3

*Specific Item to Be Compelled:*  Communications between AA and third parties concerning the sharing of no-fly lists.
*Specific Objection:*             Overbroad, fails to describe with particularity, legally irrelevant,

*Request:*

> **Any documents pertaining to any communications between American Airlines and any third parties, including, but not limited to, other airlines or government agencies or officials concerning the sharing of no-fly lists.**

*Response:*

Defendant objects to this Request as being overbroad in that it contains no time frame having any rational or reasonable relation to the claims and defenses in this action and, therefore, as being

overbroad on its face. *Henderson v Holiday CVS, LLC*, 269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable"); *TIC Park Centre 9, LLC v. Cabot*, 2017 WL 3034547, *6 (S.D. Fla. 2017) (requests for production were overly broad because there were "no meaningful limitations on the documents requested" and the request(s) were phrased in the "broadest manner possible")

Defendant further objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Fed. R. Civ. P. 34. A request such as this which simply requests the production of unspecified documents pertaining to a specified issue is not reasonably particular. *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016). For example, this request fails to provide Defendant with any guidance as to the class of documents for which production is sought and thus it purports to require Defendant to generally peruse every document and database in its possession, custody or control to ascertain whether there are any "communications" (from or to any of its 123,400 employees) mentioning the potential sharing of no-fly lists with unspecified "other airlines or government agencies or officials."

Defendant further objects to this Request as seeking documents which are legally irrelevant to the claims and defenses in this case and thus fall outside the scope of discovery delineated by Federal Rule of Civil Procedure 26(b)(1) which limits the scope of discovery to any "matter that is relevant to any party's claim or defense…" This Request seeks documents reflecting the possibility that Plaintiff's no-fly status with AA will be communicated to a third party in the future. Such possible future publications are legally insufficient to support Plaintiff's defamation per se claim – the only claim remaining in this lawsuit. *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021) (no defamation from internally stored documents); *Granda-Centeno v. Lara*, 489 So. 2d 142, 143 (Fla. 3d DCA 1986) (a plaintiff most show that an alleged defamatory document was "actually received and read"—the allegation that "defamatory writing was sent is insufficient[.]").

Further, Plaintiff has not alleged, nor can he support any allegation, that AA shares or has shared its "no-fly list" with any third parties, and AA has previously provided confirmation of same in prior responses to discovery. See Defendant's Response to Plaintiff's First Request for Production No. 9 ("Assuming 'party' refers to third parties and not parties to this lawsuit, Defendant has no responsive documents since Defendant does not share its internal refuse list with third parties.").

*Plaintiff's Position:*

**The Plaintiff narrowed the scope of his request when he conferred with counsel for AA**

      The Plaintiff clarified that he seeks only those communications between AA and any third-party regarding the sharing of no-fly lists that have occurred at the highest level – corporate officers and policymakers. Exhibit C.

**The request is not legally irrelevant**

Plaintiff's request seeks to assign a probability to the possibility that his damages could balloon exponentially. This is done every day in medical malpractice lawsuits where there is an uncertain future impact as a result of the medical malpractice.

AA repeatedly cites *Transunion* to argue that the assault allegation against the Plaintiff is an internally stored document – like a defamatory letter forgotten in a drawer and read by no one. But that is not the reality in this case. The "stored" allegation is active and damaging. It is the enforcement of the Plaintiff's lifetime ban – the damage being done to the Plaintiff as a result of the defamation. And there is a more than a speculative possibility that this defamation will be disseminated beyond AA, at which point it is likely that Mr. Clowdus would be collaterally estopped from bringing a fresh claim. He has a right to know today the risk exposure that he faces.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(a)(3)

Undersigned counsel for Plaintiff hereby certifies that he conferred with counsel for Defendant via e-mail and telephone to resolve the discovery issues presented in this Motion, but this Court's intervention is required at this time.

Respectfully Submitted,

_____            _____/s/ David Pollack_____

William T. Woodrow III (*pro hac vice*)   David Pollack, Esq.
Stone & Woodrow LLP                          Law Offices of David Pollack, LLP
250 West Main St. Suite 201                  75 Valencia Avenue, Ste. 100
Charlottesville, VA 22902                    Coral Gables, FL 33134
will@stoneandwoodrowlaw.com                  David@davidpollacklaw.com
Fax:   646 873-7529                          Fax: (305) 372-5904
Voice: 855-275-7378                          Voice: (305) 372-5900
*Attorney for Plaintiff*                     *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the following attorneys of record by CM/ECF on this 15th day of July, 2022.

Kelly Kolb
Robert D. Pecchio
Labor & Employment Practice Group
401 East Las Olas Boulevard
Suite 2250
Ft. Lauderdale, FL 33301
954 703 3900 (office)
954 703 3944 (direct)
kelly.kolb@bipc.com
robert.pecchio@bipc.com

_____
William T. Woodrow III