# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

TROY CLOWDUS,

           Plaintiff,

                                    Civil Action No.: 1:21-cv-23155-MM

v.

AMERICAN AIRLINES, INC.,

           Defendant.                  /

_____

**DEFENDANT AMERICAN AIRLINES' RESPONSE TO PLAINTIFF'S**
**SEVENTH REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendant, AMERICAN AIRLINES, INC. ("**Defendant**" or "**AA**"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, TROY CLOWDUS' ("**Plaintiff**" or "**Clowdus**") Seventh Request for Production of Documents, as follows:

**RESPONSES AND OBJECTIONS TO REQUESTS**

1.      Any document, report, summary or field in Defendant's database recording the allegations that Mr. Clowdus assaulted a flight attendant. A print screen snapshot of any electronic field containing the allegation.

**RESPONSE:**

**Defendant objects to this Request since it duplicates Plaintiff's First Request for Production Request No. 10 served November 10, 2021 to which Defendant objected and the time frame allowed under Local Rule 26.1(g) for presenting those objections to the Court for determination has expired.**

**Defendant further objects to this Request since, like its 2021 predecessor, it fails to describe the documents to be produced with reasonable particularity by item or category of**

item in violation of Federal Rule of Civil Procedure 34(b)(1)(A) ("a request must describe with reasonable particularity each item or category of item to be inspected"). For example, Defendant maintains multiple "databases" and this Request fails to specify from which database Plaintiff seeks responsive information.

Defendant further objects to this Request since, given its lack of specificity and like its 2021 predecessor, it necessarily invades the attorney client and attorney work product privileges since responsive information would include "print screen snapshots" of data contained in Defendant's risk management database compiled after the initiation of this lawsuit. Defendant is withholding responsive data on the basis of these objections. Pursuant to Local Rule 26.1(c)(2)(C), Defendant is relieved of the obligation to provide a privilege log of this data.

Defendant further objects to this Request since it purports to require Defendant to create responsive documents, contrary to Fed. R. Civ. P. 34.

2.      Any documents describing the flight benefits package that is available to Federico Quintana's mother.

**RESPONSE:**

Defendant objects to this Request because it is duplicative of a prior, identical Request. Please see Defendant's response and objections to Plaintiff's Fifth Request for Production No. 1.

Defendant further objects to this Request as exceeding the scope of discovery specified by the Court at the May 24, 2022 hearing in this matter during which the Court limited discovery of responsive information to future benefits available to Mr. Quintana's mother. Those documents were produced as AA00139-140 on June 7, 2022.

3.      Any documents pertaining to any communications between American Airlines and any third parties, including, but not limited to, other airlines or government agencies or officials concerning the sharing of no-fly lists.

**RESPONSE:**

**Defendant objects to this Request as being overbroad in that it contains no time frame having any rational or reasonable relation to the claims and defenses in this action and, therefore, as being overbroad on its face.** *Henderson v Holiday CVS, LLC,* **269 F.R.D. 682, 688-689 (S.D. Fla. 2010)(discovery request for relevant documents "regardless of the date of the documents . . . is rejected as unreasonable");** *TIC Park Centre 9, LLC v. Cabot,* **2017 WL 3034547, \*6 (S.D. Fla. 2017) (requests for production were overly broad because there were "no meaningful limitations on the documents requested" and the request(s) were phrased in the "broadest manner possible")**

**Defendants further objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Fed. R. Civ. P. 34.  A request such as this which simply requests the production of unspecified documents pertaining to a specified issue is not reasonably particular.** *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, **Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016).  For example, this request fails to provide Defendant with any guidance as to the class of documents for which production is sought and thus it purports to require Defendant to generally peruse every document and database in its possession, custody or control to ascertain whether there are any "communications" (from or to any of its 123,400 employees) mentioning the potential sharing of no-fly lists with unspecified "other airlines or government agencies or officials."**

Defendant further objects to this Request as seeking documents which are legally irrelevant to the claims and defenses in this case and thus fall outside the scope of discovery delineated by Federal Rule of Civil Procedure 26(b)(1) which limits the scope of discovery to any "matter that is relevant to any party's claim or defense…" This Request seeks documents reflecting the possibility that Plaintiff's no-fly status with AA will be communicated to a third party in the future. Such possible future publications are legally insufficient to support Plaintiff's defamation per se claim – the only claim remaining in this lawsuit. *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021) (no defamation from internally stored documents*); Granda-Centeno v. Lara*, 489 So. 2d 142, 143 (Fla. 3d DCA 1986) (a plaintiff most show that an alleged defamatory document was "actually received and read"—the allegation that "defamatory writing was sent is insufficient[.]").

