# EXHIBIT C

## William Woodrow

| | |
|---|---|
| **From:** | William Woodrow |
| **Sent:** | Thursday, July 14, 2022 3:39 PM |
| **To:** | Pecchio, Robert D. |
| **Cc:** | David Pollack; Kolb, Kelly |
| **Subject:** | summary of call |

Hi Robert,

Summarizing our call while it is still fresh.  Please respond with any comments or corrections.

We spoke about our request No. 1 for printouts of every document, report, summary, or field in AA's database that contains the assault allegation against Mr. Clowdus.  We clarified that our main concern is that the allegation can be viewed by any non-managerial ticketing agent, gate agent, or customer service agent who wishes.  AA has not proffered the scope of where the allegation may be found.  We clarified that we are not seeking for AA to create documents, merely to print out the screens where the allegation is recorded.  This goes to our inquiry of whether the allegation is disseminated to broadly to maintain qualified privilege.

We acknowledged that there are multiple places (such as in risk management) that the allegation could be stored in conjunction with litigation and covered by privilege.  It is our position that these places should be identified in a privilege log so that the court can determine the scope of access and whether the privilege can be maintained.  We are not seeking privileged material

It is also our position that the blanket objection is inappropriate.  If there are locations where the allegation can be accessed that clearly fall within the scope of the Plaintiff's interest and concern (such as if a ticketing agent entering Mr. Clowdus' name is able to ascertain that he was banned for an alleged assault), then those screen shots should have been produced, and are not protected by any objection.

I reminded you that AA refused to provide an ESI map early in litigation, so we are not able to request database locations with particularity.  If AA wants to revise its objections to proffer the scope of where the allegation can be seen and who has access, it could avoid the need for a motion to compel

We spoke about our request No. 3 for any documents pertaining to communications between AA and any third-party concerning the sharing of no fly lists.  We clarified that this goes to potential damages and not establishing an element of our claim.  We analogize it to a medical malpractice claim where there are a range of possible outcomes due to the malpractice and they are assigned probabilities.

We clarified that we are only interested in communications at the highest level – corporate officers or policy makers.

As to your concerns with our interrogatories, we have held back no information under a work-product objection, and we have offered all of the specificity that Mr. Clowdus can reasonably be expected to remember.  We indicated that we were willing to clarify our response if necessary to make explicit that the individuals indicated are aware of the assault allegation and subsequent ban

Regards,

Will

1