# EXHIBIT A

## **DECLARATION OF DAVID H. POLLACK**

I, David H. Pollack, pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that the following is true and correct:

1. My name is David H. Pollack. I am over 18 years of age. I have personal knowledge of the matters stated below.

2. I am co-counsel to Troy Clowdus in the matter captioned *Clowdus v. American Airlines, Inc.*, Case No. 1:21-CV-23155-KMM.

3. I have never met with, spoken to, or communicated in any fashion with Jairo Epinosa, Juan Pablo Hernandez Ramirez, or Federico Quintana Vallejo.

4. I have never directed or encouraged Eduardo Muriel, Troy Clowdus, or any other person to attempt directly or indirectly to influence the testimony of any witnesses in this case, including Jairo Espinosa, Juan Pablo Hernandez Ramirez, or Federico Quintana Vallejo, or to discourage them from communicating with American Airlines or any of its attorneys or representatives.

5. I have never met with, spoken to, or communicated in any fashion with any of the witnesses in this case, except for taking the deposition of Angela Cookson.

6. On June 13, 2022, I spoke with Eduardo Muriel to verify the facts contained in the Motion for Sanctions filed by Mr. Clowdus and his involvement in this matter. William Woodrow was also present on this call, which took place in Spanish. I did not have a Spanish speaking translator present during the conversation and am not fluent in Spanish. However, I do speak and understand Spanish and am reasonably proficient in it.

7. Based on the information provided to me by Mr. Muriel, I prepared a verified declaration for Mr. Muriel to sign.

8. At no point during the conversation did I in any way encourage Mr. Muriel to directly or indirectly take any steps to influence the testimony of any witnesses. On the contrary, I told him that the court had specifically directed the attorneys not to influence the testimony of any witnesses by giving them their version of the facts, and that this prohibition also applied to him.

9. Mr. Muriel assured me that he had not in any way attempted to influence the testimony of Juan Pablo Hernandez-Ramirez or pressure him or any other witness into testifying or providing an affidavit in this case.

10. I had no advance knowledge that Espinosa was providing the Plaintiff with an affidavit and had no awareness that Espinosa and Ramirez were obtaining counsel prior to Mr. Ramirez y Villafana's email introduction on July 4, 2022.

11. I have only spoken with Mr. Villafana one time, with Mr. Woodrow on the line, subsequent to Mr. Villafana's email introduction. I have not otherwise ever spoken to him or communicated with him in any way.

Under penalty of perjury, I declare that the foregoing is true, correct and with my personal knowledge.

_____
DAVID H. POLLACK