EXHIBIT

H

**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23155-KMM

TROY CLOWDUS

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.

    Defendant.

_____/

## DECLARATION OF ROBERT PECCHIO

Robert Pecchio, pursuant to 28 U.S.C. §1746, does hereby state under penalty of perjury that the following is true and correct:

1. My name is Robert Pecchio. I am over 18 years of age. I have personal knowledge of the matters stated below.

2. I am an Associate Attorney at Buchanan Ingersoll & Rooney ("BIR"), the firm serving as counsel for Defendant, American Airlines, ("AA") in the above-captioned matter ("matter"). I am one of the counsel of record for AA in this matter.

### Hernandez-Ramirez and Espinoza

3. During the course of this matter, we attempted to interview as many business class passengers as possible to determine if any of them witnessed the events at issue in this matter.

4. We first made contact with two Mexican passengers, Juan Hernandez-Ramirez and Jairo Espinoza, by telephone on February 28, 2022, through our Spanish speaking legal assistant ("legal assistant").

5. At my direction, my legal assistant called the phone number we had for Mr. Juan Hernandez-Ramirez on February 28, 2022 and conducted a Spanish interview with Mr. Hernandez-Ramirez. She relayed to me the substance of the interview, and she and I worked together to draft a declaration consistent with the interview of Mr. Hernandez-Ramirez.

6. During his interview, Mr. Hernandez-Ramirez provided Mr. Espinoza's phone number so that we could interview Mr. Espinoza. This was the first time we had a phone number for Mr. Espinoza.

7. My legal assistant then called Mr. Espinoza that same day, February 28, 2022, using the newly provided phone number to interview him regarding what he had observed on the flight related to this matter.

8. My legal assistant likewise provided me with the substance of the interview with Mr. Espinoza, and she and I worked together to draft a declaration consistent with Mr. Espinoza's interview.

9. Both Mr. Espinoza and Mr. Hernandez-Ramirez were cooperative with my legal assistant during these interviews, and both witnesses advised my legal assistant that they would provide written statements to BIR.

10. My legal assistant sent the aforementioned drafted declaration to Mr. Espinoza by email on March 1, 2022, along with a written message explaining that if he did not understand any words used, or if he wished to change or add something to the declaration, he should advise our office so that we could make the necessary changes. Within two hours of our transmission of the draft declaration to Mr. Espinoza, he signed and returned his declaration to us that same day on March 1, 2022, without making any edits or suggesting the need to make any edits or corrections.

11. BIR had no communications with Mr. Espinoza between the time the draft declaration was sent to him and the time his signed declaration was provided to us by him two hours later.

12. At no time since Mr. Espinoza provided his signed declaration to us has he ever indicated or suggested to me or (to my knowledge) anyone at BIR the need or desire to make any edits to his declaration nor has he ever indicated to me or (to my knowledge) anyone at BIR that the signed declaration he provided to BIR did not accurately reflect what he observed regarding the incident.

13. Mr. Hernandez-Ramirez did not sign his written statement. Mr. Hernandez-Ramirez has never, at any point, informed me or (to my knowledge) anyone at BIR that he declined to sign his draft declaration because it did not accurately reflect what he stated during his interview. Mr. Hernandez-Ramirez has never provided any reason to me or (to my knowledge) anyone at BIR whatsoever explaining why he did not sign the draft declaration provided to him.

14. In March 2022, I directed my legal assistant to contact Mr. Espinoza to request that Mr. Espinoza sit for a deposition in this matter, and Mr. Espinoza stated that he would be willing to do so, as long as his schedule would allow.

15. On or about May 25, 2022, BIR engaged the Mexican law firm Ernesto Veldarde Danache ("EVD") to assist with this matter.

16. Specifically, BIR enlisted EVD to reach out to Mr. Espinoza and Mr. Hernandez-Ramirez for the limited purpose of determining if Hernandez-Ramirez would agree to sit for deposition and to arrange for Espinoza's deposition. EVD had no other authority. EVD was not authorized to make any statements about any parties' claims or contentions.

17. In an effort to establish contact with Mr. Hernandez-Ramirez, one of EVD's Associate Attorneys, Mauricio Fernandez ("Fernandez"), sent a number of text messages to Mr. Hernandez-Ramirez.

18. One of Fernandez' text messages dated June 6, 2022 contains a largely inaccurate summary of AA's contentions in this lawsuit – including contentions that AA has never asserted in this lawsuit such as that the flight attendant was injured and filed charges.

19. Fernandez did not pre-clear the June 6 (or any other) text messages with me or Mr. Kolb prior to sending these messages to Hernandez-Ramirez. These text messages were not simultaneously sent to me or Mr. Kolb and we had no knowledge of the content of these text messages until we received Plaintiff's Motion for Sanctions [DE 55].

### Quintana

20. Through an unintentional typographical error, Plaintiff was provided the email address fedeus3@gmail.com for Mr. Quintana whereas the correct email address for Mr. Quintana is fedus3@gmail.com. This email address does not appear on Mr. Quintana's flight information; it was provided to BIR by Mr. Quintana himself after he was interviewed.

21. I declare under penalty of perjury that the foregoing is true, correct and within my personal knowledge.

**DATED** on this the 6_th day of July 2022.

_____
Robert Pecchio

4