# EXHIBIT

# I

## DECLARATION OF TROY CLOWDUS

I, Troy Clowdus, pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that the following is true and correct:

1. My name is Troy Clowdus. I am over 18 years of age. I have personal knowledge of the matters stated below.

2. I am the plaintiff in the matter captioned Troy Clowdus in the matter captioned *Clowdus v. American Airlines, Inc.*, Case No. 1:21-CV-23155-KMM.

3. On March 30, 2022, I contacted Eduardo Muriel to inquire about having him work for me as a private investigator in connection with this case.

4. I did this because I believed that the contact information AA had provided for the Mexican business class passengers was either incomplete or inaccurate and we had been unsuccessful in our own attempts to contact passengers in Mexico.

5. I located Mr. Muriel through an internet search of private investigators in Mexico City.

6. Prior to hiring him, I made sure that he was credentialed investigator that was qualified to offer testimony in a U.S. court.

7. I also flew to Mexico to meet with Mr. Muriel in person before I made the decision to hire him.

8. My sole purpose for retaining Mr. Muriel was to have him locate the first class passengers who were on American Airlines Flight 1303 on June 10, 2021 with me and ask them to provide statements to me of what they observed and/or heard that morning.

9. The majority of my communications with Mr. Muriel were by text message. I would normally send Mr. Muriel text messages in Spanish using the Google Translate app, and he

would normally text me back in English using the same app. Copies of those text messages are attached as Composite Exhibit A.

10. I have never met with, spoken to, or communicated in any fashion with Jairo Epinosa, Juan Pablo Hernandez Ramirez, or Federico Quintana Vallejo.

11. I have never directed or encouraged my investigator, Eduardo Muriel, my attorneys, or any other person to attempt directly or indirectly to influence the testimony of any witnesses in this case, including Jairo Espinosa, Juan Pablo Hernandez Ramirez, or Federico Quintana Vallejo, or to discourage them from communicating with American Airlines or any of its attorneys or representatives.

12. Following the May 24, 2022 hearing on American's Motion for Sanctions, I emailed Mr. Muriel to tell him that the court directed that the attorneys and their representatives, which included him, should not attempt in any way to influence the testimony of any witnesses or present them with their version of the facts.

13. Mr. Muriel has assured me that he has not in any way attempted to influence the testimony of Juan Pablo Hernandez-Ramirez or any witnesses in this case.

14. Under penalty of perjury, I declare that the foregoing is true, correct and with my personal knowledge.

_____
TROY CLOWDUS