IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| TROY CLOWDUS, <br><br> Plaintiff, <br> v. <br><br> AMERICAN AIRLINES, INC. <br><br> Defendant. | CIVIL ACTION <br><br> DOCKET NO.: 1:21cv23155 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, AMERICAN AIRLINES, INC., (hereinafter, "**AA**" or "**Defendant**"), by and through its undersigned counsel, and pursuant to this Court's Paperless Order Requiring Expedited Response [DE 65], files its Response to Plaintiff's Motion to Compel Discovery [DE 64] ("**Motion**"), and in support thereof, states as follows:

**SPECIFIC DISCOVERY AT ISSUE**

**Plaintiff's Seventh Request for Production No. 1:**

*Any document, report, summary or field in Defendant's database recording the allegations that Mr. Clowdus assaulted a flight attendant. A print screen snapshot of any electronic field containing the allegation* (the "**Request**").

**DEFENDANT'S POSITION**

**Plaintiff's Motion is Untimely Under Local Rule 26.1(g)(1)**

1. The Southern District's Local Rule 26.1(g)(1) states that "All disputes related to discovery *shall* be presented to the Court by motion . . . *within (30) days* from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the

discovery request that is the subject of the dispute . . ." L.R. 26.1(g)(1) also states that a "[f]ailure to present the dispute to the Court within that timeframe, *absent a showing of good cause for the delay*, may constitute a waiver of the relief sought at the Court's discretion."

2. Plaintiff's Motion **admits that the Request (No. 1) is duplicative of a prior discovery request from Plaintiff's First Request for Production, served on November 10, 2021.**[1] Defendant served its responses and objections to that RFP on December 17, 2021.[2] Under L.R. 26.1(g)(1), a motion to compel pertaining to that RFP should have been presented to the Court on or before January 16, 2022. Plaintiff failed to do so and is thus barred from doing so now (at the close of discovery) under the guise of a duplicate RFP. *See,* L.R. 26.1(g)(1); *Higgs v. Costa Crociere S.P.A, Co.,* 2015 WL 5915789, at *1 (S.D. Fla. 2019) (L.R. 26(g)(1) is designed "to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and *not held until shortly before the close [of] discovery or the eve of trial"*). Notably, discovery closed on the *day* Plaintiff filed this Motion – July 15, 2022. Plaintiff has had 210 days to present this dispute to the Court, but he has inexplicably delayed until the close of discovery - the precise discovery abuse L.R. 26.1(g)(1) is designed to prevent. Plaintiff's Motion is untimely, and must be denied.

3. Plaintiff's effort to lay at AA's feet his unexplained failure to comply with this Court's Local Rules is misguided. *Plaintiff* retains the burden of demonstrating "good cause" for

---

[1] DE 64 at 4.
[2] Defendant's objections to this RFP, when it was first served in November 2021, were (1) that the Request sought information that was outside the scope of discovery and was irrelevant based on Fed. R. Evid. 401, (2) that the request sought information protected by attorney client and work product privilege (as to information compiled after the initiation of this lawsuit detailing communication with counsel), (3) that the Request failed to describe the documents to be produced with reasonable particularity, and (4) that the Request purported to require Defendant to create responsive documents.

his untimely Motion. *See* L.R. 26.1(g)(1); *see also Williams v. Carnival Corporation,* 2020 WL 854809, *2 (S.D. Fla. 2020). Plaintiff's Motion fails to make any effort to demonstrate good cause.

4.  Further, Plaintiff's argument, if sustained by this Court, would eviscerate the enforceability of L.R. 26.1(g)(1) against every litigant appearing in the Southern District of Florida in the future. Prior authority counsels against such a result. *Williams,* 2020 WL 854809 at *2 (denying moving party's motion to compel because "the Court enforces the Local Rules of the Southern District of Florida when a party fails to show good cause for an untimely discovery motion"); *Sprint Communications, Inc. v. Calabrese,* 2019 WL 9598506, *1 (S.D. Fla. 2019) (the Court "enforces the Local Rules of the Southern District of Florida, which require that such disputes be brought to the Court timely. Sprint failed to comply with the Local Rules . . ."); *4Demand, LLC v. G4S Secure Solutions, Inc.,* 2020 WL 3266102, *2 (S.D. Fla. 2020) (denying movant's untimely motion to compel; parties "are not permitted to sit on a discovery dispute for a lengthy period of time and then spring it on the Court last minute.").

