UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2021-cv-23153

TROY CLOWDUS,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

**MOTION FOR LEAVE TO FILE MOTION TO COMPEL
AMERICAN AIRLINES, INC. TO PROVIDE BETTER RESPONSES TO
PLAINTIFF'S EIGHTH REQUEST FOR PRODUCTION
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff TROY CLOWDUS ("Clowdus") requests this Court grant him leave to file a Motion to Compel Defendant AMERICAN AIRLINES, INC. ("AA") to provide him better responses to his Eighth Request for Production[1] and states as grounds:

1.    As the Court is aware, on June 16, 2022, Clowdus moved for sanctions against AA and its counsel based primarily on text messages sent by AA's Mexican counsel, Ernesto Velarde-Danache, Inc. ("EVD") to Juan Pablo Fernandez-Ramirez, an unrepresented non party

---

[1] It is unclear whether Clowdus is required under the operative Trial Order to seek leave of court at this juncture to file a Motion to Compel. The Trial Order requires that all discovery be completed 100 days prior to the date of trial, which is October 24, 2022. However, the Trial Order also requires that all pretrial motions must be filed within 80 days of the date of trial, which means the time for filing pretrial motions has not yet run. The Motion to Compel appears to fall within both categories—that is, it is both a pretrial motion and a motion related to discovery. However, so as not to run afoul of the Trial Order, in an abundance of caution, Clowdus seeks leave of court to file his Motion to Compel Better Responses to his Eighth Request for Production.

1

witness in this case.[2]  The text messages, which contain both factual inaccuracies about the case as well as biased descriptions of the incident favoring AA, violate this Court's prohibition against such communication issued only weeks earlier.  Neither Clowdus nor his attorneys were aware of the existence of these text messages or AAs retention of EVD until June 8, 2022, when the text messages were sent to Clowdus by his investigator, Eduardo Muriel, who obtained them from Mr. Fernandez-Ramirez a few days prior.

2. Based on these text messages, on June 22, 2022, Clowdus served AA with his Eighth Request for Production.  The request sought three categories of documents: (1) communications between AA and EVD concerning this case; (2) communications between EVD and any potential witnesses in this case; and (3) any communications between EVD and any persons who AA communicated with concerning any matters in this case.  Each of these requests is narrowly tailored and directly relevant to the issues raised by, and defenses asserted in, Clowdus's June 16, 2022 Motion for Sanctions.

3. On July 22, 2022, AA served its response to Clowdus's Eight Request for Production.  AA did not object to any of the requests on the merits.  Rather, AA's sole objection as to each of the requests was that they were untimely because the requests were served on AA less than 30 days before the discovery completion date in the Court's Scheduling order, which was July 15, 2022.  A copy of AA response and Clowdus's proposed Motion to Compel Better Responses to Discovery are attached hereto as Exhibits A and B respectively.

---

[2] Since the motion was filed, Mr. Fernandez-Ramirez has retained counsel in Mexico in connection with his involvement in this case.

2

4.      Under Federal Rule of Civil Procedure 6(b)(1)(b), the court may, for good cause, extend the time period for conducting discovery after the deadline has expired,[3] if the moving party can demonstrate that it failed to act due to excusable neglect. *See Ashmore v. Sec'y, Dep't of Transportation,* 503 Fed.Appx. 683, 685. (11th Cir. 2008); *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, 2018 WL 679490 (Feb. 2, 2018, S.D. Fla.), at * 3-4. The Supreme Court has concluded that the determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In determining whether an untimely motion to extend deadlines under Rule 6(b) was made pursuant to excusable neglect, the court should consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys., Inc.v. Riney,* 77 F. 3d 1322, 1325 (11th Cir. 1996). Whether neglect is excusable is a decision within the district court's discretion. *Young v. City of Palm Bay,* 358 F. 3d 859, 863 (11th Cir. 2004).

5.      Clowdus is easily able to establish good cause under each of the four factors in *Pioneer*. Assuming AA and EVD have not acted improperly in their communications with non-party witnesses, AA will in no way be prejudiced by the Court extending the discovery

---

[3] While not conceding that the deadline for filing the Motion to Compel has passed under the operative Trial Order, Clowdus assumes for purposes of this motion that the deadline for completing discovery, and not the deadline for filing pretrial motions, controls the time for filing the Motion to Compel.

completion deadline for 10 days to allow Clowdus to serve his Motion to Compel Better Responses to his Eighth Request for Production.  The discovery presumably is not voluminous and will in no way delay the trial, since it concerns issues raised in the Motion for Sanctions and which has yet to be scheduled.  Furthermore, Clowdus did not become aware of the existence of EVD or the text messages between them and Fernandez-Ramirez until two weeks before he served his discovery requests, at which point he acted diligently to serve the request on AA.  *See Alarm Grid*, 2018 WL679490, at * 4 (delay of a month in serving discovery was "relatively short").   Indeed, if any party is responsible for delay with regard to the text messages, it is AA, and not Clowdus.  Additionally, Clowdus acted in good faith in serving the discovery when he did, given that he was also busy during that time preparing the Motion for Sanctions, getting the text messages translated, and obtaining several affidavits from foreign witnesses.

      6.     AAs objection might conceivably have some merit if Clowdus had known about the existence of EVD and the text messages before June 8, 2022.  However, neither the retention of EVD nor the existence of the text messages was ever disclosed to Clowdus -- and obviously would have remain unknown to Clowdus, his counsel, or the court had Fernandez-Ramirez not sent copies of those text messages to Muriel.  The argument that Clowdus was somehow untimely in seeking his request because he did not serve it until two weeks after he received the texts, which needed to be translated and incorporated into the Motion for Sanctions he was in the process of drafting, simply does not hold water here.  *See O'Boyle v. Sweetapple*, 2016 WL 3647599 (June 30, 2016, S.D. Fla.), at * 3 (overruling objection to request for production because it was untimely under Local Rule 26(1)(d) where "the result would be illogical" and "place form over substance").

WHEREFORE Plaintiff Troy Clowdus requests this Court grant him leave to file a Motion to Compel Defendant AMERICAN AIRLINES, INC. ("AA") to provide him better responses to his Eighth Request for Production.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned hereby certifies that he attempted twice to confer with counsel for American Airlines via telephone on July 26, 2022 regarding the relief requested herein but was unable to speak to him directly. However, the undersigned sent the motion to counsel for American to review on July 25, 2022 by e-mail and counsel for American stated that he opposed it.

        Respectfully Submitted,

**THE LAW OFFICE OF
DAVID H. POLLACK, LLC**
75 Valencia Avenue, Suite 100
Coral Gables, FL 33134
Tel. No.:    (305) 372-5900
Fax No.:    (305) 372-5904

BY:    /s/David H. Pollack
        DAVID H. POLLACK
        Fla. Bar No. 0955840

 /s/ William T. Woodrow
    William T. Woodrow III (*pro hac vice*)
    Stone & Woodrow LLP
    250 West Main St. Suite 201
    Charlottesville, VA 22902
    will@stoneandwoodrowlaw.com
    Phone: 855-275-7378
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system and plaintiff was served by U.S. Mail at the address on file with the Court on July 27, 2022.

                                                    BY:    /s/David H. Pollack
                                                              **DAVID H. POLLACK**
                                                              Fla. Bar No. 0955840