UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2021-cv-23153

TROY CLOWDUS,

    Plaintiff,
v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

**MOTION TO COMPEL AMERICAN AIRLINES, INC.
TO PROVIDE BETTER RESPONSES TO
PLAINTIFF'S EIGHTH REQUEST FOR PRODUCTION AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff TROY CLOWDUS ("Clowdus") moves to compel Defendant AMERICAN AIRLINES, INC. ("AA") to provide him better responses to his Eighth Request for Production and states as grounds:

1.    As the Court is aware, on June 16, 2022, Clowdus moved for sanctions against AA and its counsel based primarily on text messages sent by AA's Mexican counsel, Ernesto Velarde-Danache, Inc. ("EVD") to Juan Pablo Fernandez-Ramirez, an unrepresented non party witness in this case.[1]  The text messages, which contain both factual inaccuracies about the case as well as biased descriptions of the incident favoring AA, violate this Court's prohibition against such communication issued only weeks earlier.  Neither Clowdus nor his attorneys were aware of the existence of these text messages or AAs retention of EVD until June 8, 2022, when

---

[1] Since the motion was filed, Mr. Fernandez-Ramirez has retained counsel in Mexico in connection with his involvement in this case.

1

the text messages were sent to Clowdus by his investigator, Eduardo Muriel, who obtained them from Mr. Fernandez-Ramirez a few days prior.

2. Based on these text messages, on June 22, 2022, Clowdus served AA with his Eighth Request for Production. The request sought three categories of documents: (1) communications between AA and EVD concerning this case; (2) communications between EVD and any potential witnesses in this case; and (3) any communications between EVD and any persons who AA communicated with concerning any matters in this case. Each of these requests is narrowly tailored and directly relevant to the issues raised by, and defenses asserted in, Clowdus's June 16, 2022 Motion for Sanctions.

3. On July 22, 2022, AA served its response to Clowdus's Eight Request for Production. AA did not object to any of the requests on the merits. Rather, AA's sole objection as to each of the requests was that they were untimely because the requests were served on AA less than 30 days before the discovery completion date in the Court's Scheduling order, which was July 15, 2022. A copy of AA response to the Eighth Request for Production is attached hereto as Exhibit A.

4. This Court should overrule AA's objections and compel production of the items sought in Clowdus's Eighth Request for Production. The discovery request is directly relevant to the defense raised by AAs Miami counsel in its Response to the Motion for Sanctions that it was unaware of the texts, which was not filed until <u>July 6, 2022</u>. Assuming the requested documents do not undermine AA's position and that AA has not done anything improper, there is no reason why AA should be reluctant to be fully transparent about EVD's involvement in the case and

what direction AA and its Miami counsel gave them, as Clowdus was with his texts with Mr. Muriel.[2]

5. Although AAs objection as to timeliness might conceivably have some merit if Clowdus had disclosed the existence of EVD and the text messages before June 8, 2022, where, as here, AA deliberately concealed that information from Clowdus and he had no reason to suspect it existed, any claim of untimeliness rings hollow. Neither the retention of EVD nor the existence of the text messages was ever disclosed to Clowdus -- and obviously would have remain unknown to Clowdus, his counsel, and the court had Fernandez-Ramirez not sent copies of those text messages to Muriel. The argument that Clowdus was somehow untimely in seeking his request because he did not serve it until two weeks after he received the texts, which needed to be translated and incorporated into the Motion for Sanctions he was in the process of drafting, simply does not hold water here. *See O'Boyle v. Sweetapple*, 2016 WL 3647599 (June 30, 2016, S.D. Fla.), at * 3 (overruling objection to request for production because it was untimely under Local Rule 26(1)(d) where "the result would be illogical" and "place form over substance").

6. Furthermore, even if the request is untimely under Local Rule 26.1 (d), AA should still be barred under Federal Rule of Civil Procedure 37 from asserting any objection to it because of AAs violation of the Court's order at the May 24, 2022 hearing. Sanctions under Rule 37 may be utilized as a means of compelling parties to provide discovery. *White Lion Van Lines, Inc. v. Palm Beach County Commission*, 2005 WL 8156156 (Sept. 14, 2005, S.D. Fla.), at * 1. In deciding whether to grant discovery sanctions, a court may properly consider all of a party's discovery misconduct. *Tacori Enterprises v. Beverlly Jewelry Co., Ltd.*, 253 F.R.D. 577

---

[2] Of course, nothing prohibits the Court from ordering production of these documents on its own pursuant to Rule 26 and its inherent authority to control discovery.

3

(C.D. Cal. 2008). A district court has broad discretion to fashion appropriate sanctions for violations of discovery orders. *C & K Grocery, LLC v. Beauchamp*, 2013 WL 12383342 (March 20, 2013, S.D. Fla.), at * 1.

7.  Compelling production of the communications that are the subject of the Eighth Request for Production is an entirely appropriate remedy under the circumstances. Had AA not disregarded this Court's directive on May 24 regarding communicating with unrepresented non-parties, there would have been no need for Clowdus to seek discovery related to communications involving EVD.

WHEREFORE Plaintiff Troy Clowdus requests this Court overrule AA's objections to his Eighth Request for Production and compel AA to provide him with all documents responsive to his Eighth Request for Production.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned hereby certifies that he has conferred via telephone on August 1, 2022 with counsel for American Airlines regarding the relief requested herein, and that he opposes the motion.

Respectfully Submitted,

**THE LAW OFFICE OF
DAVID H. POLLACK, LLC**
75 Valencia Avenue, Suite 100
Coral Gables, FL 33134
Tel. No.:	(305) 372-5900
Fax No.:	(305) 372-5904

BY:	/s/David H. Pollack
	DAVID H. POLLACK
	Fla. Bar No. 0955840

	/s/ William T. Woodrow

	William T. Woodrow III (*pro hac vice*)

Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Phone: 855-275-7378
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system and plaintiff was served by U.S. Mail at the address on file with the Court on August 1, 2022.

BY:   /s/David H. Pollack
      **DAVID H. POLLACK**
      Fla. Bar No. 0955840