IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Troy Clowdus

PLAINTIFF

VS.

American Airlines Inc.,

DEFENDANT.

Civil Action No.: 1:21-cv-23155-MM

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE

Pursuant to this Court's November 21, 2021 Order Scheduling Trial, Plaintiff TROY CLOWDUS ("Clowdus"), by and through undersigned counsel, files his Omnibus Motion in Limine.[1]

1. **Motion to Allow Passengers Juan Hernandez-Ramirez and Jairo Espinosa to Testify Remotely By Simultaneous Transmission at Trial, or Alternatively, By Way of Video Deposition, or Alternately, for the Plaintiff to Use the Notarized Statements They Provided to the Plaintiff as Evidence at Trial.**

As the Court is aware from the record, Juan Hernandez-Ramirez ("Hernandez-Ramirez") and Jairo Espinosa ("Espinosa") were passengers onboard the flight that is the subject of this case. As the Court is also aware, their testimony as to what they each observed that morning is

---

[1] As of the date of this motion, there are five motions outstanding which the Court has yet to rule upon: (1) a Motion for Sanctions against AA; (2) a Motion to Dismiss the Amended Complaint; (3) a Cross Motion for Sanctions; and (4) two motions to compel discovery from AA. To a certain extent, the disposition of this motion is contingent upon the Court's disposition of these other motions. Additionally, some of the relief sought here is also available if the Court were to grant the Motion for Sanctions. Having said that, this motion is not intended to waive or limit any remedies sought by Clowdus in any of his pending motions, nor does the Plaintiff believe that the remedies sought in this motion are adequate to cure the issues raised in the Plaintiff's motion for sanctions.

1

critical to both the underlying case, as well as the Motion for Sanctions. Both passengers are located in Mexico and beyond the reach of the Court. However, both have offered to appear remotely at an evidentiary hearing on the Motion for Sanctions, at which time they can be examined and cross examined by both parties and asked whether they would be willing to either testify by deposition or at trial. Depending on their willingness to provide testimony, Plaintiff requests that: (1) if either passenger agrees to appear remotely for trial, they be allowed to do so; (2) if they do not agree to appear for trial but agree to appear remotely for a deposition,[2] the parties be permitted to play their depositions at trial, subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence; (3) if they do not agree to sit for deposition but provide sworn testimony at the evidentiary hearing on the Motion for Sanctions, that both parties be permitted to play that testimony at trial, subject to the Federal Rules of Evidence, and (4) if the Cuort does not seek their appearance at an evidentiary hearing, that their notarized affidavits that they provided to the Plaintiff be allowed in as evidence in the trial as a sanction for AA's tampering. Although Federal Rule of Civil Procedure 43 (a) prefers that witness be taken in open court, "[t]he plain language of the rule [also] gives the district court discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.' " *Toland v. Phoenix Ins. Co.*, No. 20-12556, 2021 WL 1201737, at *4 (11th Cir. Mar. 30, 2021) (citation and quotation omitted). The cost of international travel can provide good cause for contemporaneous transmission of testimony. *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 480(D. Maryland 2010); *Dagen v. CFC Grp. Holdings,* No. 00 Civ 5682, 2003 WL

---

[2] Although the deadline for completing discovery has passed, in light of the newly discovered evidence surrounding their statements to AA and the communications between one or both of them and AA's Mexican counsel, Plaintiff believes he has demonstrated good cause in his Motion for Sanctions and Motion to Compel Better Responses to his Eighth Request for Production to re-open discovery for the limited purpose of taking their depositions.

22533425, at * 2 (S.D.N.Y. Nov. 7, 2003). This Court, as well as other courts, have permitted contemporaneous transmission even in situations when the parties are located in the United States, provided appropriate safeguards are put in place. *See, e.g., VMX-Global USA, LLC v. Noble Enviromental Tech*, 339 F.R.D. 690 (S. D. Fla. 2021); *Beltran-Tirado v. INS*, 213 F.3d 1179, 1186 (9th Cir. 2000); *Scott Tmber, Inc. v. United States*, 93 Fed.Cl. 498, 499-501 (2010)(approving use of videoconferencing for trial in Washington, D.C., where witness was in Oregon). Appropriate safeguards include: 1) accurate identification of the witness; 2) protection of influence from persons present with the witness; and 3) accurate transmission. *VMX-Global USA, LLC v. Noble Enviromental Tech*, 339 F.R.D. 690 (S. D. Fla. 2021).

