UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TROY CLOWDUS,

    Plaintiff,

v.

                                  CASE NO.: 1:21-cv-23155-MM

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

## CONFIDENTIALITY AGREEMENT

WHEREAS, the Parties acknowledge that discovery in the above-captioned matter will require the production by Plaintiff, Defendant, and third parties of responsive documents which may contain sensitive and confidential proprietary business information, trade secrets (as defined and protected under applicable statutes and common law), or other protected confidential information of clients and employees; and

WHEREAS, a confidentiality agreement setting forth the appropriate handling and continued protection of such sensitive and confidential information in discovery is therefore necessary.

NOW, THEREFORE, Plaintiff TROY CLOWDUS and Defendant AMERICAN AIRLINES, INC. agree to follow the procedures set forth below.

    1.    <u>Definitions</u>. When used in this Confidentiality Agreement ("**Confidentiality Agreement**"), the words set forth below shall have the following meanings:

        (a)    "Documents" includes, but is not limited to, all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, and all retrievable information in computer storage, including that which is disclosed in discovery in this Lawsuit by

EXHIBIT "X"

any person or entity, whether pursuant to formal discovery requests or by agreement. The term is synonymous in meaning and scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34.

(b) "Discovery Materials" means (i) Documents; (ii) Rule 26 Disclosures; (iii) responses to discovery requests and subpoenas and Documents and information produced therewith; (iii) deposition testimony; and (iv) any other discovery materials disclosed either by a party or non-party.

(c) "Disclose," "Disclosure," or "Disclosing" means to produce, reveal, divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein.

(d) "Confidential Information" and "Confidential Discovery Materials" means any Discovery Materials designated as "Confidential" pursuant to Paragraph 3 below.

(e) "Producing Party" means the person or entity disclosing Discovery Materials, its affiliates, and also includes persons and/or entities who are non-parties to this Lawsuit.

(f) "Receiving Party" means the person or entity receiving Discovery Materials and its affiliates.

(g) "Lawsuit" means the above captioned action.

(h) "Parties," as used alone and not pursuant to 1(e) or 1(f) above, means Plaintiff and Defendant, including any and all corporate affiliates, officers, directors, agents, and employees of the aforementioned entities.

(i) "Signatory" means any person or entity who signs the Acknowledgement attached as <u>Exhibit A</u> to this Confidentiality Agreement. The Parties shall provide each sworn Acknowledgment executed by such persons to the Court upon its direction.

2. <u>Use of Discovery Materials</u>. Discovery Materials shall be used solely for the purpose of the Lawsuit. Except by order of the Court, Discovery Materials shall not be used by any Party or non-party, other than the Producing Party, for any other purpose, including without limitation, any business or commercial purpose, except to the extent permitted by the federal rules of civil procedure.

3. <u>Confidential Information</u>. Any Producing Party may designate any Discovery Materials "Confidential" if such Producing Party reasonably and in good faith believes that such Discovery Materials contain (a) trade secret information as that term has been defined under the applicable statutes and case laws; (b) confidential client information; (c) confidential operational, business or financial information; (d) confidential employee information; (e) TSA or other security sensitive information; or (f) other proprietary information that would ordinarily be protected from disclosure as confidential under applicable statutes, case law or industry practice, including information involving confidential matters related to the business operations of a Producing Party. Confidential Discovery Materials include, without limitation, any internal manuals, operating methods or procedures. Confidential Information shall also apply to and include those portions of all pleadings, motions, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts or other materials that comprise, embody, summarize, quote, discuss, attach as exhibits or incorporate any Confidential Information. Discovery Materials designated as "Confidential" shall not be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Confidential Agreement. Confidential Information shall not include

3

information which: (i) was, is or becomes public knowledge, not in violation of this or any other Order, (ii) was or is acquired without obligation of confidentiality from a person not a Party to this Lawsuit and having the right to disclose same, or (iii) was previously known to either Party prior to the execution of this Agreement.

4. <u>Procedure for Designating Discovery Materials "Confidential".</u>

(a)     To designate Discovery Materials (except deposition testimony) as "Confidential," the designating Party shall, in the case of a document or written information, mark each page of such document with the legend "CONFIDENTIAL." As to other Discovery Materials, the Designating Party shall provide written advice to the Receiving Party to take other reasonable and appropriate means to designate the Discovery Materials "Confidential."

