UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TROY CLOWDUS, | : |
| Plaintiff, | : CIVIL ACTION |
| | : CASE NO. 1:21-cv-23155 |
| v. | : |
| AMERICAN AIRLINES, INC., | : |
| Defendant. | : |

## DEFENDANT'S FIFTH AMENDED F.R.C.P. RULE 26(a)(1) DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), American Airlines, Inc. (hereinafter referred to as "**AA**" or "**Defendant**") through its undersigned counsel, makes the following Amended Rule 26(a)(1) Disclosures. These Amended Initial Disclosures are made based on information known and reasonably available to Defendant and which Defendant reasonably believes it may use in support of its claims and defenses and not solely for impeachment. Continuing investigation and discovery may cause Defendant to further amend and/or supplement these initial disclosures and Defendant reserves its right to object to the competency, admissibility, relevancy, materiality, privilege, and/or any other ground, of any materials disclosed herein.

I. **The name and address of individuals likely to have discoverable information along with the subjects of that information that the disclosing party may use to support its claims and defenses, unless the use would be solely for impeachment:**

The following individuals may have discoverable information that Defendant may use to support its claims or defenses.

1. Plaintiff, Troy Clowdus
   c/o Plaintiff's Counsel
   Knowledge concerning the allegations in Plaintiff's complaint including the alleged damages suffered by Plaintiff.

EXHIBIT "Y"

2. Defendant, American Airlines (By and through designated corporate representatives) c/o Defendant's Counsel
   Knowledge concerning the allegations in Plaintiff's Complaint and Defendants' defenses, and Defendant's internal policies and procedures.

3. NJ (Jay) Lakhani, AA Pilot and Captain c/o Defendant's Counsel
   Knowledge of events related and/or pertaining to Plaintiff's misconduct and the decision to remove Plaintiff from the flight.

4. Deon Gray, AA Flight Attendant c/o Defendant's Counsel
   Knowledge of Plaintiff's misconduct preceding his removal from the flight and Plaintiff's removal from the flight.

5. Carlos Merino, AA Flight Attendant c/o Defendant's Counsel
   Knowledge concerning Plaintiff's misconduct, including being struck by Plaintiff's bag, and the events related to and/or pertaining to Plaintiff's removal from the AA flight.

6. Jose Henriquez, AA Customer Service Coordinator c/o Defendant's Counsel
   Knowledge concerning the events and circumstances surrounding Plaintiff's removal from the flight.

7. Daniel Santiago Gonzalez, AA Customer Care Manager c/o Defendant's Counsel
   Knowledge concerning the events and circumstances surrounding Plaintiff's removal from a second flight.

8. John Kirby, AA Corp. Security Manager c/o Defendant's Counsel
   Knowledge of AA's decision to suspend Plaintiff's AA flight privileges as a result of Plaintiff's misconduct.

9. Catherine Crane, AA Customer Relations Representative c/o Defendant's Counsel
   Authored 6/12/21 letter to Plaintiff, described below.

10. Linda Scammel, AA AAdvantage™ Fraud Analyst, Corporate Security c/o Defendant's Counsel
    Knowledge of Plaintiff's retention of his AAdvantage™ account and accrued miles.

March 1, 2022
Page **3** of **6**

11. ████████████████████████████████
    **CONFIDENTIAL**

12. ████████████████████████████████
    **CONFIDENTIAL.**

13. ████ Quintana. ████████████████████
    ████████████████████ **CONFIDENTIAL.**

14. Jose ████████████████████████████
    ████████████ **CONFIDENTIAL**

15. Alberto ████████████████████████
    ████████████████████████████████
    ████████████ **CONFIDENTIAL**

16. ████████████████████████████████
    **CONFIDENTIAL**

17. ████████████████████████████████
    ████████████ **CONFIDENTIAL**

18. ████ Espinoza Jimenez. ██████████
    ████████████████ **CONFIDENTIAL**

19. ████ Hernandez Ramirez. ██████████
    ████████████████ **CONFIDENTIAL**

20. ████████████████████████████████
    ████████████████ **CONFIDENTIAL**

21. Ronald Heyl, Service Desk at AA D30 Admirals Club
    Coordinator c/o Defendant's Counsel
    Heyl was working at D30 Admirals Club at the time when Clowdus came in after the incident.

