IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| TROY CLOWDUS | : : : | CIVIL ACTION |
| Plaintiff, | : : | DOCKET NO.: 1:21cv23155 |
| v. | : : | |
| AMERICAN AIRLINES, INC. | : : : | |
| Defendant. | : : : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, AMERICAN AIRLINES, INC., (hereinafter, "**AA**" or "**Defendant**"), by and through its undersigned counsel, files its Response to Plaintiff's Motion to Compel American Airlines, Inc. to Provide Better Responses to Plaintiff's Eighth Request for Production and Incorporated Memorandum of Law [DE 79] ("**Motion**"), which was filed on August 1, 2022.

**PRELIMINARY STATEMENT**

1. Plaintiff served the at-issue Eighth Request for Production ("**RFP**") on June 22, 2022, which was less than 30 days before the discovery completion date in the Court's Scheduling order on July 15, 2022. The RFP was, therefore, untimely pursuant to the Local Rules of the Southern District of Florida ("**L.R.**") 26.1(d).[1]

2. Plaintiff's Motion does not dispute the untimeliness of his RFP.[2] Instead, Plaintiff's Motion suggest three excuses:

---

[1] L.R. 26.1(d) states that all discovery must be served "in sufficient time that the response is due on or before the discovery cutoff date." The responses to these discovery requests would have been due on July 22, 2022—a week after the close of discovery.

[2] Motion [DE 79] ¶ 3.

(1) the Court should overlook the untimeliness because Plaintiff did not have the underlying test messages ("**EVD text messages**") until June 8, 2022, and was thus prevented from timely serving his RFP on or before June 15, 2022;[3]

(2) the Court should compel the discovery, despite its untimeliness, because it is "directly relevant" to Defendant's Response to Plaintiff's Motion for Sanctions filed July 8, 2022 - two weeks *after* the untimely RFP was served on June 22, 2022;[4]

(3) AA should be barred from asserting *any* objections to the Eighth RFP "because of AAs [sic] violation of the Court's order at the May 24, 2022 hearing."[5]

3.  Plaintiff's untimely RFP was a nullity when served and thus no substantive response or even objection was required. Plaintiff's effort to explain away the untimeliness of the RFP is premised on a misrepresentation of the record and Plaintiff offers no other explanation for its untimeliness. Plaintiff failed (even to this day) to seek leave to pursue untimely discovery and thus the RFP remains a nullity. Nevertheless, Defendants will, in abundance of caution, address the arguments made in Plaintiff's Motion.

### Plaintiff's RFP Was and Remains a Nullity to Which No Response or Objection is Required

4.  This Motion to Compel is another example of Plaintiff simply disregarding the Local Rules of this Court.[6] L.R. 26.1(d) states unequivocally that all "written discovery requests" must be served in sufficient time "that the response is due on or before the cutoff date." It is undisputed that the discovery cutoff date here was July 15, 2022. It is also undisputed that Plaintiff served his RFP on June 22, 2022, which would make the responses due past the discovery cutoff on July 22, 2022.

---

[3] Motion [DE 79] ¶ 1.
[4] Motion [DE 79] ¶ 4.
[5] Motion [DE 79] ¶ 6.
[6] In his previous Motion to Compel [DE 64] and Reply [DE 64] (which remain pending), Plaintiff admitted to **filing an untimely motion to compel and violating of L.R. 26.1(g)(1).** As in in the instant motion, Plaintiff simply asks the Court to ignore the Local Rules and grant the relief requested, regardless of his untimeliness and without good cause for same.

5.      L.R. 26.1(d) also unequivocally states that a party served with untimely discovery requests need not respond nor object to the untimely request. *See* L.R. 26.1(d) **(a failure to timely serve discovery requests "obviates the need to respond or object to discovery, appear at the deposition, or move for a protective order.").** Thus, Plaintiff was not entitled to any response nor was Defendant required to provide any substantive objection to Plaintiff's untimely RFP.[7] *See Grimsley v. Palm Beach Credit Adjusters, Inc.,* 2016 WL 403630, *3 (S.D. Fla. 2016) (holding that the party that served untimely discovery was not entitled to any response pursuant to L.R. 26.1).

