UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TROY CLOWDUS,

    Plaintiff,                                             CASE NO: 2021-cv-23155

v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO HIS MOTION TO COMPEL BETTER RESPONSES TO HIS EIGHTH REQUEST FOR PRODUCTION

Plaintiff TROY CLOWDUS ("Clowdus") files his Reply to Defendant AMERICAN AIRLINES, INC's. ("AA") Response in Opposition to his Motion to Compel Better Responses to his Eighth Request for Production ("Motion to Compel").

AA devotes virtually its entire Response to explaining to the Court why Clowdus's Eighth Request for Production was untimely under its own order and the Rules of Civil Procedure. In so doing, it ignores the fact that the Court considered -- and necessarily rejected -- these arguments on August 1, 2022 when it entered its order allowing Clowdus to file his Motion to Compel. *See* (DE #78).

On July, 27, 2022, Clowdus filed a Motion for Leave to file his Motion to Compel ("Motion for Leave"). (DE#76). The Motion for Leave was necessitated by AA's refusal to provide any documents responsive to his Eighth Request for Production ("The Request") because it was served before the close of discovery but less than 30 days before AA was required to serve its response. In his Motion for Leave, Clowdus explained that he had not served The Request

1

sooner because he was not aware of either the existence of Velarde Danache, Inc., AAs Mexican law firm and the source of the documents, or the text messages it sent to Hernandez-Ramirez, until a week before the discovery cutoff.  Clowdus further explained that between June 8, 2022, when he received the texts, and June 15, 2022, when discovery closed, he was in the middle of drafting his Motion for Sanctions based largely on the text messages and that he had not yet received certified translations of the text messages.  In support of his motion, Clowdus cited several cases from the Southern District and the Eleventh Circuit discussing what constitutes "excusable neglect" for failing to timely serve discovery, as well as the Supreme Court's decision in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), in which the Court explained that the determination of excusable neglect was "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Ashmore v. Sec'y, Dep't of Transportation*, 503 Fed.Appx. 683, 685. (11th Cir. 2008); *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, 2018 WL 679490 (Feb. 2, 2018, S.D. Fla.), at * 3-4.  see also *Advanced Estimating Sys., Inc.v. Riney*, 77 F. 3d 1322, 1325 (11th Cir. 1996); *Young v. City of Palm Bay*, 358 F. 3d 859, 863 (11th Cir. 2004) ("Whether neglect is excusable is a decision within the district court's discretion.')

On August 1, 2022, this Court granted the Motion for Leave <u>even though it was fully aware from the content of the motion that The Request itself was untimely</u>.  Specifically, the Court found Clowdus had demonstrated "good cause" to extend the time for allowing him to file the Motion to Compel <u>for the reasons stated in the motion</u>:

> PAPERLESS ORDER. THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to File Motion to Compel American Airlines, Inc. to Provide Better Responses to Plaintiff's Eighth Request for Production. [76]. Therein, Plaintiff requests that the Court allow him to file an untimely motion to compel better responses to his Eight Request for Production. See generally id. Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court

2

> may, for good cause, extend the time." Fed. R. Civ. P. 6 (b)(1). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013); see also *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Here, the Court finds good cause to permit the untimely filing of a motion to compel *for the reasons stated in Plaintiff's Motion for Leave to File*. See [76] at 3-4. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Leave to File Motion to Compel American Airlines, Inc. to Provide Better Responses to Plaintiff's Eighth Request for Production [76] is GRANTED. Plaintiff shall file the Motion to Compel separately on the docket on or before August 3, 2022. Signed by Judge K. Michael Moore on 8/1/2022. (tgr)

(emphasis added).

In other words, this Court was clearly aware of the procedural issues and rules AA has raised in its Response -- and which were thoroughly discussed in Clowdus's Motion for Leave -- when it found good cause allowing Clowdus leave to file his Motion to Compel. Yet rather than address the merits of the Motion to Compel and assert any substantive objections to the specific requests in its Response, AA has chosen instead to simply make the same timeliness argument that the Court already considered -- and implicitly rejected -- when it found good cause to extend the time for him to file his Motion to Compel.

