UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2021-cv-23153

TROY CLOWDUS,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Plaintiff submits this Response to Defendant's Statement of Undisputed Facts pursuant to Local Civil Rule 56.1 to clarify which material facts propounded by Defendant remain in dispute and to provide additional undisputed facts for the summary judgment record.

1. *Undisputed.* Plaintiff was a business class passenger who boarded AA's Flt 1303 from Miami to Mexico City on June 10, 2021and was seated in the first row bulkhead seat.
2. *Undisputed* that Plaintiff was aware that passengers seated in the bulkhead seat must stow their bags in the overhead compartment. *Disputed* as to the characterization implied from the fact that Plaintiff did not immediately stow his bag upon boarding. From past experience, Clowdus believed he was permitted to retain his bag until the completion of the boarding process.[1]
3. *Disputed* as to the characterization that Plaintiff failed to follow crewmember instruction by not stowing his bag immediately.[2]
4. *Undisputed* as to the bag making contact. *Disputed* as to the implied aggression or intentionality. Clowdus "'swung' (the bag) out over the passenger (seat) because the business class seats are very large and the bag is very floppy."[3]

---

[1] ECF No. 81-3, Deposition of Troy Clowdus dated February 1, 2022 ("Clowdus Dep."), Pg. 54:8-15.
[2] *Id.*
[3] ECF No. 81-3, Clowdus Dep., pgs. 66:24-67:18.

1

5. *Undisputed* that Clowdus was removed from the aircraft.  *Undisputed* that the captain has the ultimate authority to remove passengers.  *Disputed* that it was the captain's decision to remove Clowdus.  The captain only endorsed Merino's demand after Merino made a scene at the cockpit, repeatedly exclaiming: "I'm not flying with that man."[4]

6. *Undisputed* if "such events" is interpreted to mean the removal of a passenger.

7. *Undisputed* that Merino filed a CERS report.  *Disputed* that Merino accurately detailed "his observations of the incident."[5]

8. *Undisputed* that Maldonado received Merino's CERS report.  *Disputed* that Maldonado (a "security coordinator") reviewed or conducted an investigation of the incident in any way.[6]

9. *Undisputed* that Maldonado compiled an "IRL Packet" and forwarded it to John Kirby.  *Disputed* that he compiled "documents" (plural) with the Merino CERS Report.  He included only one additional document: flight attendant Gray's CERS Report.[7]

10. *Undisputed* that Kirby receives all IRL Packets and that he made the determination to place Clowdus on the IRL list which permanently banned the Plaintiff from flying on future AA flights.  *Disputed* as to the characterization of the report Kirby received as being "investigatory"[8]

11. *Undisputed* that Clowdus technically still has access to the rewards account; however, *disputed* to the extent that this implies that the miles or rewards account retain any value to the Plaintiff.

12. *Undisputed* that the Plaintiff has no evidence to suggest that AA has, in the past, shared its IRL list with third parties.  *Disputed* that AA is not considering sharing its IRL list with third parties in the future.  AA refused discovery on this question.[9]

---

[4] ECF No. 81-3, Clowdus Dep., pg. 85:14-17.
[5] ECF No. 40, Am. Comp., ¶¶s 43-44.
[6] ECF No. 81-3, Deposition of Aristides Maldonado dated March 8, 2022 ("Maldonado Dep."), pgs. 11:17-20, 12:21-13:21; ECF No. 40, Am. Compl., ¶¶s 42, 46, 53-57.
[7] Am. Compl., ¶ 54.
[8] ECF No. 81-3, Maldonado Dep., pg 12, lines 21-25, pg. 13, lines 1-21.
[9] ECF No. 64, Plaintiff's Motion to Compel Discovery, pg. 2, ¶7.

