IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Troy Clowdus<br><br>PLAINTIFF<br><br>VS.<br><br>American Airlines Inc.,<br><br>DEFENDANT. | Civil Action No.: 1:21-cv-23155-MM |

## MOTION TO ALLOW MEXICAN WITNESSES
## TO TESTIFY REMOTELY AT EVIDENTIARY HEARING

Plaintiff TROY CLOWDUS ("Clowdus") moves this Court to allow Eduardo Muriel, Juan Ramirez, and Jairo Espinoza to testify remotely by simultaneous transmission in the upcoming evidentiary hearing scheduled for September 14, 2022 and states as grounds:

1. On August 31, 2022, this Court issued a paperless order setting the first of several anticipated evidentiary hearings on the parties' outstanding discovery motions for September 14, 2022.

2. In its Order, the Court instructed that all counsel, parties, and witnesses are to appear in person "on each date the hearing is set."

3. In an effort to comply with the Court's order, on September 6, 2022, Plaintiff's counsel spoke with Mr. Muriel by telephone with the assistance of a Spanish language interpreter. The Declaration of David H. Pollack is attached hereto as Exh. A. Mr.

1

    Muriel, who is 89-years-old, advised the undersigned that both his passport and visa have expired and that he cannot enter the United States until those documents are renewed. See Exhibits C and D.

4. The wait time for Mr. Muriel to obtain a new visa is several months.[1] *Id.* Additionally, the Covid-19 vaccination Mr. Muriel received, the Sputnik, is not one of the vaccines approved by the United States government. See Exhibit D.

5. Mr. Muriel very much desires an opportunity to appear before the Court to respond to allegations contained in the motion and is willing to testify under oath by simultaneous transmission if the court allows him to do so. See Exhibit D. Additionally, Mr. Muriel's testimony is critical to the Court's ability to resolve the pending Motion and Cross Motion for Sanctions, and to the Plaintiff's ability to defend against the allegations raised in AA's Cross Motion for Sanctions.

6. Plaintiff's counsel also spoke with Julio Cesar Ramirez y Villafana, counsel in Mexico for passengers Juan Ramirez and Jairo Espinosa on September 6, 2022. See Exh. A. Mr. Villafana stated that both of his clients were willing to appear remotely to testify before the Court, but that neither could travel to Miami to appear in person. In Mr. Espinosa's case, his visa has expired, and his appointment to renew it is not scheduled to occur until November. See Exh. E-F. In Mr. Ramirez's case, Mr. Ramirez just started a new job within the last two weeks and is unable to take time off from work to travel.[2]

---

[1] Mr. Muriel did not indicate to Plaintiff's counsel that he had an intention to renew his visa.

[2] Although both witnesses have expressed a willingness to testify remotely, neither the parties nor the court have the ability to compel them to appear in person to testify. Furthermore, it would be unreasonable as non-party witnesses to expect them to do so, particularly given the cost and inconvenience of travelling to and from a foreign country.

7. As with Mr. Muriel's testimony, the testimony of each of these passengers is at the heart of the parties' respective motions for sanctions and critical to the Court's ability to determine the truth of what occurred. It is also necessary for the parties to be able to prosecute and defend against the respective motions and cross motions for sanctions.

8. Despite making every effort to comply with the Court's instruction to bring these witnesses with them in person on September 14, 2022, the Plaintiff has been able to do so for the reasons stated herein.

9. Although Federal Rule of Civil Procedure 43 (a) prefers that witness be taken in open court, "[t]he plain language of the rule [also] gives the district court discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.' " *Toland v. Phoenix Ins. Co.*, No. 20-12556, 2021 WL 1201737, at *4 (11th Cir. Mar. 30, 2021) (citation and quotation omitted). The cost of international travel can provide good cause for contemporaneous transmission of testimony. *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 480(D. Maryland 2010); *Dagen v. CFC Grp. Holdings,* No. 00 Civ 5682, 2003 WL 22533425, at * 2 (S.D.N.Y. Nov. 7, 2003). This Court, as well as other courts, have permitted contemporaneous transmission even in situations when the parties are located in the United States, provided appropriate safeguards are put in place. *See, e.g., VMX-Global USA, LLC v. Noble Enviromental Tech*, 339 F.R.D. 690 (S. D. Fla. 2021); *Beltran-Tirado v. INS*, 213 F.3d 1179, 1186 (9th Cir. 2000); *Scott Tmber, Inc. v. United States*, 93 Fed.Cl. 498, 499-501 (2010)(approving use of videoconferencing for trial in Washington, D.C., where witness was in Oregon). Appropriate safeguards include: 1) accurate identification of the witness; 2) protection of influence from persons present with the witness; and 3)

3

    accurate transmission.  *VMX-Global USA, LLC v. Noble Enviromental Tech*, 339 F.R.D. 690 (S. D. Fla. 2021).

10. There is good cause to allow these witnesses to testify remotely by simultaneous transmission.  None of the witnesses are parties in this case.  They all live outside the United States, and in the case of Muriel and Espinosa, are legally unable to enter the country because their entry documents have expired.  It would also be both a financial hardship and an undue inconvenience to require them to travel to the United States, particularly where they did not seek out involvement in a case that has nothing to do with them.  Mr. Ramirez just recently started a new job, and Mr. Muriel is 89-years-old and arguably not adequately vaccinated.  The court would be able to observe the demeanor and facial expressions of these witnesses, and both parties would have an opportunity to examine and/or cross examine them.   Furthermore, neither side would be prejudiced by allowing them to testify remotely.  On the contrary, given that there is a conflict in the evidence as to what occurred that morning and as to what they heard and saw, allowing them to testify would be in the interest of justice.

11. Finally, Plaintiff does not oppose AAs Mexican witnesses testifying remotely, since it recognizes the cost and inconvenience that its witnesses would suffer if they were compelled to travel to the United States.

    WHEREFORE, the Plaintiff respectfully requests that this Court allow the witnesses residing in Mexico to be allowed to testify remotely at the upcoming hearings scheduled by the court to commence on September 14, 2022.

Respectfully Submitted,

/s/William T. Woodrow
William T. Woodrow III (*pro hac vice*)
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
Fax:     646 873-7529
Voice:  855-275-7378
will@stoneandwoodrowlaw.com
*Counsel for Plaintiff*

/s/David H. Pollack
David Pollack, Esq.
The Pollack Law Firm
75 Valencia Avenue, suite 100
Coral Gables, FL 33134
Fax:   305-372-5904
Voice: 305.372.5900
www.DavidPollackLaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned hereby certifies that he confer with counsel for American Airlines via telephone on September 7, 2022 regarding the relief requested herein and counsel for American stated that he opposed it.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 12, 2022.

    /s/ William T Woodrow
*Attorney for Plaintiff*