UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TROY CLOWDUS, | Case No.: 1:21-cv-23155-KMM |
| Plaintiff, | |
| v. | |
| AMERICAN AIRLINES, INC., | |
| Defendant. | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW MEXICAN WITNESSES TO TESTIFY REMOTELY AT EVIDENTIARY HEARING

Defendant, AMERICAN AIRLINES, INC. ("AA" or "Defendant"), files its opposition to Plaintiff's Motion to Allow Mexican Witnesses to Testify Remotely at Evidentiary of September 12, 2022 ("Motion") [DE 111], and states in support thereof:

1. Pursuant to this Court's Paperless Order granting Defendant's Motion to Reset Evidentiary and Motions Hearing, **all parties, witnesses, and their counsel shall appear in-person at the evidentiary hearing on September 28, 2022** (and October 3, 2022 if needed) unless permitted to appear by remote means.[1]  Plaintiff filed the instant Motion to seek permission for three witnesses to appear remotely, Plaintiff's criminologist/investigator Eduardo Muriel ("Muriel"), passenger Juan Hernandez-Ramirez ("Hernandez-Ramirez"), and passenger Jairo Espinoza ("Espinoza").  These witnesses should be required to appear in-person or not at all.

---
[1] Paperless Order [DE 107].

## PRELIMINARY STATEMENT

2.  Pursuant to Fed.R.Civ.P. ("Rule") 43(a) a witness's testimony must be taken in person in open court unless for "good cause" and "in compelling circumstances" and "with appropriate safeguards" the court *may* permit contemporaneous transmission of remote testimony. *See* Rule 43(a).

3.  The advisory notes to Rule 43 evince a clear mandate for live, in-court testimony:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. **The importance of presenting live testimony in court cannot be forgotten.** The very ceremony of trial and the presence of the factfinder may exert **a powerful force for truthtelling**. **The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.** *Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.*[2]

4.  Federal courts have exhibited a "decided preference" for testimony in open court.[3] Requests for "good cause" and "compelling circumstances" most provide the "most persuasive showings," and typically are only granted for "unexpected reasons, such as illness or involvement in an accident." *Id.* Any other justification (outside of such unexpected reasons) "must be approached cautiously." *Id.* A party "**who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of circumstances.**" *Id.*

5.  Federal courts typically deny motions for remote testimony in light of Rule 43's decided preference for in court testimony, including:

> (1) **where the reasons offered to justify the remote testimony were not unforeseen by the requesting party**, *Stone Tech. (HK) Co. v. GlobalGeeks, Inc.*, No. 20-CV-23251, 2021 WL 2940256 (S.D. Fla. July 13, 2021) (denying request

---
[2] FED. R. CIV. P. 43(a) advisory committee's note to 1996 amendment. "Although not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).
[3] *Hamprecht v. Hamprecht*, No. 2:12-CV-125-FTM-29, 2012 WL 1367534 (M.D. Fla. Apr. 19, 2012).

to permit video testimony where reasons provided reflected reasons foreseeable by the requesting party);

(2) **where the support for video testimony was based on the alleged inconvenience of travel**, (even international travel), *Novello v. Progressive Express Ins.*, No. 8:19-cv-1618-KKM-JSS, 2021 WL 1751351, at *1-2 (M.D. Fla. May 4, 2021) (inconvenience or expenses or logistical difficulties associated with travel "falls short of supplying the requisite good cause under Rule 43(a)"); *see also Nat'l Graphics, Inc. v. Brax Ltd*, No. 12-C-1119, 2016 WL 8214294, *1 (E.D. Wis. Mar. 18, 2016) ("this is not a case presenting 'compelling circumstances' to permit testimony other than in open court. . . *It is true that the witness lives in a foreign country, but that country is Canada, not Mozambique.*") (emphasis added);

(3) **where the opposing party argued that the request was made to "avoid subjecting [the requesting party] to a proper in-person cross examination by respondent's counsel and a proper credibility evaluation by the Court"**, *Hamprecht,* 2012 WL 1367534 at *1; and

