```
 1                     UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA
 2                                (MIAMI)
                          CASE NO. 21-CV-23155
 3

 4   TROY CLOWDUS,
              Plaintiff,                       Miami, Florida
 5   vs.                                       May 24, 2022

 6   AMERICAN AIRLINES,
              Defendant.
 7   ------------------------------------------------------------
                        HEARING TRANSCRIBED FROM THE
 8                        AUDIO TAPED RECORDING
           HELD BEFORE THE HONORABLE LAUREN FLEISCHER LOUIS
 9                    UNITED STATES MAGISTRATE JUDGE

10   APPEARANCES:
     FOR THE PLAINTIFF:    STONE & WOODROW, LLP, by:
11                         William T. Woodrow, Esq.,
                           Lewis & Clark Plaza
12                         250 West Main Street, Suite 201
                           Charlottsesville, Virginia   22902
13
     and                   David H. Pollack, Esq.
14                         2600 Douglas Road, Suite 1007
                           Coral Gables, Florida   33134
15

16   FOR THE DEFENDANT:    BUCHANAN, INGERSOLL, ROONEY, by:
                           Kelly Haze Kolb, Esq.
17                         401 E. Las Olas Boulevard, Suite 2250
                           Ft. Lauderdale, Florida   33301
18
     and                   RICHARD CELLER LEGAL, P.A., by:
19                         Robert Daniel Pecchio, Esq.
                           10368 West State Road 84, Suite 103
20                         Davie, Florida   33324

21

22

23   TRANSCRIBED BY:    ELLEN A. RASSIE, RMR-CRR
                        Official Court Reporter to the
24                      Honorable Rodney Smith
                        299 E. Broward Blvd., Room 202B
25                      Ft. Lauderdale, Florida   33301
```

EXHIBIT "B"

```
 1   That being the pension and the flight, and that's separate from
 2   the statement that was --
 3            THE COURT:  I've compelled them to turn that over.
 4            MR. WOODROW:  Okay.  Okay.  I'm sorry.  I wasn't
 5   clear that that had happened.  That is --
 6            THE COURT:  Okay.
 7            MR. WOODROW:  That is the extent of it.
 8            THE COURT:  You can advise simply by email to
 9   chambers the date of the Cookson deposition, if you set it.  As
10   I said, we'll make every effort to stay available.  If you need
11   a telephonic hearing on that date, you know how to set an
12   informal discovery hearing if you prefer in lieu of motions to
13   compel.
14            We do not as a matter of course set things for zoom.
15   That has to be requested, we're back in person.  So you have to
16   talk about that in advance and consider it when you're
17   proposing your dates.  Okay?  All right.  So then --
18            MR. WOODROW:  Would the Court be amenable to that if
19   we request it, Your Honor?
20            THE COURT:  It depends.  Anything that's evidentiary,
21   no.  Evidence is taken in person absent a real compelling
22   reason why, okay?
23            If it is simply oral argument, particularly just on a
24   legal issue, then more often than, not we're going to set it by
25   zoom.  So it depends both on the proceeding, and the case.
```

```
1                I understand that you have to travel to be here, and
2    yet -- and I'm fortunate that we have zoom that's so normalized
3    now, but it is not, you know, a foregone conclusion that
4    advocacy is better or that justice is better over the virtual
5    platform.  It just depends.  Okay?
6                I know you're out of town and I understand that your
7    wife is sometimes in London and we will the best that we can,
8    but it depends.  Motions for sanctions, no.  That's in person.
9    Okay?
10               Then a written order will follow.  I'm going to set a
11   deadline of 14 days for the responsive documents unless there's
12   a reason, Mr. Kolb, you tell me that that can't be done?
13               MR. KOLB:  A week and a half?  I think we have
14   everything.  Fourteen days should not be a problem.
15               THE COURT:  Terrific.  A written order will follow
16   memorializing -- essentially, it will be an interim order
17   because part of plaintiff's motion to compel remains pending.
18               It will be captioned as an order following discovery
19   hearing.  It will resolve the motion for sanctions and for
20   service and interim order on your motion to compel, which won't
21   be otherwise be determined until we have the complete briefing
22   on the privilege issue.
23               Gentlemen, I appreciate your in-person appearance at
24   the hearing today.  I have tremendous confidence that we'll
25   finish discovery in this case in a way that's constructive and
```