UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

TROY CLOWDUS,

                Plaintiff,

v.

AMERICAN AIRLINES, INC.,

                Defendant.

Case No.: 1:21-cv-23155-KMM

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ALLOW REMOTE TESTIMONY**

Defendant, AMERICAN AIRLINES, INC. ("AA" or "Defendant"), requests this Court strike Plaintiff's unauthorized and improper Reply ("Reply") [DE 113] to Defendant's Response in Opposition to Plaintiff's Motion to Allow Remote Testimony ("Response in Opposition") [DE 112], and in support, states:

1. On September 8, 2022, this Court entered its Paperless Order ("Order") granting Defendant's Motion to Reset Evidentiary and Motions Hearing [DE 107]. In this Order, the Court ordered that "All parties, witnesses, and their counsel shall appear in person on each date the hearing is set, unless permitted to appear by remote means." [DE 107]. To that end, the Court ordered that any "opposition to a request for witnesses to appear by remote means must be filed within two business days of the opening request." [DE 107]. The Order did not authorize the filing of the Reply. The Court also did not provide any instructions authorizing a reply to any response in the conference that prompted the Court's Order, which took place on September 8, 2022 [DE 107].

2. By requiring any response to be filed within two business days of an opening request, the Court's Order superseded the Local Rules of the Southern District of Florida ("L.R."

or "Local Rules") 7.1(c)(1), which allow a party opposing any motion fourteen (14) days to file that opposition. *See* L.R. 7.1(c)(1). The parties were therefore required to follow the specific instructions of the Order, not the Local Rules, and the Court's discretion specifically regulated the parties' briefing on this issue. *Chrysler Int'l Corp. v. Chenaly,* 280 F. 3d 1358, 1360 (11th Cir. 2002) ("District courts have broad discretion in managing their cases").

       3.       The Local Rules provide seven (7) days for any reply in support of a motion. L.R. 7.1(c)(1). However, the Court's Order (which superseded the Local Rules as to this issue) provided no such authorization permitting a reply to the response in opposition. Likewise, Plaintiff did not request permission to file a reply during the September 8, 2022 hearing. Defendant therefore requests that the Court strike the Reply. *Ashe v. M/Y After Hours,* No. 13-23467-CIV, 2014 WL 12570245 (S.D. Fla. Apr. 15, 2014) (granting motion to strike unauthorized supplemental memoranda filed without leave from the court).

       4.       Further, even if considered a procedurally permissible filing, Plaintiff's Reply should be stricken because its substance violates L.R. 7.1(c). A "reply memorandum may not raise new arguments" and it **"shall be strictly limited to rebuttal of matters raised in the memorandum in opposition[.]"** *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (S.D. Fla. 2015), aff'd, 839 F.3d 1003 (11th Cir. 2016); *Baltzer v. Midland Credit Mgmt., Inc.,* No. 14–20140–CIV, 2014 WL 3845449, at *1 (S.D.Fla. Aug. 5, 2014) (citing *Foley v. Wells Fargo Bank, N.A.,* 849 F.Supp.2d 1345 (S.D.Fla.2012); *TCC Air Servs., Inc. v. Schlesinger,* No. 05–80543–CIV, 2009 WL 565516, at *7 (S.D.Fla. Mar. 5, 2009)). Plaintiff's Reply ignores the substance of, arguments in support of, and cases cited in Defendant's Response in Opposition [DE 112]. Instead, Plaintiff's Reply ventures completely off the grid and spends approximately five

pages regurgitating the merits of his Motion for Sanctions, without any connection to Defendant's Response in Opposition.[1] The headers in the Reply serve to confirm this obvious conclusion:

> **The Record of Improper Communication with Potential Witnesses in Defiance of the Court's Explicit Order.[2]**
>
> **Four Passengers' Statements All Bear Remarkable Similarities and All Have Been Repudiated in Some Way.**

5. In the discussion under these headings, Plaintiff does not limit himself to a rebuttal of Defendant's opposition. Instead, he argues/regurgitates the merits of his Motion for Sanctions, suggesting that AA should be sanctioned based on alleged inaccuracies in witness statements (p. 4-8) and then describing AA's alleged inappropriate conduct. Then, Plaintiff argues that AA wants to pushback against Hernandez-Ramirez and Espinoza's testimony, in general, which he follows with more descriptions of AA's conduct (p. 5-8).

6. None of these arguments are "rebuttal of the matters" raised in Defendant's Opposition, let alone subjects having any relevance to Plaintiff's Motion or the claimed "good cause" and "compelling circumstances" necessary for that relief to be granted. Fed.R.Civ. 43(a). Plaintiff's *only mention* of Rule 43 (the controlling procedural rule) *in his entire* Reply is to argue (incorrectly) that the "issue is whether the testimony of these witnesses is sufficiently important, given the reasons for their inability to testify live, to allow them to testify remotely."[3] This argument stands Rule 43's requirement for "good cause" and "compelling circumstances" on its head since, no one seeks Rule 43 relief to present unimportant testimony. The fact that this argument makes up one small paragraph of the Reply, while Plaintiff's regurgitation of its Motion for Sanctions makes up the rest of his Motion, reveals the substantive and procedural impropriety

---

[1] Plaintiff's Reply [DE 113] at 4-8.
[2] *Id.* at 2 and 4.
[3] *Id.* at 4.

of the Reply.[4]  *Willis v. DHL Global Customer Solutions (USA), Inc.,* 2011 WL 4737909, *3 (S.D. Fla. 2001) ("Judges in this district, therefore have repeatedly rejected attempts by parties to raise new arguments in reply memoranda.").

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), the undersigned conferred with Plaintiff's counsel by email on September 16, 2022, wherein Plaintiff's counsel confirmed that it opposed the Motion, and that the Court's intervention is required at this time.

WHEREFORE, Defendant, American Airlines, Inc. respectfully requests that the Court enter an Order striking Plaintiff's unauthorized and improper Reply.

Dated: September 16, 2022.

By: */s/Kelly H. Kolb*
Kelly Kolb
robert.pecchio@bipc.com
Buchanan Ingersoll & Rooney, PC
401 E Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301
Tel: 954-468-2300
Fax: 954-527-9915
*Counsel for Defendant*

---

[4] It could further be argued, based on the substance of Plaintiff's Reply, and his exceeding's L.R. 7.1's limitation of reply brief to rebuttals of the arguments in Response, that Plaintiff is attempting to supplement the arguments/briefs toward his Motion for Sanctions [DE 55].  This would be a violation of the Court's Order which stated that "no further briefing is permitted" as to *Plaintiff's* Motion for Sanctions.  *See* Paperless Order [DE 71].

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 16th day of September, 2022, a true and correct copy of the above and foregoing has been filed with the Clerk of Court using the CM/ECF system. I FURTHER CERTIFY that the foregoing document is being served this date, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic filing on the counsel of record or *pro se* parties identified on the attached Service List.

By: _/s/Kelly H. Kolb_
Kelly Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel: (855) 275-7378
Tel: (904) 602-9400
E-mail: reringer@lentolawgroup.com
E-mail: will@stoneandwoodrowlaw.com

David H. Pollack, Esq.
THE LAW OFFICE OF DAVID H. POLLACK, LLC
75 Valencia Avenue, Suite 100
Coral Gables, FL 33134
Tel. No. 305-372-5900
Fax No. 305-372-5904
david@davidpollacklaw.com
*Counsel for Plaintiff*