UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23155-KMM

TROY CLOWDUS,

      Plaintiff,

v.

AMERICAN AIRLINES, INC.,

      Defendant.

_____ /

**OMNIBUS ORDER ON MOTION TO ALLOW REMOTE TESTIMONY
AND SETTING PROCEDURES FOR EVIDENTIARY HEARING**

**THIS CAUSE** is before the Court on Plaintiff Troy Clowdus's ("Plaintiff") Motion to Allow Mexican Witnesses to Testify at Evidentiary Hearing (ECF No. 111). Defendant American Airlines, Inc. ("Defendant") filed a Response (ECF No. 112), to which Plaintiff filed a Reply[1] (ECF No. 113). The matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters (ECF No. 5).[2] Having reviewed the Motion, Response, Reply, the record as a whole, and being otherwise fully advised in the premises, Plaintiff's Motion (ECF No. 111) is **GRANTED in part** and **DENIED in part** as further set forth below. In addition, the Court **ORDERS** the Parties to comply with the procedures set forth below, in anticipation of the September 28, 2022 Evidentiary and Motions Hearing.

---

[1] Defendant moved to strike the Reply, (ECF No. 114); the Motion was denied, (ECF No. 115).
[2] The instant Motion arises pursuant to a Motion and Cross-Motion for Sanctions referred to the undersigned.

## I.     BACKGROUND

On August 31, 2022, the Court entered a Paperless Order setting an Evidentiary and Motions Hearing (ECF No. 99) to aid in the disposition of four pending motions: (1) Plaintiff's Motion for Sanctions (ECF No. 55); (2) Defendant's Cross-Motion for Sanctions Against Plaintiff and Plaintiff's Counsel (ECF No. 83); (3) Plaintiff's Motion to Compel Discovery from Defendant (ECF No. 64); and (4) Plaintiff's Motion to Compel Defendant to Provide Better Responses to Plaintiff's Eighth Request for Production (ECF No. 79).  The Court's Paperless Order explained that the Evidentiary and Motions Hearing would be the first of several to be scheduled.  (ECF No. 99).  The Parties, their witnesses, and their counsel were ordered to appear in person on each date the hearing is scheduled.  (*Id.*).  Defendant moved for a continuance (ECF No. 105), which the Court granted (ECF No. 107) after holding a Telephonic Status Conference (ECF Nos. 107, 108).  The Evidentiary and Motions Hearing was therefore reset for September 28, 2022, with October 3, 2022 identified as the date for a Continued Evidentiary and Motions Hearing, if needed. (*Id.*).

Now, pursuant to Federal Rule of Civil Procedure 43(a), Plaintiff requests that the court permit three non-party witnesses located in Mexico—Eduardo Muriel, Juan Ramirez, and Jairo Espinoza—to testify at the September 28, 2022 hearing by remote means.

## II.    DISCUSSION

Plaintiff argues that there is good cause to permit Mr. Muriel, Mr. Ramirez, and Mr. Espinoaa to testify by remote means at the September 28, 2022 Evidentiary and Motions Hearing. As to all three witnesses, Plaintiff observes that they are non-parties residing outside the United States, and for whom travel in connection with the hearing will pose financial hardship and undue inconvenience.  Specifically, he argues that Mr. Muriel is 89 years old, cannot legally enter the

United States because his passport and visa have both expired and cannot be renewed in time for the September 28, 2022 hearing, and is vaccinated with a COVID-19 vaccine that is not approved for use in the United States (and therefore he cannot enter the United States). Plaintiff also asserts that, like Mr. Muriel, Mr. Espinoza cannot legally enter the United States because his visa has expired and he will be unable to renew it in time for the September 28, 2022 hearing. And Plaintiff contends that Mr. Ramirez has recently begun new employment and is unable to take time away from work to travel in connection with the September 28, 2022 hearing.

Defendant responds that Plaintiff has known of the circumstances of his witnesses' unavailability for months but has made no efforts to ensure their ability testify in open court in compliance with Rule 43. As to Mr. Muriel, Defendant argues that: (1) Plaintiff knew as early as April 4, 2022 that Mr. Muriel would not be willing to travel to Miami, Florida to testify in connection with this case for reasons unconnected to his passport and visa status;[3] (2) Mr. Muriel's COVID-19 vaccination status is not a barrier to his in-person appearance; and (3) Defendant would be prejudiced if it were denied the opportunity to properly cross-examine Mr. Muriel in person, in light of Mr. Muriel's central role in the issues giving rise to the two Motions for Sanctions. As to Mr. Ramirez, Defendant argues that Plaintiff fails to submit evidence to justify his request to permit Mr. Ramirez to testify by remote means, and in any event, the justification offered—that Mr. Ramirez just started new employment—does not present a compelling circumstance beyond mere inconvenience, expense, or logistical difficulty. Defendant also suggests that Plaintiff fails to make any proffer of safeguards to protect Mr. Ramirez from undue influence. And as to Mr. Espinoza, Defendant argues that Plaintiff fails to establish good cause and compelling

