UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23155-KMM

TROY CLOWDUS,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant American Airlines, Inc.'s ("AA") Motion to Dismiss Plaintiff Troy Clowdus's First Amended Complaint. ("Motion" or "Mot.") (ECF No. 51). Plaintiff filed a Response in opposition, ("Resp.") (ECF No. 54), and Defendant filed a Reply, ("Reply") (ECF No. 58). The Motion is now ripe for review.

**I.   BACKGROUND**

This case arises from an incident that occurred at Miami International Airport on June 10, 2021. *See generally* Mot. At 6:30 AM, Plaintiff boarded AA flight No. 1303 from Miami, Florida to Mexico City, Mexico. *Id.* ¶ 8. As Plaintiff took his seat, flight attendant Carlos Merino, who was "behaving in a loud and somewhat manic fashion," told Plaintiff to put his bag in the overhead bin. *Id.* ¶¶ 9–10. Plaintiff nodded his head in acknowledgement, sat down, put on his headphones, and began working on his phone. *Id.* ¶¶ 11–13.

After several minutes, Plaintiff heard Merino say, "Give me the bag now," in a loud and angry voice. *Id.* ¶ 15. Plaintiff "felt attacked by the hostility" and moved to comply with Merino's request. *Id.* ¶ 17. As Plaintiff pulled the bag from under his leg and placed it "across the armrest

to the far side of the seat beside him," he "felt the bag make slight contact with Merino." *Id.* ¶ 18. Plaintiff thought Merino was taking the bag from him, "but realized he was still holding it." *Id.*

Merino then glared at Plaintiff with rage and shouted, "You hit me!" *Id.* ¶ 20. Plaintiff denied hitting Merino. *Id.* ¶ 21. Plaintiff heard Merino "repeatedly saying in an elevated voice to someone in the front gallery area, 'I will not fly with him.'" *Id.* ¶ 27.

Meanwhile, another AA employee, Mr. Henriquez, who had been standing outside the plane at the jetway, heard Merino shouting "You hit me," and boarded the plane to see what was happening. *Id*. ¶¶ 31–32. Henriquez approached Plaintiff, apologized for the inconvenience, and asked if he could speak with Plaintiff off the plane. *Id.* ¶ 29. Plaintiff asserts Henriquez "was aware that Merino was claiming to have been assaulted at the time that he removed Mr. Clowdus from the plane." *Id*. ¶ 36. After the flight departed without Plaintiff, Merino spoke about the incident with the passengers in seat 3B and 3E. *Id*. ¶¶ 77–78. The passenger in seat 3A stated she overheard Merino say that "he did not know why people have to behave like that." *Id*. ¶ 79.

Thereafter, Merino and one other flight attendant filed Corporate Event Reporting System ("CERS") reports describing the incident. *Id*. ¶ 54. The reports were shared with two AA employees, Chris Reddig and Arisides Maldonado. *Id*. ¶¶ 81–82. Plaintiff asserts "[u]pon information and belief" that Merino's statement accusing Plaintiff of assault "was published to every non-managerial ticketing agent, customer service agent, and gate agent companywide through American Airlines' internal computer system." *Id*. ¶ 83.

Plaintiff filed his complaint ("Complaint") (ECF No. 1) on August 31, 2021, alleging five counts against Defendant. *See generally* Complaint. Thereafter, Defendant filed a Motion for Judgment on the Pleadings (ECF No. 17), which this Court granted in part (ECF No. 32). Specifically, this Court dismissed with prejudice four of the five counts, and dismissed without

prejudice one count. *Id*. The Court granted Plaintiff "one opportunity to amend his complaint to state a plausible claim for defamation *per se*." *Id*. at 9. Thereafter, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 40), which Defendant now moves to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal

conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. DISCUSSION

Plaintiff asserts three statements in support of his defamation *per se* claim: (1) Merino's statement "you hit me"; (2) Merino's statement "I don't know why people have to behave like that"; and (3) the internal CERS reports. *See generally* FAC.

