UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TROY CLOWDUS,<br><br>                            Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>                           Defendant. | Case No.: 1:21-cv-23155-KMM |

**DEFENDANT AMERICAN AIRLINES, INC'S AMENDED UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 7.3(c), Defendant, AMERICAN AIRLINES, INC. ("AA"), requests an award of costs pursuant to 28 U.S.C. §1920 as shown in AA's Bill of Costs attached as **Exhibit 1**. In support, AA asserts the following:

**AA is the Prevailing Party**

1. Plaintiff commenced this lawsuit on August 31, 2021 with the filing of his five count Complaint. DE 1. On April 29, 2022, this Court dismissed all but one of Plaintiff's counts with prejudice. DE 32.

2. After allowing Plaintiff leave to file an amended complaint on the one count which was not dismissed with prejudice, this Court dismissed that remaining count with prejudice on October 12, 2022. DE 139. The Court's dismissal order denied all other pending motions as moot and directed the Clerk of the Court to administratively close this case. DE 139 at p. 9.

3. Accordingly, AA is a prevailing party entitled to recover its taxable costs.

**Standard for Recovery of Taxable Costs**

4. A prevailing party in a civil suit may recover taxable costs pursuant to Rule 54(d)(1) and 28 U.S.C. §1920. Rule 54(d) provides that a prevailing party may recover costs as a matter of

course "unless the Court otherwise directs" and 28 U.S.C. §1920 delineates which costs are recoverable. The strong presumption is that costs are to be awarded to the prevailing party. *Monelus v Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332 (S.D. Fla. 200).

    5.    28 U.S.C. §1920 states that the "judge or clerk" may tax the following costs:

(1) Fees of the Clerk or Marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this Title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

    6.    28 U.S.C. §1920(2) permits taxation of costs associated with "printed or electronically recorded transcripts necessarily obtained for use in the case" such as deposition transcripts and hearing transcripts. *Monelus*, 609 F. Supp. 2d at 1337; *U.S. E.E.O.C. v W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "A deposition taken within the proper bounds of discovery will normally be deemed to be necessarily obtained for use in the case." *Procaps v Patheon, Inc.*, 2016 WL 411017 at *3 (S.D. Fla. Feb. 2, 2016). Indeed, deposition costs may be taxed even if the use of the deposition was minimal or not critical to the party's ultimate success. *W&O, Inc.*, 213 F.3d at 621. Hearing transcript costs "may be awarded regardless of whether the transcripts were for pre-trial hearing, post-trial hearings or the trial itself." *Powell v Home Depot*, 2010 WL 4116488 at * 10 (S.D. Fla. Sept. 14, 2010). Because Plaintiff and AA have equal knowledge of the basis for each deposition, Plaintiff (as the non-prevailing party) bears the burden of showing that a specific deposition or hearing transcript or court reporter cost was not necessary or was not

related to an issue present in the case at the time of the deposition. *Monelus*, 609 F. Supp. 2d at 1333 and 1337; *W&O, Inc.,* 213 F.3d at 621.

7. The supporting invoices are attached hereto as **composite Exhibit 2**.

8. AA seeks to recover costs incurred with respect to the following depositions it noticed for the following reasons:

- Plaintiff's deposition on which AA relied in pursuing its Motion to Compel Discovery [DE 28], its Motion for Partial Summary Judgment [DE 81] and its subsequent development of defensive themes and strategies

- Federico Quintana (passenger) deposition on which AA relied in pursuing its Motion for Sanctions [DE 34], defending against Plaintiff's Motion to Compel Discovery [DE 44] and defending against Plaintiff's Motion for Sanctions [DE 55]

- Hilda Minaya (AA Admiral's Club employee) deposition on which AA relied to rebut Plaintiff's deposition testimony that Minaya knew AA's flight attendant was a known problem and that she urged Plaintiff to file a customer complaint with AA, and which was to be used to prepare her for her trial testimony

