UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TROY CLOWDUS,

     Plaintiff,          CASE NO: 2021-cv-23153

v.

AMERICAN AIRLINES, INC.,

     Defendant.

_____/

**PLAINTIFF CLOWDUS' MOTION TO BIFURCATE THE ISSUE OF ENTITLEMENT TO ATTORNEY'S FEES AND COSTS FROM AMOUNT OF AWARD**

  Plaintiff Troy Clowdus ("Clowdus") moves, pursuant to Federal Rule of Civil Procedure 54(d), Southern District of Florida Local Rule 7.3(a) and otherwise, for the entry of an Order permitting the parties to brief the issue of entitlement to attorneys' fees and costs separately from the amount of attorneys' fees and costs. In support of this motion, Clowdus states as follows:

1. This is an action resulting from an incident that occurred during the boarding process of an American Airlines flight when the Plaintiff's bag made inadvertent contact with a flight attendant, who over-reacted, claimed felony assault, resulting in the Plaintiff's removal from the flight, ban from future travel, and the present action in this Court.

2. On August 31, 2021, the Plaintiff brought claims against American Airlines for negligence, breach of contract, violation of the TICKETS Act and defamation.

3. On March 7, 2022, AA filed a motion for judgment on the pleadings and simultaneously served the Plaintiff with its first Fed. R. Civ. P. 11 motion.

4. Plaintiff abandoned the negligence and TICKETS Act claims,[1] the Court dismissed the Plaintiff's contract claim with prejudice[2] and dismissed Plaintiff's defamation claim with leave to amend.

5. Plaintiff filed his Amended Complaint for a single claim of defamation per se on May 12, 2022, and AA responded with a second motion to dismiss on June 2, 2022 and served the Plaintiff with its second Fed. R. Civ. P. 11 motion on June 6, 2022.

6. Defendant American Airlines served a draft motion for attorneys' fees and costs upon Clowdus on November 11, 2022, indicating that it will file these two prior Rule 11 motions at the same time that it files its motion requesting attorneys' fees, which contains 20 pages of additional argument that it is entitled to fees under either Fed. R. Civ. P. 11, 28 U.S.C. 1927, or the Court's inherent power to sanction.

7. AA points to no statute, contract, or Court Order that automatically entitles it to attorneys' fees, as a motion under L.R. 7.3 generally contemplates, rather AA asserts that it is entitled to attorneys' fees because Plaintiff's claims were so "objectively frivolous" that "no reasonable attorney" would have brought them.

8. As a *reaction* to the Defendant's pursuit of attorneys' fees, Plaintiff Clowdus is preparing a reciprocal motion for attorneys' fees, based upon 28 U.S.C. 1927 and this Court's inherent authority, that will relate directly to this anticipated motion for attorneys' fees from the Defendant and will address it in the context of other prior filings that the Plaintiff believes were brought for improper purposes and vexatiously multiplied the proceedings.[3]

9. It is the position of the Plaintiff's counsel that American Airlines' request for fees is being brought for an improper purpose and is so objectively frivolous that no reasonable attorney would make it.

10. The core claim of AA's argument for sanctions is that the Plaintiff is incapable of establishing the publication prong of a defamation claim. This assertion is contradicted by

---

[1] The Plaintiff disagreed with AA's arguments but decided to relinquish two claims and streamline his action down to defamation and breach of contract for the sake of economic efficiency. AA, nevertheless, intends to offer these claims as a partial basis for Rule 11 sanctions, though they were abandoned during the safe harbor period.

[2] The Court ruled that it was unable to conclude from the Complaint that the Plaintiff violated any terms of the contract; however, the Court held that AA's contract of carriage allows it to remove a passenger for any reason that it wants, so it dismissed the Plaintiff's claim for breach of contract. It may be that this was the correct determination, but reasonable minds could disagree – could argue that that interpretation would render the contract illusory. Nevertheless, AA intends this claim to be a partial basis for its Rule 11 sanctions request.

[3] ECF No 49, Order denying Defendant's Expedited Motion for Sanctions; ECF No. 139, Omnibus Order denying Defendant's Cross-Motion for Sanctions

    the fact that the Plaintiff obtained an affidavit from a passenger who was prepared to testify at trial that the flight attendant approached him after the flight departed and spoke at length and in unequivocal terms about being assaulted by the Plaintiff.

