**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-23155-KMM

TROY CLOWDUS,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

_____ /

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Defendant American Airlines, Inc.'s ("Defendant") Amended Unopposed Motion and Memorandum in Support of its Bill of Costs (ECF No. 145), pursuant to Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920. The Motion is unopposed. (ECF No. 145 at 6). The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 146). Having considered the Motion, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 145) be **GRANTED, in part,** as further set forth below.

**I.    BACKGROUND**

This is an action for defamation arising under the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Plaintiff commenced this action in this Court on August 31, 2021, asserting the following claims: negligence; defamation; violation of the Transparency Improvements and

1

Compensation to Keep Every Ticketholder Safe Act of 2018 ("TICKETS Act"), Pub. L. No. 115–254, Div. B, Title IV, § 425, 132 Stat. 3338; and two claims for breach of contract, the first for failure to honor Plaintiff's ticket for his flight from Miami, Florida to Mexico City, Mexico, and the second for suspending Plaintiff's frequent flier loyalty membership. On March 7, 2022, Defendant filed a Motion for Judgment on the Pleadings (ECF No. 17), pursuant to Federal Rule of Civil Procedure 12(c), which was granted in part and denied in part (ECF No. 32). As a result, Plaintiff's claims for negligence, violations of the TICKETS Act, and breach of contract were dismissed with prejudice; his claim for defamation was dismissed without prejudice and with leave to amend.

Plaintiff filed the First Amended Complaint for Defamation on May 12, 2022 (ECF No. 40), in which Plaintiff averred that after boarding an American Airlines flight, Defendant's flight attendant falsely accused Plaintiff of committing a felony (hitting the flight attendant with his bag), ultimately resulting in Plaintiff being banned for life from flying with American Airlines, as well as the suspension of Plaintiff's AAdvantage frequent flier loyalty program membership account. Plaintiff contended that the flight attendant's false accusation, attributable to Defendant, was defamatory *per se*.

The Parties litigated multiple motions seeking sanctions against one another for alleged discovery and professional conduct violations, including accusations of witness tampering; those motions were resolved. (ECF Nos. 49, 133).

On October 12, 2022, the District Court granted Defendant's motion to dismiss the first amended complaint (ECF No. 51), dismissing Plaintiff's claims with prejudice (ECF No. 139). Thereafter, Plaintiff filed a motion requesting that final judgment be set out in a separate document, pursuant to Federal Rule of Civil Procedure 58, (ECF No. 140); the request was granted, (ECF No.

141). Thus, on November 1, 2022, the District Court entered a Final Judgment granting Defendant's motion to dismiss Plaintiff's first amended complaint, dismissing that complaint with prejudice, and closing this case. (*Id.*). The instant Amended Unopposed Motion followed.[1]

## II. LEGAL STANDARD

Plaintiff does not dispute that Defendant is the prevailing party and thus is entitled to recuperate costs associated with defending against Plaintiff's claims.[2] Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred

---

[1] On November 4, 2022, the Court denied Defendant's Unopposed Motion and Memorandum in Support of its Bill of Costs (ECF No .142), without prejudice, for failure to provide invoices or other documentation in support of its request for costs. (ECF No. 144).
[2] *See Alfaro v. Bank of Am., N.A.*, No. 19-22762-CIV, 2021 WL 5920830, at *2 (S.D. Fla. Aug. 3, 2021), *report and recommendation adopted*, No. 19-22762-CIV, 2021 WL 5919022 (S.D. Fla. Dec. 15, 2021) (awarding costs to a defendant that prevailed on a motion to dismiss on non-jurisdictional grounds).

and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### III.   DISCUSSION

Defendant seeks to recover costs in the amount of $6,755.65, consisting of: (1) $35.00 in fees for the service of subpoenas; and (2) $6,720.65 in transcription and videography fees. (ECF No. 145-1). In support of its request, Defendant has attached invoices evidencing the costs incurred defending the suit. Defendant does not seek post-judgment interest.

Defendant represents that Plaintiff does not oppose the instant Amended Motion, and the time to file a response in opposition has passed. Nonetheless, the Court reviews each invoice for whether Defendant may properly be awarded the costs sought under § 1920 and Rule 54(d).

