**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-23155-KMM

TROY CLOWDUS,

     Plaintiff,

v.

AMERICAN AIRLINES, INC.,

     Defendant.

_____ /

**REPORT AND RECOMMENDATIONS**

     **THIS CAUSE** is before the Court upon Plaintiff Troy Clowdus's Unopposed Motion to Stay Proceedings to Enforce Cost Judgment and to Approve Supersedeas Bond (ECF No. 156). The Motion has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. Having reviewed the Motion, Plaintiff's Supersedeas/Appeal Bond (ECF No. 156-1) attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 156) be **GRANTED**.

     A judgment of a United States District Court becomes enforceable thirty days after it is entered. *See* Fed. R. Civ. P. 62(a). Federal Rule of Civil Procedure 62(b) provides, however, that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Under the Local Rules of the Southern District of Florida, "[a] supersedeas bond or other security staying execution

1

of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay." S.D. Fla. L.R. 62.1.

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979).[1] "It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986).

Here, Plaintiff has filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit. (ECF No. 149). Plaintiff has secured a supersedeas bond in the amount of $7,293.83 to provide security for costs, interest, attorney's fees, and damages for delay in the event Plaintiff's appeal is dismissed or is affirmed. (ECF No. 156-1 at 1). The supersedeas bond is 110% of the award of costs taxable under 28 U.S.C. § 1920 entered against Plaintiff on May 12, 2023, has been approved and executed by Plaintiff's surety, NGM Insurance Company, and the Motion is otherwise unopposed by Defendant. Thus, because the Supersedeas Bond complies with Federal Rule of Civil Procedure 62(b) and Local Rules 62.1 and 7.1, the Court finds that Plaintiff's Supersedeas Bond is authorized and appropriate.

Accordingly, the undersigned respectfully **RECOMMENDS** that

(1) Plaintiff Troy Clowdus's Unopposed Motion to Stay Proceedings to Enforce Cost Judgment and to Approve Supersedeas Bond (ECF No. 156) be **GRANTED**;

(2) Plaintiff's Supersedeas Bond, in the amount of $7,293.83, approved and executed by NGM Insurance Company as Plaintiff's surety, be **APPROVED**; and,

---

[1] Decisions of the Fifth Circuit, handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

(3) The execution of the entry of award of costs, *see* (ECF No. 155), be **STAYED** pending resolution of Plaintiff's appeal to the United States Court of Appeals for the Eleventh Circuit.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **THREE (3) DAYS**[2] of being served with this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 15th day of June, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of Record

---

[2] Because the Motion is unopposed, the undersigned has shortened the period in which the Parties may file objections to this Report and Recommendations.