# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 25, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY____AP____D.C.
Sep 25, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-14053-GG
Case Style: Troy Clowdus v. American Airlines, Inc.
District Court Docket No: 1:21-cv-23155-KMM

Enclosed is the Bill of Costs.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

<u>Clerk's Office Phone Numbers</u>

General Information:     404-335-6100   Attorney Admissions:          404-335-6122
Case Administration:     404-335-6135   Capital Cases:                404-335-6200
CM/ECF Help Desk:        404-335-6125   Cases Set for Oral Argument:  404-335-6141

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-14053

_____

TROY CLOWDUS,

                                                           Plaintiff-Appellant,

*versus*

AMERICAN AIRLINES, INC.,

                                                           Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-23155-KMM

_____

JUDGMENT

2                                                                                        22-14053

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 7, 2023

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: September 25, 2023

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14053

Non-Argument Calendar

_____

TROY CLOWDUS,

                                                          Plaintiff-Appellant,

*versus*

AMERICAN AIRLINES, INC.,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-23155-KMM

_____

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 5 of 19
USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 2 of 13

2                      Opinion of the Court                  22-14053

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Troy Clowdus appeals the dismissal of his claim of defamation *per se* and the judgment on the pleadings in favor of American Airlines on his claims of breach of contract. We affirm.

### I. BACKGROUND

Clowdus's complaint alleged that in June 2021 he boarded an early flight from Miami to Mexico City. While taking his seat in business class, a flight attendant later identified as Carlos Merino instructed him to stow his satchel in the overhead bin because his seat was in the bulkhead row. Clowdus, who flew often, believed he could wait to stow his satchel until boarding finished, so he nodded his head, put on his headphones, and began working on his phone while the other passengers boarded.

The complaint alleged that Clowdus was working on his phone when he realized that Merino, who had been behaving in a "loud and manic fashion" during boarding, had been speaking to him and appeared angry that Clowdus had not responded immediately. Clowdus removed his headphones, and Merino loudly instructed, "Give me the bag!" twice. Clowdus shook his head at Merino's tone but moved to comply. Clowdus looked back at his phone to "disconnect" from Merino's anger, grabbed his satchel from behind his leg, and pulled the satchel "across the armrest to the far side of the seat beside him." Clowdus "felt the bag make

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 6 of 19
USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 3 of 13

22-14053               Opinion of the Court                3

slight contact with Merino." Merino shouted twice, "You hit me!" but Clowdus denied "hitting" him and explained that he had handed his bag to Merino. Merino shouted, "No! You hit me! That's it! I'm not taking his crap anymore!" Merino "stormed" to the front of the plane and returned a few seconds later. Clowdus tried to apologize and deescalate the situation, but Merino said, "I don't care! You are not flying on my plane!" Merino walked to the front of the plane and told someone in the front galley that he would not fly with Clowdus.

The complaint alleged that another airline employee, later identified as ground security coordinator Jose Henriquez, was on the jetway when he heard Merino shouting, "You hit me!" Henriquez boarded the plane to ask Clowdus if they could speak on the jetway, where he explained to Clowdus that Merino would not fly unless Clowdus was removed from the plane. The airline rebooked Clowdus on the next flight, but after he boarded the second flight, several men who identified themselves as airline security boarded and instructed Clowdus to "follow them off the plane." The head of security "expressed sympathy" and advised that the incident should be cleared up in a few days. About two weeks later, the airline informed Clowdus that, following its investigation, it had decided to ban Clowdus from flying with it.

Clowdus sued the airline for defamation *per se*, breach of contract of carriage, and breach of contract of the airline's loyalty program, in which he held a valuable interest in miles, paid lounge access, and other benefits. He alleged that Merino committed

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 7 of 19
USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 4 of 13

4                        Opinion of the Court                    22-14053

defamation *per se* by "accusing [Clowdus] of assaulting an airline employee who was engaged in the performance of his duties," which resulted in the airline terminating Clowdus's frequent flyer membership and banning him from flying with the airline. And he alleged the airline breached the contract of carriage by refusing to transport him to Mexico City even though he "complied with every provision in the contract and took no action triggering any exception to the contract."

The airline moved for judgment on the pleadings. Fed. R. Civ. P. 12(c). It attached to its motion copies of the Conditions of Carriage contract and the AAdvantage Program Terms and Conditions, which it asserted were governed by Texas law and could be considered without conversion to a motion for summary judgment because the contracts were undisputedly authentic and central to the breach-of-contract claims. Clowdus responded to the airline's motion and referenced the terms of the Conditions of Carriage and the Program, but he did not dispute the authenticity of the documents or argue that the district court was not permitted to consider them.