Further, Plaintiff has not alleged, nor can he support any allegation, that AA shares or has shared its "no-fly list" with any third parties, and AA has previously provided confirmation of same in prior responses to discovery. *See* Defendant's Response to Plaintiff's First Request for Production No. 9 ("Assuming 'party' refers to third parties and not parties to this lawsuit, Defendant has no responsive documents since Defendant does not share its internal refuse list with third parties.").

4.     Any documents describing AA's internal refuse list in effect at the time Plaintiff was placed on the internal refuse list.

**RESPONSE:**

Defendants objects to this request as it fails to describe the documents to be produced with reasonable particularity by item or category of item in violation of Fed. R. Civ. P. 34.  A request such as this which simply requests the production of unspecified

documents pertaining to a specified issue is not reasonably particular. *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, Case No. 18-cv-81476, 2016 U.S. Dist. LEXIS 187487 (S.D. Fla. Jan. 29, 2016).  For example, this request fails to provide Defendant with any guidance as to the class of documents for which production is sought and thus it purports to require Defendant to generally peruse every document and data base in its possession, custody or control to ascertain whether there are any "documents describing AA's internal refuse list."

Defendant has previously produced as AA00047-00055, and Defendant is continuing to search for responsive documentation.

5.     Any documents discussing any policy/protocols for obtaining access to or disseminating the names of passengers placed on AAs internal refuse list at the time Plaintiff was placed on the list.

**RESPONSE:**

Defendant has no responsive documents.

6.     A printout from AAs computer system of the information that appears on the screen when an individual on the internal refuse list is flagged for refusal.

**RESPONSE:**

Defendant objects to this request as being impermissibly vague and non-specific. For example, the Request seeks data displayed on an unspecified person's "screen" when a customer on AA's refuse list is flagged for refusal.  Assuming the "screen" at issue is the screen of an AA employee, responsive documentation is attached as AA00146.

7.      A printout of the time stamp when Mr. Clowdus' and Mr. Quintana's tickets were lifted to board the complained of flight.

**RESPONSE:**

**Defendant objects to this request since it purports to require Defendant to create responsive documents, contrary to Fed. R. Civ. P. 34.  Please see Defendant's document production at AA00144-00145.**

8.      Printout of the timestamp when GSC Henriquez placed Mr. Clowdus on the waitlist for the next flight directly after his removal from the first.

**RESPONSE:**

**Please see Defendant's previous production of Plaintiff's PNR, at Defendant's production AA00024.**

DATED on this 11th of July 2022.

Respectfully submitted,

By:      /s/ *Kelly H. Kolb*
        Kelly H. Kolb, Esq.
        Florida Bar No. 0343330
        Robert Pecchio, Esq.
        Florida Bar No. 1005955
        **BUCHANAN INGERSOLL & ROONEY, PC**
        401 E. Las Olas Boulevard, Suite 2250
        Fort Lauderdale, FL 33301-4251
        Tel:  (954) 468-2300
        E-mail: kelly.kolb@bipc.com
        E-mail: Robert.pecchio@bipc.com
        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, the foregoing Defendant's Response to Plaintiff's Sixth Request for Production was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

By:   */s/Kelly H. Kolb*
Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084

David Pollack
POLLACK LAW FIRM
75 Valencia Avenue, Suite 100
Coral Gables, FL 33134

Tel:  (855) 275-7378
Tel:  (904) 602-9400
Tel: (305) 372-5900

E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com
E-mail: david@davidpollacklaw.com

*Counsel for Plaintiff*