### Plaintiff's Request Seeks Information Which is Legally Irrelevant to the Claims and Defenses of the Parties - Outside the Scope of Permissible Discovery

5.  Even if the Court overlooks the untimeliness of Plaintiff's Motion, the Court should still (as it did with regard to Plaintiff's RFP No. 3)[3] rule that Plaintiff has not shown that he is entitled to further responses to RFP No. 1.

6.  Plaintiff's Request seeks documents *stored* in Defendant's database *but not published to anyone*, to evaluate whether an unidentified employee *could, some time in the future, potentially view* "the assault allegation."[4] He argues that this *potential future* access is relevant to AA's qualified privilege with respect to *past communications* of allegedly defamatory material.

---

[3] DE 65.
[4] DE 64 at 2.

Plaintiff's argument is misplaced as the requested information is not relevant to Plaintiff's claim or AA's qualified privilege. As detailed below, the Request seeks discovery regarding a claim (and a defense to that claim), which has yet to accrue, for a harm which has yet to occur, arising out of a publication which has not been made – an objectively frivolous discovery request.[5]

7.  Defamation *per se* requires, inter alia, **actual past publication** of defamatory material – not potential/hypothetical/possible/future publication. *See Granda-Centeno v. Lara*, 489 So. 2d 142 (Fla. 3d 1986) (publication requires that the documents be "**actually received and read**"—the fact that a defamatory writing was merely sent is insufficient to prove publication); *Owner's Adjustment Bureau, Inc. v. Ott*, 431 So. 2d 695, 696 (Fla. 3d DCA 1983) (no publication in a libel action where the plaintiff failed to show that the libelous letter had been actually "**received or read by any other person**"). Thus, *potential* publication of defamatory material – the focus of the Request - is not actionable[6] and is legally irrelevant to Plaintiff's defamation *per se* claim and thus AA's qualified privilege related to that claim. *Aflalo v. Weiner,* 2018 WL 3235529, *4 (S.D. Fla. 2018) (defendant's Facebook friends' **potential access to his Facebook post was not publication).** Further, Plaintiff has *no standing* to assert a defamation claim based on unpublished information stored in a database. *Transunion LLC,* 141 S. Ct. at 2210 ("In cases such as these where allegedly inaccurate or misleading information **sits in a company database**, the plaintiffs' harm is roughly the same, legally speaking, as if someone wrote a defamatory letter

---

[5] AA, therefore, seeks an award of it attorney's fees and costs incurred in responding to the Request and the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).
[6] The risk of future harm is not actionable in the context of a defamation claim. *Transunion LLC v. Ramirez,* 141 S. Ct. 2190, 2210-11 (2021). In Reply, Plaintiff is likely to suggest that *Transunion* is inapplicable to his claim because, unlike a "letter stored in a drawer", the no-fly list has "operative effect" within AA. The issue is not whether the no-fly list has "operative effect." Defamation focuses on "publication"—no aspect of the elements of a defamation claim focuses on or even considers operative effect. Indeed, *Transunion* contradicts Plaintiff's argument that stored materials have "operative effect" in the *defamation context* without publication, "no matter how insulting" the stored materials may be. *Transunion,* 141 S. Ct. at 2210.

and then stored it in her desk drawer."). Thus, the Request seeks information which is legally irrelevant to Plaintiff's defamation per se claim.