There is good cause to allow Fernandez-Ramirez and Espinosa to testify remotely, either by simultaneous transmission or deposition. Neither Fernandez-Ramirez nor Espinosa are parties in this case. They both live outside the United States and are disinterested witnesses. It would be both a financial hardship and an undue inconvenience to require them to travel to the United States, particularly where they did not seek out involvement in a case that has nothing to do with them. The jury would be able to observe their demeanor and facial expressions, and both parties would have an opportunity to examine and/or cross examine them. Furthermore, neither side would be prejudiced by allowing them to testify remotely. On the contrary, given that there is a conflict in the evidence as to what occurred that morning and as to what they heard and saw, allowing them to testify would be in the interest of justice.

    **2.**    **Motion to Allow Barbara LeBron to Testify By Simultaneous Transmission.**

The Plaintiff identified his ex-wife, Barbara LeBron, in his Second Amended Initial Disclosures as a person who has knowledge about Clowdus's state of mind on the morning of the incident. Specifically, Ms. LeBron will testify that on the morning of the incident Mr. Clowdus

was distracted by helping his daughter file an insurance claim for a recent car accident. Ms. LeBron lives in Puerto Rico and is not a party to this case. Furthermore, her testimony is extremely limited in scope and would likely be less than an hour for both direct and cross examination.

As with passengers Hernandez-Ramirez and Espinosa, it would be extremely costly and burdensome to require Ms. LeBron to travel from Puerto Rico to testify live at trial for what will be no more than an hour. Accordingly, Clowdus requests that she be allowed to appear remotely for the limited purpose of supporting the Plaintiff's testimony about what was occupying his attention on the morning of the incident.

**3.     Motion In Limine re: Draft Declaration of Juan Hernandez-Ramirez and Declaration of Jairo Espinosa.**

Shortly after it banned Clowdus from flying on AA, AA reached out to passengers who were on the flight that morning to obtain statements from them as to what they observed. After speaking with these passengers, AA prepared draft declarations for those passengers to sign. AA received signed declarations from Elija Keizer, Jairo Espinosa, and Federico Quintana. Hernandez-Ramirez received a draft declaration but declined to sign it. Both Hernandez-Ramirez and Espinosa have since signed sworn affidavits stating that the declarations prepared by AA do not accurately reflect what they observed or heard that morning.

Notwithstanding the sworn affidavits from Hernandez-Ramirez and Espinosa stating that the declarations are inaccurate, plaintiff anticipates that AA will attempt to use the draft statement it prepared for Hernandez-Ramirez and the statement signed by Espinosa to try and impeach them. AA should be prohibited from doing so because, as explained in the Motion for Sanctions, the statements were the product of unclean hands. In addition, AA should be

prohibited from making any reference, directly or indirectly, to Hernandez-Ramirez's draft statement or Espinosa's signed statement. The Plaintiff should, however, be allowed to introduce unchallenged argument that AA attempted to manipulate the testimony of these passengers as a sanction for AAs misconduct.

    4.    **Motion in Limine To Exclude Videotape Deposition and Declaration of Federico Quintana**

During discovery, AA took the videotaped deposition of passenger Federico Quintana. At the time he took Quintana's deposition, however, AA had not disclosed that Quintana's stepfather worked for AA and that Quintana had access to flight benefits, enabling him to fly for only the price of the taxes and fees associated with the ticket. Additionally, the discrepancies between Quintana's signed statement and his deposition testimony, in addition to the issues previously raised by the Plaintiff (including in his motion for sanctions) that caused the Court to note that there was "something weird going on" with Quintana and his mother, further supported by the revelation that AA sought to "prep" the mother for her deposition with Quintana also on the call, undermines confidence that Quintana's testimony is probative, rather than unfairly prejudicial (and false). Nevertheless, Plaintiff anticipates that AA will attempt to introduce the videotape deposition at trial since the witness resides in Mexico. This Court should preclude AA from doing so. The Plaintiff has argued and introduced evidence that Quintana has provided false testimony at the behest of AA and the Court has acknowledged that the Plaintiff's suspicions are not baseless.