(b)     <u>Deposition testimony may be designated as Confidential Information by any counsel for any Party to this Lawsuit making a statement to that effect on the record during the course of the deposition as to that portion of the deposition which counsel in good faith believes to contain Confidential Information. A Party may also designate information disclosed at a deposition as Confidential Information by notifying all Parties in writing, within 15 days of receipt of a deposition transcript, of the specific pages and lines of the transcript which counsel believes in good faith to contain Confidential Information. Prior to the expiration of such 15 day period or such designation, whichever is earlier, the entirety of such a deposition transcript shall be treated as Confidential Information. In the event all or any portion of a deposition transcript or exhibits thereto are designated as Confidential Information, the Court Reporter shall promptly conform the original deposition transcript and exhibits to reflect such a designation by stamping the word "Confidential" on each page and/or exhibit so designated. Upon receipt of the deposition transcript, all counsel shall conform their copies in accordance with the Court Reporter's</u>

4

<u>designation. The portions of the deposition transcript and/or exhibits so designated shall not be utilized or disclosed except in accordance with the terms of this Agreement.</u>

    5.    <u>Disclosure of Confidential Information</u>. Confidential Information may be disclosed to the following persons:

    (a)    Experts and consultants not in the regular employment of any of the Parties who are retained or consulted by counsel of record for any Party concerning the preparation and/or trial of this Lawsuit, and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged, provided that said experts or consultants execute a copy of the Acknowledgement attached hereto as <u>Exhibit A prior to any disclosure of Confidential Information. All original executed Acknowledgments shall be maintained throughout the course of this Lawsuit through all appeals by counsel for the party wishing to disclose the confidential information to the expert/consultant. A copy of the Acknowledgment in the form attached hereto as Exhibit "A" shall be provided to counsel for all other parties simultaneous with the designation of the expert/consultant as a testifying expert in this Lawsuit</u>;

    (b)    The Parties, including partners, directors, officers and employees directly involved in the prosecution or defense of this Lawsuit or responsible for making decisions concerning this Lawsuit or its resolution ;

    (c)    Counsel of record in this case together with their paralegals and clerical staff who are assisting in the preparation and trial of this Lawsuit;

    (d)    Court Reporters or other persons involved in the recording and/or transcribing of Testimony in this Lawsuit;

    (e)    The Court or any persons employed by the Court whose duties require access to any Confidential Information filed in connection with the proceedings of this Lawsuit;

(f) Copy or data management services retained to handle or reproduce Confidential Information in the Lawsuit;

(g) Any witness or any person who in good faith may be considered a potential witness in this Lawsuit, provided that said witness or potential witness executes a copy of the Acknowledgement attached hereto as <u>Exhibit A prior to any such disclosure of Confidential Information</u>; and

(h) Insurers for a Party to whom the Confidential Information is provided.

6. <u>Treatment of Confidential Information</u>. A person or entity to whom Confidential Information is disclosed: (i) shall protect its confidential nature both during the pendency of this Lawsuit and after its conclusion by final judgement or settlement; (ii) shall not disclose any Confidential Information to any person other than the persons to whom disclosure is permitted by this Confidentiality Agreement; (iii) shall not use any Confidential Information for the benefit of himself or herself, a Non-Producing Party, or anyone else, except for the purpose of the Lawsuit; and (iv) shall maintain Confidential Information in a secure place where unauthorized disclosure cannot reasonably be expected to occur. Counsel of record in this Lawsuit are responsible for employing reasonable measures to control consistent with this Confidentiality Agreement, duplication of, access to, and distribution of the Confidential Information. Any non-disclosure provision in this Confidentiality Agreement does not prohibit or restrict either Party from, as required by law, initiating communications directly with or responding to any inquiry from or providing testimony to regulatory bodies or any other state or federal authority upon prior written notice to all counsel in this Lawsuit.

7. <u>Third-Party Requests</u>. If a Receiving Party receives (1) a subpoena from a nonparty to this Confidentiality Agreement seeking production or other disclosure of Confidential

Discovery Materials, (2) any court order requiring that Confidential Discovery Materials be disclosed, (3) a request from a governmental or regulatory body having jurisdiction over the matter or (4) a subpoena issued by a court of competent jurisdiction, the Party shall, as soon as reasonably practicable, and to the extent not prohibited by law, give written notice to counsel for the Producing Party, identifying the Documents sought and enclosing a copy of the subpoena, order or request, as the case may be. It shall be the responsibility of the Producing Party to notify the Receiving Party within ten (10) days (or such shorter time as timely response to a court order, request or a subpoena may require) of its opposition, if any, to the release of the Confidential Discovery Materials and to take whatever legal actions it deems necessary before any court of competent jurisdiction regarding release of the information. In the event that the Producing Party fails to give notice, then the Receiving Party shall not be barred from releasing the information, notwithstanding other provisions of this Confidentiality Agreement.