22. Rosalyn Clarke, Service Desk at AA D30 Admirals Club
    Guest Services c/o Defendant's Counsel

       Clarke was working at D30 Admirals Club at the time when Clowdus came in after the incident.

23. Hilda Minaya, Service Desk at AA D30 Admirals Club
    Guest Services c/o Defendant's Counsel
    Clarke was working at D30 Admirals Club at the time when Clowdus came in after the incident.

**II.   A copy of or description by category and location of all documents, data, compilation and tangible things in the possession, custody or control of Defendant which Defendant may use in support of its defenses:**

Defendant may use documents from the following categories of documents in its possession, custody, or control to support its defenses. By describing these documents, Defendant does not waive any designation of confidentiality or any potential claim of privilege, including, but not limited to, the attorney-client privilege and/or the work-product privilege, or any objections as to relevance. Defendant reserves the right to supplement this response as additional documents, data compilations, and tangible things are identified.

A.    6/10/21 Customer Misconduct Report filed by Carlos Merino regarding Plaintiff's conduct onboard the airplane for flight #1303.

B.    6/10/21 Customer Misconduct Report filed by Deon Gray regarding Plaintiff's conduct onboard the airplane for flight #1303.

C.    6/10/21 Customer Misconduct Report filed by Jose Henriquez regarding Plaintiff's conduct onboard the airplane for flight #1303.

D.    6/10/21 AA Correspondence to Plaintiff from Corporate Security informing Plaintiff of the suspension of his flight privileges pending investigation.

E.    6/22/21 AA Correspondence to Plaintiff from Corporate Security regarding Permanent Revocation of AA Flight Privileges for Plaintiff.

F.    AA Conditions of Carriage.

G.    AA Customer Service Manual §4.03

H.    AA's AAdvantage™ Program Terms and Conditions

I.    AA's AAdvantage™ Elite Status Terms and Benefits

J.    AA Inflight Manual §4-10-1 to 4-10-2

K.    PNR data regarding Plaintiff

      L.      Internal Refuse List Packet

      M.     Internal Refuse Checklist

      N.     All pleadings and discovery responses (submitted by any party) in this case.

**III.**    **Computation of any category of damages claimed by Defendant:**

Defendant seeks no monetary damages in this action, but will seek to recover its costs, disbursements, and attorneys' fees as may be allowed by law.

**IV.**    **Any insurance agreement under which any person may be liable to satisfy all or part of the judgment which may be entered:**

Defendant is in the process of obtaining the requested information and will supplement under separate cover.

<b><u>CERTIFICATE OF SERVICE</u></b>

I hereby certify that on March 2, 2022, the foregoing document was served in accordance with the Federal Rules of Civil procedure and/or the Southern District of Florida's Local Rules via Electronic Service via e-mail upon the following parties and participants.

BUCHANAN INGERSOLL & ROONEY PC

*/s/Robert Pecchio*
Kelly H. Kolb, Esq.
Florida Bar Number: 0343330
kelly.kolb@bipc.com
Robert D. Pecchio, Esq.
Florida Bar Number: 1005955
Robert.pecchio@bipc.com
401 East Las Olas Boulevard, Suite 2250 Fort Lauderdale, FL 33301
Telephone: (954) 703-3944
Facsimile: (954) 703-3939
*Attorneys for Defendant*

March 1, 2022
Page **6** of **6**

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902
Rook Elizabeth Ringer,
Esq. LENTO LAW
GROUP
222 San Marco Ave., Ste.
C St. Augustine, FL
32084 Tel: (855) 275-
7378
E-mail: reringer@lentolawgroup.com
E-mail: will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*