### Plaintiff's Motion to Compel Is Improper Under Fed. R. Civ. P. 6

6.      Fed. R. Civ. P. 6 ("**Rule 6**") requires a party desiring to extend any deadline to file a motion and demonstrate good cause for the extension. *See* Rule 6(b). If the request is made *after* the deadline has passed (as here), the requesting party must demonstrate "excusable neglect" for their untimeliness. *Zurich Am. Ins. Co. v. Eur. Tile & Floors, Inc.,* 2017 WL 638640, *2 (M.D. Fla. 2017) (denying party's motion to extend discovery filed after the deadline because it did not "show good cause or excusable neglect"). Instead of complying with Rule 6, however, Plaintiff simply elected to violate this Court's Scheduling Order and intentionally serve his untimely RFP. He now has the temerity to seek to compel responses to an untimely RFP for which he has neither sought not been granted leave to serve, while simultaneously disregarding his obligations under Rule 6.

7.      Instead of complying with Rule 6 or this Court's Scheduling Order, Plaintiff argues he was *prevented* from timely serving his RFP on or before June 15 because he did not have the

---

[7] In this regard, Plaintiff's argument that AA "did not object to any of the requests on the merits" is correct, but legally meaningless. Plaintiff was not entitled to any response or objection pursuant to L.R. 26.1(d), and to the extent AA is ordered to respond, AA will assert all objections available and applicable to these requests.

EVD text messages until June 8, 2022 and it took him two weeks to have them translated and to draft Plaintiff's Motion for Sanctions [DE 55], filed June 16, 2022.[8]  While this argument explains *why the RFP was untimely*, it utterly fails to explain, much less provide good cause, for: 1) Plaintiff's *failure to seek leave* to serve the untimely RFP; 2) Plaintiff disregard of this Court's Scheduling Order; or 3) Plaintiff's failure to make any effort to comply with his obligations under Rule 6. *El-Saba v. Univ. of South Alabama,* 738 F. App'x 640, 646 (11th Cir. 2018) (affirming denial of a motion to compel where a party did not give "reasonable excuse why he did not move to extend the discovery deadline").

8. Further, Plaintiff's argument is premised on a misrepresentation of the record before this Court. Plaintiff had obtained the English translation of the EVD text messages on June 9 [DE 55-1, at p. 19] – one week before Plaintiff's Motion for Sanctions was filed and six days before the last day (June 15, 2022) to timely serve discovery.  Plaintiff's Motion fails to provide good cause or excusable neglect for not serving his simple three category RFP during that period.

9. Even assuming his timeline of events, Plaintiff fails to explain why he could not have timely served the RFP before June 15, 2022 (an entire week later), nor why he needed to wait until one week *past* the cutoff deadline to do so—without requesting any extension.  Plaintiff voluntarily delayed past the cutoff date, and he provides no good cause explanation for his complete disregard of the Scheduling Order, nor his refusal to seek a proper extension under Rule 6. *S.O.S. Resource Servs., Inc. v. Bowers,* 2015 WL 6735540, *3 (S.D. Fla. 2015) ("A court can only assist those parties who help themselves, and here, the record indisputably demonstrates that

---

[8] Motion [DE 79] ¶ 5.

4

Plaintiff was its own worst enemy. Had Plaintiff complied with this Court's Scheduling Order, timely served requests for production on Defendants . . . Plaintiff would not be in this situation.")

10. To receive the relief requested in Plaintiff's Motion, and extend discovery after the deadline has passed, Plaintiff **must** file the proper motion, demonstrate good cause, and show excusable neglect for his failure to act. *See* Rule 6(b)(1)-(2). Plaintiff has not done so, and he cannot circumvent these requirements by, as here, simply hiding a motion for extension within a motion to compel (untimely) discovery.

### Plaintiff's Discovery-on-Discovery Argument Does Not Just His Untimely Conduct

11. Plaintiff's argument for the relevance of the discovery sought by his untimely RFP fails to support his Motion. Plaintiff's Motion admits that he is not seeking discovery with any relevance to any a substantive claim or defense in this matter.[9] Instead, he is seeking discovery for the sole purpose of supporting his Motion for Sanctions.[10] This is precisely the kind of "tangential" "discovery into discovery" that this Court expressed a desire to limit in the May 24, 2022 hearing:

> "The extent of the discovery, **I'm having trouble with [] how far askew from the events, how much discovery into discovery we're going to take**."[11]
>
> "At heart, **this is a pretty narrow case** and the discovery should not be motions for sanctions and motions to quash, like, we should know what our discovery plan is and get to it."[12]

---

[9] Relevant evidence is that which "has any tendency to make a fact more or less probable . . . *and the fact is of consequence in determining the action*." Federal Rule of Evidence 401.
[10] Motion [DE 79] ¶ 4.
[11] *See* Transcript of Hearing on May 24, 2022 ("**Hearing Transcript**") before Hon. Judge Lauren Fleischer Louis at page 5, lines 4-7.
[12] *See* Hearing Transcript at page 6, lines 7-10.