AA argues that it is not required to serve substantive objections to The Request because it was served two weeks after the discovery cutoff and is therefore "a nullity." But AAs argument ignores the fact that Clowdus sought leave to file the Motion to Compel <u>directed at the Request</u> and that the Court granted that motion because it found Clowdus had demonstrated good cause for filing his motion after the close of discovery. For this reason, AA's claim that Clowdus never sought or was granted leave of court in connection with the request is misleading. AA's claim that Clowdus misrepresented the

3

date when he obtained the English translation of the text messages is also inaccurate. While Clowdus received copies of the EVD text messages on June 9, he did not receive certified translations of those text messages (which is what he represented in his Motion for Leave) until June 16.

AA argues that there is no need for it to produce the documents that are the subject of the Request because the Motion to Compel "appears to be derived from nothing other than Plaintiff's counsel's beliefs, suspicions and conspiracy theories." Not so. The Request derives from the existence of *actual evidence* of communications between the Mexican law firm and at least one passenger after May 24, 2022 which were both factually inaccurate and contrary to the Court's May 24, 2022 directions regarding communications with non-party witnesses. Furthermore, any argument for attorney/client privilege, as AA suggests, would not apply to communications between the Mexican law firm and non-parties.

AA claims that it is a "tired refrain" to ask: "if you have nothing to hide, why are you trying so hard to hide nothing?" That may be true in some contexts. But in this instance AA's dogged refusal is perplexing: the communications that the Plaintiff seeks are the very thing that could absolve AA from the allegations in the Motion for Sanctions. The communications that Clowdus seeks are almost certainly going to be requested by the Court at the evidentiary hearing on the Motion for sanctions – *because there is no evidence that could be more probative*. The communications that Clowdus seeks are of the same nature as those that Clowdus voluntarily submitted in Response to AA's Cross-Motion for Sanctions. Clowdus divulged his own communications with his investigator without a discovery request (let alone a discovery fight) and without any order of the

Court requiring him to do so, and he has nothing to hide. Indeed, if AA believed that its communications with the Mexican firm were harmless or otherwise vindicated AA's defense, then it would be in AA's interest to voluntarily divulge them.

AA also maintains that the Request is irrelevant because it concerns matters that are the subject of the Motion for Sanctions, rather than the underlying case. AA cites no authority to support this proposition because there is none, particularly where, as is the case here, the disposition of the Motion for Sanctions and AAs Cross Motion may affect the evidentiary rulings that are the subject of the pending Motions in *Limine*. Indeed, the Court has the inherent authority to compel AA to produce the requested discovery to assist it in ruling on the Motion for Sanctions, since the documents sought are clearly relevant to the Motion for Sanctions. *See, e.g., Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, 2021 WL 8972139 (Dec. 16, 2021, S.D. Fla), at * 1.

Finally, this Court should reject AA's request that it be permitted *an entire fresh round of briefing on its substantive objections* if the Court disagrees with its position, since AA has waived its right to assert any substantive objections by failing do so in its Response. Allowing AA another opportunity for briefing would only delay production of documents clearly relevant to Clowdus's Motion for Sanctions. [1]

---

[1] This is not the first time that AA has acted in this fashion in this case. AA also disregarded the Court's July 27, 2022 order in DE 75, where the Court acknowledged that AA had requested relief in its response, but said "no further briefing is permitted." Any reasonable person would interpret the Court's ruling to mean that it had heard enough on the subject and was not interested in hearing any more. Instead, AA waited a week and then filed a Second Cross Motion that sought to address the arguments raised in Plaintiff's Response (a/k/a, a Reply), triggering a fresh round of briefing. Had AA been unsure about the intent of the Court's order, it could have sought clarification. Instead, it waited a week and filed a Second Motion for Sanctions, enabling it to circumvent the spirit and letter of the Court's July 27, 2022 Order.

## CONCLUSION

For the reasons argued herein and in his Motion to Compel, Plaintiff Troy Clowdus requests the Court grant his Motion to Compel Better Responses to His Eighth Request for Production.

Respectfully Submitted,

/s/ William T. Woodrow III                                       /s/ David H. Pollack

| | |
|---|---|
| William T. Woodrow III (*pro hac vice*) | THE LAW OFFICE OF |
| Stone & Woodrow LLP | DAVID H. POLLACK, LLC |
| 250 West Main St. Suite 201 | Fla. Bar No. 0955840 |
| Charlottesville, VA 22902 | 75 Valencia Avenue, Suite 100 |
| will@stoneandwoodrowlaw.com | Coral Gables, FL  33134 |
| Phone: 855-275-7378 | Tel:  305-372-5900 |
| Attorneys for Plaintiff | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 22, 2022.

/s/ David H. Pollack
*Attorney for Plaintiff*