## Additional Facts

13. At the time of the incident, the Plaintiff was seated in the window seat, 1F.[10]
14. At the time of the incident, passenger Federico Quintana, who provided testimony in the case, was seated in 4A; passenger Jairo Espinoza, who provided testimony in the case, was seated in 3B; and passenger Nicole Kim, who provided testimony in the case was seated in 3A.[11]
15. At the time of the incident, AA's Ground Security Coordinator, Jose Henriquez, was standing in the jet bridge and heard Merino exclaim "You hit me," twice, whereupon he immediately entered the plane to investigate.[12]
16. Flight attendant Gray filed a CERS report on June 10, 2021, wherein she claimed to witness the incident and stated "Pax became irate, grabbed his bag from behind his legs, & intentionally aimed at the #1 & hit him hard in his stomach, with it, & *stood there glaring at the #1.*[13]
17. When Henriquez looked around the corner, he observed Clowdus *to be seated* in a window seat, *where he remained seated* until Henriquez went to speak with him.[14]
18. Neither Quintana, Kim, nor Espinoza recall Clowdus standing at any time before he rose to exit the plane.[15]
19. In her deposition Gray placed herself standing between aisles 2 and 3 at the time of the incident.[16]
20. Neither Quintana, Kim, or Espinoza recall seeing Gray in business class at the time of the incident, even though her claimed position would put her on the diagonal *between* the passengers and seat 1F where the incident occurred.[17]

---

[10] Ex. A, Plaintiff tickets, Plaintiff's Production, P0005.
[11] Ex. B, Defendant's Fifth Amended Disclosures dated March 2, 2022.
[12] Ex. C, Deposition of Jose Henriquez dated February 3, 2022 ("Henriquez Dep."), pgs. 14:25-15:4.
[13] Ex. D, Defendant's Production, AA0005-AA0007, Deon Gray CERS Report dated June 10, 2021 ("Gray CERS").
[14] Ex. C, Henriquez Dep, pgs. 18:18-19:3.
[15] Ex. F, Deposition of Federico Quintana dated March 22, 2022 ("Quintana Dep."), Pg. 61, ll. 7-12; Ex. G, Deposition of Nicole Kim dated April 22, 2022 ("Kim Dep."), Pg. 17, ll. 19-24; Ex. H, Affidavit of Jairo Espinoza dated July 1, 2022 ("Espinoza Affidavit").
[16] Ex. E, Deposition of Deon Gray dated March 23, 2022 ("Gray Dep."), Pg. 11, ll. 15-21, Pg, 12, ll. 1-11.
[17] Ex. F, Quintana Dep., Pg. 28, ll. 10-12, Pg. 108, ll. 2-20; Ex. G, Kim Dep., Pg. 7, ll. 3-15, Pg. 32, ll. 18-25, Pg. 33, ll. 1; Ex. H, Espinoza Affidavit.

21. When Henriquez entered the plane and observed Merino "standing in the middle of the aisle in business class telling me that this passenger needs to come off," he did not observe flight attendant Gray also standing in business class. He later disputed the credibility of any flight attendant witness statements to his supervisor, saying that he was closest, and the flight attendants were all in the back of the plane at the time. [18]

22. Clowdus "looked around for assistance" after the incident but observed no other flight attendants nearby. [19]

23. In her deposition Gray claimed that she stood between rows 2 and 3 during the incident and that she stepped back to stand between rows 3 and 4 while Henriquez was removing Clowdus from the plane. [20]

24. Gray testified that Clowdus appeared angry throughout his removal, and that he protested angrily as he was being led off the plane that "he didn't do it" and "he didn't do anything."[21]

25. Neither passengers Quintana, Kim, Espinoza, Ramirez, or Kaizer observed Clowdus to act angrily or aggressively at any point.[22]

26. Passengers Quintana, and Keizer testified that Clowdus departed quietly, without speaking.[23]

27. Passenger Kim testified that Clowdus asked: "why am I getting kicked out of the plane?" Afterwards, he looked confused but departed calmly.[24]

28. GSC Henriquez, who led Clowdus off the plane testified that he never observed Clowdus to be angry and he complied with the request to depart the plane calmly.[25]