(4) **where a requesting party had not made efforts to ensure that a witness could appear at trial, such as avoiding reasonably foreseen obstructions to availability**, *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394-Orl-37DCI, 2019 WL 3854762, at *1 (M.D. Fla. Mar. 26, 2019).[4]

      6.      Plaintiff's Motion should likewise be denied as to all three witnesses. Plaintiff has failed to provide evidence even approaching the "most persuasive showings" needed to reach "good cause and compelling circumstances." The foreseen circumstances of these witnesses' unavailability have been known to Plaintiff for months. Plaintiff has made no effort to ensure their ability to testify in open court in compliance with Rule 43. Plaintiff has provided no record evidence, other than argument, to support Hernandez-Ramirez's and Espinoza's unavailability. As to Hernandez-Ramirez, he provides the insufficient excuse that Hernandez-Ramirez does not want to take time off of work. Moreover, the central nature of these witnesses' testimony; their frequent travel to the States; Muriel's powerful influence on these issues and his influence on the other

---

[4] Plaintiff cites two cases from this Circuit in support of his Motion that are irrelevant to the justifications he provides for his request for video testimony. *See Toland v. Phoenix Ins.*, 855 F. App'x 486 (11th Cir. 2021) and *VMX-Glob. USA, LLC v. Noble Env't Tech*, 339 F.R.D. 690 (S.D. Fla. 2021). The compelling circumstances in those cases involved Covid-19 outbreaks and protocols during the pandemic. Plaintiff's Motion provides no such basis. These cases are inapplicable to Plaintiff's Motion.

Mexican witnesses; the prejudice to Defendant; and the severity of the relief sought here (striking of pleadings), should warrant a denial of Plaintiff's Motion as to all three witnesses.

## EDUARDO MURIEL

7.  **First**, Plaintiff's request to have Muriel testify from a different location should be denied because the circumstances proffered by Plaintiff were known to him and/or entirely foreseeable as of April 4, 2022. Yet, Plaintiff apparently did nothing to ensure the in-person availability of Muriel – a witness Plaintiff's Motion describes as "critical"—in compliance with Rule 43.

8.  Specifically, on April 4, 2022 (at the beginning of Muriel's engagement),[5] Plaintiff asked Muriel, "If I needed you to testify in court would you be willing to travel to Miami for three days? I would pay of course[.]" Muriel rejected this request, stating that *he did not desire* to do so because of the responsibilities of his job (supervising his 120 investigators nationwide).[6] This text message exchange demonstrates two facts: 1) Plaintiff (and presumably his counsel) knew (five months prior to the setting of the evidentiary sanctions hearing) of the need to call Muriel to testify in-person in Miami federal court; and 2) Plaintiff (and presumably his counsel) knew then that **Muriel had no intention of testifying in-person – for reasons completely unrelated to his passport and visa status.** In other words, Plaintiff and his counsel have known since April 4, 2022 that Muriel was *choosing not to appear before this Court*.[7] Plaintiff nevertheless decided

---

[5] Plaintiff's Notice of Filing Certified Translated Documents in Support of Plaintiff's Reply to American Airlines, Inc.'s Response to Plaintiff's Motion for Sanctions [DE 72-1] at p. 20 of 77. This text message exchange is attached hereto as Exhibit A.

[6] *Id.*

[7] Plaintiff has provided no record evidence that Muriel attempted to or had any intention to renew his visa or passport or that Plaintiff or Plaintiff's counsel ever asked him to do so. Plaintiff's Motion seemingly indicates that Muriel has no such intention. Plaintiff's Motion [DE 111] a footnote 1.

to engage and continued to use Muriel to "persuade" multiple eyewitnesses to change their earlier witness accounts and provide accounts favorable to Plaintiff's claim.[8]

9. In addition, this Court advised all counsel at the May 24, 2022 hearing on AA's Motion for Sanctions [DE 34] that it held in-person hearings on sanctions motions and that "anything that's evidentiary…evidence is taken in person absent a real compelling reason why…"[9] Thus, Plaintiff's counsel was fully aware months ago that any testimony related to any sanctions motion would be in person, absent compelling circumstances. Plaintiff's Motion is silent on what if any efforts were undertaken to persuade Muriel to appear in person before this Court in light of these comments from the Court.