---

[3] Defendant contends that Plaintiff has had at least three months to address Mr. Muriel's unwillingness to travel to the United States to testify in connection with this case, especially where Plaintiff submitted an affidavit signed by Mr. Muriel as evidence in support of his Motion for Sanctions, and where the Court expressed at the last hearing on a motion for sanctions in this case that the Court held in-person evidentiary hearings.

circumstances because Plaintiff knew when he filed his Motion that he intended to use Mr. Espinoza's testimony in support of the Motion and at trial, but made no efforts to ensure Mr. Espinoza's availability.  Like Mr. Ramirez, Defendant also suggests that Plaintiff fails to make any proffer of safeguards to protect Mr. Espinoza from undue influence.

Plaintiff spends a not insignificant amount of his Reply arguing the merits of his Motion for Sanctions.  To the extent the Reply is relevant to the Motion before the Court, Plaintiff replies that Mr. Muriel's and Mr. Espinoza's inability to legally enter the United States is good cause to permit them to testify by remote, simultaneous means.  Plaintiff also notes that Mr. Muriel's testimony is central to *Defendant*'s Cross-Motion for Sanctions, yet Defendant seeks to preclude him from testifying at the hearing.

In the federal courts, "there is a decided preference for live testimony in open court." *Goines v. Lee Mem'l Health Sys.*, No. 217CV656FTM29UAM, 2019 WL 8918734, at *1 (M.D. Fla. May 22, 2019).  However, Federal Rule of Civil Procedure 43(a) affords courts the discretion to permit remote testimony.  The Rule states as follows:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).  Courts are guided by the Advisory Committee Notes on the 1996 Amendment to Rule 43 in determining whether a movant has demonstrated good cause and compelling circumstances.  The Advisory Committee Notes explain the importance of live, in-person testimony, and clarify that

> [t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the

trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.

Other possible justifications for remote transmission must be approached cautiously.  Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses.  Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying.  An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances.  Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.

[ . . . ]

A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.  Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Fed. R. Civ. P. 43(a) Advisory Committee Notes to 1996 Amendment; *see also Stone Tech. (HK) Co. v. GlobalGeeks, Inc.*, No. 20-CV-23251-Bloom, 2021 WL 2940256, at *1–2 (S.D. Fla. July 13, 2021).

Further, in addition to finding good cause and compelling circumstances, "Rule 43(a) requires appropriate safeguards, including: 1) accurate identification of the witness; 2) protection of influence from persons present with the witness; and 3) accurate transmission." *VMX-Glob. USA, LLC v. Noble Env't Tech*, 339 F.R.D. 690, 692 (S.D. Fla. 2021) (citing *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (finding no abuse of discretion and appropriate safeguards used when the jury could listen to the witnesses, observe their demeanor, the opposing party had the opportunity to question the witnesses, and the transmission was instantaneous)).

As to Mr. Ramirez, I find that Plaintiff fails to establish good cause and compelling

circumstances justifying the need for Mr. Ramirez to testify by remote means at the September 28, 2022 Evidentiary hearing.  The general inconvenience to Mr. Ramirez of having to take time away from his new employment and the cost of his travel to the United States to testify in connection with this case do not provide good cause to permit him to testify by remote means.  *See Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 8970607, at \*2 (S.D. Fla. Mar. 9, 2020) ("[T]he explanations submitted to the Court reflect the entirely foreseeable inconvenience to [the witness] for having to interrupt his busy schedule to attend trial in person."); *Lamonica v. Safe Hurricane Shutters, Inc.*, No. 07-61295-CIV, 2011 WL 917726, at \*1 (S.D. Fla. Feb. 18, 2011) (finding that the financial and logistical burden on foreign plaintiffs did not present good cause and compelling circumstances to permit them to testify from abroad); *see also Novello v. Progressive Express Ins. Co.*, No. 8:19-CV-1618-KKM-JSS, 2021 WL 1751351, at \*2 (M.D. Fla. May 4, 2021) ("Courts have repeatedly held that mere inconvenience or the expense or logistical difficulties associated with travel falls short of supplying the requisite good cause under Rule 43(a).").