Defendant argues that these statements are insufficient to give rise to a defamation *per se* claim because: (1) the statement "you hit me" lacks sufficient falsity of fact; (2) Merino's second statement is an opinion and does not accuse Plaintiff of a felony; and (3) Plaintiff failed to include sufficient detail about the CERS reports and therefore cannot plausibly allege libel *per se*. *See generally* Mot. In response, Plaintiff argues that he plausibly alleged: (1) the statement "you hit me" is slander *per se* because it "is susceptible to a defamatory meaning in the context in which it occurred in this case"; and (2) the CERS reports are libel *per se* because there is a "very *plausible inference* from the facts alleged in the Plaintiff's Complaint" that the CERS reports accused Plaintiff of a felony. *See* Resp. at 11–14 (emphasis in original).

Under Florida law, the tort of defamation, which includes libel and slander, is generally defined as "the unprivileged publication of false statements which naturally and proximately result in injury to another." *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015). To state a claim for defamation, a plaintiff must plausibly allege that the defendant (1) published, (2) to a third party, (3) a false statement about the plaintiff, and (4) the falsity of the statement caused injury to the plaintiff. *Id*. (quoting *Valencia v. Citibank Int'l*, 728 So.2d 330, 330 (Fla. 3rd DCA 1999)). "True statements, i.e., statements that are not capable of being proved false . . . are protected from defamation actions by the First Amendment." *Turner v. Wells*, 198 F. Supp. 3d

1355, 1365 (S.D. Fla. 2016), *aff'd*, 879 F.3d 1254 (11th Cir. 2018). Whether a statement is one of fact is a question of law for the court. *Id*.

Yet a plaintiff claiming defamation *per se* is faced with a heightened pleading standard. To state a claim for defamation *per se*, a plaintiff must plausibly allege that the defendant (1) published, (2) to a third party, (3) a false statement about the plaintiff, (4) that rises to the level of defamation *per se*. *Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1155 (S.D. Fla. 2018), *aff'd,* 973 F.3d 1304 (11th Cir. 2020). A plaintiff need not plausibly allege special damages because *per se* defamatory statements are "so obviously defamatory" and "damaging to one's reputation" that they "give rise to an absolute presumption both of malice and damage." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014)).

A published oral statement that is false is actionable as slander *per se* "if it imputes to another . . . a criminal offense amounting to a felony . . . ." *Id*. (*quoting Campbell v. Jacksonville Kennel Club*, 66 So. 2d 495, 497 (Fla. 1953)). Similarly, a published written statement that is false is actionable as libel *per se* if: "(1) it charges that a person has committed an infamous crime . . ." *Id*. (quoting *Richard v. Gray*, 62 So.2d 597, 598 (Fla.1953) (*en banc*)). Infamous crimes include "murder, perjury, piracy forgery, larceny, robbery, arson, sodomy or buggery." *Id*. at 1247 n.3 (quoting *King v. State,* 17 Fla. 183, 186 (Fla.1879). Where an offense does not fall into one of those designated categories, only a felony may be considered an infamous crime. *Id*.

Here, the only grounds for Plaintiff to proceed under a theory of defamation *per se* are statements that accuse Plaintiff of assaulting a flight attendant, which is a felony.

### 1. Merino's Statement "You Hit Me" Does Not Establish Defamation *Per Se.*

Defendant asserts the statement "you hit me" lacks sufficient falsity of fact to allege defamation *per se*. Mot. ¶ 12. Plaintiff does not respond to this argument. *See generally* Resp.

A statement can support a claim of defamation, or defamation *per se*, only if the statement is false. *See Alan*, 604 F. App'x at 865; *see also Cape Publ'n Inc. v. Reakes,* 840 So.2d 277, 279-80 (Fla. 5th DCA 2003) ("[I]f the statements are true, the required element of a false statement is not present."). Falsity exists only if "the publication is substantially and materially false, not just if it is technically false." *Turner*, 198 F. Supp. 3d at 1365.