- Ron Heyl (AA Admiral's Club) deposition on which AA relied to rebut Plaintiff's deposition testimony that Heyl knew AA's flight attendant was a known problem and that he urged Plaintiff to file a customer complaint with AA, and which was to be used to prepare him for his trial testimony

| Date | Invoice No. | Vendor | Description | Total |
|---|---|---|---|---|
| 02/16/22 | 5578175 | Veritext Legal Solutions | Deposition Transcript Troy Clowdus | $ 1006.60 |
| 03/30/22 | 5678317 | Veritext Legal Solutions | Videography Initial Services (Federico Quintana)[1] | $ 345.00 |
| 04/08/22 | 5697150 | Veritext Legal Solutions | Deposition Transcript – Federico Quintana | $ 831.15 |
| 06/27/22 | 5867433 | Veritext Legal Solutions | Virtual Deposition and Deposition Transcript Hilda Minaya | $ 510.40 |
| 07/27/22 | 5932303 | Veritext Legal Solutions | Virtual Deposition and Deposition Transcript Ronald Heyl | $ 355.00 |

---

[1] AA seeks to recover the costs of the stenographic and video depositions since this deposition was noticed for stenographic and video recording and Plaintiff's counsel did not object. *Dennis v Waffle House, Inc.*, 2006 WL 8431236 at * 2-3 (N.D. Ga. May 17, 2006).

9.      AA seeks to recover costs incurred with respect to the following depositions noticed by Plaintiff for the following reasons:

- Jae Won Kim (passenger) deposition on which AA relied to rebut Plaintiff's deposition testimony and allegation that AA's flight attendant was angry, aggressive and acting as if he were on amphetamines when Plaintiff boarded the aircraft [DE 40, ¶¶ 9 & 12][DE 1-1, ¶¶9-11 & 33]; AA also relied on her deposition testimony in framing its 12b6 Motion to Dismiss [DE 51]; Both parties were to present her deposition testimony at trial according to the parties' respective Exhibit and Witness lists [DE 119 and 120] and the parties' Joint Pretrial Statement [DE 132]

- Carlos Merino (AA flight attendant at issue) deposition on which AA relied in framing its defensive themes and strategies, defending against Plaintiff's Motion to Compel Discovery [DE 44], filing its Motion for Partial Summary Judgment [DE 81] and in framing its Reply [DE 116] to Plaintiff's Response [DE 96], and which was to be used to prepare Merino for his trial testimony

- Deon Gray (AA flight attendant who witnessed the assault at issue) deposition on which AA relied in responding to Plaintiff's Motion to Compel Discovery [DE 44] and in framing its Reply in Support of AA's Motion for Partial Summary Judgment [DE 96], and which was to be used to prepare her for her trial testimony

- Jose Henriquez (AA Ground Security Coordinator) deposition on which AA relied in defending against Plaintiff's Motion to Compel Discovery [DE 44], and which was to be used to prepare him for his trial testimony

- Aristides Maldonado (AA Corporate Security Coordinator) deposition on which AA relied in filing its Motion for Partial Summary Judgment [DE 81] and in framing its Reply [DE 116] to Plaintiff's Response [DE 96], and which was to be used to prepare him for his trial testimony

- John Kirby (AA Reg. Corporate Security Manager) deposition on which AA relied in filing its Motion for Partial Summary Judgment [DE 81], and which was to be used to prepare him for his trial testimony

- Fernando Bastos (AA flight attendant, rear of aircraft) deposition to rebut Plaintiff's deposition testimony and AA documents [AA 0014] that Gray was not in business class when the incident occurred and could not have witnessed the assault, and which was to be used to prepare him for his trial testimony

- Nadege Colas (AA flight attendant, rear of aircraft) deposition to rebut Plaintiff's deposition testimony and AA documents [AA 0014] that Gray was not in business class when the incident occurred and could not have witnessed the assault, and on

which AA relied in responding to Plaintiff's Motion in Limine [DE 95], and which was to be used to prepare her for her trial testimony