11. In fact, the Court did not dismiss the Plaintiff's claim because it determined the impossibility of establishing publication, but rather it determined that the Plaintiff had *deficiently pled his claim*.[4] [5]

12. The Eleventh Circuit has held that bifurcation should be granted (1) in the furtherance of convenience; (2) to avoid prejudice; or (3) in the interests of expediency and economy.  See *Itel Cap. Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1260 (11th Cir. 1983).

13. Determining the appropriate amount of attorneys' fees and costs will require a substantial expenditure of time and resources by both the parties and the Court to analyze the extensive billing records and make detailed arguments about line-item entries.

14. The arguments for the convenience, expediency and economy (to both the parties and the Court) of bifurcating the motion for fees grow more compelling in direct proportion to the increase in likelihood that the fee inquiry will end with the rejection of the claim to entitlement.

15. The Local Rules of this Court provide that, "[p]ursuant to Federal Rule of Civil Procedure 54(d)(2)(c), either party may move the Court to determine entitlement" of attorneys' fees and costs "prior to submission on the issue of amount." S.D. Fla. L.R. 7.3(a).

16. Federal Rule 54(d)(2)(c) provides that "[t]he court may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(c).

17. Other Courts in this District have granted relief of the type which is sought by this motion, *see, e.g. Victory Int'l (USA), LLC v. Perry Ellis Int'l, Inc.*, No. 08-20395-CIV, ECF Nos. 399, 400, 2009 WL 1956236 (S.D. Fla. July 7, 2009); *Rolls-Royce PLC, et al., v Royal & Sun Alliance Insurance PLC, et al.*, No. 09-61329-CIV, ECF Nos. 119, 134 (S.D. Fla. March, 23, 2011).

---

[4] With respect to the written report publishing the defamation, the Court held that the Plaintiff should have pled the words of the report verbatim ("I was fiscally (sic) assaulted by this man and the company should do something about it") rather than plead generically that the flight attendant had made a report claiming that Mr. Clowdus had physically assaulted him.  This is a very different conclusion from asserting that the report did not *actually* contain the publication of defamation.

[5] With respect to the above-referenced affidavit that was forthcoming at the time the Amended Complaint was filed, the Plaintiff did an inadequate job of pleading this witness to the Court's attention, though the witness indisputably would have established publication – and hence a viable claim – at trial.

18. This motion is filed in good faith to preserve the resources of the parties and this Court and not for the purpose of delay.

19. A proposed order is attached hereto as Exhibit A.[6]

WHEREFORE, Clowdus respectfully requests the entry of an Order permitting Defendant American Airlines to file a Motion for Entitlement to Attorneys' Fees as to the *entitlement* issue only, and after entitlement is determined, permitting Defendant AA to file its submissions as to the appropriate *amount* of such fees and costs.[7]

### RULE 7.1 CERTIFICATION

Undersigned counsel hereby certifies that he has conferred with counsel for American Airlines in a good faith effort to resolve the issues raised in the motion and American Airlines does not oppose the bifurcation of the issues, though it does not agree with the rationale that the Plaintiff offers in support of doing so.

Dated: November 18, 2022

Respectfully Submitted,

/s/ William T. Woodrow III                    /s/ David H. Pollack

William T. Woodrow III (*pro hac vice*)       THE LAW OFFICE OF
Stone & Woodrow LLP                            DAVID H. POLLACK, LLC
250 West Main St. Suite 201                    Fla. Bar No. 0955840
Charlottesville, VA 22902                      75 Valencia Avenue, Suite 100
will@stoneandwoodrowlaw.com                    Coral Gables, FL   33134
Phone: 855-275-7378                            Tel:  305-372-5900

Attorneys for Plaintiff

---

[6] Clowdus notes that the "good faith conference" deadline expires on November 25, 2022. If the Court denies the relief sought in this motion, Clowdus respectfully requests that the Court permit him to submit his objections as to particular time entries no later than 7 days after the entry of the Court's Order.

[7] To the best that the Plaintiff understands the working of Fed. R. Civ. P. 54(d)(2)(E) on L.R. 7.3, Plaintiff believes that he is not required to adhere to L.R. 7.3 with respect to his own motion for fees under 28 U.S.C. 1927. However, if he is mistaken, he also requests that the issues of entitlement and fees in his own motion be bifurcated.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ William T. Woodrow

William T. Woodrow III (*pro hac vice*)
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Phone: 855-275-7378
*Attorneys for Plaintiff*