#### A.   Fees for Service of Summons and Subpoenas

Defendant seeks to recover $35.00 in fees for the service of a subpoena associated with a non-party request for production. (ECF No. 145 at 6); (ECF No. 145-1 at 17–18).

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 per hour amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Here, the invoice submitted confirms that Plaintiff seeks to recover costs in an amount less than the per hour rate charged by the U.S. Marshal. Accordingly, I recommend that Defendant be permitted to recover the $35.00 in costs requested.

### B.    Fees for Printed or Electronically Recorded Transcripts

Defendant also seeks to recover $6,720.65 in court reporter and videographer fees, consisting of $52.80 in fees associated with obtaining transcripts of evidentiary and motion hearings, and $6,667.85 in fees associated with the transcription and videography of various depositions taken in connection with this case. As Plaintiff does not oppose the Amended Motion, Plaintiff does not dispute the necessity of any of these transcripts.

The Court first turns to Defendant's request to tax the cost associated with evidentiary and motion hearing transcripts, before turning to Defendant's request to tax the costs associated with deposition transcript and videography services.

#### 1.    Hearing Transcripts

Defendant requests an award of $52.80 in fees associated with obtaining a transcript of the May 24, 2022 hearing on Defendant's Expedited Motion for Sanctions (ECF No. 34), which Defendant asserts it relied on in responding to Plaintiff's Motion for Sanctions (ECF No. 55). (ECF No. 145 at 5).

"Section 1920 gives district courts the discretion on whether to tax hearing transcripts." *Gustave v. SBE ENT Holdings, LLC*, No. 19-23961-CIV, 2021 WL 4463149, at *4 (S.D. Fla. Sept. 10, 2021), *report and recommendation adopted*, No. 19-23961-CIV, 2021 WL 4428208 (S.D. Fla. Sept. 27, 2021). "Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice." *Witbart v. Mandara Spa (Hawaii), LLC*, No. 18-CV-21768, 2022 WL 1241439, at *3 (S.D. Fla. Apr. 12, 2022), *report and recommendation*

5

*adopted sub nom. Witbar v. Mandara Spa (Hawaii), LLC*, No. 1:18-CV-21768, 2022 WL 1239232 (S.D. Fla. Apr. 27, 2022) (quoting *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, 16-24138-CIV, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018)). In addition, "[c]opies of hearing transcripts are reasonably necessary if [a court] ruling refers to the hearing." *See Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (citing *Zokaites v. 3236 NE 5th St., Inc.*, No. 07-60670-CIV, 2008 WL 4792451, at *4 (S.D. Fla. Oct. 31, 2008)) (permitting the prevailing party to tax the cost of hearing transcripts when the court's orders referred to "the reasons articulated by the Court at the Hearing" and "the reasons stated on the record").

Defendant's request to tax the cost of the May 24, 2022 hearing is well taken, as Defendant, in responding to Plaintiff's Motion for Sanctions (ECF No. 55), references the Court's admonitions made on the record at the May 24, 2022 hearing. *See* (ECF No. 61). Moreover, Plaintiff does not oppose Defendant's request to recover the cost of this transcript. Accordingly, I recommend that Defendants be permitted to recover $52.80 in costs associated with the May 24, 2022 hearing transcript.

### 2.     Deposition Transcript and Videography Costs

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620–21. In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the

6

deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions[.]"); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

Moreover, "[t]he costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016). "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *6 (S.D. Fla. May 3, 2022), *report and recommendation adopted*, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022).

Plaintiff does not here challenge the necessity for use in this case of any of the depositions and video-recorded depositions for which Defendant seeks to recover costs. Nonetheless, the undersigned has reviewed the invoices associated with each deposition to determine whether Defendant may properly recover the amount requested.[3] To that end, I recommend that Defendant

---

[3] Defendant has not requested the full amount identified in each invoice and has highlighted those line items that add up to the amount requested for each deposition.

be permitted to recover costs as follows.