The district court granted in part the airline's motion for judgment on the pleadings. The district court dismissed the defamation *per se* claim without prejudice because the claim failed to allege publication, but it granted Clowdus leave to file an amended complaint. The district court dismissed the two breach-of-contract claims with prejudice. It determined that the Conditions of Carriage, which the parties did not dispute was a valid, relevant

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 8 of 19
             USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 5 of 13

22-14053               Opinion of the Court                        5

contract, afforded the airline "wide latitude" to remove passengers for a number of reasons that did not amount to a formal breach. The district court ruled that, because Clowdus's allegations established that he failed to comply with Merino's first instruction to stow his satchel and that his satchel later touched Merino, the airline was within its right under the Conditions of Carriage to refuse carriage on the first and second flights. And the district court ruled that this conduct also allowed the airline to suspend his loyalty-program membership because the AAdvantage Program Terms provided that members "[do] not own, [have] vested rights to [or] property interest in the Program miles, benefits, or participation" and that "[a]ccrued mileage credit and award tickets do not constitute property of the member." The district court ruled that, even if Clowdus had some justiciable interest in the AAdvantage account, the program terms expressly permitted his termination.

Clowdus amended his complaint to allege the following regarding his claim of defamation *per se*. Merino knew he was falsely accusing Clowdus of a felony when he shouted, "You hit me!" Merino published this statement when he "enlisted another flight attendant (Deon Gray) to provide a statement supporting his false allegation by providing a corroborating [Corporate Event Reporting System] report stating that she witnessed the alleged assault." And Merino published "this defamatory accusation" to Henriquez when Merino "made the allegation." Merino also published "his defamatory accusation" during a conversation with the passenger in seat 3E, because the passenger in seat 3A overheard Merino say that he did not "know why people had to behave like that." Merino

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 9 of 19
USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 6 of 13

6                          Opinion of the Court                    22-14053

published "this defamatory accusation" to corporate security employees Chris Reddig and Aristides Maldonado, both of whom received Merino's incident report. Clowdus further alleged that the airline ratified Merino's "defamatory statements" when Maldonado summarized the results of his investigation in the Internal Refuse List Checklist by stating that "Clowdus physically assaulted [] Merino by grabbing his carry-on bag and deliberately hitting [him] in the stomach with it."

The district court dismissed the claim. It ruled that Merino's statement "You hit me" lacked sufficient falsity because Clowdus admitted that he "felt the bag make slight contact with Merino." It ruled that Merino's statement about not knowing "why people had to behave like that" was not factual and did not accuse Clowdus of committing a felony. And it ruled that Clowdus alleged no plausible facts to support his allegation that the incident reports filed by Merino and Gray were false or accused Clowdus of a felony, as he included "no description of what was stated in the [incident] reports."

## II. STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint. *Einhorn v. Axogen, Inc.*, 42 F.4th 1218, 1222 (11th Cir. 2022). And we review *de novo* a judgment on the pleadings. *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022).

Case 1:21-cv-23155-KMM   DOCUMENT 161   Entered on FLSD Docket 09/27/2023   Page 10 of 19
USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 7 of 13

22-14053                Opinion of the Court                    7

### III. DISCUSSION

We divide our discussion in two parts. First, we address Clowdus's claim for defamation *per se*. Second, we address his claims for breach of contract.

*A. Clowdus Failed to State a Claim for Defamation* Per Se

Clowdus argues that the district court erred by determining that Merino's two oral statements—which he communicated to Henriquez, Gray, and the passenger in seat 3E—were not slander *per se*. He argues that anyone hearing those statements would have understood that Merino was accusing him of feloniously assaulting an airline employee. We disagree.

Under Florida law, defamation of a private person requires publication of a defamatory statement that is false and causes its subject actual damages. *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). In an action for defamation *per se*, a plaintiff need not prove special damages because *per se* defamatory statements are "so obviously defamatory" and "damaging to reputation" that their publication "gives rise to an absolute presumption of malice and damage." *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. Dist. Ct. App. 1973). But "[t]rue statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment." *Turner*, 879 F.3d at 1262.