8. Since the Request seeks information which is legally irrelevant to Plaintiff's defamation claim, it obviously seeks information which is legally irrelevant to AA's qualified privilege defense to that claim. Qualified privilege allows a party to internally communicate defamatory material without liability so long as the recipients of the information have a need to know or act on the information. *Glynn v. City of Kissimmee,* 383 So. 2d 774, 776 (Fla. 5th DCA 1980). To defeat qualified privilege, Plaintiff must demonstrate that the "mode, manner, or purpose" of the *actual **prior** publication* exceeded (past tense) the bounds of the privilege. *Nodar v. Galbreath,* 462 So. 2d 803, 809 (Fla. 1984); *Thomas v. Tampa Bay Downs, Inc.,* 761 So. 2d 401, 404 (Fla. 2d DCA 2000). Since the Request does not seek information regarding prior publications but rather potential/hypothetical/possible/future publications, it seeks information which is legally irrelevant to AA's qualified privilege. *Nodar,* 462 So. 2d at 809.

9. Thus, it is legally inconsequential to Plaintiff's defamation per se claim and AA's qualified privilege that unpublished defamatory material resides in any AA database since: 1) Florida does not recognize a claim for potential future publication of defamatory material; 2) Plaintiff does not have standing to pursue a claim for *potential* publication of defamatory material; and 3) evidence *of potential future* publication will not tend to support his defamation *per se* claim (which requires *actual, past* publication) or undercut AA's qualified privilege with respect to those *past* publications. Given that the information sought by the Request is not relevant[7] to Plaintiff's

---

[7] Relevant evidence is that which "has any tendency to make a fact more or less probable…*and the fact is of consequence in determining the action*." Federal Rule of Evidence 401.

claim or AA's qualified privilege, it is not within the scope of discovery as framed by the pleadings.[8]

### Plaintiff's Privilege Log Request is Baseless

10. Finally, Plaintiff argues that he is entitled to a privilege log "describing the content and location of how and why the assault allegation is stored."[9] This is little more than a disguised interrogatory (Plaintiff long ago exceeded the permissible number of interrogatories in this formerly simple case) since the purpose of a privilege log is to allow a party to assess the propriety of the assertion of privilege[10] – not to discover record/data maintenance processes.

11. Further, Defendant's assertion of privilege pertains only to post-litigation communications with defense counsel reflected in AA's risk management database for which no privilege log is required. L.R. 26(1)(c)(2)(C) - exempting "written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action" from privilege log requirements.[11]

Respectfully Submitted,
**BUCHANAN INGERSOLL & ROONEY PC**
s/ Kelly Kolb
Kelly H. Kolb, Esq.
Florida Bar Number: 0343330
kelly.kolb@bipc.com
Robert D. Pecchio, Esq.
Florida Bar Number: 1005955
Robert.pecchio@bipc.com
401 East Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL  33301
T:(954) 703-3944     F:(954) 703-3939
*Attorneys for Defendant American Airlines, Inc.*

---

[8] "Parties may obtain discovery regarding any non-privileged matter that is *relevant to any party's claim or defense…*" Federal Rule of Civil Procedure 26(b)(1).
[9] DE 64 at 5.
[10] Federal Rule of Civil Procedure 26(b)(5)(A)(ii).
[11] It bears mentioning that, despite asserting objections based on privilege and work on virtually every request propounded by Defendant, Plaintiff has *never* produced a privilege log at any time in this action.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via Transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

By: */s/ Kelly Kolb*
Kelly Kolb

**SERVICE LIST:**
William T. Woodrow, III
Stone & Woodrow, LLP
Lewis & Clark Plaza
250 West Main Street, Suite 201
Charlottesville, VA 22902
Tel: (855) 275-7378
E-mail: will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*

Rook Elizabeth Ringer, Esq.
Lento Law Group, P.A.
222 San Marco Ave., Ste. C
*Counsel for Plaintiff*

David Pollack, Esq.
Stone & Woodrow LLP Law Offices of David Pollack, LLP
250 West Main St. Suite 201 75 Valencia Avenue, Ste. 100
Charlottesville, VA 22902 Coral Gables, FL 33134
will@stoneandwoodrowlaw.com David@davidpollacklaw.com
Fax: 646 873-7529 Fax: (305) 372-5904
Voice: 855-275-7378 Voice: (305) 372-5900

*Counsel for Plaintiff*