Federal Rule of Evidence 403 vests a district court with discretion to exclude otherwise admissible testimony in certain circumstances. *United States v. Holland*, 223 Fed.App'x 891, 897 (11th Cir. 2007). The rule provides that "although relevant, evidence may be excluded if its

probative value is substantially outweighed by a danger of . . . unfair prejudice . . . [or] misleading the jury . . ." Additionally, the court may strike a witness as a sanction for discovery abuses. *Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561 (S.D. Fla. 2001). Allowing AA to play the videotape deposition of Quintana at trial would unfairly prejudice the Plaintiff because the witness has been tainted by AA and his statement and deposition testimony reveal as much. However, in the event that AA offers (and the Court allows) to have Quintana testify live at trial, the Plaintiff should be permitted complete latitude to use Quintana's statement, his video deposition, and any other evidence in the case to argue that A) AA manipulated the statement that he signed, B) that Quintana provided false testimony for the benefit of AA, and C) that AA was aware of/encouraged him to do so. He also should be permitted to introduce the statements that AA prepared for Hernandez-Ramirez and Espinoza for the sole purpose of showing the similarity of words and phrases, including the allegations of aggression that the passengers repudiated.[3]

    **5.**    **References to witness tampering, threats and harassment of witnesses, and attacks on counsel.**

In its Cross Motion for Sanctions, AA accuses Clowdus, his counsel, and/or his investigator of attempting to influence or coerce Hernandez-Ramirez and Espinosa to change their testimony and perjure themselves. Although these allegations are false and completely unsupported by any evidence, Plaintiff anticipates AA will nevertheless try to poison the jury by stating or implying that Clowdus, his counsel, and/or his investigator engaged in witness tampering and/or improperly coerced or influenced Hernandez-Ramirez and Espinosa to change

---

[3] Only if the Court allows the Plaintiff to introduce into evidence the notarized affidavits of both Ramirez and Espinoza repudiating the statements that AA sought or procured, and only if AA is precluded from using these same statements to argue that the witnesses are not credible.

their testimony. AA should be prohibited from doing so directly or indirectly since there is no evidence to support these allegations and they constitute improper character attacks. See *Reyes v. Aqua Life Corp.*, 2013 WL 12133926, at * 2 (S.D. Fla., Dec. 2, 2013); *Mavromatis v. Murphy*, 2016 WL 3012051, at * 8 (N.D. Ga., May 26, 2016)(prohibiting ad hominem attacks on counsel).

The same is true with respect to claims by Federico Quintana or his mother Angela Cookson, that Plaintiff's counsel harassed or threatened them. Both witnesses should be prohibited from offering such testimony, directly or indirectly, and AA should be prohibited from making any arguments to that effect during the trial.

## CONCLUSION

For the reasons argued herein and in the Plaintiff's Motion for Sanctions (DE 55) and subsequent Reply in Support (DE 66), the Plaintiff asks for the Court to grant the applicable evidentiary requests in his Omnibus Motion in Limine.

    Respectfully Submitted,

    **THE LAW OFFICE OF**
    **DAVID H. POLLACK, LLC**
    75 Valencia Avenue, Suite 100
    Coral Gables, FL 33134
    Tel. No.:   (305) 372-5900
    Fax No.:   (305) 372-5904

    BY:   /s/David H. Pollack
          **DAVID H. POLLACK**
          Fla. Bar No. 0955840

    /s/ William T. Woodrow

>William T. Woodrow III (*pro hac vice*)
>Stone & Woodrow LLP
>250 West Main St. Suite 201
>Charlottesville, VA 22902
>will@stoneandwoodrowlaw.com
>Phone: 855-275-7378
>*Attorneys for Plaintiff*

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned hereby certifies that he has conferred via telephone on August 5, 2022 with counsel for American Airlines regarding the relief requested herein. Counsel for American Airlines does not oppose Barbara LeBron testifying remotely by simultaneous transmission. As to all other relief requested by Plaintiff, counsel for American Airlines opposed the remainder of the motion.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 5, 2022.

>**THE LAW OFFICE OF**
>**DAVID H. POLLACK, LLC**
>75 Valencia Avenue, Suite 100
>Coral Gables, FL 33134
>Tel. No.:     (305) 372-5900
>Fax No.:     (305) 372-5904
>
>BY:    /s/David H. Pollack
>       **DAVID H. POLLACK**
>       Fla. Bar No. 0955840