8. <u>Disposition of Confidential Information after Termination</u>. Within 45 days after the final termination of this Lawsuit in any manner, including but not limited to, a final judgment or settlement, each Party and each Signatory shall ensure that all Discovery Materials containing Confidential Information provided by a Producing Party, including all copies and excerpts thereof, shall be promptly destroyed or returned to such Producing Party upon termination of the Lawsuit and the subsequent lapse of the required record retention time periods as set forth by law, applicable ethical rules and guidelines, each counsel's own internal record retention policies, and the policies set forth by each counsel's legal malpractice insurance carriers; provided, however, that this obligation shall not extend to Confidential Information included in conformed copies of materials filed with the Court or documents or materials which are considered attorney work product.

9. <u>Later Designation as "Confidential"</u>. The failure of a Producing Party to designate any Discovery Material as Confidential Information does not constitute a waiver of such claim. Any Discovery Materials that may contain Confidential Information that have been inadvertently produced without identification as Confidential may be designated as Confidential by the designating Party by written notice to the Receiving Party, identifying the specific Discovery Materials as Confidential, within a reasonable time following the discovery that the Discovery Materials have been produced without such designation.

10. <u>Procedure to Challenge "Confidentiality"</u>. If any Party believes that any Discovery Materials has been improperly designated "Confidential," it may, at any time, contest the designation by notifying the attorneys for the Party invoking the designation and identifying the contested Discovery Materials or portions thereof. Counsel for the Party initiating the contest shall thereafter conduct a meet and confer with counsel for the Party invoking the designation. Failing agreement, the Party invoking the designation may, within thirty (30) days of written confirmation the failure of the meet and confer process, file a Motion with the Court (without disclosing the substance of the contested Discovery Materials) seeking Court confirmation of the designation and such other relief as the designating Party may desire to seek. As to any contested Discovery Material for which such a motion is not made or for which the requested relief is not granted, such material shall be deemed outside the scope of this Agreement. The Party invoking the designation will, subject to the Court's determination, have the burden of establishing the propriety of the designation. Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Materials as confidential under the terms of this Agreed Protective Order.

11. "Confidential".

12. <u>Modification of This Confidentiality Agreement</u>. This Confidentiality Agreement shall continue to be binding after the conclusion of this Lawsuit, except that a Party or Signatory may seek a stipulation by all Parties hereto or an order of the Court with respect to dissolution or modification of this Confidentiality Agreement. The Court shall retain jurisdiction to enforce or modify this Confidentiality Agreement.

13. Nothing in this Confidentiality Agreement shall prevent any party from disclosing its own Confidential Information as it deems appropriate. And, if as a result, the Confidential Information becomes publicly available or is otherwise disclosed in a public setting, it shall no longer be Confidential Information.

14. <u>Privileged Information</u>. Inadvertent production of any Document or information otherwise protected by the attorney-client, work product or similar privilege shall be without prejudice to any claims that the Document or information is privileged, and shall not constitute a waiver of any claim of privilege that may otherwise apply. If a Document or information produced is subject to a claim that it is protected by the attorney-client, work product or similar privilege, the party making the claim may notify the Receiving Party of the claim of privilege and the basis for it. The Receiving Party shall promptly return or destroy the specified Documents or information until the privilege claim is resolved. The Party objecting to the privilege claim may seek an order from the Court regarding the appropriateness of the privilege claim during which time the Documents or information shall be treated as privileged.

FOR PLAINTIFF:

By: _/s/ William T. Woodrow, III_
William T. Woodrow, III, Esq.

SO AGREED:

Dated: 12/14/2021

FOR PLAINTIFF:
Stone & Woodrow LLP
Suite 201, Lewis and Clark Plaza
250 West Main Street
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
*Attorneys for Plaintiffs*

SO AGREED:


FOR DEFENDANT:

SO AGREED:

By: /s/ 

Dated:  12/14/2021

Kelly H. Kolb, Esq.
BUCHANAN INGERSOLL & ROONEY PC
401 East Las Olas Boulevard, Suite 2250
Fort Lauderdale, Florida 33301
Kelly.kolb@bipc.com
*Attorneys for Defendant*

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TROY CLOWDUS,

      Plaintiff,

                                          CASE NO.: 1:21-cv-23155-MM

v.

AMERICAN AIRLINES, INC.,

      Defendants.
_____/

**ACKNOWLEDGEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT**

      I, _____, have read the attached Confidentiality Agreement executed by the Parties that is associated with this Case and I hereby agree to be bound by all provisions contained in the Agreement, including all confidentiality obligations included herein. I am over the age of 18, and I suffer to legal or mental disabilities and am capable of making the representations contained herein.

_____
Signature

_____
Printed Name

_____
Date