12. Indeed, the *sole premise* of the stated "need" for the discovery sought in the RFP is to test (for unstated reasons and for no stated basis) the veracity of defense counsel's declarations that they did not authorize or know about the EVD text messages until the filing of Plaintiff's Motion for Sanctions.[13] This "need" in turn is premised upon nothing articulated in the Motion and appears to be derived from nothing other than Plaintiff's counsel's beliefs, suspicions, and conspiracy theories. The Motion is so baseless it invokes the time honored (and tired) argument that AA should respond to the RFP - and ignore the Court's Scheduling Order, the Local Rules (as Plaintiff has done, repeatedly) and the attorney client privilege - if it has nothing to hide.[14] A *reductio ad absurdam* extension of Plaintiff's argument would entail a wholesale abandonment of the discovery limitations of, inter alia, Rule 26, the attorney client and attorney work product privileges.

13. Further, consistent with his prior conduct, Plaintiff's argument suggests a negative inference where none exists. As explained above, Plaintiff is not entitled to any response to untimely discovery requests. Plaintiff's attempt to draw a negative inference from *Defendant's compliance* with the rules of this Court—and proper objections to *Plaintiff's violation* of same—is frivolous and rationally bankrupt. L.R. 26.1(d). Second, *Plaintiff* carries the burden to justify *his* tardiness—this burden is not placed on Defendant. As argued above, Plaintiff must file the proper motion and demonstrate good cause/excusable neglect. He has not done so, and he cannot lay the blame at Defendant's feet. Rule 6(b).

14. Third, this argument disingenuously suggests that Plaintiff has a good faith, litigation interest in the requested discovery. His prior conduct, and this Motion, suggests

---

[13] Motion [DE 79] ¶ 4.
[14] Motion [DE 79] ¶ 4.

6

otherwise. For example, Plaintiff's Motion provides only a *post hoc* rationalization for the requested discovery, arguing that his June 22, 2022 RFP is relevant to AA's Response to the Motion for Sanctions, which was filed two weeks afterward. In this regard, Plaintiff asks this Court to believe that he designed this discovery based on a Response that *he had never seen*.[15] Plaintiff has no reason to doubt the veracity of AA's counsel representations in the July 6, 2022 Response to his Motion for Sanctions. His Motion does not articulate any such reason, and he cannot use these *prior served discovery requests* to further his fishing expedition into matters which are collateral other collateral matters.

15. Moreover, this argument asks Defendant to ignore Plaintiff's prior conduct. Each time that Defendant has waived discovery protections or formalities to provide information to Plaintiff's counsel, he has twisted and contorted the truth to concoct claims of discovery abuse (and worse), only to unceremoniously abandon them when confronted with the truth.[16] Plaintiff's Motion (and his suggestion that AA should once again waive discovery protections and formalities) is simply more of the same whack-a-mole conspiracy gamesmanship. This conduct must end, and only this Court can see that it does.[17]

### Plaintiff's Argument that Rule 37 Bars Defendant's Objections is Baseless

16. Lastly, Plaintiff argues that AA should be "barred under Federal Rule of Civil Procedure 37" from asserting any objections to this RFP "because of AAs [sic] violation of the Court's order at the May 24, 2022 hearing."[18] This argument is baseless.

---

[15] Motion [DE 79] ¶ 4.
[16] See Defendant's Response to Plaintiff's Motion for Sanctions [DE 61] at ¶¶15-19.
[17] *See, generally,* Defendant's Response to Plaintiff's Motion for Sanctions [DE 61].
[18] Motion [DE 79] ¶ 6.