29. Gray testified that the bag that struck Merino was a hard-sided briefcase.[26]

30. Clowdus testified that his bag is a small floppy leather satchel.[27]

---

[18] Ex. C, Henriquez Dep., pg. 15:5-9; Ex. I, Defendant's Production AA00014, Tour Report of Jose Henriquez to his supervisor Daniel Gonzalez dated June 10, 2021 ("Tour Report").
[19] Ex. J, Clowdus Dep., Pg. 68, ll. 14-25, Pg. 69, ll. 1.
[20] Ex. E, Gray Dep., Pg. 59, ll. 13-20; Pg. 11, ll. 15-Pg. 12, ll. 10.
[21] Ex. E, Gray Dep., Pg. 34, ll. 16-19, Pg. 42, ll. 6-21, Pg. 43, ll. 1-9, Pg. 92, ll. 14-18.
[22] Ex G, Kim Dep., Pg. 8, ll. 9-25; Ex. R, Ramirez Affidavit; Ex. F, Quintana Dep., Pg. 21, ll. 1-4, Pg. 86, ll. 10-21; Ex. K, Declaration of Elja Keizer dated January 27, 2022 ("Keizer Dec."); Ex. H, Espinoza Affidavit.
[23] Ex. F, Quintana Dep., Pg. 21, ll. 1-4, Pg. 86, ll. 10-21; Ex. K, Keizer Dec., ¶7.
[24] Ex G, Kim Dep., Pg. 8, ll. 9-25.
[25] Ex. C, Henriquez Dep., Pg. 20, ll. 25, Pg. 21, ll. 1-16.
[26] Ex. E, Gray Dep., Pg. 31, ll. 17 – Pg. 33, ll. 17.
[27] Ex. J, Clowdus Dep., Pg. 66, ll. 24 – Pg. 67, ll. 1; Pg. 48, ll. 23 – Pg. 49, ll. 20.

31. Gray testified that Clowdus was wearing a business suit and restated that that was what she predominantly remembered.[28]

32. Clowdus declares that he was wearing jeans and a t-shirt on the morning of the flight and that he has not worn a business suit in 20 years.[29]

33. Flight attendant Gray testified in deposition that she and Merino have been friends for 21-22 years, have exchanged telephone numbers, and interact socially on layovers.[30]

34. Merino wrote in his CERS Report: "I was physically assaulted by this man and the company needs to do something about it!" and he "deliberately hit me in the stomach with it very hard with it! I asked him [sic] You just hit me with your bag and he replied very aggressively NO I DIDN'T."[31]

35. Gray wrote in her CERS Report: "No form of assault is acceptable on the crew!!!" and "If the company keeps refusing to prosecute these violent offenders, the crew will be left with no choice but to do it ourselves!" and "The FAA will be notified by us."[32]

36. Merino knew that he was accusing Clowdus of a felony.[33]

37. The captain never interacted in any way with Clowdus.[34]

38. When Henriquez spoke to his supervisor at the end of his shift on June 10, 2021, he told him that he believed Merino "unnecessarily escalated the incident."[35]

39. Henriquez booked Clowdus on a later flight and personally escorted him to it.[36]

40. Merino recounted in deposition: Henriquez went back and attempted a last appeal to Merino after escorting Clowdus off the plane, telling Merino that "he was talking to the passenger, but that he never intended to do what he did." Merino replied "he never apologized for it either. So, then, well I said the decision has been made"[37]