10. Plaintiff has had as many as five months since he learned of Muriel's unwillingness to appear in person to address his unwillingness and ensure Muriel's in-person availability;[10] Plaintiff has had four (4) months to ensure Muriel's in-person availability since Muriel drafted an affidavit for Juan Hernandez-Ramirez (that Plaintiff has attempted to use in multiple dispositive motions) in May 2022; and Plaintiff has had three (3) months to ensure Muriel's in-person availability *since* Plaintiff **submitted Muriel's signed affidavit as *record evidence* in support of this Motion for Sanctions filed in June 16, 2022 [DE 55]**. Plaintiff also intends to use Muriel's

---

[8] Plaintiff's Notice of Filing Certified Translated Documents in Support of Plaintiff's Reply to American Airlines, Inc.'s Response to Plaintiff's Motion for Sanctions [DE 72-1] at p. 36 of 77 – Plaintiff's text to his criminologist - "[Muriel]…will you keep working with **the student in Pueblo [Jairo Espinoza]**? Will you **visit him in person** [and] **persuade him to help us**?"

[9] Partial transcript of May 24, 2022 sanctions hearing, attached as Ex. B.

[10] Incidentally, Muriel's passport is asserted to have expired the same month that Plaintiff engaged him, which would have provided ample time for Plaintiff to advise Muriel of the "importance of his availability" and remedy any issues with his potential travel—such as issues with his passport and/or visa. Knowing of Muriel's unwillingness to testify in person, Plaintiff also could have elected to engage a different willing participant to perform his investigatory/criminologist needs. Plaintiff elected to stick with Muriel, likely due to Muriel's prowess and acclaim (e.g. Muriel's statement to Clowdus that he commands a group of 120 investigators throughout the country of Mexico). This was a calculated decision by Plaintiff the consequences of which can only fairly be laid at Plaintiff's feet, not Defendant's.

*live* testimony for the purpose of prosecuting this Motion for Sanctions, yet he has made no effort to ensure his in-person testimony pursuant to Rule 43 that he anticipated as early as April 4, 2022.[11]

11.     Plaintiff and his counsel were fully aware on April 4, 2022 of their need for testimony from this "critical" witness, they were fully aware on April 4, 2022 that Muriel had chosen – for reasons unrelated to the status of his passport and visa – not to appear in person before this Court. They were fully aware on May 24, 2022 that Muriel would be required to appear in person before this Court in connection with the sanctions motions. Yet, Plaintiff and his counsel continued to use this voluntarily unavailable witness to "persuade" witnesses and to support Plaintiff's Motion for Sanctions and to oppose Defendant's Motion for Sanctions. Plaintiff's Motion offers no record evidence (or even argument) that Plaintiff undertook any effort to, for example, ask Muriel to maintain his passport and visa status or that if asked Muriel had any intention of doing so. Thus, Plaintiff's Motion fails to demonstrate the sort of unexpected, unforeseen, compelling circumstances that would justify allowing such a "critical" witness not testify remotely. *Diamond Resorts Int'l, Inc.*, 2019 WL 3854762, at *1.   Plaintiff—not Defendant—must bear the consequences of knowingly using a witness he knew would not appear in court. *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 8970607, 2 (S.D. Fla. Mar. 9, 2020).

12.     **Second**, that Muriel has not taken an FDA approved COVID vaccine is no barrier to his in-person appearance before this Court. The COVID vaccine requirement for entry into the United States was rescinded by the Centers for Disease Control and Prevention effective June 12, 2022.[12]

---

[11] Plaintiff's Motion [DE 111] ¶ 5.
[12] https://www.cdc.gov/quarantine/fr-proof-negative-test.html#:~:text=This%20means%20that%20as%20of,flight%20to%20the%20United%20States.

13. **Third**, given the severity of the relief requested by Plaintiff (the striking of Defendant's pleadings) and the central role of Muriel in that requested relief, to suggest that Defendant would not be prejudiced by being denied its presumptive right to engage in proper in person cross-examination and credibility evaluation defies reality. *In re: 3M Combat Arms Earplug Prod. Liab. Litig.*,, No. 3:19-MD-2885, 2021 WL 2605957, *4 (N.D. Fla. May 28, 2021) (citing *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (courts evaluating requests for remote testimony should evaluate whether there is "lack of any true prejudice to the defendant").