As to Mr. Muriel, while it is this Court's **strong** preference to receive live testimony in open court—especially in connection with any motion for sanctions and ***especially*** where a motion for sanctions raises allegations of witness tampering—I find that Plaintiff presents good cause and compelling circumstances to permit Mr. Muriel to testify by remote means.  Here, Mr. Muriel is unable to legally enter the United States because his visa expired on September 3, 2022, notwithstanding that his passport also expired in April of 2022  And in his declaration, Mr. Muriel attests that his visa renewal appointment is not for several months.[4]  *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 668–69 (D.C. Cir. 2007) (permitting remote testimony for party after repeatedly being denied a visa to enter the United States); *Lopez v. Miller*, 915 F. Supp. 2d 373,

---

[4]  Although, Plaintiff asserts in his Motion that Mr. Muriel did not indicate whether he intended to renew his visa.

396 n.9 (E.D.N.Y. 2013) ("Diaz was deported in 2003 to Santo Domingo and may not legally reenter the United States, thus easily satisfying Rule 43(a)'s requirement." (internal citations omitted)); *Monserrate v. K.K. Mach. Co. Inc.*, No. 10-3732 TLM, 2013 WL 1412194, at *1 (E.D.N.Y. Apr. 8, 2013).

Defendant's argument that Mr. Muriel's messages to Plaintiff on April 4, 2022—expressing an unwillingness to testify in court in Miami, Florida based on expected inconvenience—is not relevant to Mr. Muriel's otherwise legal inability to appear for the September 28, 2022 hearing. Plaintiff does not proffer that Mr. Muriel is unavailable to testify because he is unwilling to do so. That Plaintiff should have expected Mr. Muriel's inability to testify in person in Miami based on his April 2022 texts with Mr. Muriel is not at all unambiguously established. Likewise, that Plaintiff has had since June of 2022 when he filed his Motion for Sanctions to ensure Mr. Muriel's appearance neglects that the upcoming Evidentiary and Motions Hearing was not scheduled until August 31, 2022 with the hearing set for two weeks later, before later being continued to the current date (ECF No. 99); both Mr. Muriel's and Mr. Espinoza's visas expired mere days later. Further, Defendant's opposition to Mr. Muriel testifying by remote means is curious: Mr. Muriel is a central figure within Defendant's own Cross-Motion for Sanctions against Plaintiff.

These findings apply to Mr. Espinoza who, like Mr. Muriel, is legally unable to enter the United States because his visa has expired. Accordingly, I find that there is good cause and compelling circumstances to permit Mr. Espinoza to testify by remote means.

I note that the Motion makes no proffer of appropriate safeguards that can be put in place as required by Rule 43(a). Defendant's Response travels on speculation that Mr. Espinoza is under the transformative influence of both Mr. Muriel and Plaintiff, going so far as to assert that Mr.

Espinoza testifying from his counsel's office in Mexico is no remedy.  The Parties shall comply with the safeguards contained in the following section.

Accordingly, the Motion is **GRANTED in part** and **DENIED in part**.

### III.   EVIDENTIARY HEARING PROCEDURES

In anticipation of the September 28, 2022 Evidentiary and Motions Hearing, the Court **ORDERS** the Parties to comply as follows:

(1)   By no later than **5:00 PM on Monday, September 26, 2022**, any Party who intends to present live testimony must file a witness list identifying the witness(es) that the Party intends to call at the Evidentiary and Motions Hearing;

(2)   All exhibits shall be pre-marked for the hearing and served (**not filed**) on opposing counsel by no later than **Sunday, September 26, 2022**.  The Parties shall confer prior to the Evidentiary and Motions Hearing regarding their exhibits to identify which exhibits they will stipulate to entry into evidence at the hearing and to narrow their anticipated objections.

(3)   The Court's September 8, 2022 Paperless Order (ECF No. 107) requiring "[a]ll Parties, witnesses, and their counsel" to appear in person on each day of the Evidentiary and Motions Hearing, unless permitted to appear by remote means, remains in effect.  That is, lead counsel **and their clients** shall be present at and for the duration of the hearing on each day the hearing is set, as previously ordered.  The Court will not entertain any requests for corporate representatives to appear by remote means.

(4)   Safeguards for remote testimony:

   a.   Plaintiff's United States-based counsel shall ensure that Mr. Muriel and Mr. Espinoza both testify alone from separate, private conference rooms.  *See*

*Salguero v. Argueta*, No. 5:17-CV-125-FL, 2017 WL 1113334, at \*2 (E.D.N.C. Mar. 23, 2017). The private conference rooms may not be located in the same building.

b.   To the extent the services of a translator are required for either witness, Plaintiff shall ensure the presence of a certified interpreter to appear in the courtroom in Miami, Florida.

c.   Mr. Muriel and Mr. Espinoza will be required to maneuver their video cameras so as to display the entire room from which they are testifying, to ensure they are alone.

d.   Mr. Muriel and Mr. Espinoza may not have *any* electronic devices with them during their testimony, other than the device they are using to testify, and no notes or other documents.

e.   Plaintiff shall be required to pay any costs associated with the remote testimony.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of September, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record

9