Here Merino's statement is true—Plaintiff hit Merino. *See* FAC ¶¶ 17–18. In the FAC, Plaintiff states that when he moved to comply with Merino's request, "he felt the bag make slight contact with Merino," and that while he thought Merino was taking the bag from him, he "realized he was still holding it." *Id*. According to Black's Law Dictionary, "hit" refers to a physical strike. *Hit*, BLACK'S LAW DICTIONARY (11th ed. 2019). Plaintiff's bag physically struck Merino when Plaintiff moved it. *See* FAC ¶¶ 17–18. While Plaintiff alleges he did not *intend* to hit Merino, intent is irrelevant when considering whether the statement "you hit me" is true. Thus, Merino's statement is not "substantially and materially false" and cannot support a defamation *per se* claim.

### 2. Merino's Statement "I Don't Know Why People Behave Like That" Does Not Establish Defamation *Per Se*.

Defendant asserts that the statement "I don't know why people have to behave like that" fails to establish defamation *per se* because the statement is not factual and does not accuse Plaintiff of a felony. Mot. ¶ 22. Plaintiff does not respond to this argument. *See generally* Resp. The Court agrees that Merino's statement does not accuse Plaintiff of a felony and therefore cannot provide basis for a claim of defamation *per se*. *Alan*, 604 F. App'x at 865.

### 3. The CERS Reports Do Not Establish Defamation *Per Se*.

Defendant asserts the defamation *per se* claim based on the CERS reports fails because Plaintiff "fails to allege what exactly was stated in the CERS reports allegedly shown" to two AA employees, thereby preventing analysis of whether (1) the statement is factual, or (2) accuses

6

Plaintiff of a felony.  Mot. ¶ 26.  To state a claim for defamation *per se* based on the CERS reports, Plaintiff must plausibly allege that Defendant (1) published, (2) a false statement, (3) that charges Plaintiff with an infamous crime.  *Klayman,* 22 F. Supp. 3d at 1247.  In a defamation case, a plaintiff "must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.  *Five for Ent., S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012) (quoting *Morrison v. Morgan Stanley Props.,* No. 06 Civ. 80751, 2008 WL 1771871, at *10 (S.D. Fla. Apr. 15, 2008)).

Plaintiff asserts "the existence of a felony accusation in the written report is very *plausibly inferred* from the facts alleged in the Plaintiff's Complaint:  most generally, that he was banned for life from flying with AA; more specifically that he was personally informed that the flight attendant had filed a report of assault when he was removed" from the flight.  Resp. at 14 (citing FAC ¶¶ 49–51) (emphasis in original).  Yet the Court notes that the FAC includes no reference to Plaintiff being "personally informed that the flight attendant had filed a report of assault."

To support his defamation *per se* claim based on the CERS reports, Plaintiff relies on three cases:  (1) *O'Boyle v. Sweetapple*, No. 14 Civ. 81250, 2015 WL 13574304, at *4 (S.D. Fla. June 4, 2015); (2) *Dibble v. Avrich*, No. 14. Civ. 61264, 2014 WL 5305468, at *4 (S.D. Fla. Oct. 15, 2014); and (3) *Walter v. Jet Aviation Flight Servs., Inc.*, No. 16 Civ. 81238, 2016 WL 7116641, at *2 (S.D. Fla. Dec. 7, 2016).  Resp. at 14.

In *O'Boyle*, the plaintiff alleged that the defendant had "on numerous occasions over the past four months, falsely stated to Plaintiff's friends, business associates, and attorneys (among other individuals and agency representatives) that [p]laintiff is a 'criminal' and is violating the civil and criminal provisions of the federal and Florida RICO Acts through his filing of public records requests and pursuit of lawsuits to enforce alleged violations of the Public Records Law," and that defendant "stated to numerous individuals that [p]laintiff's pursuit of public records

lawsuits is a 'money-making scheme' designed by [p]laintiff to line his pockets with profit." Complaint at ¶ 43–44, (No. 20), 2015 WL 13574304.