- Angelica Cookson (mother of passenger Quintana) deposition[2] on which AA relied in filing its Motion in Limine seeking to strike Quintana's deposition testimony [DE 82]

| Date | Invoice No. | Vendor | Description | Total |
|---|---|---|---|---|
| 02/24/22 | 20220112411-13 | US Legal Support | Deposition Transcript of Jose Henriquez | $ 267.80 |
| 03/30/22 | 20220138187-13 | US Legal Support | Deposition Transcript of Aristides Maldonado | $ 522.40 |
| 03/14/22 | 20220138575-13 | US Legal Support | Deposition Transcript of John Kirby | $ 652. 75 |
| 03/28/22 | 20220140291-13 | US Legal Support | Deposition Transcript of Fernando Bastos | $ 173.80 |
| 04/11/22 | 20220146347-13 | US Legal Support | Deposition Transcript of Deon Gray | $ 505.60 |
| 04/13/22 | 20220148671-13 | US Legal Support | Deposition Transcript of Nadege Colas | $ 240.95 |
| 05/05/22 | 20220166088-13 | US Legal Support | Deposition Transcript Jae Won Kim | $ 185.65 |
| 07/12/22 | 20220212321-13 | US Legal Support | Deposition Transcript Angelica Cookson | $ 465.95 |
| 02/18/22 | 20220107259-13 | US Legal Support | Deposition Transcript Carlos Adan Merino | $ 604.80 |

10. AA seeks to recover costs incurred with respect to the following court transcripts:

- May 24, 2022 transcript [DE 53] of the hearing on AA's Expedited Motion for Sanctions [DE 34] on which AA relied in responding to Plaintiff's Motion for Sanctions [DE 55]

| Date | Invoice No. | Vendor | Description | Total |
|---|---|---|---|---|
| 06/17/22 | Transaction ID MU0090399271 | Ellen Rassie, RMR-CRR | May 24, 2022 Hearing Transcript | $ 52.80 |

---

[2] AA seeks to recover the costs of the stenographic and video depositions since this deposition was notices for stenographic and video recording and Plaintiff's counsel did not object. Dennis v Waffle House, Inc., 2006 WL 8431236 at * 2-3 (N.D. Ga. May 17, 2006).

11.     AA seeks to recover costs incurred with respect to the following private process server fees which do not exceed the $65.00 fee authorized by 28 U.S.C. §1921(b) and 28 C.F.R. §0.144(a)(3):

- Southeast Offset, Inc. non-party request for production subpoena service

| Date | Invoice No. | Vendor | Description | Amount |
| --- | --- | --- | --- | --- |
| 02/11/22 | 2022001523 | Burke Process Service Inc. | Process service charge of Subpoena served on Southeast Offset, Inc. | $ 35.00 |

WHEREFORE, Defendant, American Airlines, Inc. respectfully requests that the Court allow its Bill of Costs and enter judgment in its favor against Plaintiff, subject to AA's right to subsequently seek its attorney's fees and costs pursuant to the Court's Local Rules.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3) and 7.3(c), the undersigned forwarded a copy of this Amended Motion and AA's Bill of Costs to Plaintiff's counsel on November 4, 2022, wherein Plaintiff's counsel confirmed (upon review of this Motion) that he had no opposition to this Motion. Dated: November 9, 2022.

By:     /s/Kelly H. Kolb
Kelly Kolb
kelly.kolb@bipc.com
Buchanan Ingersoll & Rooney, PC
401 E Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301
Tel: 954-468-2300
Fax: 954-527-9915
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this the 9th day of November, 2022, a true and correct copy of the above and foregoing has been filed with the Clerk of Court using the CM/ECF system. I FURTHER CERTIFY that the foregoing document is being served this date, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic filing on the counsel of record or *pro se* parties identified on the attached Service List.

By: /s/Kelly H. Kolb
Kelly Kolb

**SERVICE LIST:**

William T. Woodrow III
250 West Main Street, Suite 201
Charlottesville, VA 22902

Rook Elizabeth Ringer, Esq.
LENTO LAW GROUP
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
Tel: (855) 275-7378
Tel: (904) 602-9400
E-mail: reringer@lentolawgroup.com
E-mail: will@stoneandwoodrowlaw.com

David H. Pollack, Esq.
THE LAW OFFICE OF DAVID H. POLLACK, LLC
75 Valencia Avenue, Suite 100
Coral Gables, FL 33134
Tel. No. 305-372-5900
Fax No. 305-372-5904
david@davidpollacklaw.com
*Counsel for Plaintiff*