Defendants' request for $1,006.60 in costs associated with the February 1, 2022 deposition of **Plaintiff Troy Clowdus**, (ECF No. 145 at 3); (ECF No. 145-2 at 1), should be reduced by $25.55 in costs associated with exhibits, *see Garden-Aire Vill. S. Condo. Ass'n*, 2013 WL 12086655, at *2, to an award of $981.05.[4]  The following requests should, likewise, be reduced to account for non-taxable exhibit costs: (i) $267.80 request for costs associated with the February 3, 2022 deposition of **Jose Henriquez**, (ECF No. 145 at 5); (ECF No. 145-2 at 6), should be reduced by $11.05, to an award of $256.75; (ii) $522.40 request for costs associated with the March 8, 2022 deposition of **Jose Henriquez**, (ECF No. 145 at 5); (ECF No. 145-2 at 7), should be reduced by $24.70, to an award of $497.70; (iii) $652.75 request for costs associated with the March 14, 2022 deposition of **John Kirby**, (ECF No. 145 at 5); (ECF No. 145-2 at 8), should be reduced by $24.70, to an award of $628.05; (iv) $465.95 request for costs associated with the July 1, 2022 deposition of **Angelica Cookson**, (ECF No. 145 at 5); (ECF No. 145-2 at 13), should be reduced by $21.45, to an award of $444.50; and (v) $604.80 request for costs associated with the February 4, 2022 deposition of **Carlos Adan Merino**, (ECF No. 145 at 5); (ECF No. 145-2 at 14), should be reduced by $16.25, to an award of $588.55.

Further, while Defendant may properly recover $345.00 in requested videographer costs associated with **Federico Quintana's** March 22, 2022 deposition, (ECF No. 145 at 3); (ECF No. 145-2 at 2); *Procaps*, 2016 WL 411017, at *3, Defendant's request for $831.15 associated with

---

[4] I recommend that Defendant be permitted to recover the $195.00 "Veritext Virtual Primary Participants" fee, as the transcript for this deposition indicates that it was conducted by remote videoconference. *See* (ECF No. 81-3 at 1). Such cost was thus necessary for the taking of the deposition. Further, I note that while the invoice for Plaintiff's February 1, 2022 deposition transcript, (ECF No. 145-1 at 1), contains recoverable costs associated with the appearance of the court reporter, Defendant has not requested to recover that cost. *Cf. Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (noting that "[t]he cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript" and thus permitting recovery of such fees).

the transcript for that deposition, (ECF No. 145 at 3); (ECF No. 145-2 at 3), should be reduced by $1.20 in requested costs associated with exhibits, to an award of $829.95.

Otherwise, Defendant may properly recover the following costs, for which no reductions are required: (i) $510.40 in requested transcription costs associated with **Hilda Minaya's** June 9, 2022 deposition, (ECF No. 145 at 3); (ECF No. 145-2 at 4); (ii) $355.00 in requested transcription costs associated with **Ronald Heyl's** July 14, 2022 deposition, (ECF No. 145 at 3); (ECF No. 145-2 at 5); (iii) $173.80 in requested transcription costs associated with **Fernando Bastos's** March 28, 2022 deposition, (ECF No. 145 at 5); (ECF No. 145-2 at 9); (iv) $505.60 in requested transcription costs associated with **Deon Gray's** March 23, 2022 deposition, (ECF No. 145 at 5); (ECF No. 145-2 at 10); (v) $240.95 in requested transcription costs associated with **Nadege Colas's** April 6, 2022 deposition, (ECF No. 145 at 5); (ECF No. 145-2 at 11); and (vi) $185.65 in requested transcription costs associated with **Jae Won Kim's** April 22, 2022 deposition, (ECF No. 145 at 5); (ECF No. 145-2 at 12).

Accordingly, I recommend that Defendant be permitted to recover $6,542.95 in transcription and videography costs associated with various depositions taken in this case, for a total award of $6,595.75 associated with fees for printed or electronically recorded transcripts.

## IV.   RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant American Airlines, Inc.'s Amended Unopposed Motion and Memorandum in Support of its Bill of Costs (ECF No. 145), be **GRANTED, in part**, and that Defendant be awarded a total of **$6,630.75** in taxable costs, entered against Plaintiff Troy Clowdus, consisting of $35.00 in fees associated with the service of a subpoena, and $6,595.75 in fees for printed or electronically recorded transcripts.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 21st day of February, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore
Counsel of Record