The district court did not err by determining that Clowdus failed to state a claim for defamation *per se*. The alleged oral statements by Merino—"You hit me" and "I don't know why people

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 11 of 19
USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 8 of 13

8                      Opinion of the Court                   22-14053

have to behave like that"—are not "false." *See id.* at 1264. As to the first statement, Clowdus admitted that he felt his satchel make contact with Merino. "Hit" means a "physical strike," not necessarily a felonious physical assault as Clowdus insists it must. *Hit*, Black's Law Dictionary (11th ed. 2019). Because Merino's statement "You hit me" is not readily capable of being proved false—and indeed, is true even under Clowdus's version of the incident—the statement failed to support a claim for defamation *per se*. And Merino's statement "I don't know why people have to behave like that" is not factual, nor does it accuse Clowdus of committing a felony. Merino could have been fairly referencing a range of Clowdus's behaviors—from not immediately complying with the order to stow his satchel, to shaking his head at Merino, to not immediately apologizing for the contact his satchel made with Merino—so the statement did not accuse or necessarily imply that Clowdus had committed a felony.

Clowdus asserts that his amended complaint used the phrases "this defamatory statement" and "this defamatory accusation" as shorthand for Merino's accusation that Clowdus had committed "the federal crime of assaulting an airline employee." But apart from Merino's two oral statements, Clowdus failed to allege that Merino told anyone that Clowdus "physically assaulted" him. Because Clowdus's "shorthand" required transforming Merino's factually true statements and opinions to legal conclusions, despite the uttered statements being within Clowdus's firsthand knowledge, the district court was not required to accept his

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 12 of 19
USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 9 of 13

22-14053                Opinion of the Court                  9

unsupported labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

None of the challenged statements contained in Merino's and Gray's incident reports and Maldonado's investigation report are actionable as libel *per se*. Under Florida law, when the entity that allegedly committed the defamation is a corporation, "statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication." *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007). Clowdus alleged that Merino, Gray, and Maldonado published in writing Merino's false allegation that Clowdus feloniously assaulted him in two incident reports and an investigation summary. Clowdus did not specifically allege what statements the incident reports contained beyond generally referring to Merino's "defamatory statement," but both incident reports were submitted through the internal incident reporting system and were allegedly reviewed by individuals in the corporate security division. Because the incident reports were alleged to have been disseminated to members of the corporate security team for formal investigation under the airline's policies, despite Clowdus conclusively labeling the recipients as "non-managerial," the reports were no more than the corporation internally "talking to itself" and "lacked the essential element of publication to a third party." *Id.* at 834; *see Seminole Tribe of Fla. v. Fla. Dep't of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014) ("[W]e may affirm the dismissal of a complaint on any ground supported

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 13 of 19
USCA11 Case: 22-14053   Document: 40-1   Date Filed: 08/07/2023   Page: 10 of 13

10                    Opinion of the Court                  22-14053

by the record even if that ground was not considered by the district court.").

And even if Maldonado's investigation report was published through the airline's internal computer system to other airline employees, his statements in that report were privileged, and Clowdus failed to allege that Maldonado published the report in bad faith, with malice, or for a reason outside of his scope as an airline security investigator. *See Geddes*, 960 So. 2d at 833 ("A communication made in good faith on any subject matter by one having an interest therein, or in reference to which he had a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable . . . ."); *see also Thomas v. Tampa Bay Downs*, 761 So. 2d 401, 404 (Fla. Dist. Ct. App. 2000). Clowdus's challenge to the inadequacies of Maldonado's investigation is insufficient to allege that Maldonado created his report with express malice. *See Nodar v. Galbreath*, 462 So. 2d 803, 810 (Fla. 1984). So his allegations of libel *pe se* fail to state a claim. *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259–60 (11th Cir. 2015) ("[W]here a state employs a heightened pleading requirement, a federal court . . . should instead follow Fed. R. Civ. P. 8(a)." (quotation marks omitted)).

### B. Clowdus's Breach-of-Contract Claims Fail

The district court also did not err by determining that Clowdus's claim for breach of contract of carriage fails. Nothing in the Conditions of Carriage creates an affirmative duty on the

airline to transport a passenger who fails to comply with a flight attendant's initial instructions to stow carry-on luggage or whose behavior might be reasonably perceived as uncooperative to a flight attendant. Clowdus raises several arguments to the contrary, none of which are persuasive.