17. First, this Court currently has two motions for sanctions pending before it—one filed by Plaintiff and a cross-motion filed by Defendant—regarding allegations raised by both parties of perceived violations of the Court's instructions in the May 24, 2022 hearing.[19] This Court has yet to decide on these Motions, and Plaintiff's representation in his Motion improperly assumes a conclusion that is still within the province of this Court. Regardless, between the two motions, only one – Defendant's Cross-Motion for Sanctions [DE 83] - provides record proof that a party (Plaintiff) and/or his counsel intentionally, knowingly and willingly tampered with witnesses "persuading" one witness to provide a sworn declaration inconsistent with every recitation of events provided by that witness (including a recitation by the witness' own lawyer) on the one issue – publication - critical to the survival of Plaintiff's defamation per se claim.

18. Second, Plaintiff's cited authorities do not support his proposal that Fed. R. Civ. P. 37 ("**Rule 37**") should bar Defendant from asserting *any* objections to discovery requests. In *White Lion,* for example, the Court ordered a party who had failed/neglected to respond to discovery to respond to the outstanding requests and show good cause for prior failure to do so. *White Lion Van Lines, Inc. v. Palm Beach County Commission,* 2005 WL 8156156 at *1 (S.D. Fla. 2005). The Court noted that Rule 37 allowed the Court to "enter appropriate sanctions" due to the neglectful party's "failure to comply with discovery rules." *Id.* No such neglect appears on the record before this Court.

19. In the instant case, it is Plaintiff—not Defendant—that has failed to comply with discovery rules, the Scheduling Order, and the Local Rules. *White Lion* does not support Plaintiff's proposal that Rule 37 can bar Defendant from asserting objections to discovery. Instead, under

---

[19] Plaintiff's Motion for Sanctions [DE 55]; Defendant's Cross Motion for Sanctions [DE 83].

*White Lion,* Rule 37 could guide this Court to order Plaintiff to show cause for his failure to comply with discovery.

20. Likewise, neither *C&K Grocery* nor *Tacori Enterprises* support Plaintiff's proposal that Rule 37 should bar all objections to his untimely discovery. *C&K Grocery LLC v. Beauchamp,* 2013 WL 12383342 (S.D. Fla. 2013); *Tacori Enterprises v. Beverlly Jewellery Co., Ltd.,* 253 F.R.D. 577 (C.D. Cal. 2008). Neither case addresses circumstances where a party attempts to serve untimely discovery. Neither suggests that Rule 37 can be applied to bar a party's rightful objections to late discovery.

21. Like his previous arguments, Plaintiff's Rule 37 does not allow him to serve untimely requests and circumvent the Scheduling Order, the Local Rules, and his Rule 6 obligations. Plaintiff cannot weaponize Rule 37 to seek relief that must be granted through a Rule 6 motion for extension. Further, under L.R. 26.1, Plaintiff's alleged service of the Eighth RFP is a nullity, and Defendant has waived no objections or right to respond. To the extent that this Court allows Plaintiff to serve this Eighth RFP, Defendant must be allowed time to assert substantive objections in light of L.R. 26.1(d).

Respectfully Submitted,
**BUCHANAN INGERSOLL & ROONEY PC**
s/ Kelly Kolb
Kelly H. Kolb, Esq.
Florida Bar Number: 0343330
kelly.kolb@bipc.com
Robert D. Pecchio, Esq.
Florida Bar Number: 1005955
Robert.pecchio@bipc.com
401 East Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301
T:(954) 703-3944    F:(954) 703-3939
*Attorneys for Defendant American Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 15th day of August, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via Transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.


                 By: */s/ Kelly Kolb*
                    Kelly Kolb

**SERVICE LIST:**
William T. Woodrow, III
Stone & Woodrow, LLP
Lewis & Clark Plaza
250 West Main Street, Suite 201
Charlottesville, VA 22902
Tel: (855) 275-7378
E-mail: will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*

Rook Elizabeth Ringer, Esq.
Lento Law Group, P.A.
222 San Marco Ave., Ste. C
*Counsel for Plaintiff*

David Pollack, Esq.
Stone & Woodrow LLP Law Offices of David Pollack, LLP
250 West Main St. Suite 201 75 Valencia Avenue, Ste. 100
Charlottesville, VA 22902 Coral Gables, FL 33134
will@stoneandwoodrowlaw.com David@davidpollacklaw.com
Fax: 646 873-7529 Fax: (305) 372-5904
Voice: 855-275-7378 Voice: (305) 372-5900

*Counsel for Plaintiff*