41. Clowdus filed a customer complaint about Merino through AA's complaint portal in its website.[38]

---

[28] Ex. E, Gray Dep., Pg. 81, ll. 13 – Pg. 82, ll. 12.
[29] Ex. S, Declaration of Troy Clowdus dated August 26, 2022.
[30] Ex. E, Gray Dep., Pg. 10, ll. 7-16.
[31] Ex. L, Defendant's Production, AA00001-AA0004, CERS Report of Carlos Merino dated June 10, 2021.
[32] Ex. D, Gray CERS.
[33] Ex. M, Deposition of Carlos Merino dated February 4, 2022 ("Merino Dep."), Pg. 73, ll. 9-15.
[34] Ex. J, Clowdus Dep., Pg. 119, ll. 7-12
[35] Ex. I, Tour Report.
[36] Ex. C, Henriquez Dep., Pg. 86, ll. 16-25; Pg. 87, ll. 1-2; Pg. 100, ll. 13-18.
[37] Ex. M, Deposition of Carlos Merino dated February 4, 2022 ("Merino Dep."), Pg. 28, ll. 6-25, Pg. 29, ll. 1-2.
[38] Exhibit N, Defendant's Production, AA00096-AA00097, Clowdus complaint to American Airlines.

42. Merino claimed that Clowdus was angry from the moment he boarded the plane.[39]
43. Merino claimed that Clowdus "knocked the wind out of him," and he couldn't breathe.[40]
44. Merino testified that after he was hit with the bag, Clowdus followed up by "half-standing" menacingly.[41]
45. Merino testified that when Clowdus was exiting the plane he leaned in towards Marino's face menacingly.[42]
46. Clowdus testified that when he attempted to apologize to Merino, Merino held up his hand and said "I don't care."[43]
47. Merino claimed that he feels no pressure to get the plane out on time. It's not a priority.[44]
48. Flight attendant Colas testified that flight attendants' hourly pay does not commence until "pushback."[45]
49. Flight attendant Bastos testified that flight attendants receive reprimands after a few flights departing a few minutes late because of cabin service.[46]
50. Henriquez testified that he was there that morning for a "Right Start." The first flight of the day had to be perfect because all the others fall like dominos after.[47]
51. Kirby testified that AA does not provide its "investigators" with training in investigation.[48]
52. Maldonado stated in deposition that his job was to compile reports, put them in the computer, and send them on.[49]
53. Maldonado did not collect Clowdus' complaint and it was not otherwise sent to him or made a part of the IRL packet that he forwarded to Kirby.[50]

---

[39] Ex. M, Merino Dep., Pg. 10, ll. 23-25.
[40] Ex. M, Merino Dep., Pg. 113, ll. 6-17.
[41] Ex. M, Merino Dep., Pg. 17, ll. 22 – Pg. 19, ll. 10.
[42] Ex. M, Merino Dep., Pg. 117, ll. 20 – Pg. 118, ll. 2.
[43] Ex. J, Clowdus Dep., Pg. 76, ll. 1-6.
[44] Ex. M, Merino Dep., Pg. 97, ll. 17 – Pg. 99, ll. 5.
[45] Ex. V, Deposition of Nadege Colas dated April 6, 2022, Pg. 34, ll. 1 – Pg. 35, ll. 8.
[46] Ex. W, Deposition of Fernando Bastos dated March 28, 2022, Pg. 27, ll. 10-18.
[47] Ex. C, Henriquez Dep., Pg. 14, ll. 2-20.
[48] Ex. P, Deposition of John Kirby dated March 14, 2022 (Kirby Dep."), Pg. 12, ll. 2-17.
[49] Ex. O, Maldonado Dep., Pg. 12, ll. 8 – Pg. 13, ll. 21.
[50] Ex. O, Maldonado Dep., Pg. 66, ll. 7-25; Pg. 67, ll. 1-16.