14. While Plaintiff argues that Muriel is not a "party" "to this case," his influence is *the* central catalyst of the events prompting this evidentiary hearing. He instigated the statements/events that prompted Plaintiff's Motion for Sanctions and Defendant's Motion for Sanctions. He has been the only person who has communicated with the Mexican passengers since *he* convinced these passengers to cease cooperation with AA;[13] and it was *his* communications with those passengers which caused those passengers to retain counsel. The entire factual basis of Plaintiff's Motion for Sanctions was provided to Plaintiff through Muriel, via Muriel's communication with these fact witnesses.[14] It is Muriel who drafted the affidavit for Hernandez-Ramirez that contradicted his interview with AA and his *own* lawyer's account.[15] Plaintiff's use of Muriel to impact these issues cannot be understated.

15. Indeed, Plaintiff cannot in good faith argue that remote testimony is the equivalent to in-person testimony. It was *Plaintiff who insisted* that Muriel meet with fact witnesses *in-person* because he believed Muriel would more likely glean favorable testimony in-person than if he

---

[13] Plaintiff and Plaintiff's counsel assert that they have never spoken to Juan Hernandez-Ramirez and Jairo Espinoza.
[14] Plaintiff's Reply to AA's Response to Plaintiff's Motion for Sanctions [DE 66] at fn. 2.
[15] Defendant's Cross-Motion for Sanctions [DE 83] ¶ 13.

merely called them.[16] Rule 43 mandates in-person testimony for a reason, and Plaintiff understood the value of in-person testimony when he retained Muriel. *See* Advisory Committee notes to Rule 43(a) (the opportunity "to judge the demeanor of a witness face-to-face is accorded great value").

16.     In light of the foregoing, and as Plaintiff has not provided good cause or compelling circumstances, Plaintiff's Motion as to Muriel should be denied.

## JUAN HERNANDEZ-RAMIREZ

17.     Plaintiff has provided no record evidence to justify his request to have Juan Hernandez-Ramirez testify remotely. Plaintiff's request as to Juan Hernandez-Ramirez should therefore be ignored in its entirety for failure to provide evidence of good cause and/or compelling circumstances under Rule 43.

18.     Regardless, Plaintiff's *arguments* regarding Juan Hernandez-Ramirez, even if they had been supported with record evidence, would still fall short of good cause and compelling circumstances. Plaintiff sole argument is that Juan Hernandez-Ramirez "just started a new job within the last two weeks and is unable to take time off from work to travel."[17] However, Plaintiff's Motion fails to offer any evidence (or even argument) as to what job Juan Hernandez-Ramirez' job has, whether it is a remote or office job, what days he works and has off, or any other circumstances supporting the conclusory argument that he cannot take off 1 day during the week to present in person before this Court.[18]

19.     Plaintiff argues that "it would be unreasonable as a non-party witnesses to expect" Hernandez-Ramirez to testify in open court given the "cost and inconvenience of travelling to and from a foreign country."[19] This argument does not justify Plaintiff's requested departure from

---

[16] Plaintiff's Translation [DE 72-1] at p. 9 of 77.
[17] Plaintiff's Motion [DE 111] ¶ 6.
[18] See, paragraph 8 above.
[19] *Id.*

8

Rule 43. First, Plaintiff's Motion offers no evidence, or even argument, as to the cost of travel from Mexico to the Miami and ignores that Plaintiff has offered to pay Muriel's travel costs to appear before this Court in person. Second, unlike the Hondurans in Plaintiff's cited case *Lopez v. NTI, LLC,* 748 F. Supp. 2d 471, 480 (D. Md. 2010), Plaintiff has provided no evidence that Hernandez-Ramirez has "strikingly few financial resources" (the Hondurans allowed to testify remotely made no more than $7,000 a year). In fact, Plaintiff has not provided any evidence of Hernandez-Ramirez's financial hardship at all, merely an argument that handling the logistics of his in-person testimony would be an inconvenience.[20] This argument fails to meet the high standard of "good cause" and "compelling circumstances." *Lamonica v. Safe Hurricane Shutters, Inc.*, No. 07-61295-CIV, 2011 WL 917726, at *1 (S.D. Fla. Feb. 18, 2011) (concluding that the alleged financial and logistical burdens of attending for live testimony did not constitute "good cause" or "compelling circumstances" for the purposes of Rule 43).