In *Dibble*, the plaintiff alleged the defendant published statements about plaintiff on a website. 2014 WL 5305468, at *1. The plaintiff included in its complaint the specific statements that were the basis of its claim, including Defendant's statement:

> What in Tarnation is a Surrogate Dibble, No way this can be a real human beings name, low class redneck pig excrement, redneck asshole, PATHETIC, LOWCLASS, INBRED REDNECK SCUMBAG, venom-spewing, mud-sucking, LOW–CLASS REDNECK, REDNECK LOSERS, SON OF A BITCH, SCUMBAG DRIBBLE, Now do us all a big favor and go play some Russian Roulette with SIX rounds in the chamber
>
> WHAT IN TARNATION IS A SURROGATE DIBBLE, This low-class, inbred, half-witted, redneck, idiot, horse's ass, bully, CHEAPSKATE AND ASSHOLE, venom-spewing, mud-sucking clown, NON–CUSTOMER, pig-farmer, miserable redneck loser, Surrogate Dibble yo-yo, son of a bitch, SCUMBAG DRIBBLE

*Id*. (citing Compl. ¶ 10).

In *Walter*, the plaintiff sued a coworker and his former employer for defamation based on several statements. 2016 WL 7116641, at *1. The plaintiff included in his complaint exact quotes, and the deciding court held that when viewing the complaint in its entirety, the pleading "establishe[d] a cohesive narrative" that "[d]efendants acted with malicious ill will to manufacture a way to both terminate [p]laintiff and to ruin [p]laintiff's reputation with a critical third party." *Id*.

Even though each of Plaintiff's three cases concludes the plaintiffs plausibly alleged defamation, they are distinguishable because those plaintiffs included significantly more detail in their complaints. Here, Plaintiff asserts that investigators stated they relied on the CERS reports filed by Merino and another flight attendant in making the determination to ban Plaintiff from AA. FAC ¶ 54. Plaintiff also asserts that Merino "published his defamatory accusation" to Reddig and

Maldonado through the CERS reports. *Id*. 81–82.[1] Plaintiff includes no description of what was stated in the CERS reports, as the plaintiffs in *O'Boyle* and *Dibble* did. Plaintiff does not assert sufficient facts to "establish a cohesive narrative" that "Defendants acted with malicious ill will," as the plaintiff in *Walter* did. Plaintiff includes no facts to plausibly support his allegation that the CERS reports included a statement that (1) was false, or (2) accused Plaintiff of a felony. Therefore, Plaintiff fails to plausibly allege defamation *per se* based on the CERS reports. Whatever the merits of Plaintiff's grievance based on the events that occurred on and after June 10, 2021, his cause of action for defamation fails as a matter of law.

## IV.  CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for to Dismiss (ECF No. 51) is GRANTED. The First Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is INSTRUCTED to ADMINISTRATIVELY CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _12th__ day of October, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

---

[1] Plaintiff later states that "[u]pon information and belief, the defamatory statement accusing [Plaintiff] of assaulting Mr. Merino was published to every non-managerial ticketing agent, customer service agent, and gate agent companywide through American Airlines' internal computer system." Id. ¶ 83. Even assuming this statement refers to the CERS reports, when ruling on a Rule 12(b)(6) motion to dismiss, the court need not take as true allegations based only "upon information and belief." *Mann v. Palmer,* 713 F.3d 1306, 1315 (11th Cir. 2013) (citing *Twombly,* 550 U.S. at 551, 571(1966)). The Court therefore does not take as true Plaintiff's allegations that the CERS reports were published through AA's internal computer system.