Clowdus argues that the district court applied the incorrect standard for evaluating a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). He contends that the district court was not permitted to consider the Conditions of Carriage because the document was attached to the airline's motion instead of its answer. But he has forfeited his challenge to the district court considering the Conditions of Carriage by failing to raise it in his response to the airline's motion, particularly when he referenced the Conditions of Carriage in his response and insisted that he had complied with its terms. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). For the same reason, we do not consider his argument, also raised for the first time on appeal, that the Conditions of Carriage is not the relevant contract because it applied to domestic flights instead of international flights. *See id.* And he does not argue that the district court erred by failing to convert the motion into one for summary judgment. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Clowdus erroneously asserts that the district court failed to view his allegations in the light most favorable to him by construing his complaint as admitting disobedience and physical assault. The district court correctly considered the undisputed allegations

Case 1:21-cv-23155-KMM   Document 161   Entered on FLSD Docket 09/27/2023   Page 15 of 19
USCA11 Case: 22-14053    Document: 40-1    Date Filed: 08/07/2023    Page: 12 of 13

12                      Opinion of the Court                    22-14053

by Clowdus that he did not immediately stow his satchel in the overhead bin when Merino instructed him to do so and that Clowdus's satchel made physical contact with Merino. Although Clowdus contends that he did not *intend* to disobey Merino, his intent was irrelevant to the issue whether Merino and the airline believed that Clowdus defied instructions.

We reject Clowdus's contention that the Conditions of Carriage did not afford the airline "wide latitude" to refuse carriage. The plain language of the Conditions of Carriage permitted the airline to refuse to transport passengers "for one or several reasons, including but not limited to" attempting to interfere with flight crew; refusing to obey instructions from any flight crew member; or engaging in any action, voluntary or involuntary, that might jeopardize the safety of the aircraft or any of its occupants, among other things. Although Clowdus insists again that he did not *intend* to defy Merino's instructions or make contact between his satchel and Merino, his behavior was sufficient to permit removal under the broad provisions governing the removal of passengers under the Conditions of Carriage. And because nothing suggests that the contract is not mutually enforceable or permits the airline to remove passengers for no reason, we disagree with Clowdus that the contract is illusory under either Texas or Florida law. *See In re 24R, Inc.*, 324 S.W.3d 564, 566–67 (Tex. 2010); *Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC*, 986 So. 1260, 1270 (Fla. 2008).

Clowdus challenges the airline's "nullification" of his AAdvantage membership and paid airport lounge access. He

argues that he has a contractual right to his frequent flyer membership and lounge benefits. But he fails to challenge the alternative ruling that the AAdvantage program terms expressly granted the airline the discretion to terminate a member's account for "inappropriate conduct," including violations of the Conditions of Carriage. *See Sapuppo*, 739 F.3d at 680 ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground"). Clowdus likewise has abandoned his argument that the district court was not permitted to consider the program terms attached to the airline's motion by raising that argument for the first time in reply. *See id.* at 683.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Clowdus's claim of defamation *per se* and the judgment on the pleadings against his claims of breach of contract.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 07, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-14053-GG
Case Style: Troy Clowdus v. American Airlines, Inc.
District Court Docket No: 1:21-cv-23155-KMM

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Bill of Costs

Court of Appeals Docket No. __22-14053__

__Troy Clowdus__ vs. __American Airlines, Inc.__

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

The appellate docketing fee is set in the fee schedule issued pursuant to 28 U.S.C. § 1913. However, the $5 fee for filing a notice of appeal is recoverable as a cost in the district court. In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| | Repro. Method (Mark One) In-House / Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|
| Appellate Docketing Fee | — | — | — | — | | |
| Appellant's Brief | | | | | | |
| Appendix | X | 139 pages | 2 sets | 278 pages | $41.70 | $41.70 |
| Appellee's Brief | X | 79 pages | 4 sets | 316 pages | $47.40 | $47.40 |
| Reply Brief | | | | | | |
| | | | | | | |
| | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | TOTAL | $ $89.10 REQUESTED | $ $89.10 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: _/s/ S. Carey Villeneuve_  Date Signed: __08/08/2023__

Attorney Name: __S. Carey Villeneuve, Esq.__  Attorney for: __Appellee, American Airlines, Inc.__
(Type or print your name) (Type or print name of client)

E-mail: __carey.villeneuve@bipc.com__  Phone: __954-703-3901__

Street Address/City/State/Zip: __Buchanan Ingersoll & Rooney, PC  401 East Las Olas, Blvd., Ste. 2250 Fort Lauderdale, FL 33301__

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$89.10__ against __Appellant__

and are payable directly to __Appellee__

David J. Smith, Clerk of Court

Issued on: __ISSUED AS MANDATE 9/25/2023__  By: __/S/ Tresa A. Raines__  DATE: __8/11/2023__
Deputy Clerk

BOC Rev.: 6/17