54. Maldonado did not contact either Merino, Gray, or Henriquez to follow up in his "investigation"[51]

55. No one from AA contacted Clowdus as part of an investigation into the incident.[52]

56. Kirby testified that passengers had an avenue of appeal by responding to the email notifying them that they were under investigation.[53]

57. Both emails that Clowdus received from AA telling him that he was under investigation and that the investigation was complete said in bold at the top:  \*\*\*Please do not reply. This is not a monitored email address. \*\*\*[54]

58. Kirby explained in deposition that the passenger's version of events was not taken into account by equating passengers to criminals who lie.[55]

59. The "Tour Report" generated by Henriquez's supervisor detailing Henriquez's belief that Merino unnecessarily escalated the incident and his disbelief that any flight attendant statements corroborating Merino's account were truthful because "they were in the back of the plane" was not collected by Maldonado or otherwise sent to him or made part of the IRL Packet that was sent to Kirby.[56]

60. The CERS report filed by Henriquez was not collected by Maldonado or otherwise sent to him or made part of the IRL Packet that was sent to Kirby.[57]

61. The CERS Report filed by Henriquez did not characterize the incident as an assault.[58]

62. Maldonado's "investigative report" was merely a synthesis of the CERS Reports filed by Merino and Gray.[59]

63. Maldonado conducted his "investigation" and finalized his report in less than 24 hours after he opened it.[60]

---

[51] Ex. O, Maldonado Dep., Pg. 43, ll. 11-15; Ex. T, Defendant Production AA00028-AA00047, IRL Packet ("IRL Packet").
[52] Am Compl., ¶¶s 53, 56.
[53] Ex. P, Kirby Dep., Pg. 25, ll. 20 – Pg. 28, ll. 4; Pg. 107, ll. 11 – Pg. 109, ll. 14.
[54] Ex. U, Defendant Production AA00010-AA00011, AA00013, emails from AA to Troy Clowdus ("AA emails").
[55] Ex. P, Kirby Dep., Pg. 92, ll. 5-22; Pg. 93, ll. 1-21.
[56] Ex. I, Tour Report; Ex. O, Maldonado Dep., Pg. 62, ll. 4-18.
[57] Ex. O, Maldonado Dep., Pg. 54, ll. 14 – Pg. 57, ll. 10.
[58] Ex. Q, Defendant's Production, AA0008-AA0009, CERS Report of Jose Henriquez dated June 10, 2021.
[59] Ex. O, Maldonado Dep., Pg. 76, ll. 7-16.
[60] Ex. T, IRL Packet.

64. Clowdus was notified nearly two weeks later that the "investigation" was complete and he was banned.[61]

65. Merino stated in deposition that he only went to the captain to demand Clowdus' removal after saying "you hit me!" three times and not receiving an apology.[62]

66. Merino claimed in deposition that Clowdus gave a mocking laugh after every time he said "You hit me!"[63]

67. Passenger Juan Ramirez has given the Plaintiff a sworn affidavit attesting both that he heard the exclamation of "You hit me!" from Merino and that Merino volunteered to Ramirez after the plane departed that Clowdus had assaulted him.[64]

68. Henriquez testified in his deposition that no employees report to him.[65]

69. Maldonado testified in his deposition that he is a security coordinator, who reports to his manager Kevin Crowley.[66]

70. AA has at no time in its responses to discovery or in filings in this case claimed that any gate agent, ticketing agent, or customer service agent who accesses Clowdus' file *will not* see the assault allegation.


Respectfully Submitted,

/s/ William T. Woodrow III

William T. Woodrow III (*pro hac vice*)
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Phone: 855-275-7378
Attorney for Plaintiff

 /s/ David H. Pollack
THE LAW OFFICE OF
DAVID H. POLLACK, LLC

---

[61] Ex. U, AA emails.
[62] Ex. M, Merino Dep., Pg. 116, ll. 22 – Pg. 117, ll. 10.
[63] Ex. M, Merino Dep., Pg. 67, ll. 15-Pg. 68, ll. 9.
[64] Ex. R, Affidavit of Juan Ramirez dated May 27, 2022.
[65] Ex. C, Henriquez Dep., Pg. 11, ll. 1-4.
[66] Ex. O, Maldonado Dep., Pg. 11, ll. 17-Pg. 12, ll. 1.

Fla. Bar No. 0955840
75 Valencia Avenue, Suite 100
Coral Gables, FL   33134
Tel:  305-372-5900