20. "Even if travel could establish good cause—which it generally can't,"[21] Hernandez-Ramirez frequently travels to the United States. He was traveling from the U.S. to Mexico aboard the incident flight. Muriel drafted and Hernandez signed the affidavit that Plaintiff attempts to use for Hernandez *while Hernandez was in Austin, Texas* during the month of May 2022.[22] Regardless, inconvenience or expenses or logistical difficulties associated with travel falls short of supplying the requisite good cause under Rule 43(a). *Novello,* 2021 WL 1751351, at *1-2; *Lamonica,* 2011 WL 917726 at *1.

---

[20] Plaintiff must bear this inconvenience if he wishes to use Hernandez-Ramirez. *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 8970607, 2 (S.D. Fla. Mar. 9, 2020) (Plaintiff must bear the costs and logistical concerns of litigating his case).
[21] *Ballesteros v. Wal-Mart Stores E., LP,* No. 2:19-CV-881-SPC-NPM, 2021 WL 2917553, 1 (M.D. Fla. July 12, 2021) (denying party's request to allow remote testimony because "nothing unexpected occurred" and because travel inconvenience is not good cause).
[22] Plaintiff's Reply to AA's Response to Plaintiff's Motion for Sanctions [DE 66] at 5.

21. Finally, despite what Plaintiff argues, Plaintiff has provided no record evidence that it can ensure appropriate safeguards to protect Hernandez-Ramirez from undue influence. Defendant has provided record evidence that Muriel drafted an affidavit for Hernandez-Ramirez, facilitated by Hernandez-Ramirez's Mexican counsel that **materially deviates from his March 1, 2022 draft declaration for AA and his** *own* **June 8, 2022 email to Muriel**.[23]

22. Furthermore, Hernandez-Ramirez has given inconsistent accounts to the parties about his desire to be involved in this matter. In the June 6-7 email exchange with AA's Mexican counsel and Hernandez-Ramirez, Hernandez-Ramirez stated to AA that he does want to be involved in this matter; however, at the same time, Hernandez-Ramirez *was deeply involved* with Muriel through Hernandez-Ramirez's counsel.[24] Indeed, it was with Muriel's influence that Plaintiff generated a Hernandez-Ramirez's affidavit at that time. MURIEL [to Clowuds]: **"I am going, in some way, to ask Juan to tell us before a notary that he did not sign anything because he did not agree with what they sent him as a declaration . . .]"**[25]

23. Furthermore, Hernandez-Ramirez's willingness to appear in his counsel's office is no remedy. His lawyer's presence in and of itself is no safeguard from (and indeed would contribute negatively to) the same influence that radically transformed the testimony and cooperation of Hernandez-Ramirez. Muriel and Hernandez-Ramirez's lawyer are on record facilitating the accusations that play a central role in Plaintiff's Motion. Indeed, Hernandez-Ramirez's cooperation with Muriel after Muriel "persuaded" him to provide favorable testimony is "at the heart" of the competing sanctions motions.

---

[23] Defendant's Cross Motion for Sanctions [DE 83] ¶ 7. Defendant provided a side-by-side comparison of the inconsistences between the affidavit drafted by Muriel for Hernandez-Ramirez and the accounts he himself provided.
[24] *Id.*
[25] Defendant's Cross Motion for Sanctions [DE 83-14] at Exhibit M.

24. As stated above, Plaintiff cannot now argue that there is no difference between Hernandez-Ramirez testifying remotely and in-person. Plaintiff himself went through great expense and effort to engage Muriel to meet with Hernandez-Ramirez in-person.[26] Plaintiff's proffered excuse—Hernandez-Ramirez's beginning of his new job—is not good cause or a compelling circumstance. The central nature of Hernandez-Ramirez's testimony (which Plaintiff argues is "at the heart" of the respective motions)[27]; his previously inconsistent accounts, (including the testimony that Muriel obtained that completely contradicts his own previous and subsequent statements); the prejudice to Defendant that would arise from an inability to cross-examine Hernandez-Ramirez in open court about these inconsistencies; and the severity of the relief requested here, demand it. The Motion as to Hernandez-Ramirez should be denied.

## JAIRO ESPINOZA

25. Finally, with respect to Jairo Espinoza, Plaintiff has provided only a redacted copy of a visa which, like Muriel's visa, also incidentally expires the same month this hearing is being called.[28] Along with the redacted copy of a visa, Plaintiff has attached email correspondence from Espinoza's attorney (the same attorney who facilitated the events/statements with Muriel discussed above) that Espinoza does not have an appointment to renew his visa until November. Notably, while Plaintiff asserts that Espinoza (and Hernandez-Ramirez) are willing to submit testimony under oath in this action, neither party was willing to provide testimony to support their justification for unavailability under Rule 43. For Espinoza's part, he provides no record evidence (other than an email from the attorney), that he allowed his visa to expire and that has an appointment to renew it November.

---

[26] *See* discussion supra paragraph 14 and footnote 12.
[27] Response [DE 111-6] ¶ 7.
[28] Motion [DE 111-6] at Exhibit F.

11

26.     Furthermore, notwithstanding the lack of record evidence, Plaintiff nevertheless fails to provide good cause and compelling circumstances for Espinoza's failure to appear. Plaintiff has had many months to ensure Espinoza's availability, in the very least from the time that it filed his Motion for Sanctions at the beginning of June 2022 [DE 55]. Plaintiff knew when he filed his Motion, that he intended to use Espinoza's testimony for the purpose of this Motion and for this trial—which is set to take place next month.[29]  Plaintiff has had no unforeseen circumstances, and Plaintiff has provided no record evidence of an effort to ensure Espinoza's availability. Indeed, he willingly decided to forego ensuring Espinoza's availability. *Diamond Resorts Int'l, Inc.*, 2019 WL 3854762 at *1. This is sufficient for denial.

27.     Furthermore, like Hernandez-Ramirez, Espinoza has, since his lawyer began working with the criminologist Muriel, decided not only to recant his *signed* declaration to AA, but he has elected only to cooperate with Muriel and Plaintiff. There can be no safeguard to this kind of transformative influence. Espinoza's testimony is "at the heart" of both respective motions, as well as Plaintiff's accusations against Defendant/its counsel. Defendant would be greatly prejudiced if Plaintiff were able to rely on Espinoza's testimony for the purpose of prosecuting its motion, without the ability to properly cross-examine Espinoza before the Court, and allow the Court to evaluate Espinoza's truthfulness. Plaintiff must bear the burden of its willingness to use testimony of a witness whose availability they did not ensure—not AA. The Motion as pertains to Espinoza should also be denied.

Dated: September 14, 2022.

---

[29] Plaintiff's Motion in Limine [DE 80] at 1.


By:   */s/Kelly H. Kolb*
Kelly Kolb, Esq.
kelly.kolb@bipc.com
Buchanan Ingersoll & Rooney, PC
401 E Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301
Tel: 954-468-2300
Fax: 954-527-9915
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this the 14th day of September, 2022, a true and correct copy of the above and foregoing has been filed with the Clerk of Court using the CM/ECF system. I FURTHER CERTIFY that the foregoing document is being served this date, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic filing on the counsel of record or *pro se* parties identified on the attached Service List.

By:   */s/ Kelly H. Kolb*
Kelly H. Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel:  (855) 275-7378
Tel:  (904) 602-9400
E-mail:  reringer@lentolawgroup.com
E-mail:  will@stoneandwoodrowlaw.com

David H. Pollack, Esq.
THE LAW OFFICE OF DAVID H. POLLACK, LLC
75 Valencia Avenue, Suite 100
Coral Gables, FL 33134
Tel. No. 305-372-5900
Fax No. 305-372-5904
david@davidpollacklaw.com
*Counsel for Plaintiff*